| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC,<br><br>Defendants. | No.: 3:19-cv-00962<br><br><br>CLASS ACTION |

1

| | |
|---|---|
| BARRY GINSBERG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, ALEXANDER FENKELL, J.P. MORGAN SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, and CAMELOT VENTURE GROUP,<br><br>                    Defendants. | No.: 3:19-cv-01040 |

2

| | |
|---|---|
| RICHARD ANDRE, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC,<br><br>               Defendants. | No.: 3:19-cv-01057 |

**[PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**

WHEREAS, on October 2, 2019, a class action lawsuit captioned *Andre v. SmileDirectClub, Inc., et al.*, (Case No. 2:19-cv-12883), was filed in the United States District Court ("U.S.D.C.") for the Eastern District of Michigan against SmileDirectClub, Inc. ("SmileDirectClub" or the "Company"), as well as certain officers and directors of the Company, and underwriters for the Company's September 2019 initial public offering (the "IPO"), alleging claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") (the "*Andre* Action");

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i), on October 2, 2019, a notice was issued to potential class members of the *Andre* Action informing them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice (the "PSLRA Early Notice");

WHEREAS, on October 23, 2019, a class action lawsuit captioned *Ginsberg v. SmileDirectClub, Inc. et al.*, (Case No. 1:19-cv-09794), was filed in the U.S.D.C. for the Southern District of New York against SmileDirectClub, as well as certain officers and directors of the Company, and underwriters for the IPO, alleging claims under Sections 11 and 15 of the Securities Act, and Sections 10(b), 20A, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder (the "*Ginsberg* Action");

WHEREAS, on October 29, 2019, a class action lawsuit captioned *Franch v. SmileDirectClub, Inc. et al.*, (Case No. 3:19-cv-00962), was filed in this Court against SmileDirectClub, as well as certain officers and directors of the Company, and underwriters for the IPO, alleging claims under Sections 11, 12(a)(2), and 15 of the Securities Act (the "*Franch* Action");

WHEREAS, on November 18, 2019, the *Ginsberg* Action was transferred out electronically

4

from the U.S.D.C. for the Southern District of New York, and transferred in to this Court on November 21, 2019, as Case No. 3:19-cv-01040 (entered November 21, 2019);

WHEREAS, on November 18, 2019, the *Andre* Action was transferred in to this Court as Case No. 3:19-cv-01057 (entered November 25, 2019);

WHEREAS, on December 2, 2019, pursuant to the PSLRA Early Notice, movants in the *Andre* Action, *Ginsberg* Action, and *Franch* Action, including Movants Thomas R. Derus and Wei Wei (collectively, the "SmileDirectClub Investor Group" or "Movant"), timely moved the Court for consolidation of the above-captioned actions, appointment as lead plaintiff, and to approve Movant's selection of counsel;

WHEREAS, consolidation is appropriate under Federal Rule of Civil Procedure 42(a) where actions involve common questions of law or fact;

WHEREAS, here, the above-captioned actions are all putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged fraudulent misconduct and, as such, involve common questions of both law *and* fact, and consolidation is plainly warranted;

WHEREAS, the PSLRA provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice, and has the largest financial interest in the relief sought by the Class and satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and

WHEREAS, the Court finding that Movant has the largest financial interest in this action and *prima facie* satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

5

**IT IS HEREBY ORDERED THAT:**

**I.        CONSOLIDATION OF ACTIONS**

1.        Pursuant to Federal Rule of Civil Procedure 42, the above-captioned actions are hereby consolidated for all purposes into one action.

2.        These actions shall be referred to herein as the "Consolidated Action."  This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

**II.       CAPTIONING OF THIS ACTION**

3.        Every pleading in this Consolidated Action shall bear the following Caption:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN    RE    SMILEDIRECTCLUB,    INC. SECURITIES LITIGATION | No.: 3:19-cv-00962 <br><br> CLASS ACTION <br><br> [TITLE OF DOCUMENT] |

4.        When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".  When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

6

5.      This Court requests assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might not properly be consolidated as part of this Consolidated Action.

### III.      MASTER DOCKET AND MASTER FILE

6.      A Master Docket and Master File shall be established for the Consolidated Action. The Master File shall be No. 3:19-cv-00962.  All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable.  When an order, pleading, motion or document is filed with a caption indicating that it is applicable to fewer than all individual actions in the Consolidated Action, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

### IV.      APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD COUNSEL

7.      Pursuant to Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. § 77z-1 (a)(3)(B), and Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), the SmileDirectClub Investor Group is appointed as Lead Plaintiff of the class, as the SmileDirectClub Investor Group has the largest financial interest in this litigation and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

8.      Movant's choice of counsel is approved, and accordingly, Pomerantz LLP and The Rosen Law Firm P.A. are appointed as Co-Lead Counsel, and Holifield Janich & Ferrera, PLLC as Liaison Counsel, for the class.

9.      Co-Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Co-Lead Counsel is to avoid duplicative or unproductive activities and is hereby

vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class.

SO ORDERED:

Dated _____, 2019

HONORABLE ELI J. RICHARDSON
UNITED STATES DISTRICT JUDGE
