| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, | No.: 3:19-cv-00962 |
| Plaintiff, | |
| v. | CLASS ACTION |
| SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC, | |
| Defendants. | |

1

| | |
|---|---|
| BARRY GINSBERG, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>        v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, ALEXANDER FENKELL, J.P. MORGAN SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, and CAMELOT VENTURE GROUP,<br><br>          Defendants. | No.: 3:19-cv-01040 |

2

RICHARD ANDRE, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

      v.

SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC,

        Defendants.

No.: 3:19-cv-01057

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SMILEDIRECTCLUB INVESTOR GROUP TO: (1) CONSOLIDATE ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

3

Movants Thomas R. Derus and Wei Wei (collectively, the "SmileDirectClub Investor Group" or "Movant") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B):

(a) consolidating the above-captioned actions (the "Related Actions");

(b) appointing Movant as Lead Plaintiff for the Class on behalf of all persons and entities who purchased or otherwise acquired SmileDirectClub, Inc. ("SmileDirectClub" or the "Company") Class A common stock (1) pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2019 initial public offering (the "IPO" or "Offering"), or (2) during the period from September 8, 2019 through October 2, 2019, both dates inclusive (the "Class Period"); and

(c) approving Movant's selections of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel, and Holifield Janich & Ferrera, PLLC ("Holifield") as Liaison Counsel, for the Class.

**<u>BACKGROUND</u>**

As alleged in the complaints in the Related Actions, on September 13, 2019, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold approximately 58.5 million shares of Class A common stock at a price of $23.00 per share. The Company received proceeds of approximately $1.27 billion from the Offering, net of underwriting discounts and commissions.

4

On September 24, 2019, a class action complaint was filed by dentists, orthodontists, and consumers against SmileDirectClub, alleging false advertising, fraud, negligence, and unfair and deceptive trade practices. The complaint disputed the accuracy of several statements in the Registration Statement and highlighted that the Company is subject to litigation for operating as a dentist without proper licensing in several states, as well as other litigation.

On this news, the Company's share price fell $1.47, or nearly 9%, to close at $15.68 per share on September 24, 2019, on unusually heavy trading volume. The price of the stock continued to decline over the next two trading sessions by $2.74, or over 17%, to close at $12.94 per share on September 26, 2019, on unusually heavy trading volume.

The Company's stock would close on October 21, 2019 at $9.13 per share, a 60% decline from the $23 per share IPO price.

The Registration Statement was false and misleading and omitted to state material adverse facts. Specifically, the above-captioned defendants ("Defendants") failed to disclose to investors that: (1) administrative personnel, rather than licensed doctors, provided treatment to the Company's customers and monitored their progress; (2) as a result, the Company's practices did not qualify as teledentistry under applicable standards; (3) as a result, the Company was subject to regulatory scrutiny for the unlicensed practice of dentistry; (4) the efficacy of the Company's treatment was overstated; (5) the Company had concealed these deceptive marketing practices prior to the IPO; and (6) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered

5

significant losses and damages.

## ARGUMENT

**I.      THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the

Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of SmileDirectClub's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at \*5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii); 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that it is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

## A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Additionally, as set forth in the certifications executed by the members of the SmileDirectClub Investor Group, filed concurrently herewith, the SmileDirectClub Investor Group's members have reviewed a complaint against the Company, adopted the allegations therein, and are willing to serve as representatives of the class. *See* Lieberman Decl. Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

## B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the Sixth Circuit has not adopted a specific approach to calculating the largest financial interest, courts have typically appointed lead plaintiffs on the basis of having the largest loss. *See Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014) (appointing as lead plaintiff the movant who had suffered a larger loss and holding that said Movant had the largest financial interest); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Supp. 2d 455, 461 (E.D. Mich. 2006) (explaining that Congress hoped that selecting plaintiffs with the

8

largest financial loss would lead to plaintiffs with the largest financial interest being appointed).

During the Class Period and/or pursuant or traceable to the Registration Statement filed in connection with the Company's IPO, Movant: (i) purchased 2,425 shares of SmileDirectClub securities; (ii) expended $9,493 on SmileDirectClub securities; (iii) retained all of its shares of SmileDirectClub securities; and (iv) as a result of the disclosure of the fraud at issue, suffered a loss of $13,125. *See* Lieberman Decl., Ex. C.

Movant is not aware of any other movant that has suffered greater losses in SmileDirectClub securities during the Class Period and/or pursuant or traceable to the Registration Statement filed in connection with the Company's IPO. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is

9

sufficient. *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *5 (W.D. Tenn. Dec. 15, 2010). Moreover, "Rule 23 establishes two requirements for appointing a lead plaintiff . . . 'typicality' and 'adequacy.'" *Id.*

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and its claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the federal securities laws by failing to disclose material facts about SmileDirectClub's business and financial condition. Movant, as did all of the members of the class, purchased SmileDirectClub securities at prices artificially inflated by defendants' misstatements and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Movant is an adequate representative for the Class. There is no antagonism between the interests of Movant and those of the Class, and Movant's losses demonstrate that it has a sufficient interest in the outcome of this litigation.

Thus, the close alignment of interests between Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

## D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

10

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability, and its desire, to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Pomerantz and Rosen as Co-Lead Counsel for the Class. Pomerantz and Rosen are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in each firm's respective resumes. *See* Lieberman Decl., Exs. D-E. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement); and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement). *See* Lieberman Decl., Exs. D-E. As a result of Pomerantz and Rosen's extensive experience in litigation involving issues similar to those raised in the Related Actions, Movant's counsel have the skill and knowledge which will enable them to

11

prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by Movant, the members of the class will receive the best legal representation available.

Plaintiff has also selected Holifield as Liaison Counsel for the Class. Holifield's attorneys regularly practice in the Middle District of Tennessee, have handled numerous class actions in all district courts of Tennessee, are admitted to practice in the Middle District, and can ably serve the Class if so appointed. *See* Lieberman Decl., Ex. F.

As a result of these firms' experience in litigation involving issues similar to those raised in the Related Actions, Movant's counsel have the skills and knowledge to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel and Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Lead Plaintiff's selection of Pomerantz and Rosen as Co-Lead Counsel, and Holifield as Liaison Counsel.

12

Dated: December 2, 2019                    Respectfully submitted,

HOLIFIELD JANICH & FERRERA, PLLC

*/s/Al Holfield*
Al Holifield (BPR# 015494)
11907 Kingston Pike Suite 201
Knoxville, Tennessee 37934
Telephone: (865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com
Email: sjohnson@holifieldlaw.com

*Counsel for Movant and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

THE ROSEN LAW FIRM, P.A.
Phillip Kim
(*pro hac vice* application forthcoming)
Laurence M. Rosen
(*pro hac vice* application forthcoming)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and*
*Proposed Co-Lead Counsel for the Class*

13

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing has been served electronically upon all parties and/or counsel listed through the Court's ECF system on this December 2, 2019.

**HOLIFIELD JANICH & FERRERA, PLLC**

*/s/ Al Holifield*
Al Holifield

14