## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC,<br><br>Defendants. | Civil Action No. 3:19-cv-962<br><br><u>CLASS ACTION</u><br><br>**JURY DEMAND**<br><br>Judge Eli J. Richardson<br>Magistrate Judge John S. Bryant |
| BARRY GINSBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, ALEXANDER FENKELL, J.P. MORGAN SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, and CAMELOT VENTURE GROUP,<br><br>Defendants. | Civil Action No. 3:19-cv-1040<br><br><u>CLASS ACTION</u> |

RICHARD ANDRE, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

  v.

SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and LOOP CAPITAL MARKETS LLC,

     Defendants.

Civil Action No. 3:19-cv-1057

<u>CLASS ACTION</u>

**MICHAEL J. MORSE, TRUSTEE O/B/O MICHAEL J. MORSE REVOCABLE LIVING TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

**Page:**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

ARGUMENT ............................................................................................................................. 5

I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ........................... 5

II. THE COURT SHOULD APPOINT MR. MORSE LEAD PLAINTIFF ............................. 6

    A. The Procedural Requirements of the PSLRA ........................................................ 6

    B. Mr. Morse Is the "Most Adequate Plaintiff" ....................................................... 7

        1. The Published Notice Satisfies the PSLRA's Requirements and Movants' Motion Is Timely and Procedurally Complete ......................... 7

        2. Mr. Morse Has the Largest Known Financial Interest ............................... 8

        3. Mr. Morse Satisfies the Requirements of Rule 23 ..................................... 9

            i. Mr. Morse's Claims Are Typical of the Claims of All the Class Members .............................................................. 10

            ii. Mr. Morse Will Adequately Represent the Class ......................... 11

III. THE COURT SHOULD APPROVE MR. MORSE'S CHOICE OF LEAD COUNSEL ...................................................................................... 11

CONCLUSION......................................................................................................................... 13

i

**Cases**

*Cantrell v. GAF Corp.,*
  999 F.2d 1007 (6th Cir. 1993) ...................................................................................................6

*Daniels v. City of N.Y.,*
  198 F.R.D. 409 (S.D.N.Y. 2001) .............................................................................................10

*Ferrari v. Impath,*
  No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898
  (S.D.N.Y. July 15, 2004) .........................................................................................................10

*In re Facebook, Inc., IPO Sec. & Derivative Litig.,*
  288 F.R.D. 26,
  (S.D.N.Y. 2012) .........................................................................................................................8

*In re Heritage Bond Litig.,*
  MDL Case No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386
  (C.D. Cal. July 12, 2004) .........................................................................................................10

*In re Lucent Techs. Sec. Litig.,*
  194 F.R.D. 137 (D.N.J. 2000) ..................................................................................................12

*In re Nortel Networks Corp.,*
  No. 01-CV-1855 (RMB), 2002 U.S. Dist. LEXIS 1633
  (S.D.N.Y. Feb. 4, 2002) ...........................................................................................................12

*Norfolk County Retirement System v. Community Health Systems, Inc.,*
  No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899 (M.D. Tenn. Nov. 28, 2011)..................7, 12

*In re Oxford Health Plans, Inc., Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................ 9

*Kokkinis v. Aegean Marine Petroleum Network, Inc.,*
  No. 11-CV-0917, 2011 U.S. Dist. LEXIS 54939
  (S.D.N.Y. May 19, 2011).............................................................................................................8

*In re Regions Morgan Keegan Closed-End Fund Litig.,*
  No. 07-2830, 2010 U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ...............................6

*Rossini v. Ogilvy & Mather, Inc.,*
  798 F.2d 590 (2d Cir. 1986).....................................................................................................10

*Sczesny Trust v. KPMG LLP,*
  223 F.R.D. 319 (S.D.N.Y. 2004) ...............................................................................................9

*Sofran v. Labranche & Co.,*
  220 F.R.D. 398 (S.D.N.Y. 2004) ...............................................................................................6

*Stout v. J. D. Byrider,*
  228 F.3d 709 (6th Cir. 2000) ...................................................................................................12

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
  216 F.R.D. 248 (S.D.N.Y. 2003) ...............................................................................................9

Case 3:19-cv-00962   Document 28   Filed 12/02/19   Page 4 of 19 PageID #: 315

**Statutes**

15 U.S.C. § 77 ............................................................................................................... *passim*

15 U.S.C. § 78 ............................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 6 ....................................................................................................................8

Fed. R. Civ. P. 23……………………………………….……………………………………...9,10, 11

Fed. R. Civ. P. 42(a).........................................................................................................….6

Case 3:19-cv-00962    Document 28    Filed 12/02/19    Page 5 of 19 PageID #: 316

## PRELIMINARY STATEMENT

Putative class member Michael J. Morse, Trustee o/b/o Michael J. Morse Revocable Living Trust ("Mr. Morse" or "Movant") respectfully submits this Memorandum of Law in support of his motion for an order: (i) consolidating the related securities class actions filed against SmileDirectClub, Inc. ("SmileDirectClub" or the "Company") and certain related Defendants (defined below);[1] (ii) appointing Movant as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (iii) approving Movant's selection of the law firm of Kahn Swick & Foti, LLC ("KSF") and Bramlett Law Offices to serve as Lead and Liaison Counsel, respectively, under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iv) grant such other and further relief as the Court may deem just and proper.

As outlined below, and as described in his Certification and Loss Chart (which are attached as Exhibit A and Exhibit B, respectively, to the Declaration of Paul Kent Bramlett in Support of the Motion of Michael J. Morse, Trustee o/b/o Michael J. Morse Revocable Living Trust for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Bramlett Decl.") filed herewith), Movant has suffered substantial losses in connection with his acquisitions of SmileDirectClub common stock purchased or otherwise acquired (a) pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 12, 2019 initial public offering ("IPO" or the "Offering"), or (b) during the period

---

[1] The related securities class actions include *Franchi v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-0962-EJR (M.D. Tenn.), filed on October 29, 2019; *Ginsberg v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-1040-EJR (M.D. Tenn.), initially filed on October 23, 2019 in the Southern District of New York (1:19-cv-9794) and transferred to this Court on November 18, 2019; and *Andre v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-1057-EJR (M.D. Tenn.), initially filed on October 2, 2019 in the Eastern District of Michigan (2:19-cv-12883) and transferred to this Court on November 26, 2019.

from September 8, 2019 through October 2, 2019, inclusive (the "Class Period"). **Specifically, Mr. Morse has suffered approximately $491,580.59 in losses under §10b (defined below), or alternatively, $401,768.85 in losses under §11 (defined below) as a result of his transactions in SmileDirectClub stock during the Class Period.** To the best of his knowledge, Mr. Morse has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

What is more, as further outlined in Mr. Morse's Certification, he fully understands his duties and responsibilities to the Class and is willing and able to oversee the vigorous prosecution of this action.[2] *See* Bramlett Decl. Ex. A. Moreover, Mr. Morse satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and is therefore presumptively the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Accordingly, Mr. Morse respectfully requests that the Court (1) consolidate all related actions; (2) appoint him Lead Plaintiff; and (3) approve his selection of KSF as lead counsel and Bramlett Law Offices as liaison counsel for the Class.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[3]

Defendant SmileDirectClub purports to be the "first direct-to-consumer medtech platform for transforming smiles" that manufactures, markets, and sells clear dental aligner treatments, according to its public filings.

SmileDirectClub is a Delaware corporation with its principal executive offices located

---

[2] Mr. Morse is a personal injury attorney with offices located in Southfield, Michigan, which proudly employs 150 legal professionals. Mr. Morse frequently lectures throughout Michigan and the United States, and serves as a case evaluator and arbitrator in Wayne, Oakland, and Macomb counties. In October of 2015, Mr. Morse received the Spirit of Detroit Award in recognition of his generous contributions of backpacks and school supplies to 23,000 Detroit Public School Students.

[3] These facts were derived from the *Franchi* Complaint.

in Nashville, Tennessee. At all relevant times, Defendant David Katzman served as the Company's Chief Executive Officer and Chairman of the Board of Directors. Defendant Kyle Wailes was the Company's Chief Financial Officer at all relevant times. Defendant Steven Katzman was the Company's Chief Operating Officer and a director at all relevant times. Defendants Jordan Katzman, Alexander Fenkell, Richard Schnall, and Susan Greenspon Rammelt served as directors of the Company at all relevant times.[4] Defendants J.P. Morgan Securities LLC; Citigroup Global Markets Inc.; BofA Securities, Inc.; Jefferies LLC; UBS Securities LLC; Credit Suisse Securities; Guggenheim Securities, LLC; Stifel, Nicolaus & Company, Incorporated; William Blair & Company, L.L.C.; Loop Capital Markets LLC served as underwriters for the Company's IPO. Defendant Camelot Venture Group (included in the *Ginsberg* Complaint) is a partnership controlled by its managing partner, Defendant David Katzman, and is purportedly the largest shareholder of SmileDirectClub and the managing member of the limited liability corporation that controls SmileDirectClub.

On September 9, 2019, the Company filed its final amendment to the Registration Statement with the SEC on Form S-1/A, which forms part of the Registration Statement. The Registration Statement was declared effective on September 11, 2019. Then, On September 13, 2019, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In its Initial Public Offering, the Company sold approximately 58.5 million shares of Class A common stock at a price of $23.00 per share and received proceeds of approximately $1.27 billion from the Offering, net of underwriting discounts and commissions.

The Registration Statement was materially false and misleading and omitted to state:

---

[4] Defendants David Katzman, Wailes, Steven Katzman, Jordan Katzman, Fenkell, Schnall, and Rammelt are collectively referred to hereinafter as the "Individual Defendants."

(1) that administrative personnel, rather than licensed doctors, provided treatment to the Company's customers and monitored their progress; (2) that, as a result, the Company's practices did not qualify as teledentistry under applicable standards; (3) that, as a result, the Company was subject to regulatory scrutiny for the unlicensed practice of dentistry; (4) that the efficacy of the Company's treatment was overstated; (5) that the Company had concealed these deceptive marketing practices prior to the IPO; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

The truth began to emerge when, on September 24, 2019, only weeks after its IPO, the Company was sued in a class action lawsuit by a group of dentists, orthodontists, and consumers alleging damages suffered as a result of its fraudulent and misleading marketing practices regarding the effectiveness, comparable level of dental care, and return policies of its products, among other charges.

This news caused SmileDirectClub's stock price to fall $1.47, or nearly 9%, to close at $15.68 per share on September 24, 2019, on unusually heavy trading volume, continuing to decline over the next two trading sessions by $2.74, or over 17%, to close at $12.94 per share on September 26, 2019, on unusually heavy trading volume. On October 21, 2019, the Company's stock closed at $9.13 per share, a 60% decline from the $23 per share IPO price.

The first lawsuit filed in this District raising these allegations against Defendants was filed on October 29, 2019, on behalf of purchasers of SmileDirectClub's publicly traded Class A common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 2019 initial public offering. *Franchi v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-0962-EJR (M.D. Tenn.) (asserting claims under

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k ("§11")). A substantially similar lawsuit, also on behalf of purchasers of SmileDirectClub Class A common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 2019 IPO, was initially filed in the Eastern District of Michigan (2:19-cv-12883) on October 2, 2019 and transferred to this District on November 26, 2019. *Andre v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-1057-EJR (M.D. Tenn.). Another substantially similar lawsuit, also on behalf of purchasers of SmileDirectClub Class A common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 2019 IPO, but also including purchases of the Company's common stock during the period from September 8, 2019 through October 2, 2019, and adding claims under Sections 10(b), 20(a), and 20A of the Exchange Act of 1934 ("§10b"), was initially filed in the Southern District of New York (1:19-cv-9794) on October 23, 2019 and transferred to this Court on November 18, 2019. *Ginsberg v. SmileDirectClub, Inc, et al.*, No. 3:19-cv-1040-EJR (M.D. Tenn.).

On October 2, 2019, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first Notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from that day, or December 2, 2019. *See* Bramlett Decl. Ex. C. Mr. Morse is a Class Member who has timely filed this motion within the 60-day period following publication of the October 2, 2019 Notice. *See id.*

## ARGUMENT

## I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Pursuant to the PSLRA, "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this title has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-2830, 2010 U.S. Dist. LEXIS 132902, at \*44-46 (W.D. Tenn. Dec. 15, 2010). The Court has broad discretion to determine whether consolidation is appropriate under Rule 42(a). *Id. at* \*45 (W.D. Tenn. Dec. 15, 2010) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *Id.*

The three pending actions here make virtually identical allegations on behalf of an identical class of shareholders against the same Defendants. In light of these legal principles and the numerous commonalities shared by the actions, consolidation is appropriate under Rule 42(a).

## II. THE COURT SHOULD APPOINT MR. MORSE LEAD PLAINTIFF

### A. The Procedural Requirements of the PSLRA

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1), 78u-4(a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. *See generally Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members. *Id*. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.,* No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899, at *6-7 (M.D. Tenn. Nov. 28, 2011) (discussing the PSLRA's lead plaintiff appointment process).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B. Mr. Morse Is the "Most Adequate Plaintiff"**

**1. The Published Notice Satisfies the PSLRA's Requirements and Movants' Motion Is Timely and Procedurally Complete**

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notice requirement. 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i). The notice requirement consists of two parts: (1) the first plaintiff to file must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication

or wire service; and (2) members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A-B).

Here, notice was published on *Business Wire* on October 2, 2019. *See* Bramlett Decl. Ex. C.[5] The notice specified that applications for appointment as Lead Plaintiff were to be made no later than 60 days from that day, or December 2, 2019. Thus, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

In light of the fact that the original notice was published on October 2, 2019, the deadline for application to be lead plaintiff is therefore December 2, 2019. *See* Bramlett Decl. Ex. C; FED. R. CIV. P. 6. Movant has therefore timely filed his motion prior to the expiration of the lead plaintiff filing deadline. Moreover, Movant has signed and submitted a Certification with this Motion. As reflected in that Certification, Mr. Morse certified his trading history during the relevant period and confirmed his willingness and ability to serve as Lead Plaintiff. Bramlett Decl. Ex. A. Thus, he has satisfied the certification requirement set forth in 15 U.S.C. §§ 78u-4(a)(2)(A). The PSLRA's procedural requirements have therefore been satisfied.

### 2. Mr. Morse Has the Largest Known Financial Interest

In connection with the Company's September 2019 IPO and/or during the Class Period, as evidenced by his Certification, Mr. Morse purchased SmileDirectClub common stock in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. *See* Bramlett Decl. Ex. A. In addition, Mr. Morse incurred a

---

[5] Publication by a national press release firm like *Business Wire* is an adequate means for meeting the PSLRA statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 32 (S.D.N.Y. 2012) (characterizing *Business Wire* as "a widely-circulated, national, business-orientated news reporting wire service" and accepting publication therein for purposes of satisfying the PSLRA's notice requirement); *Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11-CV-0917, 2011 U.S. Dist. LEXIS 54939, at *2 (S.D.N.Y. May 19, 2011) (noting that "[i]n this case, adequate notice was published…in Business Wire, a national wire service.")

substantial loss on his transactions in SmileDirectClub common stock, as detailed in his Loss Chart. *See* Bramlett Decl. Ex. B. **Specifically, Mr. Morse has suffered approximately $491,580.59 in losses under §10b-5, or alternatively, $401,768.85 in losses under §11 as a result of his transactions in SmileDirectClub stock during the Class Period.** *Id.* To the best of his knowledge, Mr. Morse thus has the largest financial interest in the relief sought. Therefore, Mr. Morse satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Mr. Morse Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Courts have consistently held that, at this stage, the Rule 23 considerations are limited to the questions of typicality and adequacy. *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'") (quoting *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999)). As detailed below, Mr. Morse satisfies both the typicality and adequacy requirements of Rule 23. *See also* Bramlett Decl. Ex. A.

### i. Mr. Morse's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) (same); *In re Heritage Bond Litig.*, MDL Case No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

In this case, the typicality requirement is met because Mr. Morse's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Mr. Morse and all the other Class Members: (1) acquired SmileDirectClub common stock in connection with the Company's September 2019 IPO and/or during the Class Period; (2) acquired SmileDirectClub common stock in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by acquiring SmileDirectClub common stock at artificially inflated prices and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Morse's claims are typical of those of other Class Members since his claims and the claims of other Class

Members resulted from the same illegal practices.

### ii. Mr. Morse Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met (1) by the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Morse is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Morse, who acquired SmileDirectClub common stock at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Morse are clearly aligned with the members of the Class, and there is no evidence of any antagonism between his interests and those of the other members of the Class. Furthermore, Mr. Morse has retained competent, experienced, and highly qualified counsel who are able to conduct this complex litigation in a professional manner. *Infra* §III. Thus, Mr. Morse *prima facie* satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### III. THE COURT SHOULD APPROVE MR. MORSE'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. The Court must consider whether the proposed counsel is qualified, experienced, and generally able to

conduct the litigation. *Norfolk Cnty*, 2011 U.S. Dist. LEXIS 149899, at *24 (citing *Stout v. J. D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000)). Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (citing Conference Report on Securities Litigation Reform, H.R. Rep. No. 369, 104th Congress, 1st Sess. 31, *reprinted in* 1995 U.S.C.C.A.N. 679, 685); *see also In re Nortel Networks Corp.*, No. 01-CV-1855 (RMB), 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (same).

Here, Mr. Morse has selected KSF to be Lead Counsel for the Class. As reflected in its firm resume, KSF is more than qualified to work as Lead Counsel to prosecute the claims of the Class. With lawyers in Louisiana, New York, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *See* Bramlett Decl. Ex. D (KSF Firm Resume).

Notably, KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions, including in this District. *See* Bramlett Decl. Ex. D (citing *In Re Health Ins. Innovations*, No. 8:17-cv-2186 (M.D. Fla.) (denying in part defendants' motion to dismiss securities class action on June 28, 2019); *Shanawaz v. Intellipharmaceutics Int'l Inc., et al.*, No. 1:17-cv-5761 (S.D.N.Y.) (denying in part defendants' motion to dismiss securities class action on December 17, 2018); *Dougherty v. Esperion Therapeutics, Inc., et al.*, No. 17-1701 (6th Cir.) (reversing and remanding lower court's dismissal of securities class action on September 27, 2018)). Most recently in the

Southern District of New York, on June 22, 2018, KSF was found to have "made a substantial contribution to the class" in obtaining a **$3 billion settlement** from Brazil's state-controlled petrochemical company in connection with the largest corruption scandal in the history of Latin America, arising from defendants' alleged deliberate overpayments on various construction contracts in return for kickbacks. *See id.* (citing *In re Petrobras Sec. Litig.*, No. 1:14-cv-9662 (S.D.N.Y.)).

KSF also served as special counsel and court-appointed Co-Counsel to the lead plaintiff in *The Erica P. John Fund, Inc. v. Halliburton Company, et al.*, No. 3:02-cv-1152-M (N.D. Tex.), which settled for $100 million. KSF's co-counsel in that case was David Boies of Boies Schiller Flexner LLP, a nationally-renowned litigation and appellate law firm that litigated the *Bush v. Gore* matter before the United States Supreme Court, among others. Prior to settlement, the *Halliburton* case itself had twice been to the Unites States Supreme Court. In the first instance, plaintiffs won 9-0. In the second instance, the Halliburton defendants challenged the "fraud on the market theory," the fundamental theory on which all class action securities litigation rests. Despite the Halliburton defendants' protestations, the Supreme Court sided with the plaintiffs and upheld that theory. As the aforementioned cases demonstrate, KSF has the requisite experience and knowledge in litigating complex shareholder cases. In turn, Bramlett Law Offices is located within Tennessee, and is equally qualified to serve as liaison counsel in this matter. *See* Bramlett Decl. Ex. E.

Thus, the Court may be assured that, in granting this motion, the Class will continue to receive the highest caliber of legal representation from KSF and Bramlett Law Offices.

## CONCLUSION

For all of the foregoing reasons, Mr. Morse respectfully requests that this Court: (1) consolidate the related actions; (2) appoint him as Lead Plaintiff in this consolidated action;

(3) approve his selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: December 2, 2019

Respectfully submitted,

**BRAMLETT LAW OFFICES**

*/s/Paul Kent Bramlett*
Paul Kent Bramlett (#7387)
Robert Preston Bramlett (#25895)
P. O. Box 150734
Nashville, TN 37215
Tel: (615) 248-2828
Fax: (866) 816-4116
Email: PKNASHLAW@aol.com
Email: Robert@BramlettLawOffices.com

**KAHN SWICK & FOTI, LLC**

Lewis S. Kahn
Melinda A. Nicholson
Michael J. Palestina
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: Melinda.Nicholson@ksfcounsel.com
Email: Lewis.Kahn@ksfcounsel.com
Email: Michael.Palestina@ksfcounsel.com

*Counsel for Proposed Lead Plaintiff*
*Michael J. Morse, Trustee o/b/o*
*Michael J. Morse Revocable Living*
*Trust and Proposed Lead Counsel &*
*Liaison Counsel for the Class*