UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>      Defendants. | Civil Action No. 3:19-cv-00962<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| BARRY GINSBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>      Defendants. | Civil Action No. 3:19-cv-01040<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| RICHARD ANDRE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>      Defendants. | Civil Action No. 3:19-cv-01057<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |

MEMORANDUM OF LAW IN SUPPORT OF 1199 SEIU HEALTH CARE EMPLOYEES
PENSION FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I.    INTRODUCTION

Presently pending before this Court are three related securities class actions (the "Related Actions") brought on behalf of purchasers of SmileDirectClub, Inc. Class A common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 12, 2019 initial public offering ("IPO") against the Company, certain senior officers, directors, and underwriters for alleged violations of the Securities Act of 1933 (the "1933 Act"): (1) *Franchi v. SmileDirectClub, Inc.*, No. 19-cv-00962 (filed on October 29, 2019); (2) *Ginsberg v. SmileDirectClub, Inc*., No. 19-cv-01040 (filed on October 23, 2019, transferred to this Court on November 19, 2019); and (3) *Andre v. SmileDirectClub, Inc*., No. 19-cv-0157 (filed on October 2, 2019, transferred to this Court on November 18, 2019).[1] The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii).[2] The parties in the *Ginsberg* and *Andre* actions have already stipulated to consolidation of the Related Actions. *See Ginsberg* ECF No. 42 at 2; *Andre* ECF No. 6 at 2. The 1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") agrees that the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §77z-1(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i).

---

[1] In addition to claims under the 1933 Act, the *Ginsberg* action asserts claims for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").

[2] Because the Private Securities Litigation Reform Act of 1995's ("PSLRA") lead plaintiff provisions applicable to the 1933 Act and 1934 Act are virtually identical, only the 1933 Act provisions are cited herein.

- 1 -

The Pension Fund should be appointed lead plaintiff because it filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. 15 U.S.C. §77z-1(a)(3)(B)(v).

## II. STATEMENT OF FACTS

SmileDirectClub is a teledentistry company headquartered in Nashville, Tennessee. The Company manufactures, markets, and sells 3D-printed clear dental aligner treatments through its website, as well as brick-and-mortar locations it refers to as SmileShops. SmileDirectClub stock trades under the ticker symbol SDC on the NASDAQ.

On or around September 12, 2019, SmileDirectClub completed its IPO, selling approximately 58.5 million shares of Class A common stock at a price of $23.00 per share for approximately $1.27 billion in proceeds. *See Ginsberg* ECF No. 1 at ¶4; *Andre* ECF No. 1 at ¶42; *Franchi* ECF No. 1 at ¶34.

The Related Actions allege that the Registration Statement was materially false and misleading and failed to disclose to investors: (1) that administrative personnel, rather than licensed doctors, provided treatment to the Company's customers and monitored their progress; (2) that, as a result, the Company's practices did not qualify as teledentistry under applicable standards; (3) that, as a result, the Company had been the subject of regulatory scrutiny for the unlicensed practice of dentistry; (4) that the efficacy of the Company's treatment was overstated; (5) that the Company had concealed its deceptive marketing practices before the IPO; and (6) that, as a result of the foregoing, defendants' statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *See Ginsberg* ECF No. 1 at ¶39; *Andre* ECF No. 1 at ¶7; *Franchi* ECF No. 1 at ¶6.

- 2 -

On September 24, 2019, a class action lawsuit was filed in this District by dentists, orthodontists, and consumers against the Company and certain of its officers and directors for false advertising, fraud, negligence, and unfair and deceptive trade practices. *See Ciccio v. SmileDirectClub, LLC*, No. 3:19-CV-00845, ECF No. 1. The *Ciccio* complaint alleges, *inter alia*, that inaccurate statements were made in the Registration Statement and that the Company is subject to litigation for operating as a dentistry without proper licensing in several states. *Id.*; *see also Ginsberg* ECF No. 1 at ¶¶40-45; *Andre* ECF No. 1 at ¶¶50-54; *Franchi* ECF No. 1 at ¶¶42-46. On September 24, 2019, the price of SmileDirectClub stock declined nearly 9%, and continued to decline further over the next two trading sessions.

SmileDirectClub stock is currently trading just below $10 per share, a decline of more than 55% from the IPO price.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Consolidation is appropriate where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

The parties in the *Ginsberg* and *Andre* actions have stipulated to consolidating their cases with the *Franchi* action. *See Ginsberg* ECF No. 42 at 2; *Andre* ECF No. 6 at 2. The Pension Fund agrees that consolidation is appropriate because the Related Actions rely on the same underlying facts and assert the same false and misleading statements and omissions in the Registration Statement. *See, e.g.*, *Ginsberg* ECF No. 1 at ¶39; *Andre* ECF No. 1 at ¶7; *Franchi* ECF No. 1 at ¶6. Moreover, the Related Actions all bring claims under the federal securities laws against substantially

- 3 -

overlapping defendants in connection with the IPO.[3]  Consolidation would preserve judicial resources and promote efficient prosecution of the litigation.  Accordingly, the Court should consolidate the Related Actions.

> **B.** **The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §77z-1(a)(3)(A)(i).  The statutory notice in the first-filed *Andre* action was published on October 2, 2019.  *See* Declaration of Christopher M. Wood in Support of Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Wood Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[3]  Any minor differences between the Related Actions will be reconciled with the filing of a consolidated complaint.

4842-5514-3086.v1

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *2 (M.D. Tenn. Apr. 10, 2012). The Pension Fund meets these requirements and should be appointed Lead Plaintiff.

### 1. The Pension Fund's Motion Is Timely

The October 2, 2019, statutory notice published in connection with the filing of the first-filed *Andre* complaint advised class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff within 60 days, or by December 1, 2019. *See* Wood Decl., Ex. A; 15 U.S.C. §77z-1(a)(3)(A). December 1 was a Sunday. Pursuant to Rule 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is Monday, December 2, 2019. Fed. R. Civ. P. 6(a)(1)(C).[4] This Motion is timely filed and the Pension Fund is eligible for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification, the Pension Fund purchased or acquired 88,114 SmileDirectClub shares in the IPO, and suffered over $832,000 in losses as a result of defendants' alleged misconduct. *See* Wood Decl., Exs. C, D.[5] To the best of its counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

---

[4] On October 24, 2019, notice was published in connection with the filing of the *Ginsburg* complaint, advising class members of the pendency of the action, the claims asserted (including the 1934 Act claims and the Class Period associated therewith) and the right to move for appointment as lead plaintiff by December 2, 2019. *See* Wood Decl., Ex. B.

[5] The Pension Fund's losses are the same under both the "first in, first out" and "last in, first out" loss calculation methodologies.

- 5 -

### 3. The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 "requires in part that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class . . .' and that 'the representative parties will fairly and adequately protect the interests of the class.'" *Blitz*, 2012 WL 1192814, at \*10 (citation omitted).

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2012 WL 1071281, at \*37 (M.D. Tenn. Mar. 29, 2012) (certifying securities class action) (citation and emphasis omitted). Here, if appointed, the Pension Fund intends to allege that defendants violated the federal securities laws by disseminating materially false and misleading statements and omissions and that the Pension Fund was harmed in connection therewith, just like all of the other putative class members. Therefore, the Court should find its claims are typical to the claims of the other class members.

"Inquiry into the adequacy elements requires the Court to consider whether '"(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel."'" *Id*. (citations omitted). The Pension Fund is a sophisticated institutional investor with more than $10 billion in assets under management overseen for the benefit of more than 260,000 participants. The Pension Fund is familiar with the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake those responsibilities on behalf of the putative class in this case. Wood Decl., Ex. C. Moreover, the Pension Fund is not

- 6 -

aware of any potential conflicts of interest or any matters that would preclude it from fulfilling its duties as lead plaintiff. Additionally, as explained below, the Pension Fund has selected experienced and qualified counsel with an office in this District, further evidencing its ability to fairly and competently represent the interests of the class.

Because the Pension Fund filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

### C. The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Pension Fund has selected Robbins Geller to serve as lead counsel.

Robbins Geller, a 200-attorney firm with an office in this District, regularly represents institutional and individual investors in nationwide securities litigation, including within the Sixth Circuit and this District.[6] District courts throughout the country, including the judges of this Court, have noted Robbins Geller's reputation for excellence. *See, e.g.*, *St. Clair Cty. Emps.' Ret. Sytem v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at *6 (M.D. Tenn. Jan. 9, 2019) (appointing Robbins Geller as lead counsel, finding that "this Court has previously found Robbins Geller to be 'well qualified' for the task of representing a class in a securities action"); *Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122 (M.D. Tenn. June 26, 2017) (certifying class and appointing Robbins Geller as class counsel); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2010 WL 1790763, at *4 (M.D. Tenn. Apr. 30, 2010) (finding Robbins Geller attorneys to be "well qualified and experienced

---

[6]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* http://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 7 -

to represent the class").  Notably, Robbins Geller attorneys involved in this case are responsible for obtaining each of the three largest securities fraud class action recoveries ever obtained in this District.  *See, e.g.*, *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, ECF No. 567 at 12-13 (M.D. Tenn. Apr. 11, 2016) (in granting final approval to a $215 million recovery, the largest securities class action recovery ever in Tennessee, while recognizing that Robbins Geller and its local counsel "were gladiators" and expressing the court's "appreciat[ion for] the work that you all have done on this").  Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in this Circuit as well as in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[7]

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried several shareholder class actions to verdict including a trial earlier this year in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), in which the jury returned a verdict in favor of the shareholder class, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

The members of the class will receive the highest caliber of legal representation available from Robbins Geller.  Accordingly, the Pension Fund's selection of counsel should be approved.

---

[7]    *See In re Enron Corp. Sec.*, No. 4:01cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the ***Fifth Circuit***); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the ***Sixth Circuit***); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the ***Seventh Circuit***); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the ***Eighth Circuit***); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the ***Tenth Circuit***); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the ***Eleventh Circuit***).

- 8 -

## IV. CONCLUSION

The Court should consolidate the Related Actions because they share overlapping questions of law and fact. In addition, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: December 2, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 2, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franch v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Inbar R. Gal**
  gali@sullcrom.com

- **Elizabeth O. Gonser**
  egonser@rwjplc.com,nnguyen@rwjplc.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **John Tate Spragens**
  john@spragenslaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:19-cv-01040 Ginsberg v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Elizabeth O. Gonser**
  egonser@rwjplc.com,nnguyen@rwjplc.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:19-cv-01057 Andre v. Smiledirectclub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew P. Allen**
  allen@millercanfield.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Elizabeth O. Gonser**
  egonser@rwjplc.com,nnguyen@rwjplc.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Joseph G. Vernon**
  vernon@millercanfield.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)