# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>              Defendants. | Civil Action No. 3:19-cv-00962<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| BARRY GINSBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>              Defendants. | Civil Action No. 3:19-cv-01040<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| RICHARD ANDRE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>              Defendants. | Civil Action No. 3:19-cv-01057<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |

## THE PENSION FUND'S OPPOSITION TO COMPETING
## MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

1199 SEIU Health Care Employees Pension Fund (the "Pension Fund") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (ECF No. 31), and in opposition to the competing motions for appointment as lead plaintiff. ECF Nos. 22, 24, 27, 29.

## I. INTRODUCTION AND BACKGROUND

Five motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

On December 13, 2019, Michael J. Morse withdrew his motion "due to the fact that another proposed lead plaintiff, the 1199 SEIU Health Care Employees Pension Fund . . . . appears to possess the 'largest financial interest' of any applicant before the Court and otherwise appears to satisfy the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure." ECF No. 56 (citation omitted). Also on December 13, 2019, Joe Stofko and Camelot Event Driven Fund filed a notice of non-opposition to the Pension Fund's motion. *See* ECF No. 57. On December 16, 2019, Granite Point filed a notice of non-opposition to the Pension Fund's motion. *See* ECF No. 58. Accordingly, each of the competing movants – *except for Thomas R. Derus and Wei Wei* – has either indicated that it does not oppose the Pension Fund's motion or has withdrawn its own motion. *See* ECF Nos. 56-58.

Based on information contained in the original submissions by the lead plaintiff movants, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-

---

[1]    The competing movants are: (1) the Pension Fund; (2) Granite Point Capital 8 Dragons China Opportunities Fund, Granite Point Capital Master Fund, LP, Granite Point Capital Scorpion Focused Ideas Fund, and Granite Point Capital Panacea Global Healthcare Fund (collectively, "Granite Point"); (3) Michael J. Morse, Trustee o/b/o Michael J. Morse Revocable Living Trust; (4) Joe Stofko and Camelot Event Driven Fund, A Series of Frank Funds Trust; and (5) Thomas R. Derus and Wei Wei. All movants agree that the above-captioned related securities actions should be consolidated.

4825-7611-9471.v1

4(a)(3)(B)(iii)(I). Of the two remaining movants, the Pension Fund's losses ***are over 60 times greater than those of Thomas R. Derus and Wei Wei***. *See* ECF No. 23-4 (asserting combined losses of $13,125). Moreover, the Pension Fund's losses of over $830,000 is hundreds of thousands of dollars more than the losses claimed ***by any of the other lead plaintiff movants***. In addition, the Pension Fund otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* ECF No. 32. Moreover, the Pension Fund is committed to actively prosecuting this litigation and has chosen counsel with extensive experience litigating securities class actions generally, as well as cases in this District. *Id*. Accordingly, the Pension Fund should be appointed as Lead Plaintiff and its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.     ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig*., 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). While this presumption is rebuttable, it can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

- 2 -

Here, there is no dispute that the Pension Fund possesses the "largest financial interest" in this litigation:

| MOVANT | §11 LOSS | §10(b) LOSS |
|---|---|---|
| **The Pension Fund** | **$832,197.91** | **$832,197.91** |
| Michael J. Morse (withdrawn) | $401,768.85 | $491,580.59 |
| Granite Point (filed a notice of non-opposition) | $294,192.25 | $495,551.73 |
| Joe Stofko and Camelot Event Driven Fund (filed a notice of non-opposition) | $276,717.38 | $319,805.80 |
| Thomas R. Derus and Wei Wei | $13,125 | $15,396.24 |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Pension Fund must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there is no question that the Pension Fund satisfies this requirement. *See* ECF No. 32 at 6-8. As a well-known institutional investor with more than $10 billion in assets under management overseen for the benefit of more than a quarter of a million participants, the Pension Fund is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See, e.g.*, *Cendant*, 264 F.3d at 273 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). In contrast, virtually nothing is known about Thomas R. Derus and Wei Wei other than their names and their transaction history during the alleged Class Period (not even the nature of their relationship is provided).[2] Given these facts, Thomas R. Derus and Wei Wei's motion suggests that

---

[2] Those facts, alone, are insufficient to make a *prima facie* showing of adequacy under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *see also Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (denying lead plaintiff motion of individual investors who "have provided the Court with little to go on with respect to their alleged capacity to manage this

4825-7611-9471.v1

they are an improper group cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and, "based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner." *Cendant*, 264 F.3d at 267.[3] Because the Pension Fund clearly has the largest financial interest and – unlike Thomas R. Derus and Wei Wei – satisfies Rule 23's requirements, the Pension Fund is presumptively the "most adequate plaintiff."

The presumptive lead plaintiff, in this case the Pension Fund, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *8 (M.D. Tenn. Apr. 10, 2012 ("'Once it determines which

litigation"); *Gross v. AT&T Inc.*, No. 1:19-cv-02892-VEC, ECF No. 53 at 3 (S.D.N.Y. June 24, 2019) ("The Court agrees . . . . that Pro-Alpha has not provided sufficient information for the Court to determine that it 'will fairly and adequately protect the interests of the class.'") (citation omitted); *Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF No. 125 at 22:6-17 (S.D.N.Y. May 14, 2019) (Transcript of April 29, 2019 Lead Plaintiff Hearing) (rejecting lead plaintiff motion because, inter alia: it did not include "typical supporting applications describing the lead plaintiffs that I'm used to seeing"); *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (rejecting lead plaintiff motion where the "complete dearth of information accompanying the Wangs' lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (noting that the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether Singh would indeed be a typical plaintiff for the class").

[3]     *See In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 WL 3314943, at *5 (N.D. Ohio May 12, 2004) (denying motion by group of previously unaffiliated plaintiffs brought together by counsel as not a "viable lead plaintiff group" under the PSLRA); *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 540 & n.20 (N.D. Ohio 2001) ("A strong line of precedent interprets the Reform Act to preclude unrelated groups of plaintiffs from serving as lead plaintiff.") (citing cases).

- 4 -

plaintiff has the biggest stake, the court must appoint that plaintiff as Lead, unless it finds that he does not satisfy the typicality or adequacy requirements.'") (quoting *Cavanaugh*, 306 F.3d at 732). Thomas R. Derus and Wei Wei cannot submit any proof to rebut the presumption that lies in the Pension Fund's favor. *See also* ECF Nos. 56-58 (collectively raising no substantive opposition to Pension Fund's motion). Consequently, the Pension Fund should be appointed Lead Plaintiff.

## III. CONCLUSION

The Pension Fund possesses the largest financial interest in the relief sought by the class. In addition, the Pension Fund meets the requirements of adequacy and typicality, and the presumption which lies in favor of the Pension Fund cannot be rebutted.

As a result, the Pension Fund respectfully requests that this Court enter an order: (1) consolidating the above-captioned related securities actions; (2) appointing the Pension Fund to serve as Lead Plaintiff in the consolidated action; (3) approving the Pension Fund's selection of Lead Counsel; and (4) denying the competing motions.

DATED: December 16, 2019         ROBBINS GELLER RUDMAN
      & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ CHRISTOPHER M. WOOD
CHRISTOPHER W. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 16, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
     & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

- 1 -

# Mailing Information for a Case 3:19-cv-00962 Franch v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Inbar R. Gal**
  gali@sullcrom.com

- **Elizabeth O. Gonser**
  egonser@rwjplc.com,nnguyen@rwjplc.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Steven Allen Riley**
  sriley@rwjplc.com,dgibby@rwjplc.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **John Tate Spragens**
  john@spragenslaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)