# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:19-cv-00962 Judge Richardson/Frensley |
| SMILEDIRECTCLUB, INC., et al., | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BARRY GINSBERG, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:19-cv-01040 Judge Richardson/Frensley |
| SMILEDIRECTCLUB, INC., et al., | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RICHARD ANDRE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| v. | ) ) | Case No. 3:19-cv-01057 Judge Richardson/Frensley |
| SMILEDIRECTCLUB, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER

### I. INTRODUCTION AND BACKGROUND

These securities class actions are before the Court upon motions for consolidation and competing motions for appointment as lead plaintiff and lead counsel. Five groups of plaintiffs filed motions and supporting memoranda in three lawsuits: (1) Thomas R. Derus and Wei Wei

(the"Investor Group") (Docket Nos. 22, 23); (2) Granite Point Capital 8 Dragons China Opportunities Fund, et al., ("Granite Point") (Docket Nos. 24, 25); (3) Michael Morse (Docket Nos. 27, 28); (4) Joe Stofko and Camelot Event Driven Fund ("Joe Stofko") (Docket Nos. 29, 29-1); and SEIU Health Care Employees Pension Fund ("SEIU") (Docket Nos. 31, 32).[1],[2]  Mr. Morse, Mr. Stofko, and Granite Point have all withdrawn their requests to be appointed lead plaintiff in recognition that another plaintiff appears to have the greater financial interest; each continues to support consolidation.  Docket Nos. 56, 57, 58.  In recognition of that fact, Mr. Morse's motion (Docket No. 27) has already been terminated.[3]  As Mr. Stofko and Granite Point have withdrawn their requests as well, those motions (Docket Nos. 24, 29) are also DENIED AS MOOT.  The only remaining motions are those of the Investor Group and SEIU.  For the reasons set forth below, the Investor Group's Motion (Docket No. 22) is DENIED and SEIU's Motion (Docket No. 31) is GRANTED.

On or around September 12, 2019, SmileDirectClub, Inc. ("SmileDirect") completed its initial public offering ("IPO"), selling about 58.5 million shares of Class A common stock at a price of $23.00 per share, yielding proceeds of approximately $1.27 billion.[4]  On September 24, 2019, a class action complaint was filed by dentists, orthodontists, and consumers against SmileDirect, alleging false advertising, fraud, negligence, and unfair and deceptive trade

---

[1] For the sake of simplicity and comprehension, unless otherwise noted all Docket Numbers refer to those in Case No. 3:19-cv-00962 (*Franchi v. SmileDirectClub, Inc.*, et al.).  The same motions to consolidate and to be appointed lead plaintiff and lead counsel were also filed in the other two lawsuits, except that Granite Point only filed its motion in *Franchi*.

[2] *Andre v. SmileDirectClub, et al.* (Case No. 3:19-cv-01057) was originally assigned to Magistrate Judge Holmes, but has been transferred to Magistrate Judge Frensley.  Docket No. 43 in *Andre*.

[3] The Court terminated Mr. Morse's motion in the *Franchi* case, but did not terminate it in the other two matters.  *See* Docket No. 52 in *Ginsberg*, Docket No. 15 in *Andre*.  By this Order, Mr. Morse's motions in those cases are terminated as well.

[4] These facts are as stated in the three Complaints and the motions for lead plaintiff.

practices.[5]  Following news of the lawsuit, SmileDirect's share price began to fall.  On October 21, 2019, its stock closed at $9.13 per share, a 60% decline from the $23 per share IPO price.

Subsequently, the plaintiffs in these three cases filed complaints alleging that they are purchasers of SmileDirectClub, Inc. Class A common stock issued pursuant to SmileDirect's IPO.  They allege that they lost money when the stock declined, and that the decline (and the plaintiffs' consequent financial loss) was due to false and misleading statements and omissions in the Registration Statement that SmileDirect issued in connection with its IPO.  These actions are brought under the Securities Act of 1933 and the Private Securities Litigation Reform Act of 1995 ("the PSLRA").[6]

## II.  LAW AND ANALYSIS

### A.  Meet and Confer Requirement of LR 7.01 in the Context of the PSLRA

Local Rule 7.01 requires that:

> In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested is opposed.  In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

LR 7.01(a)(1).  This requirement comes into conflict with the provisions of the PSLRA, which allows any purported class member (including a class member who is not individually named in the complaint) to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[5] This lawsuit is captioned *Ciccio v. SmileDirectClub, LLC*, Case No. 3:19-cv-00845.  It is currently pending before Judge Trauger.

[6] The *Ginsberg* action also asserts claims for alleged violations of the Securities Exchange Act of 1934.  For the sake of simplicity, because the PSLRA lead plaintiff provisions applicable to the 1933 Act and the 1934 Act are essentially identical, only the 1933 Act provisions are cited.

Accordingly, no prospective lead plaintiff can determine which, if any, other parties will also move for appointment until after the deadline to file has expired. It is neither possible for a movant to know whom to contact for a conference nor to resolve the motion without court involvement. Therefore, the Court waives the requirement to comply with LR 7.01(a) in this instance.

**B. <u>Motions for Consolidation</u>**

The PSLRA requires district courts to resolve motions for consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. § 77z-1(a)(3)(B)(ii). The Parties in the *Ginsberg* and *Andre* cases have already stipulated to the consolidation of their cases with *Franchi*. *See Ginsberg*, Docket No. 42, p. 2; *Andre*, Docket No. 6, p. 2. All of the *Franchi* plaintiffs agree. *See* Docket Nos. 22, 24, 27, 29, 31.

In federal court, motions to consolidate are governed by Rule 42, which provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation is a matter for the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993), *citing Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). Cases that have common questions of law or fact can be consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, 2006 U.S. Dist. LEXIS 105751, at *3 (M.D. Tenn. Oct. 11, 2006). "Courts have found that consolidation is particularly appropriate in securities class

4

action litigation." *French v. CBL & Assocs. Props., Inc.*, No. 1:16-cv-165-TWP-CHS, 2016 WL 7668501, 2016 U.S. Dist. LEXIS 182649, at *4 (E.D. Tenn. Sept. 26, 2016). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992), *quoting* 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971).

Neither Rule 42 nor the PSLRA require that all the claims in each case be identical in order to consolidate the actions. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical"). Rather, the PSLRA provides that courts should consider consolidation "[i]f more than one action on behalf of a class asserting *substantially the same* claim or claims arising under this title has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added). "[D]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *French*, 2016 U.S. Dist. LEXIS 182649, at *4-5, *quoting In re Gen. Elec. Secs. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, 2009 WL 2259502, at *2 (S.D.N.Y. Jul. 29, 2009).

Here, all of the cases: (1) allege violations of federal securities laws; (2) name many of the same defendants; (3) are based on the same allegedly wrongful conduct related to SmileDirect's IPO and its associated documents; and (4) seek verification of highly-overlapping, if not identical, investor classes. While the *Ginsberg* case also alleges Exchange Act claims, the alleged misrepresentations in those claims are identical to and/or contained in the same SmileDirect IPO offering documents as the alleged misrepresentations underlying the Securities

5

Act claims in all three cases.  Further, SmileDirect supports consolidation.[7]  Docket No. 59, p. 2, n.2.  The Court finds that all three cases have common questions of law and fact, and that their consolidation would promote the economy and convenience of the Court and of the Parties.  Therefore, the three matters will be consolidated.

**C.  <u>Appointment of Lead Plaintiff and Counsel</u>**

As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §77z-1(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members."  15 U.S.C. §77z-1(a)(3)(B)(i).  The PSLRA creates a structure for the Court's analysis in selecting the lead plaintiff.  The first step is to verify that, within twenty days of filing the first lawsuit, the original plaintiff published a notice describing the claims asserted in the lawsuit and the alleged class period in a "widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i).  This notice must inform potential class members that if they wish to be appointed as lead plaintiff, they must make a motion for appointment within sixty days of the notice date.  15 U.S.C. § 78-4(a)(3)(A)(i)(ll).

If more than one motion is timely filed, the Court must select from among the contenders "the most adequate plaintiff" to represent the interests of the class.  15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that the plaintiff with the "largest financial interest in the relief sought by the class" is the most adequate plaintiff, as long as that plaintiff can also make a prima facie showing that it meets the typicality and adequacy requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(l); *St. Clair Cty Emps. Ret. System v. Acadia*

---

[7] SmileDirect takes no position on the motions for lead plaintiff.  Docket No. 59, p. 2, n.2.

*Healthcare Co.*, No. 3:18-cv-00988, 2019 U.S. Dist. LEXIS 22095, at \*6-7 (M.D. Tenn. Jan. 9, 2019); *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005) ("[o]nly two of the four [Rule 23] prerequisites, typicality and adequacy, directly address the personal characteristics of class representatives").

The presumption can be rebutted by proof from any class member that "the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to 'unique defenses' that would make its adequate representative of the class impossible." *St. Clair*, 2019 U.S. Dist. LEXIS 22095, at \*7, *citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(ll).  If the presumption is not rebutted, the presumptive lead plaintiff will be appointed as lead plaintiff. The Court must then appoint lead counsel, which will generally be lead plaintiff's selected counsel.  "The Court must consider whether the proposed counsel are qualified, experienced, and generally able to conduct the litigation." *Blitz v. AgFeed Indus.*, No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849, at \*29 (M.D. Tenn. Apr. 10, 2012), *citing Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).

All of the PSLRA procedural requirements have been satisfied in this instance.  The Complaint in the first-filed *Andre* action was filed on October 2, 2019.  That same date, Andre, through attorneys Glancy Prongay & Murray, published notice of the suit's filing in Business Wire, a "widely circulated national business-oriented publication." *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Docket No. 33-1.  The notice summarized the Complaint's allegations, provided the dates of the proposed class period, and notified potential class members of their right to

7

move, within sixty days of the notice's publication, to be appointed lead plaintiff. *Id.* SEIU and the Investor Group timely filed their Motions on December 2, 2019. [8]

Since both Motions were timely filed, the Court must determine who is the most adequate plaintiff.[9] As discussed above, the first consideration is which plaintiff has the "largest financial interest in the relief sought by the class." This can be a complicated question, as the PSLRA does not define the term and different methodologies are sometimes used to calculate financial interest. "[T]he method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court." *St. Clair*, 2019 U.S. Dist. LEXIS 22095, at *8, *quoting Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-01211, 2010 U.S. Dist. LEXIS 42915, 2010 WL 1790763, at *3 (M.D. Tenn. Apr. 30, 2010) (internal quotation marks and citation omitted).

Many courts determine the greatest financial interest by applying the "*Olsten-Lax* factors," which direct a court to consider, for each potential lead plaintiff:

> (1) the number of shares purchased; (2) the number of net shares purchased (the difference between shares purchased and shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from sale of shares); and (4) the approximate losses suffered.

*St. Clair*, 2019 U.S. Dist. LEXIS 22095, at *9. While courts vary in terms of the emphasis they give to each or any of these factors, this Court has adopted a policy of "acknowledging the potential relevance of the first three _Olsten_ – _Lax_ factors, but giving the fourth factor the greatest

---

[8] Sixty days from October 2, 2019, was Sunday, December 1, 2019. Pursuant to Rule 6, the "next day that is not a Saturday, Sunday, or legal holiday" is Monday, December 2, 2019. Fed. R. Civ. P. 6(a)(1)(C). SEIU and the Investor Group therefore timely filed their Motions on Monday, December 2, 2019.

[9] SEIU has filed a brief in opposition to any competing motions for appointment as lead plaintiff. Docket No. 60. The Investor Group has not filed its own brief in opposition nor responded to SEIU's brief.

weight." *Id.* at \*11, *citing Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at \*7-8 (M.D. Tenn. Apr. 10, 2012) (collecting cases for the proposition that, of the four factors, alleged loss is the most important and concluding that the presumptive lead plaintiff had the largest financial interest "simply on the basis of the losses stated in [the movants'] initial Motions").

The Court finds no reason to depart from its prior practice of relying on the fourth *Olsten-Lax* factor (approximate losses suffered) as the most important. The Investor Group and SEIU have alleged losses of $13,125 and $832,197.91, respectively. Docket No. 23-4, p. 2; Docket No. 33-4, p. 2. SEIU therefore has the largest financial interest in this litigation.

The next step is to determine whether SEIU satisfies the typicality and adequacy factors set forth in Rule 23. The Court finds that SEIU's claims arise "from the same event or practice or course of conduct that gives rise to the claims of other class members" and involve the same legal theory. *Garden City Emps.' Ret. Sys.*, 2012 WL 1071281, at \*37. SEIU has also shown that is has "common interests with unnamed members of the class" and will "vigorously prosecute the interests of the class through qualified counsel." *Id.* The Investor Group has made no allegation to the contrary.

Because SEIU has the largest financial interest and satisfies the requirements of Rule 23, it is the presumptive lead plaintiff and should be appointed unless the Investor Group offers proof that SEIU will not "fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(l). The Investor Group has not offered such proof. *See* Docket Nos. 22, 23. SEIU will therefore serve as the lead plaintiff.

To represent it in this action, SEIU has chosen Robbins Geller, "a 200-attorney law firm with an office in this District" that "regularly represents institutional and individual investors in

nationwide securities litigation, including within the Sixth Circuit and this District." Docket No. 32, p. 8. On more than one occasion, this Court has previously found Robbins Geller to be well-qualified to represent a class in a securities action. *See, e.g. St. Clair*, 2019 U.S. Dist. LEXIS 22095, at *15; *Garden City Emps.' Ret. Sys.*, 2012 U.S. Dist. LEXIS 44445, 2012 WL 1071281, at *4. The Court sees no reason to disturb SEIU's choice of counsel and approves Robbins Geller as lead counsel in this matter.

### III.  CONCLUSION

For the foregoing reasons, the Investor Group's Motion for appointment as lead counsel (Docket No. 22) is DENIED and SEIU's Motion for consolidation and appointment as lead counsel (Docket No. 31) is GRANTED. These actions (*Franchi v. SmileDirectClub, Inc., et al.*, Case No. 3:19-cv-00962; *Ginsberg v. SmileDirectClub, Inc., et al.*, Case No. 3:19-cv-01040; and *Andre v. SmileDirectClub, Inc., et al.*, Case No. 3:19-cv-01057) will be consolidated, with SEIU serving as lead plaintiff, represented by Robbins Geller. The motions by Granite Point and Mr. Stofko (Docket Nos. 24 and 29) are DENIED as moot. Further, Mr. Morse's motions in *Ginsberg* (Case No. 3:19-cv-01040, Docket No. 52) and *Andre* (Case No. 3:19-cv-01057, Docket No. 15) are DENIED as moot.

IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge

10