UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY LIFT THE DISCOVERY STAY |

## I.    INTRODUCTION

Lead Plaintiff 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System (collectively, "Plaintiffs") respectfully move this Court for an order partially lifting the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the limited purpose of allowing Plaintiffs to obtain documents and attend or potentially participate in depositions in an action filed in the 20th Judicial District Chancery Court for Davidson County, Tennessee, Part IV, *In re SmileDirectClub, Inc. Sec. Litig.*, No. 19-1169-IV (the "State Court Action").

Both this action and the State Court Action seek relief for investors in SmileDirectClub, Inc.'s initial public offering.  However, the action pending before this Court is far broader than the State Court Action, as in addition to damages suffered by investors in the offering, unlike the State Court Action, this action also seeks to recover damages suffered by investors who lost hundreds of millions of dollars as a result of their purchase of SmileDirectClub shares in the open market while

- 1 -

Defendants[1] amassed fortunes through the sale of $1.3 billion in stock in connection with the Company's Registration Statement.

Plaintiffs allege that the Registration Statement misrepresented and omitted material facts about SDC's business in violation of §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). Allegations concerning SDC's false and misleading Registration Statement and fraudulent business practices has generated several lawsuits, including the State Court Action, which alleges claims solely under the Securities Act. However, while this securities class action and the State Court Action have proceeded apace, the State Court Action has now moved forward into discovery while the discovery in this case is stayed in accordance with the PSLRA, which generally does not permit discovery during the pendency of a motion to dismiss. 15 U.S.C. §78u-4(b)(3)(B). The PSLRA, however, does permit courts to lift the discovery stay when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." *Id.* Here, both these criteria are met, as the discovery sought is particularized and partially lifting the stay is necessary to prevent undue prejudice to Plaintiffs, as detailed herein. Further, lifting the stay to allow production of documents – documents that have already been identified, collected, and produced in related litigation – will promote efficiency, minimize the need for duplicative discovery, and will not impose any burden or prejudice on Defendants. Plaintiffs' motion should therefore be granted.

---

[1] The "Securities Act Defendants" are SmileDirectClub, Inc. ("SDC" or the "Company"), David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, and Susan Greenspon Rammelt, together with the Underwriter Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C., and Loop Capital Markets LLC (the "Underwriter Defendants"), and defendant Camelot. The "Exchange Act Defendants" are SDC, David Katzman, and Kyle Wailes.

4879-5483-5247.v1

## II.    RELEVANT PROCEDURAL BACKGROUND

### A.    This Securities Class Action

In May of 2019, Defendants filed their Registration Statement with the SEC in connection with the planned sale of SDC Class A common stock (the "IPO"). On September 12, 2019, Defendants completed SDC's IPO. On October 29, 2019, the initial complaint was filed in this case. ECF 1. Plaintiffs then filed the Consolidated Complaint for Violations of the Federal Securities Laws against all Defendants on February 21, 2020. ECF 71. Defendants filed their motion to dismiss on March 23, 2020 and Plaintiffs opposed on April 22, 2020. ECF 72, 75. Thereafter, by stipulation, the Court granted Plaintiffs leave to file an amended complaint. ECF 84. The operative complaint in this case was filed on March 30, 2021 (ECF 85) (the "Complaint"), and alleges that the Registration Statement contained untrue statements of material fact regarding SDC's then-existing operations and omitted other material facts necessary to make the statements made therein not false or misleading. First, the Complaint alleges that despite the Registration Statement representing that SDC was experiencing "Accelerating Growth," in reality, SDC's revenue, gross profit, and Adjusted EBITDA were declining by the time of the IPO. ¶¶5, 44-54.[2] Second, the Registration Statement claimed that SDC's high level of customer satisfaction would drive future growth. ¶7. But, SDC omitted that: (1) thousands of customers had made complaints about the Company's products and services; (2) SDC's employees were expected to meet daily sales conversion rates of 73% without regard as to whether such customers' use of SDC's aligners were medically appropriate; and (3) SDC went to extreme lengths to avoid public disclosure of complaints and critiques on its business model. ¶¶8-11, 55-57. Third, SDC's so-called "cutting-edge teledentistry technology" was actually

---

[2]    Paragraph references ("¶_" and "¶¶_") are to the Complaint.

placing its customers at risk of serious injury.  ¶¶58-59.  Finally, SDC did not warn investors of regulatory and legal challenges that had materialized by the time of the IPO.  ¶¶12, 60-62.

The Complaint further alleges that the true state of the Company's fraudulent business practices came to light through a series of revelations (September 24, 2019, October 4, 2019, October 13, 2019, October 16, 2019, October 19, 2019, November 13, 2019, February 13, 2020, February 19, 2020, and February 25, 2020) culminating in the Company's March 12, 2020 complete overhaul of its "customer experience" in an effort to provide more safety and transparency into the Company's core services.  ¶¶94, 123-155.  By March 12, 2020, SDC's stock price had declined to $5.30 per share, a decline of 77% below the $23 IPO offering price exactly six months prior.  ¶¶93, 155.  On May 14, 2021, Defendants filed a Joint Motion to Dismiss the Complaint.  ECF 90. Defendants' Motion to Dismiss has been fully briefed since July 19, 2021.  ECF 95.[3]

### B.      The State Court Action

On September 27, 2019, the State Court Action was filed.  On December 20, 2019, the plaintiffs in the State Court Action filed their Consolidated Complaint alleging violations of the Securities Act in connection with SDC's September 12, 2019 IPO (the "State Court Complaint").

The State Court Complaint is premised on substantially the same facts as alleged here. Indeed, like the Complaint in this action, the State Court Complaint alleges that the Registration Statement failed to disclose: (1) "the degree of professional care rendered to SmileDirectClub customers"; (2) "the significant regulatory and legal risks facing SmileDirectClub across the country"; (3) "the heavy-handed tactics used to conceal customer complaints"; and (4) "the magnitude of the losses SmileDirectClub suffered in the quarter during which it commenced its

---

[3]     The parties met and conferred telephonically on August 23, 2022, regardless of the relief sought herein.  On August 31, 2022, Defendants informed Plaintiffs via telephone and email that they opposed lifting the PSLRA discovery stay.

4879-5483-5247.v1

IPO." Ex. A.[4]  Moreover, all of the Defendants in this action are also named as defendants in the State Court Complaint.

On February 10, 2020, the state court defendants moved to stay the State Court Action pending resolution of this federal case, or, alternatively, to dismiss the action.  On June 4, 2020, Chancellor Russell T. Perkins issued an order denying the state court defendants' motion to stay and motion to dismiss.  In denying the motion to stay, the Chancery Court emphasized that the State Court Action is "essentially identical" to the federal action.  Ex. B at 3.  Thereafter, the Chancery Court certified a class of all persons who purchased or acquired common stock pursuant to or traceable to the Registration Statement and Prospectus issued in connection with SDC's September 12, IPO.  Ex. C at 5, 17.  On July 22, 2022, the plaintiffs in the State Court Action filed a Motion to Set Trial Date and on August 5, 2022, they filed a Motion for Scheduling Order.  Thereafter, on August 18, 2022, the Court entered the parties' Agreed Scheduling Order that set the following dates:

- Substantial completion of SDC's document production by October 1, 2022;

- Substantial completion of the Underwriter Defendants' document production by August 31, 2022;

- Completion of Fact Discovery by October 1, 2022; and

- Completion of Non-Expert Discovery by April 10, 2023.

Ex. D.

## III.    ARGUMENT

The PSLRA provides for a stay of discovery "during the pendency of any motion to dismiss" in a private securities fraud action.  *See* 15 U.S.C. §78u-4(b)(3)(B).  The statute, however, expressly provides for an exception to the discovery stay where "the court finds upon the motion of any party

---

[4]    "Ex. _" refer to the exhibits attached to the Declaration of Christopher M. Wood filed herewith.

- 5 -

that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id.* "Thus a party asking a court to lift the PSLRA's stay must show that (1) the discovery sought is particularized and (2) necessary to (a) preserve evidence or (b) prevent undue prejudice to the party." *N.Y. State Tchrs.' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462, at \*3 (E.D. Mich. Apr. 8, 2015). Here, the discovery sought is limited to just that which has been produced and is being produced or generated, including deposition testimony, in the State Court Action regarding the allegations that form the base of Plaintiffs' Securities Act and Exchange Act claims. Without such discovery, especially considering the rapid scheduling order entered in the State Court Action, Plaintiffs will suffer undue prejudice if kept in the dark for months while a related case moves forward with discovery and towards trial.

### A.     The Requested Discovery Is Particularized and Presents No Burden

Plaintiffs' request for the discovery that will be produced in the State Court Action unquestionably satisfies the particularity requirement of the PSLRA discovery stay's exception. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 518626, at \*6 (E.D. Mich. Feb. 15, 2007) (particularity requirement satisfied where plaintiffs "only request[ed] the production of materials that have already been assembled and produced to Delphi's internal investigators and the federal authorities"). Here, Plaintiffs ask the Court to lift the PSLRA discovery stay with respect to the following two items:

1.     All documents produced by defendants and any third parties in the State Court Action; and

2.     Granting Plaintiffs' counsel in this case the ability to attend and potentially participate in State Court Action depositions.

Requests for a "'clearly defined universe of documents'" that will be or have already been collected and/or produced in the State Court Action satisfy the particularity requirement of the

- 6 -

exception to the PSLRA discovery stay. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004)[5]; *see also In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (lifting stay as to materials already made available to numerous government agencies).

Moreover, production of discovery that has already been produced in related litigation imposes virtually no burden on Defendants and is not prejudicial in any way. Numerous courts have found that "[t]he burden on the defendants 'is slight when a defendant "has already found, reviewed and organized the documents."'" *Bank of Am.*, 2009 WL 4796169, at *2; *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (a company "cannot . . . allege any burden from providing documents that it has already reviewed and compiled"); *Royal Ahold*, 220 F.R.D. at 250 ("the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities"); *Seippel v. Sidley, Austin, Brown & Wood LLP*, 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005) (the cost of discovery that has already been compiled and produced by defendants "is minimal").

Similarly, Defendants cannot successfully argue that they would be burdened by allowing Plaintiffs to attend and potentially participate in their depositions or depositions of relevant third parties in the State Court Action. To the contrary, partially lifting the discovery stay while Plaintiffs await this Court's order on Defendants' Motion to Dismiss will promote efficiency by reducing the need for duplicative discovery on Plaintiffs' Securities Act claim and significantly reduce the costs of any future discovery.

---

[5]   Citations are omitted throughout unless otherwise noted.

4879-5483-5247.v1

**B.      Partially Lifting the Discovery Stay Is Necessary to Prevent Undue Prejudice**

"District courts have construed 'undue prejudice,' as used in the PSLRA, to mean "'improper or unfair treatment amounting to something less than irreparable harm.'"" *Gen. Motors*, 2015 WL 1565462, at *3.  Courts have found that securities plaintiffs suffer undue prejudice where, as here, they lack "access to documents produced in . . . other proceedings" and are "less able to make informed decisions about litigation strategy." *Bank of Am.*, 2009 WL 4796169, at *3; *In re Metro. Sec. Litig.*, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005) ("Plaintiffs may well be unfairly disadvantaged if they do not have access to documents the governmental agencies and other civil claimants possess.").  Indeed, as detailed above, the state court defendants are in the process of, or have already collected, reviewed, and produced discovery in the State Court Action with the end of fact discovery early next year.  Shielding discovery in this case will result in Plaintiffs trailing behind the parties in the State Court Action, even as depositions of critical witnesses and Defendants commence.  *Singer v. Nicor, Inc.*, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) (plaintiffs "may well be unfairly disadvantaged if they do not have access to the documents that the governmental and other agencies already have, during the pendency of the motion to dismiss"); *Turocy v. El Pollo Loco*, 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) (granting "discovery of the documents already made available to the derivative plaintiffs" in a related action because otherwise plaintiffs would be "unduly disadvantaged in pursuing litigation and settlement [strategy]").

Further, this case is nearly three years old with discovery stayed since its inception.  If the parties continue to wait to start discovery, there is a "'particularly harmful' 'risk of spoliation of evidence, failed memories, or witness availability.'" *Smith v. FirstEnergy Corp.*, 2021 WL 507881, at *3 (S.D. Ohio Feb. 11, 2021).  Indeed, the policies underlying the PSLRA also do not support

- 8 -

maintaining a stay. "When enacting the PSLRA, Congress seemed motivated by a belief that 'the cost of discovery often forces innocent parties to settle frivolous securities class actions.'" *FirstEnergy*, 229 F.R.D. at 545. Here, the production of discovery from the State Court Action will impose no costs on Defendants. Most importantly, there is no credible argument that this case is frivolous when the Chancery Court denied a motion to dismiss in an action predicated upon the very same allegations as alleged in the Complaint and against the same Defendants. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002) ("[T]he PSLRA's discovery stay 'was designed to prevent fishing expeditions in frivolous securities lawsuits' and 'was not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case.'").

Courts have authorized discovery to avoid such a misapplication of the stay. *See id.* at *2 (lifting stay where "it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse"); *Turocy*, 2017 WL 2495172, at *2 (ordering production of materials because "[m]aintaining the discovery stay as to materials already provided to other entities and plaintiffs does not further the policies behind the PSLRA"). Accordingly, absent access to the documents and information in the State Court Action, Plaintiffs would be unduly prejudiced in this litigation.

## IV.    CONCLUSION

To prevent undue prejudice and in accordance with the PSLRA, Plaintiffs respectfully request that the Court grant a partial lifting of the discovery stay and enter an order requiring: (1) Defendants to produce the discovery that has been produced, and is being produced or generated, in

4879-5483-5247.v1

the related State Court Action, including any third-party productions; and (2) Defendants to allow

Plaintiffs' counsel the ability to attend and potentially participate in State Court Action depositions.

DATED: September 1, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ CHRISTOPHER M. WOOD

CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 1, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franch v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,lkroll@bakerdonelson.com,mbarrass@bakerdonelson.com,khuskey@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgilby@rjfirm.com

Case 3:19-cv-00962   Document 102   Filed 09/01/22   Page 12 of 13 PageID #: 2673

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,mbarrass@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com,AKellyRGRD@ec

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Elizabeth       O. Gonser**
,