# EXHIBIT B

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART IV

IN RE: SMILEDIRECTCLUB, INC.,　　　　)
SECURITIES LITIGATION　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　Lead Case No. 19-1169-IV
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　CLASS ACTION
　　　　　　　　　　　　　　　　　　　　)
This Document Relates to:　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
ALL ACTIONS.　　　　　　　　　　　　　)

## ORDER

This putative class action asserting federal securities claims on behalf of all purchasers of SmileDirectClub, Inc. ("SmileDirect" or "Company") Class A common stock issued pursuant and/or traceable to the Company's Registration Statement and Prospectus ("the Offering Documents") filed with the U.S. Securities and Exchange Commission ("SEC") in connection with the Company's September 2019 initial public stock offering ("IPO"). Plaintiffs allege that the Offering Documents violate Sections 11, 12 and 15 of the Securities Act of 1933 ("the Securities Act"). On February 10, 2020, Defendants moved to stay this action pending resolution of a parallel federal action or, alternatively, to dismiss this action under Tenn. R. Civ. P. 12.02(6) for failure to state a claim. Defendants' motion came before the Court for hearing by telephone conference on Wednesday, June 3, 2020.

This action (filed September 27, 2019) asserts the same claims being litigated in a parallel federal lawsuit (filed in early October 2019), *Franchi v. SmileDirectCub, Inc.*, Case No. 19-cv-962 (M.D. Tenn. 2019), against the same defendants on behalf of the same putative class based on substantially the same allegations ("the federal action"). All of the claims in this action and in the federal action stem from the Company's IPO in

September 2019. Here, Plaintiffs assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act against the Company, certain of its officers and/or directors, and its IPO underwriters on behalf of a putative class of purchasers of Company stock. It is undisputed that the plaintiffs in the federal action assert the same claims.

Two weeks after the IPO, various putative shareholders began filing securities actions in state and federal courts. All federal cases were consolidated into the *Franchi* federal action. Six other actions were filed in state courts in Tennessee, Michigan, and New York. The New York plaintiff agreed to a stay pending resolution of any motions to dismiss in the other actions. In Michigan, certain defendants, including SmileDirectClub, moved to dismiss for lack of personal jurisdiction. The remaining defendants moved to dismiss or stay in favor of the *Franchi* federal action and on the basis of *forum non conveniens*. Those motions have apparently not all been decided. The four actions filed in Tennessee state court were consolidated into this action. This Court and the *Franchi* Court are both located in Nashville, Tennessee.

### Stay

Generally speaking, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "The exercise of this authority requires an exercise of judgment and the careful weighing of the competing interests." *Bell v. Todd*, 206 S.W.3d 86, 93 (Tenn. Ct. App. 2005). "Those concerns include . . . whether a stay would promote judicial economy and the conservation of judicial resources by reducing the duplication of legal issues to be litigated[.]" *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 911 (Tenn. 1998). Also, as a related general proposition, the first court

2

having jurisdiction over a case usually has precedence over courts who later obtain concurrent jurisdiction over the same controversy. *See Chapman v. Davita, Inc.*, 380 S.W.3d 710, 712-13 (Tenn. 2012).

In deciding whether to stay a civil proceeding, Tennessee courts customarily consider the following factors:

> (1) the extent to which the issues in the [cases] overlap, (2) the status of the [other] proceeding, (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay, (4) the hardship on the defendant, including the burden on the defendant if the cases go forward in tandem, (5) the convenience of both . . . courts, and (6) the interests of third parties and the public.

*Bell*, 206 S.W.3d at 94.

First, this action is essentially identical with the federal action. Both this action and the federal action assert the same claims under the Securities Act against the same defendants on behalf of the same putative class based on the same purported misstatements or omissions in the Offering Documents. Thus, adjudicating both actions would require the same parties to litigate the same issues.

Secondly, both this action and the federal action are in early stages of litigation. A class has not been certified in either case. Similarly, the pleadings are not closed. Although Plaintiffs in this action served written discovery requests on Defendants a few months ago, discovery has not yet actually begun here. This early litigation stage status also allows for more efficient coordination of efforts by the parties between the two cases if both cases remain active.

Thirdly, Plaintiffs and the putative class arguably face no substantive prejudice from a stay in this litigation. The same claims seeking the same relief for the same putative class are being pursued in the federal action. Furthermore, the SEIU Health Care

3

Employees Pension Fund ("SEIU") is the court-appointed lead plaintiff in the federal action through what appears to be a well-considered process.

Fourthly, if this action is not stayed, Defendants could face costly duplication of effort to simultaneously defend against the claims in both actions. Proceeding with this action and the *Franchi* federal action could result in costly duplication of effort and some risk of inconsistent rulings. This possibility, however, is contemplated by the federal statutory scheme.

The public interest, however, favors this Court exercising the jurisdiction it has over the first-filed case. It is difficult for this Court to ascertain whether, as Plaintiffs urge, a difference in the state and federal pleading standards operates to prejudice them. Plaintiffs correctly assert that the Securities Act includes an express provision precluding removal of Securities Act claims from state to federal court. *See Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061 (2018). Although Defendants are not seeking to remove this case to federal court, a blanket stay of this first-filed state court proceeding pending the full outcome of a parallel federal action, absent a showing of actual prejudice to Defendants is, in the Court's view, contrary to the spirit of the removal prohibition and the general Tennessee practice of deferring to the first-filed case. In short, absent cognizable concerns about the geographic location of a court, Tennessee trial courts do not usually allow adversary parties to disturb jurisdictionally proper forum choices made by the first-filing party. For the foregoing reasons, the Court determines that Defendants' motion to stay this litigation pending the outcome of the parallel *Franchi* federal action is not well taken and is, accordingly, DENIED.[1]

---

[1] In making this ruling, the Court is not concluding that Defendants are attempting to make an "end run" around this Court's jurisdiction or the statutory removal prohibition. In the Court's view, Defendants, like Plaintiffs, are simply making good faith, reasonable arguments in furtherance of their rights and interests.

4

**Dismissal**

*Motion to Dismiss for Failure to State a Claim*

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, admitting the truth of all relevant and material factual averments contained in the complaint. *See Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997). In deciding a motion to dismiss, courts are required to construe the complaint liberally, treating all factual allegations as true and considering all reasonable inferences in the plaintiff's favor. *See Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 427 (Tenn. 2011); *Tigg v. Perelli Tire Corp.,* 232 S.W.3d 28, 31-32 (Tenn. 2007). Unless it appears from the pleadings and the applicable law that the plaintiff can prove no set of facts that would entitle the plaintiff to relief on his/her claims, a motion to dismiss for failure to state a claim should be denied. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.,* 986 S.W.2d 550, 554 (Tenn. 1999).

*Facts*

On December 20, 2019, Plaintiffs filed a Consolidated Complaint. For motion to dismiss purposes, the operative facts, in broadest terms, are as follows:

1. Plaintiffs purchased shares of SmileDirect's common stock issued under its Registration Statement and Offering.

2. Defendants are the company and several of its directors, officers, managers and/or underwriters.

3. SmileDirect was founded in 2014.

4. On September 13, 2019, certain Defendants filed the final prospectus for the IPO with the SEC.

5

5. Plaintiffs are claiming that the Offering Documents contained material misstatements and omissions.

6. Plaintiffs allege that "these material misstatements and omissions include (1) a false description of the level of professional care rendered to SmileDirectClub customers and critical omissions relating to the actual oversight provided by dental professionals; (2) material misstatements regarding regulatory and legal risks facing SmileDirectClub across the country and specifically omissions regarding known investigations and imminent adverse legislation in the state of California; (3) material misstatements and omissions regarding customer satisfaction with SmileDirectClub's products and services; and (4) material misstatements and omissions regarding the magnitude of the Company's operating losses for the quarter in which it went public." Consolidated Complaint, ¶ 29.

7. Plaintiffs allege that the Offering Documents falsely overstate the caliber and scope of dental services SmileDirectClub customers receive and omit critical material information about the Company's true business model. *See* Consolidated Complaint, Heading A, p. 11.

8. Plaintiffs allege that the Offering Documents understate regulatory and legislative risks in numerous states around the country. *See* Consolidated Complaint, Heading B, p. 19.

9. Plaintiffs allege that SmileDirectClub makes false and misleading statements about customer satisfaction in its Offering Documents. *See* Consolidated Complaint, Heading C, p. 24.

6

10. Plaintiffs allege that SmileDirectClub failed to disclose increasing costs that had occurred at the time of the IPO. *See* Consolidated Complaint, Heading D, p. 27.

11. SmileDirectClub is offering what it views as an innovative, cost-saving tele-dentistry option for consumers.

12. The IPO had unfavorable results and the parties vigorously dispute what caused those results.

### <u>Discussion</u>

"Claims under sections 11 and 12(a)(2) are . . . Securities Act siblings with roughly parallel elements[.]" *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010). To state a claim under Section 11, Plaintiffs must allege facts demonstrating that "part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). Stating a claim under Section 12(a)(2) requires the same showing for a Prospectus. *See* 15 U.S.C. § 77*l*(a)(2). Section 15 provides for liability of persons who "control" any person liable under Section 11 or 12. *See* 15 U.S.C. § 77o(a). In other words, for any of Plaintiffs' claims to survive dismissal, they must allege facts showing a material misstatement or actionable omission in the Offering Documents. Additionally, "[i]f it is apparent on the face of the complaint [that] the decline in share value is not related to any material misstatement and/or omission, dismissal is appropriate." *Azzolini v. Corts Tr. II for Provident Fin. Tr. I*, No. 103CV1003, 2005 WL 3448053, at *5 (E.D. Tenn. Dec. 14, 2005) (dismissing Securities Act claims based on negative causation).

7

Where, as here, entrepreneurs offer what could be an innovative way to facilitate the less-expensive delivery of products or services related to regulated professions such as law, medicine, or dentistry, there will almost invariably be claims (rightly or wrongly) that the entrepreneurs are engaged in unauthorized practice or misleading descriptions of what they are offering. There may be intervening regulatory or legislative measures or uncertain indicia of the potential for such measures. When there is an IPO attended by unfavorable results and claims that the offering documents are in some respect misleading in this context, review of those claims is likely to be inherently complex and fact-intensive. This is roughly the Court's big picture view of this case upon the current state of the technical record.

After reviewing the papers and hearing the parties' arguments on June 3, 2020, the Court is not convinced that Plaintiffs' Consolidated Complaint is legally insufficient. Many of the parties' arguments turned on characterizations along a "how much is enough" continuum of what was disclosed in the Offering Documents and what was not. For example, the parties both make persuasive points about the extent to which the regulatory/legislative risks in California were, or should have been, more fully disclosed. The Court cannot now say that Plaintiffs' contentions in this respect are legally insufficient. The Court, accordingly, in deference to the motion to dismiss standard, respectfully DENIES Defendants' motion to dismiss for failure to state a claim.

### Conclusion

For the foregoing reasons, the Court hereby respectfully DENIES Defendants' motion to stay and the Court hereby respectfully DENIES Defendants' motion to dismiss. Defendants will have sixty days from the date of entry of this Order to respond to

8

Plaintiffs' pending written discovery requests. The Court hereby VACATES the Scheduling Order entered in this case on December 9, 2019.

The Court hereby directs the parties to make an effort to agree upon a proposed Agreed Procedural Order within thirty days of the entry of this Order. This proposed Agreed Procedural Order should include a schedule for the orderly progression of this case (including a schedule for class certification filings and proceedings) and a discovery plan. The discovery plan will be designed to minimize duplication of discovery efforts and expense as between this case and the federal case. In this connection, the Court has no objection to the parties tailoring this proposed Agreed Procedural Order to any Case Management Order entered in the parallel federal court case. If the parties are unable to agree on the foregoing proposed Agreed Procedural Order, then they should contact Deputy Clerk and Master Sharifa Lewis-Allen at (615) 862-5713 to arrange a telephonic status conference to discuss these matters with the Court.

**IT IS SO ORDERED.**

RUSSELL T. PERKINS, CHANCELLOR

cc:  Steven A. Riley, Esq.
Elizabeth O. Gonser, Esq.
Sharon L. Nelles, Esq.
Andrew J. Finn, Esq.
Jay B. Kasner, Esq.
Scott D. Musoff, Esq.
Michael C. Griffin, Esq.
Jerry E. Martin, Esq.
David Garrison, Esq.
Scott P. Tift, Esq.
Thomas L. Laughlin, IV, Esq.
Max R. Schwartz, Esq.
Jeffrey P. Jacobson, Esq.
Jonathan M. Zimmerman, Esq.

9

Gregory Del Gaizo, Esq.
Brian J. Schall, Esq.
James G. Stranch, III, Esq.
Joe P. Leniski, Jr., Esq.
Benjamin A. Gastel, Esq.
Paul K. Bramlett, Esq.
Robert P. Bramlett, Esq.
Jeremy A. Liberman, Esq.
J. Alexander Hood, II, Esq.
Patrick V. Dahlstrom, Esq.
Christopher M. Wood, Esq.
Samuel H. Rudman, Esq.
Mary K. Blasy, Esq.
Darren J. Robbins, Esq.
Briand Cochran, Esq.

10

Emailed 6/4/20