UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADAM FRANCHI, Individually and on
Behalf of All Others Similarly Situated,       :       Consolidated Case No. 3:19-cv-962

               Plaintiff,       :       Judge Eli J. Richardson

       vs.       :       Magistrate Judge Jeffery S. Frensley

SMILEDIRECTCLUB, INC., et al.,       :

              Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY

Defendants respectfully submit this Memorandum in Opposition to Plaintiffs' Motion to Partially Lift the PSLRA Discovery Stay (ECF 102, the "Motion").

## I.    INTRODUCTION

Plaintiffs' Motion should be denied. In passing the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Congress required that "*all* discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). This mandatory stay prevents "the abuse of the discovery process to coerce settlement," *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 531 (3d Cir. 1999), and "protect[s] 'defendants from financially burdensome fishing expeditions until the sufficiency of the primary complaint ha[s] been tested [by a motion to dismiss],'" *Dipple* v. *Odell*, 870 F. Supp. 2d 386, 393 (E.D. Pa. 2012) (second alterations in original). The statute provides only two "very narrow exceptions to the PSLRA's mandatory stay of discovery," *In re Schering-Plough Corp./Enhance Sec. Litig.*, 2009 WL 1470453, at *1 (D.N.J. May 22, 2009)—specifically, where a securities

plaintiff proves that "particularized discovery is *necessary* [1] to preserve evidence or [2] to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

Plaintiffs come nowhere close to demonstrating either of the two narrow and exceptional circumstances warranting relief from the stay.

*First*, Plaintiffs do not even seriously contend that lifting the stay is necessary to preserve evidence. In a single sentence, they assert that "[i]f the parties continue to wait to start discovery, there is a 'particularly harmful' 'risk of spoliation of evidence, failed memories, or witness availability.'" (Mem. of Law in Supp. of Pls.' Mot. to Partially Lift the PSLRA Disc. Stay (ECF 102) ("Mot.") at 8.) But Plaintiffs fail to identify any evidence at risk of spoliation or any witness with a failing memory or at risk of becoming unavailable. Nor could they, since the discovery they seek is already occurring in the parallel State Court Action, which necessarily means such evidence is preserved.

*Second*, there are no exigent circumstances that threaten to unduly prejudice Plaintiffs while they await a decision on the Motion to Dismiss. Plaintiffs claim that they "will suffer undue prejudice if kept in the dark for months while a related case moves forward with discovery and towards trial." (Mot. at 6.) But they do not even attempt to explain *how* they will supposedly be prejudiced by the progress of the State Court Action. Courts have repeatedly held that the mere progress of discovery in a parallel case is insufficient to justify lifting the PSLRA stay. Plaintiffs' argument that they are "less able to make informed decisions about litigation strategy" because of the stay (Mot. at 8) fails for similar reasons. They do not—and cannot— identify any litigation strategy decisions that need to be made while the Motion to Dismiss is pending and the case is otherwise inactive. Plaintiffs' generic suggestion that they are less informed without discovery than with it could be argued in every case, and thus cannot constitute

the exceptional circumstances needed to lift the stay. Any "delay" obtaining discovery during the pendency of a motion to dismiss is a feature, not a bug, of the federal securities laws.

Moreover, the discovery Plaintiffs seek is not particularized, as is required under either exception for lifting the stay. Plaintiffs do not identify a single document that they seek or a single witness that they want to depose. Instead, they demand *all* "discovery that has been produced, and is being produced or generated, in the related State Court Action, including any third-party productions," and "the ability to attend and potentially participate in" *any* depositions there. (Mot. at 9-10.) Plaintiffs do not even attempt to explain how this broadside is narrowly tailored to address any purported prejudice or loss of evidence that would result if the discovery stay remains in effect.

Unable to meet their burden of proving either of the only two statutory exceptions, Plaintiffs instead argue that the discovery they seek would not be burdensome for Defendants and does not contravene the purpose of the PSLRA stay. (Mot. at 7, 9.) These arguments are not only incorrect, but irrelevant. Neither the discovery burden on Defendants nor the merits of Plaintiffs' claims have any bearing on whether particularized discovery is needed to preserve evidence or prevent undue prejudice.

As demonstrated herein, Plaintiffs fail to establish any of the requisite elements for lifting the PSLRA's mandatory stay of discovery during the pendency of any motion to dismiss. Accordingly, their Motion should be denied.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background and procedural history of this case and the State Court Action have been extensively briefed. (*See, e.g.*, Mem. In Supp. of Defs.' Joint Mot. to Dismiss the Am. Consol. Compl., ECF 91 ("Mem. in Supp."), PageID # 1663-1670.) Defendants, consequently,

will summarize only those facts that are necessary to support this Opposition and respectfully refer the Court to the prior briefing for a more fulsome account.

###### A. <u>This Action</u>

This action was commenced on October 29, 2019—after the State Court Action. (ECF 1.) On February 21, 2020, following the PSLRA lead plaintiff appointment process, Lead Plaintiff filed its Consolidated Complaint asserting the same claims as the State Court Action under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act"). (ECF 71.) On March 23, 2020, Defendants moved to dismiss the Consolidated Complaint in its entirety for failure to state a claim. (ECF 72.) Briefing on that motion was completed on May 7, 2020. (ECF 79.)

The motion to dismiss was pending for nearly a year when Plaintiffs reset the clock by amending their allegations again in an Amended Consolidated Complaint filed on March 30, 2021. (ECF 85.) The new complaint did not allege any new misstatements or omissions. Instead, it merely added a new plaintiff (who was not vetted through the PSLRA appointment process) and tacked on securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 based on the same allegations as the 1933 Act claims. Defendants again moved to dismiss the case in its entirety for failure to state a claim. (ECF 90.) This second Motion to Dismiss has been fully briefed and pending since July 19, 2021. (ECF 95.)

On April 11, 2022, Plaintiffs filed a Motion to Ascertain Status of Pending Motion to Dismiss. (ECF 99.) The next day, the Court issued an Order advising Plaintiffs that it is "well aware of the pending dispositive motion in this case, can assure Plaintiffs that the motion is not on the metaphorical back burner, and wishes to resolve it as soon as feasible." (ECF 100, PageID # 2655.) The Court also "assure[d] counsel that it is working diligently to minimize these sorts of delays to the full extent possible under the prevailing circumstances." (*Id.*)

- 4 -

### B. The State Court Action

The State Court Action asserts the same claims as this action under Sections 11, 12(a)(2) and 15 of the 1933 Act. (*See generally* Compl. ¶¶ 118-144, PageID # 2716-2720, attached as Ex. A to the Decl. of Christopher M. Wood in Supp. of Pls.' Mot. to Partially Lift the PSLRA Disco. Stay (ECF 103) ("Wood Decl.").) On June 4, 2020—approximately ten months *before* Plaintiffs filed their Amended Consolidated Complaint here—Davidson County Chancellor Russell T. Perkins denied Defendants' motion to dismiss the State Court Action "in deference to" Tennessee's liberal pleading standard, which precludes dismissal unless there is "*no set of facts* that would entitle the plaintiff to relief." (*See* 6/4/20 Order at 5, 8, Wood Decl. Ex. B, PageID # 2731, 2734 (emphasis added)). The court did not rule that plaintiffs' claims were even *plausibly* alleged, let alone pled with the particularity required by Rule 9(b) and the PSLRA for Plaintiffs to survive dismissal here. *See id.*; *see also Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011) (declining to adopt *Twombly/Iqbal* plausibility pleading standard in Tennessee state courts).

On April 28, 2021, Chancellor Perkins certified the State Court Action as a class action on behalf of "all persons who purchased or acquired common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with SmileDirect's September 12, 2019 initial public offering." (4/28/21 Order on Class Cert. at 1, Wood Decl. Ex. B, PageID # 2739.) Plaintiffs here similarly seek to assert class claims "on behalf of purchasers of SmileDirectClub, Inc. ("SDC"or the "Company") common stock between September 12, 2019 and March 12, 2020." (Compl. (ECF 85) ¶ 2.)

On August 16, 2022, the parties in the State Court Action submitted a proposed Agreed Scheduling Order, which Chancellor Perkins entered two days later. (Wood Decl. Ex. D, PageID # 2757.) Among other things, the Agreed Scheduling Order set a deadline of

October 1, 2022, for Defendants to complete document production.[1]  It further provides that "[t]he parties will endeavor to complete all non-expert depositions and other fact discovery by April 10, 2023."  (*Id.*)

### C.  The Instant Motion

On August 17, 2022—the day after the proposed Agreed Scheduling Order was submitted in the State Court Action—Lead Counsel here informed Defendants' counsel that Plaintiffs intended to file the instant motion.  As they note, "[t]he parties met and conferred telephonically on August 23, 2022, regardless of [sic] the relief sought herein," and Defendants opposed lifting the PSLRA stay.  (Mot. at 4 n.3.)  On September 1, 2022, Plaintiffs filed this Motion.  (ECF 101.)

## III.  LEGAL STANDARD

Contrary to Plaintiffs' suggestion that the PSLRA merely "provides for a stay of discovery," (Mot. at 5), the statute *requires* that "all discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B); 15 U.S.C. § 77z-1(b)(1).  The issue is not, as Plaintiffs imply, whether there has been a "misapplication of the stay."  (Mot. at 9.)  The PSLRA stay was automatic and still is.  The Court has no authority to lift the stay except in two "exceptional circumstances" specified in the PSLRA:  where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party."  *Smith v. Robbins & Myers, Inc.*, No. 3:12-CV-281, 2012 WL 5479061, at *2 (S.D. Ohio Oct. 26, 2012).  These exceptions are "very narrow."  *In re Schering-Plough Corp./Enhance Sec. Litig.*, No. CIV.A.08-397(DMC), 2009 WL 1470453, at *1 (D.N.J. May 22, 2009).  "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy

---

[1]  In the instant motion, Plaintiffs incorrectly state that October 1, 2022, is the deadline for the "Completion of Fact Discovery" in the State Court Action.  (Mot. at 5.)

- 6 -

one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005); *accord Leone v. King Pharms., Inc.*, No. 2:10-CV-230, 2010 WL 4736271, at *3 (E.D. Tenn. Nov. 16, 2010) ("plaintiff[s] bear[] the burden of demonstrating that the mandatory stay should be lifted").

## IV.   ARGUMENT:  THE PSLRA DISCOVERY STAY SHOULD NOT BE LIFTED

Plaintiffs cannot satisfy their heavy burden of establishing any of the requirements to lift the PSLRA discovery stay:  Plaintiffs face no undue prejudice during the pendency of Defendants' Motion to Dismiss as the State Court Action proceeds; no evidence that will be lost if the stay is not lifted here; and the discovery Plaintiffs seek is not particularized or tailored to address any alleged prejudice.  The Motion, therefore, should be denied.

### A.   Plaintiffs Face No Undue Prejudice From The Discovery Stay

The level of undue prejudice that warrants the lifting of a PSLRA discovery stay occurs only in "extraordinary circumstances." *Desmarais v. First Niagara Fin. Grp., Inc.*, 2016 WL 768257, at *1 (D. Del. Feb. 26, 2016) (quoting *Dipple* v. *Odell*, 870 F. Supp. 2d 386, 391 (E.D. Pa. 2012)).  Plaintiffs must show that "leaving the stay in place would preclude [them] from remedies available at law," *Botton v. Ness Techs. Inc.*, No. CIV.A. 11-3950 SRC, 2011 WL 3438705, at *2 (D.N.J. Aug. 4, 2011), would cause them to suffer "improper or unfair treatment," *City of Birmingham Ret. & Relief Sys. v. Armstrong*, No. CV 16-17-RGA, 2016 WL 880503, at *2 (D. Del. Mar. 1, 2016), or would "leave [them] without redress, or . . . unable to litigate effectively," *Desmarais*, 2016 WL 768257, at *2 (quotation omitted). Any "[p]rejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice [that] is neither improper nor unfair," but rather is expressly contemplated by the PSLRA's terms.  *Dipple*, 870 F. Supp. 2d at 392 (quoting *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001)) (alteration in original);

*Dusek v. JP Morgan Chase & Co.*, No. 2:14-CV-184-FTM-29CM, 2015 WL 12826483, at *3 (M.D. Fla. Jan. 21, 2015) (same).

The mere fact that Plaintiffs are unable to obtain documentary evidence that is being produced in the State Court Action or to attend depositions in that action does not cause any undue prejudice, because this is precisely what Congress intended. "The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions." *In re Refco, Inc.*, No. 05 CIV. 8626 (GEL), 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) (denying request to partially lift stay in order to obtain "all documents that defendants have produced, or will be producing, in any other related litigation" (*id.* at *1)); *see also In re Pattern Energy Grp. Inc. Sec. Litig.*, No. CV 20-275-MN-JLH, 2021 WL 312752, at *2 (D. Del. Jan. 28, 2021) (similar, explaining that "[p]laintiffs do not have the information that the Chancery Court plaintiffs have . . . because Plaintiffs chose to file their securities action in federal court . . . [and] [b]y choosing to proceed in that manner . . . subjected themselves to the PSLRA discovery stay"). Plaintiffs offer nothing to suggest that maintaining the discovery stay would preclude them from any remedies, subject them to unfair treatment, or leave them unable to litigate effectively, so their Motion must be denied.

The only argument Plaintiffs offer to show that they will suffer undue prejudice is their assertion that they are "trailing behind the parties in the State Court Action, even as depositions of critical witnesses and Defendants commence." (Mot. at 8.) But this does not come close to meeting the narrow exception for lifting a PSLRA discovery stay. *See Borteanu v. Nikola Corp.*, No. CV-20-01797-PHX-SPL, 2022 WL 1188081, at *5 (D. Ariz. Apr. 21, 2022). Here, like in *Borteanu*:

> Lead Plaintiff fails to meaningfully explain how it will be unduly prejudiced, why it has a particular need for early discovery of this material, or how the specific documents and deposition testimony it seeks will actually prevent undue prejudice. Instead, Lead Plaintiff merely points out that Defendants have already disclosed discovery in the Related Actions, and that Lead Plaintiff's ability to make litigation and settlement decisions is therefore limited because it does not have access to the same discovery. Lead Plaintiff spends too much time quoting from favorable authority—for example, asserting that this case will be "further outpaced" by the Related Actions and that its decision-making abilities will be limited . . . and not enough time actually describing the undue prejudice that Lead Plaintiff faces because of the discovery stay.

*Id.* To the extent Plaintiffs complain that "this case is nearly three years old with discovery stayed since its inception," (Mot. at 8), that is largely due to Plaintiffs' decision to further amend their allegations after Defendants' original motion to dismiss was pending for nearly a year.

The cases on which Plaintiffs rely to support this argument—*In re Delphi Corporation* and *In re Metropolitan* (Mot. at 6, 8)—are inapposite because they involved Plaintiffs that were being forced to participate in settlement discussions without the benefit of information available to other parties, and where the total recovery available to all plaintiffs was limited by insolvency risks. *Compare In re Delphi Corp.*, No. 05-MD-1725, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (finding undue prejudice where plaintiffs "face[d] 'being left with nothing' if this litigation does not keep pace with the bankruptcy and the SEC action" because "several of the Defendants in this case have already consented to substantial money judgments"), *and In re Metro. Sec. Litig.*, No. CV-04-25-FVS, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005) (permitting discovery where "access to the requested documents may assist in evaluating the worth of any potential settlements and in bringing an efficient and economic resolution to all claims" with a bankrupt entity), *with Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2005 WL 850916, at *7 (S.D.N.Y. Apr. 13, 2005) (denying motion to lift stay despite parallel litigation because "counsel for Class Plaintiffs ha[d] not been directed to participate in any settlement discussions in which other parties [would] be better informed of the

- 9 -

facts of the case.").  These facts are absent here, so the mere fact that discovery is proceeding in the State Court Action provides no justification for lifting the PSLRA discovery stay.[2]

Plaintiffs also rely heavily on inapposite cases where the stay was partially lifted for documents produced to governmental agencies.  These cases have at least two differences to the situation here:  *First*, that Plaintiffs here are not seeking materials that the Company provided to any government regulators; and *second*, all of those cases involved government investigations that were directly relevant to the securities fraud claims at issue there, which Plaintiffs do not allege here.  (*See* Mot. at 6 (citing *In re Delphi Corp*., No. 05-MD-1725, 2007 WL 518626, at *8 (E.D. Mich. Feb. 15, 2007) (lifting stay only for "materials already produced to the SEC, DOJ, FBI, and U.S. Postal Inspector" and "in conjunction with [an] internal investigation").

Plaintiffs' other cases are similarly distinguishable.  (*See* Mot.  at 7 (citing *In re FirstEnergy Corp. Sec. Litig*., 229 F.R.D. 541, 545 (N.D. Ohio 2004) ("discovery limited to materials already produced by FirstEnergy to government agencies and the federal grand jury in related investigations" because plaintiffs "would be unfairly disadvantaged in pursuing litigation and settlement strategies"), and *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004) (lifting stay only for materials produced to government agencies by defendants that had "admit[ted] major missteps" and were engaging in "aggressive divestures" of "key subsidiaries . . . that allegedly played central roles in the company's fraud"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, No. 09 MDL 2058(DC), 2009 WL 4796169, at *1, *3 (S.D.N.Y. Nov. 16, 2009) (in a consolidated action involving "ERISA and derivative actions . . . to which the PSLRA stay does not apply," lifting the stay for documents produced to "various

---

[2] Even if the State Court Action settled, Plaintiffs still would not be unduly prejudiced. To the extent they disagreed with the settlement, they would have the opportunity to object or opt-out like all other putative class members.

- 10 -

Case 3:19-cv-00962     Document 104     Filed 09/15/22     Page 10 of 19 PageID #: 2772

government agencies"));[3] *id*. at 8 (citing *Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905, at \*2 (N.D. Ill. Apr. 23, 2003) ("governmental and other agencies").) None of those decisions provide a basis to expand the stay exceptions in this case.[4]

### B.  Plaintiffs Do Not Need Discovery To Preserve Evidence

Plaintiffs' alternative argument—that they must participate in discovery *already occurring* in the State Court Action in order to preserve evidence from Defendants— is nonsensical on its face. "In order to obtain a lifting of the PSLRA's stay provision, plaintiff must show that the loss of evidence is imminent as opposed to merely speculative." *In re Lordstown Motor Corp. Sec. Litig.*, No. 4:21 CV 616, 2021 WL 5604446, at \*2 (N.D. Ohio Nov. 30, 2021) (quotation omitted) (denying motion to lift the stay where defendant spoliated evidence in another case). In particular, "[v]ague assertions about fading memories are insufficient to justify lifting the stay to preserve evidence." *Dusek v. JP Morgan Chase & Co.*, No. 2:14-CV-184-FTM-29CM, 2015 WL 12826483, at \*3 (M.D. Fla. Jan. 21, 2015) (denying motion and collecting cases).

---

[3]  The *Bank of America* decision was quickly criticized. In *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, No. 10 CIV. 440 LAK HBP, 2011 WL 6844456, at \*3 (S.D.N.Y. Dec. 29, 2011), a different Judge in the same court found that even "limited" relief for documents "produced in another action," with "no substantial burden" on defendant, were "not sufficient to overcome the command of the PSLRA."

[4]  The remainder of the decisions cited by Plaintiffs are equally unhelpful to their argument, including their citations to cases that did not involve securities claims. *See Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 507881 (S.D. Ohio Feb. 11, 2021) (Mot. at 8) (resolving a motion for a discretionary stay in a civil conspiracy and corruption case); *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 CIV.6942(SAS), 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) (Mot. at 7) (lifting stay only for state law claims), *New York State Teachers' Ret. Sys. v. Gen. Motors Co.*, No. CIV. 14-11191, 2015 WL 1565462, at \*2 (E.D. Mich. Apr. 8, 2015) (Mot. at 7) (permitting only document "preservation subpoenas" that did "not ask any third party to produce any documents"); *Turocy v. El Pollo Loco*, No. SACV151343DOCKESX, 2017 WL 2495172 (C.D. Cal. May 10, 2017) (Mot. at 8) (lifting stay for material produced pursuant to a shareholder's statutory right to examine the company's books and records).

But "vague assertions" about the supposed loss of evidence are all Plaintiffs provide here. (Mot. at 8 ("If the parties continue to wait to start discovery, there is a particularly harmful risk of spoliation of evidence, failed memories, or witness availability." (quotation omitted).) Plaintiffs cannot explain why they need immediate access to documents or witnesses produced in the State Court Action, nor can they articulate why that evidence would be otherwise unavailable to them after the motion to dismiss is decided. *See Sarantakis v. Gruttaduaria*, No. 02 C 1609, 2002 WL 1803750, at *3, *4 (N.D. Ill. Aug. 5, 2002) (refusing to lift PSLRA stay where "plaintiffs do not claim that any evidence is in immediate and/or probable peril"). Indeed, the very fact that the documents have already been produced, and that witnesses' depositions will be taken and transcribed in the State Court Action, undercuts any argument that lifting the discovery stay is necessary to save such evidence from a hypothetical loss. *See Leone*, 2010 WL 4736271, at *4 (refusing to lift PSLRA stay where "plaintiff has made no effort to show that the state court proceedings, already well advanced beyond the status of this litigation, and the discovery to be produced in the state court action . . . do not sufficiently protect the interests of shareholders). Plaintiffs' speculative concerns about evidence are not among the type of extraordinary circumstance, such as the terminal illness of a witness, that Congress envisioned in creating the narrow exceptions to the mandatory PSLRA stay. *See* S. REP. No. 104-98, at 14 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 693.

Once again, Plaintiffs have failed to point to any unique circumstances suggesting an imminent loss of evidence that might justify the extraordinary relief they seek.

### C. <u>Plaintiffs' Discovery Demands Are Not Particularized</u>

Even if Plaintiffs could establish some undue prejudice or need to preserve evidence— which they cannot—the Court should also deny the Motion for the independent reason that Plaintiffs' discovery requests are not "particularized," as required by the PSLRA. 15 U.S.C.

- 12 -

§ 78u-4(b)(3)(B).  This is a separate and independent requirement that Plaintiffs fail to meet. Instead of requests tailored to preserve evidence or relieve some specific undue prejudice, Plaintiffs indiscriminately seek "[a]ll documents produced by defendants and any third parties in the State Court Action" and request permission to "attend and possibly participate" in any depositions.  (Mot. at 6.)  Courts have consistently denied such broad requests for "all documents," like Plaintiffs' requests here, as not sufficiently particularized. *See, e.g.*, *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) (holding that a demand for "all documents, testimony and transcripts that have been previously produced or will be produced" in a related action failed to meet "the threshold burden of seeking 'particularized discovery'"); *In re Fannie Mae*, 362 F. Supp. 2d at 39 (denying relief where "documents produced . . . are voluminous"); *see also In re L.G.Philips LCD Co., Ltd. Sec. Litig.*, No. 07 CIV. 909 (RJS), 2009 WL 10695549, at *5 (S.D.N.Y. Feb. 19, 2009) ("The burdensomeness and specificity of the proposed discovery requests are irrelevant unless Plaintiffs establish that the relief sought is necessary to prevent either spoliation of evidence or 'undue prejudice.'").

### D.      Plaintiffs' Burden Arguments Are Irrelevant And Improper

Plaintiffs' argument that producing the State Court Action discovery to them would "impose[] virtually no burden on Defendants and is not prejudicial in any way" (Mot. at 7) is beside the point, and should be disregarded.  "[T]here is no exception to the discovery stay for cases in which discovery would not burden" Defendants because "[t]he proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." *In re Smith Barney Transfer Agent Litig.*, No. 05 CIV. 7583 (WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); *In re Under Armour Sec. Litig.*, No. CV RDB-17-388, 2021 WL 633373, at *4 (D. Md. Feb. 18, 2021)

(denying a lift-stay motion even where "the burden on the Defendants in this case to produce the requested discovery is low").  Congress mandated that the burden of demonstrating prejudice from a discovery stay should be on the Plaintiffs, and the Court should reject Plaintiffs' attempt to flip that standard on its head.  *Sarantakis*, 2002 WL 1803750, at \*4 ("Plaintiffs' argument that lifting the stay will not prejudice the defendants is irrelevant and does not relieve the plaintiffs of their burden to establish that they will suffer undue prejudice if the stay is not lifted.").

To the extent Plaintiffs are permitted to participate in any state-court discovery now (and they should not be), Plaintiffs should be barred from using any information learned in discovery to try again to amend their claims here to survive the Motion to Dismiss—the exact risk that Congress cited in imposing the automatic stay.  *See Pattern Energy Grp.*, 2021 WL 312752, at \*3 ("The idea that Plaintiffs might use discovery to bolster the allegations in their complaint . . . plainly conflicts with the directive set forth in the PSLRA.").  Similarly, any participation in the state-court action should be conditioned on Plaintiffs not getting to redo that discovery if this case survives the pleading stage.  In no event should Plaintiffs get two bites at the apple.[5]

### E.    Plaintiffs' Merits Arguments Are Irrelevant And Incorrect

Finally, Plaintiffs claim that "there is no credible argument that this case is frivolous when the Chancery Court denied a motion to dismiss in an action predicated upon the very same allegations as alleged in the Complaint and against the same Defendants."  (Mot. at 9.)  "Even if Plaintiffs were right about their action not being frivolous, it is beside the point."  *Pattern Energy*

---

[5]    Although irrelevant, Plaintiffs are wrong in claiming that there is no burden on Defendants to allow them to participate in the state-court discovery.  In the very least, the witnesses and their counsel would be burdened by having to prepare for questioning about issues unique to this case, such as scienter, which Plaintiffs here must prove for their Section 10(b) claims

*Grp.*, 2021 WL 312752, at \*3.  The PSLRA "does not provide that the strength of plaintiffs' case has any bearing on the question of lifting the automatic stay."  *Mori v. Saito*, 802 F. Supp. 2d 520, 526 (S.D.N.Y. 2011).

Regardless, the Chancery Court's denial of the defendants' motion to dismiss there says nothing about the viability of Plaintiffs' claims here.  The state-court complaint disclaimed the type of securities fraud claims Plaintiffs here seek to pursue, and Plaintiffs' claims here are subject to the heightened and exacting pleading standard required by the PSLRA and Rule 9(b). (*Compare* 6/4/20 Order at 5, Wood Decl. Ex. B, PageID # 2731 (applying Tennessee's pleading standard:  "[u]nless it appears from the pleadings and the applicable law that the plaintiff can prove no set of facts that would entitle the plaintiff to relief on his/her claims, a motion to dismiss for failure to state a claim should be denied"), *with* Mem. in Supp. at 12, PageID # 1671 (describing the heightened pleading standards).)  Thus, the Court need not consider the Chancery Court's decision in any way in this case.

## V.  **CONCLUSION**

For at least these independent reasons, the Motion should be denied in its entirety.

Respectfully submitted,

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Elizabeth O. Gonser (TN #26329)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rwjplc.com
egonser@rwjplc.com


/s/ Scott D. Musoff *w/permission*
Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
Michael C. Griffin (*pro hac vice*)
SKADDEN, ARPS, SLATE,
         MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (917) 735-2000

*Counsel for Defendants SmileDirectClub, Inc., David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Susan Greenspon Rammelt, Richard Schnall, and Camelot Venture Group*

/s/ Christopher E. Thorsen *w/permission*
John S. Hicks (TN# 10478)
Christopher E. Thorsen (TN# 21049)
BAKER, DONELSON, BEARMAN,
         CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone:  (615) 726-5600
Facsimile:  (615) 726-0464
jhicks@bakerdonelson.com
cthorsen@bakerdonelson.com


/s/ Andrew J. Finn *w/permission*
Sharon L. Nelles (*pro hac vice*)
Andrew J. Finn (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (917) 558-3588


*Counsel for Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., Jefferies LLC, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C., and Loop Capital Markets LLC*

- 16 -

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Steven A. Riley

# Mailing Information for a Case 3:19-cv-00962 Franch v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,lkroll@bakerdonelson.com,mbarrass@bakerdonelson.com,khuskey@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,mbarrass@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com,AKellyRGRI

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Elizabeth        O. Gonser
,