| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SMILEDIRECTCLUB, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 3:19-cv-00962
**(Consolidated)**

CLASS ACTION

Judge Eli J. Richardson
Magistrate Judge Jeffery S. Frensley

PLAINTIFFS' REPLY IN FURTHER
SUPPORT OF THEIR MOTION FOR
PARTIAL LIFTING OF THE PSLRA
DISCOVERY STAY

Defendants do not dispute that the PSLRA stay may be lifted to: (1) "preserve evidence"; or (2) "prevent undue prejudice to [a] party." 15 U.S.C. §§78u-4(b)(3)(B), 77z-1(b)(1).[1] The only disagreement is whether the circumstances here satisfy one or both of these provisions. Plaintiffs respectfully submit they do. To be sure, the materials and testimony sought are focused and anything but a fishing expedition. Defendants' suggestion that Plaintiffs will not be prejudiced ignores the reality that, without discovery, any resolution of the claims at issue could not be fairly evaluated. The relief requested is also consistent with the Chancery Court's own orders encouraging the coordination of discovery. And although Defendants and their counsel downplay spoliation, they cannot deny that delayed production routinely results in lost or destroyed documents. The totality of the circumstances here warrant the modest relief requested.

---

[1] Capitalized terms not defined herein have the same meaning as set forth in Plaintiffs' Motion (ECF 101) ("Motion" or "Mot."). Additionally, "Opp." or "Opposition" refers to Defendants' Opposition (ECF 104). Citations are omitted and emphasis is added unless otherwise indicated.

- 1 -

## I.     ARGUMENT

The PSLRA expressly provides for limited discovery during the stay "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  *Id.*  In this Circuit, "'District courts have construed undue prejudice to mean improper or unfair treatment amounting to something less than irreparable harm.'"  *Nichting v. DPL Inc.*, 2011 WL 2892945, at *3 (S.D. Ohio July 15, 2011).  While Defendants cite out-of-circuit case law in asserting the exceptions to the PSLRA stay are "very narrow," they fail to cite a single case from within the Sixth Circuit that supports their contentions.

### A.     Plaintiffs Seek Particularized Discovery, All of Which Is Indisputably Relevant to Their Claims

A discovery request pursuant to 15 U.S.C. §78u-4(b)(3)(B) is "particularized" if "the 'party seeking discovery. . . adequately specif[ies] the target of the requested discovery.'"  *Id.* at *2 (ellipsis and alteration in original).  Whether a discovery request is particularized "depends on the 'nature of the underlying litigation.'"  *Id.*  While both this action and the State Action are premised on substantially the same facts and brought against the same Defendants, Defendants have not disputed (nor could they) that the State Action is *narrower* than this action as the State Action alleges fewer claims and seeks relief for a narrower scope of damages.[2]  Therefore, there can be no dispute the discovery sought is *all* relevant to the claims and defenses at issue in this case.  The relief requested here satisfies the particularity requirement of 15 U.S.C. §§78u-4(b)(3)(B).  *E.g.*,

---

[2]     Not only is the State Action narrower, but the Chancery Court intended that discovery between the state and this action be coordinated to avoid duplicative litigation.  In denying Defendants' motion to stay, Chancellor Perkins required a discovery plan "designed to minimize duplication of discovery efforts and expense as between this case and the federal case."  ECF 103-2 at 3, 9. Nevertheless, after failing in their efforts to stay the State Action in favor of this case, Defendants ignored Chancellor Perkins' June 3, 2020 Order, failed to propose a discovery plan that minimized duplication, and are now seeking to undermine the efficiencies they themselves once advocated in an ill-advised attempt to delay this action in violation of the spirit, if not the letter, of both Chancellor Perkins' June 4, 2020 Order and Rule 1 of the Federal Rules of Civil Procedure.

4881-2965-1764.v1

*In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *4 (S.D. Ohio June 14, 2021) (Chief Judge Marbley finding the request for "'all documents produced, provided or received [by Defendants] in the course of litigation against FirstEnergy arising out of the HB6 bribery scheme, including any deposition testimony'" to be particularized (alteration in original)).

Defendants' out-of-circuit authority is inapposite. In *Faulkner v. Verizon Commc'ns, Inc.*, the court held plaintiffs failed to seek "particularized discovery" as "many of the[] documents" they requested were "***not relevant*** to the[ir] securities fraud claim." 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001). The same assertion cannot be made here. Similarly, in *In re Fannie Mae Sec. Litig.*, plaintiffs' request was found to lack particularity as plaintiffs' counsel "conceded that not all of the documents produced to the various agencies would be relevant to th[eir] litigation." 362 F. Supp. 2d 37, 39 (D.D.C. 2005). Defendants here implicitly concede the opposite: all the documents in the State Action are unquestionably relevant to the broader claims at issue here. Finally, in *In re L.G. Phillips LCD Co., Ltd. Sec. Litig.*, the court found the specificity of the proposed discovery requests irrelevant as there was no prejudice to plaintiffs as their securities fraud claims were not "based on 'the precise scheme' alleged in the related matters." 2009 WL 10695549, at *4-*5 (S.D.N.Y. Feb. 19, 2009). Again, no such circumstances exist here.

**B.      Absent a Partial Lifting of the Stay, Plaintiffs Will Be Unfairly Disadvantaged in Pursuing Litigation and Settlement Strategies**

Defendants dispute Plaintiffs will suffer undue prejudice absent a partial lifting of the PSLRA stay. They argue this case is like every other securities class action and a discovery stay, even under the facts and circumstances present here, is what Congress intended. Opp. at 7-9. Defendants go on to argue that Plaintiffs are not disadvantaged in pursuing litigation and settlement strategy because Plaintiffs are not "being forced to participate in settlement discussions without the benefit of information available to other parties." Opp. at 9-10. Defendants'

4881-2965-1764.v1

contentions are misguided.  The courts' decisions in *FirstEnergy* and *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), did not turn on a plaintiff being "forced to participate in settlement discussions" or suggest that objecting to a settlement could cure prejudice.  Rather, *FirstEnergy* and *WorldCom* recognized that where, like here, there is parallel litigation proceeding, and relevant documents have already been produced to other parties, the "inability to make informed decisions about its litigation strategy in a rapidly shifting landscape" warrants lifting the PSLRA stay, particularly where there is no cost associated with such a production.  *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *WorldCom*, 234 F. Supp. at 305-06.

Defendants' perplexing suggestion that "[e]ven if the State Court Action settled . . . [Plaintiffs] would have the opportunity to object or opt-out like all other putative class members" misses the point.  Opp. at 10 n.2.  The Exchange Act claims being prosecuted here are not pending in, and could not be brought in, the State Action.  *See* Mot. at 1.  Moreover, the damages sought here far exceed the damages available in the State Action as Plaintiffs allege corrective disclosures extending over four months *after* the last disclosure at issue in the State Action, by which time SDC's stock price had declined by an additional *50%*.  *See* Mot. at 4-5.  Without meaningful access to discovery, Plaintiffs and this Court are disadvantaged in evaluating how a potential settlement of the subset of claims pending in the State Action might impact the claims pending in this case – the exact prejudice the courts in *FirstEnergy* and *WorldCom* sought to prevent.[3]  Nor is this merely

---

[3]  Defendants' authority is not persuasive.  *See In re Refco, Inc.*, 2006 WL 2337212, at *2-*3 (S.D.N.Y. Aug. 8, 2006) (declining to lift stay as the prejudice plaintiffs had asserted – a defendant's separate settlement that "'will reportedly exhaust [its] ability to pay to resolve the Class'[s] claim in [the] Action'" – no longer existed as the plaintiffs settled with the same defendant); *In re Pattern Energy Grp. Inc. Sec. Litig.*, 2021 WL 312752, at *2 (D. Del. Jan. 28, 2021) ("[b]y choosing to proceed in that manner, [the plaintiffs] subjected themselves to the PSLRA discovery stay, *as well as the Delaware Chancery Court's rule* that plaintiffs in federal

a hypothetical concern.  As of the time of this filing, ***Defendants declined to deny that they are not in fact engaged in settlement discussions*** potentially impacting the claims and putative class in this action, suggesting such efforts are in fact underway despite Defendants' insinuations to the contrary in their Opposition.  Under these circumstances, lifting the PSLRA stay is warranted.

## C.    A Partial Lifting of the Stay Is Warranted to Preserve Evidence

Defendants wrongly contend that because documents are being produced and provided in the State Action, lifting the stay cannot be necessary to preserve evidence.  *See* Opp. at 11-12. Similar assurances were made in *Bettis v. Envision Healthcare Corp., et al.*, No. 3:17-CV-01112 (ECF 148) (M.D. Tenn. 2017), where defendants, like here, resisted a limited lifting of the PSLRA stay by asserting that "[t]he custodians, systems and documents that may be relevant to this case were and are largely at issue in other matters and/or are being retained for other reasons, and thus there are overlapping ongoing preservation efforts that should further allay any concerns."  *Id.* at 4 n.1.  Despite assuring Magistrate Judge Frensley that "we don't think there's any legitimate preservation concern," it was later revealed that the email inbox of one of the named defendants had been deleted ***in its entirety*** after the PSLRA discovery stay was implemented.  *See id.*, ECF 149 at 9.  Likewise, in *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc., et al.*, No. 3:18-CV-00988  (M.D.  Tenn. 2018),  despite  the  PSLRA  stay  and  the  purported implementation of litigation holds, the email inboxes of multiple critical senior executives were completely deleted – facts that Defendants had known for months but failed to disclose to plaintiffs until ***after*** the PSLRA stay was lifted.  *Id.*, ECF 168.  And in *Strougo v. Tivity Health, Inc.*, No. 3:20-CV-00165 (M.D. Tenn. 2020), defendants failed to preserve the custodial email files of

---

securities actions are generally barred from making books and records requests under 8 Del. C. §220"); *Borteanu v. Nikola Corp.*, 2022 WL 1188081, at *3 n.5, *5 (D. Ariz. Apr. 21, 2022) (discussing an inapplicable two-part test, including "'a reasonable probability that such defendant is likely to avoid liability absent discovery'").

- 5 -

a highly relevant senior executive.  *Id.*, ECF 167, 180, 183.  The undue prejudice that results from the failure to preserve evidence is profound.  In fact, counsel's assurances here that documents will not be destroyed provide little comfort considering at least one of its former clients has been sanctioned for failing to produce relevant documents and electronically stored information in *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 197 (S.D.N.Y. 2007), and other of their clients destroyed relevant documents in spite of the PSLRA stay.  *See Luna v. Carbonite, Inc. et al.*, No. 1:19-CV-11662-LTS (ECF 93) (D. Mass. 2019) (noting "document preservation issues" related to defendants' failure to preserve an email mailbox for a relevant custodian).  Accordingly, the risk of spoliation in this case is a very legitimate concern.[4]

## II.     CONCLUSION

The Motion should be granted.

DATED:  September 22, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

---

[4]     While Defendants assert the State Action witnesses and defendants will be burdened by having to prepare for questioning about issues unique to this case, Opp. at 14, the Motion is explicit in that Plaintiffs seek discovery on Plaintiffs' Securities Act claim only.  Mot. at 7.

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
ASHLEY M. KELLY
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4881-2965-1764.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 22, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)

Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franch v. SmileDirectClub, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,lkroll@bakerdonelson.com,mbarrass@bakerdonelson.com,khuskey@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

Case 3:19-cv-00962   Document 105   Filed 09/22/22   Page 9 of 10 PageID #: 2790

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,mbarrass@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com,AKellyRGRI

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:19-cv-00962    Document 105    Filed 09/22/22    Page 10 of 10 PageID #: 2791