UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ADAM FRANCHI, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

      vs.

SMILEDIRECTCLUB, INC., et al.,

              Defendants.

: Consolidated Case No. 3:19-cv-962

: Judge Eli J. Richardson

: Magistrate Judge Jeffery S. Frensley

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### THE SMILEDIRECTCLUB DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants SmileDirectClub, Inc. ("SmileDirectClub"), David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, Susan Greenspon Rammelt, and Camelot Venture Group (collectively, the "SmileDirectClub Defendants") through their undersigned counsel, respectfully submit this Answer and Affirmative Defenses to the Amended Consolidated Complaint for the Violations of the Federal Securities Laws (ECF 85) ("Consolidated Complaint"). The SmileDirectClub Defendants deny all of the Consolidated Complaint's allegations unless expressly admitted herein. To the extent any headings in the Consolidated Complaint contain factual allegations or legal conclusions, the SmileDirectClub Defendants deny them. The SmileDirectClub Defendants answer the allegations in the like-numbered paragraphs of the Consolidated Complaint as follows:

## INTRODUCTION

1.      The SmileDirectClub Defendants state that no response is required to the allegations in Paragraph 1.  To the extent any response is required, the SmileDirectClub Defendants deny the allegation in Paragraph 1.

## SUMMARY OF THE ACTION

2.      The SmileDirectClub Defendants state that no response is required to the allegations in Paragraph 2.  To the extent any response is required, the SmileDirectClub Defendants admit that Plaintiffs purport to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, and otherwise deny the remaining allegations in Paragraph 2.

## BACKGROUND

3.      The SmileDirectClub Defendants deny the allegations in Paragraph 3, except admit that SmileDirectClub was founded in 2014, and refer to the Offering Documents for complete and accurate description of SmileDirectClub's business.

4.      The SmileDirectClub Defendants deny the allegations in Paragraph 4, except admit that SmileDirectClub sold 58,537,000 shares of its Class A common stock priced at $23.00 per share at the initial public offering ("IPO"), and refer to the Registration Statement and Prospectus (together, the "Offering Documents") for their complete and accurate contents.

5.      The SmileDirectClub Defendants state that Paragraph 5 contains legal conclusions to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 5, and refer to the Offering Documents for their complete and accurate contents.

6.      The SmileDirectClub Defendants deny the allegations in Paragraph 6.

7.     The SmileDirectClub Defendants deny the allegations in Paragraph 7, and refer to the Offering Documents for their complete and accurate contents.

8.     The SmileDirectClub Defendants state that Paragraph 8 contains legal conclusions to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 8, and refer to the Offering Documents for their complete and accurate contents.

9.     The SmileDirectClub Defendants state that Paragraph 9 contains legal conclusions to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 9, and refer to the Offering Documents for their complete and accurate contents.

10.     The SmileDirectClub Defendants state that Paragraph 10 contains argument to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 10, and refer to the Offering Documents for their complete and accurate contents.

11.     The SmileDirectClub Defendants deny the allegations in Paragraph 11.

12.     The SmileDirectClub Defendants deny the allegations in Paragraph 12, and refer to the Offering Documents and California Assembly Bill No. 1519 for a true, correct, and complete statement of their contents.

13.     The SmileDirectClub Defendants deny the allegations in Paragraph 13, and refer to SmileDirectClub's closing stock price on the days in question.

**JURISDICTION AND VENUE**

14.     The SmileDirectClub Defendants admit that Plaintiffs purport to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act, and under Sections 10(b) and 20(a) of

the Exchange Act and Rule 10b-5 promulgated thereunder, and otherwise deny the remaining allegations in Paragraph 14.

15. The SmileDirectClub Defendants state that Paragraph 15 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants admit that Paragraph 15 purports to describe the basis for the Court's subject matter jurisdiction.

16. The SmileDirectClub Defendants state that Paragraph 16 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in this paragraph except they admit that Paragraph 16 purports to describe the basis for venue in the Middle District of Tennessee.

17. The SmileDirectClub Defendants state that Paragraph 17 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 17.

## CLASS ACTION ALLEGATIONS

18. The SmileDirectClub Defendants deny the allegations in Paragraph 18, except they admit that Plaintiffs purport to bring this action as a putative class action as alleged in the Consolidated Complaint.

19. The SmileDirectClub Defendants state that Paragraph 19 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 19.

20. The SmileDirectClub Defendants state that Paragraph 20 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 20.

- 4 -

21. The SmileDirectClub Defendants state that Paragraph 21 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 21.

22. The SmileDirectClub Defendants state that Paragraph 22 and its subparts contain legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 22 and its subparts.

23. The SmileDirectClub Defendants state that Paragraph 23 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 23 and its subparts.

<u>**SECURITIES ACT CLAIMS**</u>

**A.     The Securities Act Parties**

**1.     Securities Act Plaintiff**

24. The SmileDirectClub Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 24, except they refer to Plaintiff 1199 SEIU Health Care Employees Pension Fund's filing (ECF 33-3) for a its contents regarding alleged stock purchases.

**2.     Securities Act Defendants**

**a.     SDC Defendants**

25. The SmileDirectClub Defendants deny the allegations in Paragraph 25, except admit that SmileDirectClub is headquartered in Nashville, Tennessee and trades on NASDAQ under the ticker "SDC," and refers to the Offering Documents for the details of the IPO and a description of SmileDirectClub's business.

26. The SmileDirectClub Defendants deny the allegations in Paragraph 26, except admit that David Katzman is, and was at the time of the IPO, the Chief Executive Officer and

Chairman of the Board of SmileDirectClub and managing partner of Camelot Venture Group, and is Jordan Katzman's father, Heather Katzman's husband, and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

27. The SmileDirectClub Defendants deny the allegations in Paragraph 27, except admit that Kyle Wailes, was at the time of the IPO, the Chief Financial Officer of SmileDirectClub, and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

28. The SmileDirectClub Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that Steven Katzman is, and was at the time of the IPO, Chief Operating Officer and a director of SmileDirectClub and is Jordan Katzman's uncle, and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

29. The SmileDirectClub Defendants deny the allegations in Paragraph 29, except admit that Jordan Katzman is, and was at the time of the IPO, a co-founder of SmileDirectClub and a member of its Board of Directors, and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

30. The SmileDirectClub Defendants deny the allegations in Paragraph 30, except admit Alexander Fenkell is, and was at the time of the IPO, a co-founder of SmileDirectClub and a member of its Board of Directors, and that the Offering Documents contain electronic signatures that bear certain Defendant's names

31. The SmileDirectClub Defendants deny the allegations in Paragraph 31, except admit that Richard Schnall was, at the time of the IPO, a director of SmileDirectClub, and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

32. The SmileDirectClub Defendants deny the allegations in Paragraph 32, except admit that Susan Greenspon Rammelt is, and was at the time of the IPO, a director of SmileDirectClub and that the Offering Documents contain electronic signatures that bear certain Defendant's names.

33. The SmileDirectClub Defendants deny the allegations in Paragraph 33, and refer to the Offering Documents and SEC filings for the holdings and sales of the Defendants.

### b. Underwriter Defendants

34. The SmileDirectClub Defendants admit that J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C. and Loop Capital Markets LLC acted as underwriters for SmileDirectClub's IPO, and deny the remaining allegations in Paragraph 34.

35. The allegations in Paragraph 35 are not directed at the SmileDirectClub Defendants and state legal conclusions. Accordingly, no responsive is required. To the extent a response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 23, except admit that J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C. and Loop Capital Markets LLC acted as underwriters of SmileDirectClub's IPO.

### c. Camelot

36. The SmileDirectClub Defendants deny the allegations in Paragraph 36, except admit that David Katzman is its managing partner.

37.     The SmileDirectClub Defendants admit that the Complaint refers to "Securities Act Defendants" but deny that group pleading of allegations against Defendants is sufficient to state a claim against any Defendant.

**B.      Detailed Allegations**

38.     The SmileDirectClub Defendants state that Paragraph 38 contains argument regarding SmileDirectClub's business and operation to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 38, and refer to the Offering Documents for a complete and accurate description of SmileDirectClub.

39.     The SmileDirectClub Defendants state that Paragraph 39 contains argument regarding SmileDirectClub's business and operation to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 39, and refer to the Offering Documents and SmileDirectClub's subsequent SEC filings for a complete and accurate description of SmileDirectClub and its business operations.

40.     The SmileDirectClub Defendants state that Paragraph 40 contains argument regarding SmileDirectClub's business and operation to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 40, and refer to the Offering Documents for a complete and accurate description of SmileDirectClub and for the quoted language.

41.     The SmileDirectClub Defendants state that Paragraph 41 contains argument regarding SmileDirectClub's business and operation to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 41, and refer to the Offering Documents for a complete and accurate description of SmileDirectClub and for the quoted language.

42. The SmileDirectClub Defendants deny the allegations in Paragraph 42 and its subparts and footnote, except they admit that SmileDirectClub: (i) offered 58,537,000 shares of its Class A common stock in the September 12, 2019 IPO priced at $23.00 per share; and (ii) filed a Registration Statement with the SEC, and refer to the Offering Documents for a complete and accurate statement of its contents.

43. The SmileDirectClub Defendants deny the allegations in Paragraph 43, and refer to SmileDirectClub's closing stock price on the days in question.

**C. False and Misleading Statements and Omission made in Connection with the IPO**

**1. The Revenue, Gross Profit and Adjusted EBITDA Growth Trends in the Registration Statement Had Turned Decidedly Negative by the Time of the IPO**

44. The SmileDirectClub Defendants state that Paragraph 44 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 44, and refer to the Offering Documents for a complete and accurate description of SmileDirectClub and for the quoted language.

45. The SmileDirectClub Defendants deny the allegations in Paragraph 45.

46. The SmileDirectClub Defendants deny the allegations in Paragraph 46.

47. The SmileDirectClub Defendants state that Paragraph 47 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 47, and refer to the texts of the rules.

48. The SmileDirectClub Defendants state that Paragraph 48 contains legal argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 48.

49. The SmileDirectClub Defendants deny the allegations in Paragraph 49, and refer to the Offering Documents for a complete and accurate description their content.

50. The SmileDirectClub Defendants state that Paragraph 50 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 50, and refer to the Offering Documents for a complete and accurate description of their content.

51. The SmileDirectClub Defendants state that Paragraph 51 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 51, and refer to the Offering Documents for a complete and accurate description of their content.

52. The SmileDirectClub Defendants state that Paragraph 52 and its footnote contain argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 52 and its footnote, and refer to the Offering Documents for a complete and accurate description of their content.

53. The SmileDirectClub Defendants deny the allegations in Paragraph 53.

54. The SmileDirectClub Defendants deny the allegations in Paragraph 54.

### 2. False and Misleading Statements and Omissions Regarding Customer Satisfaction

55. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 55, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 55.

56. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 56, and therefore no response is required. (ECF 106, 107.) To the

- 10 -

extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 56, and refer to the Registration Statement for a complete and accurate description of their content.

57. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 57 and its subparts, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 57 and its subparts, and refer to the documents alleged for a complete and accurate description of their content.

### 3. False and Misleading Statements and Omissions Regarding SDC's Standard of Care

58. The SmileDirectClub Defendants state that Paragraph 58 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 58, and refer to the Offering Documents for a complete and accurate description of their content.

59. The SmileDirectClub Defendants deny the allegations in Paragraph 59 and its subparts.

### 4. False and Misleading Statements and Omissions Regarding Regulatory and Legislative Risk

60. The SmileDirectClub Defendants state that Paragraph 60 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 60, and refer to the Offering Documents for a complete and accurate description of their content.

61. The SmileDirectClub Defendants state that Paragraph 61 contains argument to which no response is required. To the extent that any response is required, the SmileDirectClub

Defendants deny the allegations in Paragraph 61, and refer to the Offering Documents for a complete and accurate description of their content.

62.     The SmileDirectClub Defendants deny the allegations in Paragraph 62 and its subparts.

63.     The SmileDirectClub Defendants deny the allegations in Paragraph 63, and refer to SmileDirectClub's closing stock price on the days in question.

**D.      Causes of Action**

<u>**COUNT I**</u>

<u>**Violations of Section 11 of the Securities Act**</u>
<u>**(Against Securities Act Defendants Except Camelot)**</u>

64.     The SmileDirectClub Defendants incorporate their responses to Paragraphs 18-63, including their respective subparts, as if fully rewritten here, and deny the remaining allegation in Paragraph 64.

65.     The SmileDirectClub Defendants deny the allegations in Paragraph 65.

66.     The SmileDirectClub Defendants deny the allegations in Paragraph 66.

67.     The SmileDirectClub Defendants admit the allegations in Paragraph 67.

68.     The SmileDirectClub Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 68, except they admit that Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) regarding its alleged purchases.

69.     The SmileDirectClub Defendants deny the allegations in Paragraph 69.

70.     The SmileDirectClub Defendants deny the allegations in Paragraph 70.

71.     The SmileDirectClub Defendants deny the allegations in Paragraph 71.

72.     The SmileDirectClub Defendants deny the allegations in Paragraph 72.

73.     The SmileDirectClub Defendants deny the allegations in Paragraph 73.

74.     The SmileDirectClub Defendants state that Paragraph 74 contains argument to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 74.

## COUNT II

### Violation of Section 12(a)(2) of the Securities Act
### (Against Securities Act Defendants Except Camelot)

75.     The SmileDirectClub Defendants incorporate their responses to Paragraphs 18-63, including their respective subparts, as if fully rewritten here, and deny the remaining allegation in Paragraph 75.

76.     The SmileDirectClub Defendants deny the allegations in Paragraph 76.

77.     The SmileDirectClub Defendants deny the allegations in Paragraph 77.

78.     The SmileDirectClub Defendants deny the allegations in Paragraph 78.

79.     The SmileDirectClub Defendants deny the allegations in Paragraph 79.

80.     The SmileDirectClub Defendants state that Paragraph 80 contains argument to which no response is required.  To the extent that any response is required, the SmileDirectClub Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 80.

81.     The SmileDirectClub Defendants deny the allegations in Paragraph 81.

82.     The SmileDirectClub Defendants deny the allegations in Paragraph 82.

**COUNT III**

**Violations of Section 15 of the 1933 Act**
**(Against the Individual Securities Act Defendants and Camelot)**

83. The SmileDirectClub Defendants incorporate their responses to Paragraphs 18-63, including their respective subparts, as if fully rewritten here, and deny the remaining allegation in Paragraph 83.

84. The SmileDirectClub Defendants deny the allegations in Paragraph 84 of the Complaint, except admit that Plaintiffs purport to assert claims under § 15 of the Securities Act against certain Defendants.

85. The SmileDirectClub Defendants deny the allegations in Paragraph 85.

**EXCHANGE ACT CLAIMS**

**A. The Exchange Act Parties**

    **1. Exchange Act Plaintiffs**

86. The SmileDirectClub Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 86, except they refer to Plaintiff 1199 SEIU Health Care Employees Pension Fund's filing (ECF 33-3) for a its contents regarding alleged stock purchases.

87. The SmileDirectClub Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 87, except they refer to Plaintiff Bucks County Employees Retirement System's filing (Dkt. No. 85) for its content regarding alleged stock purchases.

- 14 -

### 2. Exchange Act Defendants

88. The SmileDirectClub Defendants deny the allegations in Paragraph 88, except admit that SmileDirectClub is headquartered in Nashville, Tennessee and trades on NASDAQ under the ticker "SDC," and refers to the Offering Documents for the details of the IPO.

89. The SmileDirectClub Defendants deny the allegations in Paragraph 89, except admit that David Katzman is, and was at the time of the IPO, the Chief Executive Officer and Chairman of the Board of SmileDirectClub.

90. The SmileDirectClub Defendants deny the allegations in Paragraph 90, except admit that Kyle Wailes was, at the time of the IPO, the Chief Financial Officer of SmileDirectClub.

91. The SmileDirectClub Defendants admit that the Complaint refers to "Individual Exchange Act Defendants" and "Exchange Act Defendants," but deny that group pleading of allegations against any Defendants is sufficient to state a claim against any Defendant.

### B. False and Misleading Statements and Omissions of Material Fact

92. The SmileDirectClub Defendants incorporate their responses to Paragraphs 1-46 and 49-63, including their respective subparts, as if fully rewritten here, and deny the remaining allegation in Paragraph 92.

93. The SmileDirectClub Defendants state that Paragraph 93 incorporates by reference allegations in Paragraphs 44 and 55-57 of the Complaint that the Court has dismissed and to which no response is required. (ECF 106, 107.) The SmileDirectClub Defendants further state that Paragraph 93 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants incorporate their responses to Paragraphs 1-46 and 49-63 as if fully set forth herein, and deny the remaining allegations in Paragraph 93.

94. The SmileDirectClub Defendants deny the allegations in Paragraph 94, and refer to SmileDirectClub's closing stock price on the days in question.

95. The SmileDirectClub Defendants incorporate their responses to Paragraphs 1-46 and 49-63, including their respective subparts, as if fully rewritten here, and deny the remaining allegation in Paragraph 95.

**C. Additional Scienter Allegations**

**1. Revenue, Gross Profit and Adjusted EBITDA Were Central to the Company's Operations, Closely Tracked by Senior Management and Negatively Impacted by Exchange Act Defendants' Own Affirmative Conduct**

96. The SmileDirectClub Defendants deny the allegations in Paragraph 96, and refer to the Offering Documents for their complete and accurate contents.

97. The SmileDirectClub Defendants deny the allegations in Paragraph 97.

98. The SmileDirectClub Defendants deny the allegations in Paragraph 98, and refer to the Offering Documents for their complete and accurate contents.

99. The SmileDirectClub Defendants deny the allegations in Paragraph 99.

**2. As Evidenced by SDC's Own Lawsuit, the Exchange Act Defendants Were Aware of an Ongoing 2-Year Investigation into the Company and Sulitzer, SDC's Chief Clinical Officer**

100. The SmileDirectClub Defendants deny the allegations in Paragraph 100.

101. The SmileDirectClub Defendants deny the allegations in Paragraph 101.

102. The SmileDirectClub Defendants deny the allegations in Paragraph 102, and refer to the document purportedly quoted for its contents.

**3.** **SDC Was Actively and Aggressively Lobbying Against California Legislation that Was Expected to Have a Profound Adverse Impact on the Company's Operations**

103. The SmileDirectClub Defendants deny the allegations in Paragraph 103, and refer to the Offering Documents for their complete and accurate contents.

104. The SmileDirectClub Defendants deny the allegations in Paragraph 104, and refer to the Offering Documents and publicly available history California Assembly Bill No. 1519 for their complete and accurate contents.

105. The SmileDirectClub Defendants deny the allegations in Paragraph 105, and refer to the document purportedly quoted for its contents.

**4.** **SDC Received Over 1,000 Complaints Filed with the Better Business Bureau and Deliberately Manipulated the Appearance of Positive Reviews by Executing and Enforcing Non-Disclosure Agreements with Injured Customers**

106. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 106 (including the referenced Paragraphs 55-56), and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants incorporate their responses to Paragraphs 55-56 as if fully set forth herein, and deny the remaining allegations in Paragraph 106, and refer to the Offering Documents for their complete and accurate contents.

107. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 107, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 107.

108. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 108, and therefore no response is required. (ECF 106, 107.) To the

extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 108.

109. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 109, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 109.

110. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 110, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 110.

111. The SmileDirectClub Defendants state that the Court has dismissed the allegations in Paragraph 111, and therefore no response is required. (ECF 106, 107.) To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 111.

**5. The Exchange Act Defendants Implemented an Aggressive Sales Culture Monitoring Customer Conversion Rates on an Hourly, Daily and Weekly Basis**

112. The SmileDirectClub Defendants deny the allegations in Paragraph 112.

**6. SDC's Insiders Sold Nearly 30 Million Shares and Units in Connection with and as Part of the IPO at Inflated Prices Allowing Them to Pocket $630 Million**

113. The SmileDirectClub Defendants deny the allegations in Paragraph 113, and refer to the Offering Documents and SmileDirectClub's subsequent SEC filings for their complete and accurate contents.

114. The SmileDirectClub Defendants state that the Court has dismissed at least some of the allegations in Paragraph 114, and therefore no response is required to those allegations.

(ECF 106, 107.) The SmileDirectClub Defendants deny the remaining allegations in Paragraph 114, and refer to the Offering Documents for their complete and accurate contents.

115. The SmileDirectClub Defendants deny the allegations in Paragraph 115, and refer to the Offering Documents and SmileDirectClub's subsequent SEC filings for their complete and accurate contents.

116. The SmileDirectClub Defendants deny the allegations in Paragraph 116 and its footnote, and refer to the Offering Documents and SmileDirectClub's subsequent SEC filings for their complete and accurate contents.

117. The SmileDirectClub Defendants deny the allegations in Paragraph 117, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents.

118. The SmileDirectClub Defendants deny the allegations in Paragraph 118, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents.

119. The SmileDirectClub Defendants deny the allegations in Paragraph 119, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents.

120. The SmileDirectClub Defendants deny the allegations in Paragraph 120, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents.

121. The SmileDirectClub Defendants deny the allegations in Paragraph 121 and its footnote, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents.

122.     The SmileDirectClub Defendants deny the allegations in Paragraph 122, and refer to the Offering Documents and SmileDirectClub's SEC filings for their complete and accurate contents, and refer to SmileDirectClub's closing stock price on the days in question.

**D.      Loss Causation/Economic Loss**

123.     The SmileDirectClub Defendants incorporate their responses to Paragraphs 86-87 regarding the Plaintiffs' alleged stock ownership, and deny the remaining allegations in Paragraph 123.

124.     The SmileDirectClub Defendants deny the allegations in Paragraph 124, and refer to the document purportedly quoted for its contents.

125.     The SmileDirectClub Defendants deny the allegations in Paragraph 125, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question.

126.     The SmileDirectClub Defendants deny the allegations in Paragraph 126, and refer to the document purportedly quoted for its contents.

127.     The SmileDirectClub Defendants deny the allegations in Paragraph 127, and refer to the document purportedly quoted for its contents.

128.     The SmileDirectClub Defendants deny the allegations in Paragraph 128, and refer to the document purportedly quoted for its complete and accurate contents.

129.     The SmileDirectClub Defendants deny the allegations in Paragraph 129, and refer to SmileDirectClub's closing stock price on the days in question and to the document purportedly quoted for its contents.

130.     The SmileDirectClub Defendants deny the allegations in Paragraph 130, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question and to the document purportedly quoted for its contents.

131. The SmileDirectClub Defendants deny the allegations in Paragraph 131, and incorporate their responses to Paragraphs 57, 62, 108-111, and 114, and refer to the Offering Documents and California Assembly Bill No. 1519 for a true, correct, and complete statement of their contents.

132. The SmileDirectClub Defendants deny the allegations in Paragraph 132, and refer to the document purportedly quoted for its complete and accurate contents.

133. The SmileDirectClub Defendants deny the allegations in Paragraph 133, and refer to SmileDirectClub's closing stock price on the days in question and to the document or broadcast purportedly quoted for its contents.

134. The SmileDirectClub Defendants deny the allegations in Paragraph 134, and refer to the document purportedly quoted for its contents.

135. The SmileDirectClub Defendants deny the allegations in Paragraph 135, and refer to SmileDirectClub's closing stock price on the day in question.

136. The SmileDirectClub Defendants deny the allegations in Paragraph 136, and refer to the document alleged for its complete and accurate contents.

137. The SmileDirectClub Defendants deny the allegations in Paragraph 137, and refer to the document purportedly quoted for its contents.

138. The SmileDirectClub Defendants deny the allegations in Paragraph 138, and refer to the documents purportedly quoted for their contents.

139. The SmileDirectClub Defendants deny the allegations in Paragraph 139, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question.

140. The SmileDirectClub Defendants deny the allegations in Paragraph 140, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question and to the document purportedly quoted for its contents.

141. The SmileDirectClub Defendants deny the allegations in Paragraph 141, and refer to the documents purportedly quoted for their complete and accurate contents.

142. The SmileDirectClub Defendants deny the allegations in Paragraph 142, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question.

143. The SmileDirectClub Defendants deny the allegations in Paragraph 143, and refer to the document purportedly quoted for its contents.

144. The SmileDirectClub Defendants deny the allegations in Paragraph 144 and its footnotes, and refer to the document or broadcast purportedly quoted for its contents.

145. The SmileDirectClub Defendants deny the allegations in Paragraph 145, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question and to the document purportedly quoted for its complete and accurate contents.

146. The SmileDirectClub Defendants deny the allegations in Paragraph 146, and refer to the document purportedly quoted for its contents.

147. The SmileDirectClub Defendants deny the allegations in Paragraph 147, and refer to the documents purportedly quoted for their complete and accurate contents.

148. The SmileDirectClub Defendants deny the allegations in Paragraph 148, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the days in question.

149. The SmileDirectClub Defendants deny the allegations in Paragraph 149, and refer to the documents purportedly quoted for their complete and accurate contents.

150. The SmileDirectClub Defendants deny the allegations in Paragraph 150, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the day in question.

151. The SmileDirectClub Defendants deny the allegations in Paragraph 151, and refer to the document purportedly quoted for its complete and accurate contents.

152. The SmileDirectClub Defendants deny the allegations in Paragraph 152, and refer to the document described for its complete and accurate contents.

153. The SmileDirectClub Defendants deny the allegations in Paragraph 153, and refer to SmileDirectClub and the S&P 500 Index's closing prices on the day in question.

154. The SmileDirectClub Defendants deny the allegations in Paragraph 154.

155. The SmileDirectClub Defendants deny the allegations in Paragraph 155, and refer to SmileDirectClub's closing stock price on the days in question.

156. The SmileDirectClub Defendants deny the allegations in Paragraph 156.

### E.     Application of Presumption of Reliance

157. The SmileDirectClub Defendants state that Paragraph 157 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants admit that the IPO occurred on September 12, 2019, and incorporate their responses to Paragraphs 123-153, and deny the remaining allegations in Paragraph 157.

158. The SmileDirectClub Defendants state that Paragraph 158 and its subparts contain legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 158, except they admit that SmileDirectClub's Class A common stock is listed and trades on NASDAQ.

159. The SmileDirectClub Defendants state that Paragraph 159 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 159.

**F.      Causes of Action**

<u>**COUNT IV**</u>

<u>**Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5**</u>
<u>**(Against SDC and the Individual Exchange Act Defendants)**</u>

160. The SmileDirectClub Defendants state that no response to Paragraph 160 is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 160.

161. The SmileDirectClub Defendants incorporate their responses to Paragraphs 1-46, 49-159, including their respective subparts, as if fully rewritten here.

162. The SmileDirectClub Defendants deny the allegations in Paragraph 162.

163. The SmileDirectClub Defendants deny the allegations in Paragraph 163 and its subparts.

164. The SmileDirectClub Defendants deny the allegations in Paragraph 164.

165. The SmileDirectClub Defendants deny the allegations in Paragraph 165.

166. The SmileDirectClub Defendants deny the allegations in Paragraph 166.

167. The SmileDirectClub Defendants deny the allegations in Paragraph 167.

168. The SmileDirectClub Defendants deny the allegations in Paragraph 168.

169. The SmileDirectClub Defendants deny the allegations in Paragraph 169.

**COUNT V**

**Violations of Section 20(a) of the Exchange Act**
**(Against the Individual Exchange Act Defendants)**

170. The SmileDirectClub Defendants incorporate their responses to Paragraphs 1-46, 49-159, including their respective subparts, as if fully rewritten here.

171. The SmileDirectClub Defendants admit that the allegations in the Paragraph seek to describe this Count and that no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 171.

172. The SmileDirectClub Defendants state that Paragraph 172 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 172.

173. The SmileDirectClub Defendants state that Paragraph 173 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 173.

174. The SmileDirectClub Defendants state that Paragraph 174 contains legal conclusions to which no response is required. To the extent that any response is required, the SmileDirectClub Defendants deny the allegations in Paragraph 174.

175. The SmileDirectClub Defendants deny the allegations in Paragraph 175.

176. The SmileDirectClub Defendants deny the allegations in Paragraph 176.

**PRAYER FOR RELIEF**

The SmileDirectClub Defendants deny that Plaintiffs are entitled to any of the legal or equitable relief requested in its Prayer for Relief, or to any legal or equitable relief whatsoever, against The SmileDirectClub Defendants in this matter.

- 25 -

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, the SmileDirectClub Defendants allege as follows. The SmileDirectClub Defendants do not thereby allege or admit that the SmileDirectClub Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, the SmileDirectClub Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

## FIRST DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a cause of action upon which relief can be granted against the SmileDirectClub Defendants, including without limitation because it fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

## SECOND DEFENSE

This action is barred, in whole or in part, because the SmileDirectClub Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the Registration Statement.

## THIRD DEFENSE

This action is barred, in whole or in part, because the information that was allegedly misrepresented or omitted was in fact disclosed in the Registration Statement, the Registration Statement did not omit to state any material facts necessary in order to make any statement made by Defendants not false or misleading, and the Registration Statement warned investors about the risks of investing in the offering.

## FOURTH DEFENSE

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which the SmileDirectClub Defendants are allegedly responsible were not material or otherwise legally actionable on any theory.

## FIFTH DEFENSE

This action is barred, in whole or in part, because the SmileDirectClub Defendants are immune from liability for certain statements complained of in the Complaint under the bespeaks caution doctrine.

## SIXTH DEFENSE

This action is barred, in whole or in part, because the SmileDirectClub Defendants are immune from liability for certain statements complained of in the Complaint under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5.

## SEVENTH DEFENSE

This action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion.

## EIGHTH DEFENSE

This action is barred, in whole or in part, because the information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in SmileDirectClub's public filings or press releases, were publicly disclosed, or were in the public domain, and, as such, were available to Plaintiffs, other members of the purported class, or the securities markets, and were at all times reflected in the price of SmileDirectClub's stock.

## NINTH DEFENSE

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiffs and the putative class knew,

or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue, which were disclosed in the Registration Statement, and thus assumed the risk of a decline in the value of their investments.

## TENTH DEFENSE

This action is barred, in whole or in part, because the SmileDirectClub Defendants were not the actual or proximate cause of any injury to Plaintiffs or the putative class.

## ELEVENTH DEFENSE

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiffs or the putative class.

## TWELFTH DEFENSE

This action is barred, in whole or in part, because Plaintiffs' and the putative class's alleged damages, if any, did not result from the portions of the statements alleged to be untrue or misleading and are otherwise speculative and not recoverable.

## THIRTEENTH DEFENSE

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable law, including without limitation Section 11(g) of the Securities Act, 28 U.S.C. § 77k(g), which provides that Plaintiffs' right to recovery, if any, may not exceed the price at which Plaintiffs' securities were offered to the public.

## FOURTEENTH DEFENSE

Plaintiffs, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. On information and belief, Plaintiffs failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

- 28 -

## FIFTEENTH DEFENSE

This action is barred, in whole or in part, because it is "without merit" within the meaning of the last sentence of Section 11(e) of the 1933 Act. The SmileDirectClub Defendants also reserve the right to assert an affirmative claim against Plaintiffs on this basis.

## SIXTEENTH DEFENSE

This action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for the SmileDirectClub Defendants, in violation of the 1933 Act or any rules of the Securities and Exchange Commission, with respect to any of the alleged conduct on which the Complaint is based, those actions cannot be imputed to the SmileDirectClub Defendants.

## SEVENTEENTH DEFENSE

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class lack statutory and constitutional standing.

## EIGHTEENTH DEFENSE

This action is barred, in whole or in part, to the extent Plaintiffs and the putative class did not acquire their shares pursuant or traceable to the Offering Documents, including the Registration Statement, at issue.

## NINETEENTH DEFENSE

This action is barred, in whole or in part, because the SmileDirectClub Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## TWENTIETH DEFENSE

Plaintiffs' cause of action under Section 15 of the 1933 Act is barred, in whole or in part, because and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

## TWENTY-FIRST DEFENSE

The claims of Plaintiffs against the SmileDirectClub Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to Section 11(b)(3) of the Securities Act, 15 U.S.C. § 77k(b)(3), because the SmileDirectClub Defendants had, after reasonable investigation, reasonable grounds to believe, and did believe at the time the Registration Statement became effective, that the statements therein were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against the SmileDirectClub Defendants are barred, in whole or in part, because at all relevant times, the SmileDirectClub Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against the SmileDirectClub Defendants are barred, in whole or in part, to the extent that the information that was allegedly misrepresented or omitted was in fact disclosed in the Registration Statement and/or constituted speculative information that as a matter of law was not required to be included in the Registration Statement.

- 30 -

## TWENTY-FIFTH DEFENSE

On information and belief, Plaintiffs are not entitled to recovery because Plaintiffs would have acquired SmileDirectClub stock even if, at the time the stock was acquired, Plaintiffs had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which the SmileDirectClub Defendants' liability is asserted.

## TWENTY-SIXTH DEFENSE

This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

## TWENTY-SEVENTH DEFENSE

The putative class definition for Plaintiffs' claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-EIGHTH DEFENSE

On information and belief, the SmileDirectClub Defendants may be entitled to recover contribution from other persons or entities for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged against the SmileDirectClub Defendants.

## TWENTY-NINTH DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, due to the absence of loss causation.

## THIRTIETH DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the fraud on the market theory does not apply.

## THIRTY-FIRST DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the Affiliated *Ute* presumption does not apply.

## THIRTY-SECOND DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because SmileDirectClub securities were not traded on an efficient market.

## THIRTY-THIRD DEFENSE

The SmileDirectClub Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that the SmileDirectClub Defendants may share in such a defense.

## THIRTY-FOURTH DEFENSE

The SmileDirectClub Defendants reserve the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**WHEREFORE**, the SmileDirectClub Defendants respectfully request that the Consolidated Complaint be dismissed with prejudice and that the Court award the SmileDirectClub Defendants their costs and attorneys' fees and any other relief deemed just and proper.

Respectfully submitted,

/s/ Steven A. Riley
Steven A. Riley (TN #6258)
Elizabeth O. Gonser (TN #26329)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rwjplc.com
egonser@rwjplc.com

/s/ Scott D. Musoff *w/permission*
Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
Michael C. Griffin (*pro hac vice*)
SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (917) 735-2000

*Counsel for Defendants SmileDirectClub, Inc., David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Susan Greenspon Rammelt, Richard Schnall, and Camelot Venture Group*

- 33 -

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 14th day of November, 2022:

Michael Albert
malbert@rgrdlaw.com

E. Powell Miller
epm@millerlawpc.com

Paul Kent Bramlett
Pknashlaw@aol.com

Danielle S. Myers
danim@rgrdlaw.com

Wade B. Cowan
wcowan@dhhrplc.com

Christopher Nelson
cln@weiserlawfirm.com

James M. Ficaro
jmf@weiserlawfirm.com

Melinda A. Nicholson
Melinda.nicholson@ksfcounsel.com

James A. Holifield, Jr.
aholifield@holifieldlaw.com

Michael J. Palestina
Michael.Palestina@ksfcounsel.com

J. Alexander Hood, II
ahood@pomlaw.com

Ira M. Press
ipress@kmllp.com

Lewis S. Kahn
Lewis.kahn@ksfcounsel.com

Darren J. Robbins
darrenr@rgrdlaw.com

Ashley M. Kelly
akelly@rgrdlaw.com

Laurence M. Rosen
lrosen@rosenlegal.com

Phillip Kim
pkim@rosenlegal.com

Scott H. Saham
scotts@rgrdlaw.com

Jeremy A. Lieberman
jalieberman@pomlaw.com

John Tate Spragens
john@spragenslaw.com

Ting H. Liu
tliu@rgrdlaw.com

Tara L. Swafford
tara@swaffordlawfirm.com

Richard A. Maniskas
rmaniskas@sbtklaw.com

Christopher M. Wood
cwood@rgrdlaw.com

*/s/ Steven A. Riley*