| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., *et al.*,<br><br>*Defendants.* | Consolidated Case No. 19-cv-962<br><br>CLASS ACTION<br><br>**Hon. Eli J. Richardson** |

**UNDERWRITER DEFENDANTS' ANSWER TO
PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT**

Defendants J.P. Morgan Securities LLC ("J.P. Morgan"), Citigroup Global Markets Inc. ("Citigroup"), BofA Securities, Inc., Jefferies LLC, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company LLC, and Loop Capital Markets LLC (collectively, the "Underwriter Defendants"),[1] by and through their undersigned counsel, hereby answer Plaintiffs' Amended Consolidated Complaint (the "Complaint") as follows:

The Underwriter Defendants respond below to the separately numbered paragraphs and prayer for relief contained in the Complaint. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, the Underwriter Defendants may refer to such materials for

---

[1] The Underwriter Defendants are separate legal entities. By filing this Answer jointly, each defendant does not waive, and expressly reserves, any and all rights and defenses relating to its corporate separateness. Further, the Underwriter Defendants are not answering or responding on behalf of other defendants, which have filed separate answers to the Complaint.

their accurate and complete contents; however, the Underwriter Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. The Underwriter Defendants are not required to respond to the headings of the Complaint, but, to the extent that any response is required, the Underwriter Defendants deny the allegations and characterizations of allegations set forth in the headings of the Complaint. In addition, certain paragraphs of the Complaint do not contain any allegations relating to the Underwriter Defendants. The Underwriter Defendants are responding only to the allegations pertaining to them.

In addition, in its Memorandum Opinion and Order dated September 30, 2022, the Court dismissed Plaintiffs' claims that (i) the reference to "Accelerating Growth" in SmileDirectClub, Inc.'s ("SDC" or the "Company") registration statement and prospectus (together, the "Registration Statement") was false or misleading and (ii) the Company made false or misleading statements regarding its customers' satisfaction. (Dkt. Nos. 106, 107.) As a result, the portions of the Complaint referring to those claims and allegations that purportedly support them are now legally inoperative and do not require a response. For the avoidance of doubt, any allegation not expressly addressed herein by the Underwriter Defendants is denied by the Underwriter Defendants.

1. To the extent any response is required, the Underwriter Defendants deny any allegation or averment in Paragraph 1.

2. To the extent any response is required, the Underwriter Defendants admit that Plaintiffs purport to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

(the "Exchange Act") and Rule 10b-5 promulgated thereunder, and otherwise deny the remaining allegations in Paragraph 2.

3. The Underwriter Defendants deny the allegations in Paragraph 3, except they admit that SDC was founded in 2014.

4. The Underwriter Defendants state that Paragraph 4 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except they admit that SDC offered 58,537,000 shares of its Class A common stock in a September 12, 2019 initial public offering (the "IPO") priced at $23.00 per share and that, pursuant to the terms of an underwriting agreement with SDC, the Underwriter Defendants agreed to purchase those shares and offer a portion of them directly to the public.

5. The Underwriter Defendants state that Paragraph 5 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

6. The Underwriter Defendants deny the allegations in Paragraph 6.

7. The Underwriter Defendants deny the allegations in Paragraph 7, and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

8. The Underwriter Defendants state that Paragraph 8 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny that anything was false or misleading in the Registration Statement,

and lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

9. The Underwriter Defendants deny the allegations in Paragraph 9, and lack knowledge or information sufficient to form a belief as to any "drastic steps" the Company allegedly took "about existing adverse developments."

10. The Underwriter Defendants deny that the quoted language in Paragraph 10 fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

11. The Underwriter Defendants deny the allegations in Paragraph 11.

12. The Underwriter Defendants deny the allegations in Paragraph 12 and respectfully refer the Court to the Registration Statement and California Assembly Bill No. 1519 for a true, correct, and complete statement of their contents.

13. The Underwriter Defendants deny the allegations in Paragraph 13, except they admit that SDC's stock price closed at $5.30 per share on March 12, 2020.

14. The Underwriter Defendants admit that Plaintiffs purport to assert claims under Sections 11, 12(a)(2), and 15 of the Securities Act, and under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, and otherwise deny the remaining allegations in Paragraph 14.

15. The Underwriter Defendants state that Paragraph 15 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants admit that Paragraph 15 purports to describe the basis for the Court's subject matter jurisdiction.

16. The Underwriter Defendants state that Paragraph 16 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph except they admit that Paragraph 16 purports to describe the basis for venue in the Middle District of Tennessee.

17. The Underwriter Defendants state that Paragraph 17 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

18. The Underwriter Defendants deny the allegations in Paragraph 18, except they admit that Plaintiffs purport to bring this action as a putative class action on behalf of purchasers of SDC Class A common stock between September 12, 2019 and March 12, 2020.

19. The Underwriter Defendants state that Paragraph 19 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

20. The Underwriter Defendants state that Paragraph 20 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

21. The Underwriter Defendants state that Paragraph 21 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

22. The Underwriter Defendants state that Paragraph 22 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

-5-

23.     The Underwriter Defendants state that Paragraph 23 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

24.     The Underwriter Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 24, except they admit that Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019.

25.     The Underwriter Defendants deny the allegations in Paragraph 25, except they admit that SDC is headquartered in Nashville, Tennessee; that its Class A common stock is listed and trades on NASDAQ under the ticker symbol "SDC"; and that, pursuant to the Registration Statement filed with the Securities and Exchange Commission ("SEC") and, as amended, declared effective on or about September 11, 2019, SDC offered 58,537,000 shares of its Class A common stock in the IPO priced at $23.00 per share.

26.     The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, except they admit that David Katzman (i) was the Chief Executive Officer and Chairman of the Board of SDC and managing partner of Camelot Venture Group at the time of the IPO, and (ii) signed the Registration Statement.

27.     The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, except they admit that Kyle Wailes (i) was the Chief Financial Officer of SDC at the time of the IPO and (ii) signed the Registration Statement.

28. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, except they admit that Steven Katzman (i) was Chief Operating Officer of SDC and a member of its Board of Directors at the time of the IPO and (ii) signed the Registration Statement.

29. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29, except they admit that Jordan Katzman (i) co-founded SDC in 2014 and was a member of its Board of Directors at the time of the IPO and (ii) signed the Registration Statement.

30. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, except they admit that Alexander Fenkell (i) co-founded SDC in 2014 and was a member of its Board of Directors at the time of the IPO and (ii) signed the Registration Statement.

31. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, except they admit that Richard Schnall (i) was a member of SDC's Board of Directors at the time of the IPO and (ii) signed the Registration Statement.

32. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, except they admit that Susan Greenspon Rammelt (i) was a member of SDC's Board of Directors at the time of the IPO and (ii) signed the Registration Statement.

33. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, except they deny that group pleading of allegations against defendants is sufficient to state a claim.

34. The Underwriter Defendants admit that, pursuant to an underwriting agreement, the Underwriter Defendants each acted as an underwriter for the IPO, and deny the remaining allegations in Paragraph 34.

35. The Underwriter Defendants state that the first two sentences of Paragraph 35 contain legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except they admit that the Underwriter Defendants acted as an underwriting syndicate for the IPO and that the underwriting discount and commissions paid for by SDC in connection with the IPO totaled $67,317,550.

36. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36.

37. The Underwriter Defendants admit that the Complaint refers to "Securities Act Defendants" but deny that group pleading of allegations against defendants is sufficient to state a claim.

38. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, except they admit that the quoted language in the first sentence of this paragraph is contained in the Registration Statement.

39. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, except they admit that the quoted language in the last sentence of this paragraph is contained in the Registration Statement.

40. The Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40.

41. The Underwriter Defendants state that the allegations in Paragraph 41 are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that the allegations are directed at the Underwriter Defendants, the Underwriter Defendants admit that the quoted language in the second sentence of this paragraph is contained in the Registration Statement.

42. The Underwriter Defendants deny the allegations in Paragraph 42, except they admit that SDC (i) offered 58,537,000 shares of its Class A common stock in the September 12, 2019 IPO priced at $23.00 per share and (ii) filed a Registration Statement with the SEC, and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

43. The Underwriter Defendants deny the allegations in Paragraph 43, except they admit that SDC's stock price closed at $5.30 per share on March 12, 2020.

44. The Underwriter Defendants state that the Court has dismissed the allegations contained in Paragraph 44 and therefore no response is required. (Dkt. Nos. 106, 107.) The Underwriter Defendants further state that the allegations in Paragraph 44 are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

45. The Underwriter Defendants deny the allegations in Paragraph 45.

46. The Underwriter Defendants deny the allegations in Paragraph 46.

47. The Underwriter Defendants state that Paragraph 47 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny that this paragraph presents a complete and accurate description of Regulation S-K, and respectfully refer the Court to Regulation S-K for a complete and accurate description of its contents.

48. The Underwriter Defendants state that Paragraph 48 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

49. The Underwriter Defendants deny the allegations in Paragraph 49.

50. The Underwriter Defendants deny the allegations in Paragraph 50, except they admit that the Registration Statement disclosed SDC's adjusted EBITDA for Q4 2018, Q1 2019, and Q2 2019 as -$12,651,000, -$3,889,000, and $6,188,000, respectively.

51. The Underwriter Defendants deny the allegations in Paragraph 51, except they admit that the Registration Statement disclosed SDC's gross profit for Q4 2018 and Q2 2019 as $90,848,000 and $161,130,000, respectively.

52. The Underwriter Defendants deny the allegations in Paragraph 52, except they admit that the Registration Statement disclosed SDC's total revenues for 2017 and 2018 as $145,954,000 and $423,234,000, respectively.

53. The Underwriter Defendants deny the allegations in Paragraph 53.

54. The Underwriter Defendants deny the allegations in Paragraph 54.

55. The Underwriter Defendants state that the Court has dismissed the allegations contained in Paragraph 55 and therefore no response is required. (Dkt. Nos. 106, 107.)

To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

56. The Underwriter Defendants state that the Court has dismissed the allegations contained in Paragraph 56 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants admit that this paragraph contains excerpts from the Registration Statement, but deny that the quoted language fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

57. The Underwriter Defendants state that the Court has dismissed the allegations contained in Paragraph 57 and therefore no response is required. (Dkt. Nos. 106, 107.) The Underwriter Defendants further state that Paragraph 57 contains legal conclusions to which no response is required. To the extent that any response is required, The Underwriter Defendants deny the allegations in Paragraph 57. The Underwriter Defendants further state that the allegations in subparagraph (a) purport to characterize statements made by the Better Business Bureau ("BBB"), and respectfully refer the Court to the statements themselves for a true, correct, and complete statement of their contents. The Underwriter Defendants further state that the allegations in subparagraph (d) purport to characterize statements made by the third parties, and respectfully refer the Court to the statements themselves for a true, correct, and complete statement of their contents. The Underwriter Defendants further deny that the quoted language in subparagraph (e) fully and accurately represents the contents of the January 21, 2020 *New York Times* article cited

-11-

therein, and respectfully refer the Court to the January 21, 2020 *New York Times* article for a complete and accurate description of its contents.

58. The Underwriter Defendants admit that Paragraph 58 contains excerpts from the Registration Statement, but deny that the quoted language fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

59. The Underwriter Defendants state that Paragraph 59 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph. The Underwriter Defendants further state that the allegations in subparagraph (c) purport to characterize statements made on *NBC Nightly News* on February 13, 2020, and respectfully refer the Court to the statements themselves for a true, correct, and complete statement of their contents.

60. The Underwriter Defendants admit that Paragraph 60 contains excerpts from the Registration Statement, but deny that the quoted language fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

61. The Underwriter Defendants admit that Paragraph 61 contains an excerpt from the Registration Statement, but deny that the quoted language fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents.

62. The Underwriter Defendants state that Paragraph 62 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph. The Underwriter Defendants

-12-

further deny that the quoted language in subparagraph (a) fully and accurately represents the contents of the American Dental Association's ("ADA") complaint and SDC's response thereto, and respectfully refer the Court to those documents for complete and accurate descriptions of their contents. The Underwriter Defendants further state that the allegations in subparagraph (d) purport to characterize statements made by the Attorney General of California in a November 2019 filing before the Dental Board of California, and respectfully refer the Court to the statements themselves for a true, correct, and complete statement of their contents. The Underwriter Defendants further state that the allegations in subparagraph (e) purport to characterize California Assembly Bill No. 1519, and respectfully refer the Court to California Assembly Bill No. 1519 for a true, correct, and complete statement of its contents.

63. The Underwriter Defendants deny the allegations in Paragraph 63, except they admit that SDC's stock price closed at $5.30 per share on March 12, 2020.

64. To the extent a response is required to Paragraph 64, the Underwriter Defendants incorporate their responses to Paragraphs 18 through 63 as if fully set forth herein.

65. The Underwriter Defendants deny the allegations in Paragraph 65.

66. The Underwriter Defendants deny the allegations in Paragraph 66.

67. The Underwriter Defendants admit that on or about May 3, 2019, SDC confidentially submitted a draft registration statement on Form S-1 with the SEC, which was declared effective on or about September 11, 2019, and that SDC conducted the IPO on September 12, 2019.

68. The Underwriter Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 68, except they admit that Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that

-13-

1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019.

69. The Underwriter Defendants state that Paragraph 69 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except they admit that SDC is the registrant for the IPO.

70. The Underwriter Defendants deny the allegations in Paragraph 70.

71. The Underwriter Defendants deny the allegations in Paragraph 71.

72. The Underwriter Defendants deny the allegations in Paragraph 72.

73. The Underwriter Defendants deny the allegations in Paragraph 73.

74. The Underwriter Defendants state that Paragraph 74 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to what Plaintiff 1199 SEIU Health Care Employees Pension Fund discovered or reasonably could have discovered concerning the allegations in the Complaint, except they admit that Lead Plaintiff first sought to participate in this case through a motion filed on December 2, 2019, and became a named plaintiff in the complaint on January 27, 2020. The Underwriter Defendants otherwise deny the remaining allegations in this paragraph.

75. To the extent a response is required to Paragraph 75, the Underwriter Defendants incorporate their responses to Paragraphs 18 through 63 as if fully set forth herein.

76. The Underwriter Defendants deny the allegations in Paragraph 76.

77. The Underwriter Defendants deny the allegations in Paragraph 77.

78. The Underwriter Defendants deny the allegations in Paragraph 78.

-14-

79. The Underwriter Defendants deny the allegations in Paragraph 79, except they admit that they served as underwriters for the IPO.

80. The Underwriter Defendants state that Paragraph 80 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to what Plaintiff 1199 SEIU Health Care Employees Pension Fund discovered or reasonably could have discovered concerning the allegations in the Complaint, but deny that anything was false or misleading in the Registration Statement or that the Registration Statement omitted any material information required to be disclosed.

81. The Underwriter Defendants deny the allegations in Paragraph 81.

82. The Underwriter Defendants deny the allegations in Paragraph 82.

83. To the extent a response is required to Paragraph 83, the Underwriter Defendants incorporate their responses to Paragraphs 18 through 63 as if fully set forth herein.

84. The Underwriter Defendants state that the allegations in Paragraph 84 and Plaintiffs' Third Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

85. The Underwriter Defendants state that the allegations in Paragraph 85 and Plaintiffs' Third Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

86. The Underwriter Defendants state that the allegations in Paragraph 86 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

-15-

Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 86, except they admit that Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019.

87.     The Underwriter Defendants state that the allegations in Paragraph 87 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 87, except they admit that Plaintiff Bucks County Employees Retirement System filed a certification (Dkt. No. 85) stating that Bucks County Employees Retirement System purchased 14,970 shares of SDC's Class A common stock at various times between October 24, 2019 and January 17, 2020.

88.     The Underwriter Defendants state that the allegations in Paragraph 88 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that SDC is headquartered in Nashville, Tennessee and its Class A common stock is listed and trades on NASDAQ under the ticker symbol "SDC."

89.     The Underwriter Defendants state that the allegations in Paragraph 89 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that David Katzman is the Chief Executive Officer and Chairman of the Board of SDC.

90. The Underwriter Defendants state that the allegations in Paragraph 90 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that Kyle Wailes was the Chief Financial Officer of SDC at the time of the IPO.

91. The Underwriter Defendants state that the allegations in Paragraph 91 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that the Complaint refers to "Individual Exchange Act Defendants" and "Exchange Act Defendants," but deny that group pleading of allegations against defendants is sufficient to state a claim.

92. The Underwriter Defendants state that the allegations in Paragraph 92 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 92 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants incorporate their responses to Paragraphs 1 through 46 and 49 through 63 as if fully set forth herein

and deny that anything was false or misleading in the Registration Statement or that the Registration Statement omitted any material information required to be disclosed.

93. The Underwriter Defendants state that the allegations in Paragraph 93 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 93 incorporates by reference allegations contained in Paragraphs 44 and 55 through 57 of the Complaint that the Court has dismissed and to which no response is required. (Dkt. Nos. 106, 107.) The Underwriter Defendants further state that Paragraph 93 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants incorporate their responses to Paragraphs 1 through 46 and 49 through 63 as if fully set forth herein, deny that anything was false or misleading in the Registration Statement, and state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

94. The Underwriter Defendants state that the allegations in Paragraph 94 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 94 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants admit that SDC's stock price closed at $5.30 per share on March 12, 2020, but otherwise deny that the allegations in this paragraph fully and accurately represent the contents of SDC's March 12, 2020 press release and respectfully refer the Court to the Company's March 12, 2020 press release for a complete and accurate description of its contents. The Underwriter Defendants further state

-18-

that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

95. The Underwriter Defendants state that the allegations in Paragraph 95 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 95 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny that anything was false or misleading in the Registration Statement or that the Registration Statement omitted any material information required to be disclosed, and incorporate their responses to Paragraphs 1 through 46 and 49 through 63 as if fully set forth herein.

96. The Underwriter Defendants state that the allegations in Paragraph 96 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that this paragraph contains an excerpt from the Registration Statement, but deny that the quoted language fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

97. The Underwriter Defendants state that the allegations in Paragraph 97 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent

-19-

that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

98. The Underwriter Defendants state that the allegations in Paragraph 98 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

99. The Underwriter Defendants state that the allegations in Paragraph 99 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

100. The Underwriter Defendants state that the allegations in Paragraph 100 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of filings in SDC's October 2019 lawsuit against the Dental Board of California (the "October Lawsuit") and respectfully refer the Court to the filings in the October Lawsuit for a complete and accurate description of their contents. The

Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

101. The Underwriter Defendants state that the allegations in Paragraph 101 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of filings in the October Lawsuit and respectfully refer the Court to those filings for a complete and accurate description of their contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

102. The Underwriter Defendants state that the allegations in Paragraph 102 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

103. The Underwriter Defendants state that the allegations in Paragraph 103 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

104. The Underwriter Defendants state that the allegations in Paragraph 104 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

105. The Underwriter Defendants state that the allegations in Paragraph 105 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the October 15, 2019 *Market Watch* article and respectfully refer the Court to the October 15, 2019 *Market Watch* article for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

106. The Underwriter Defendants state that the allegations in Paragraph 106 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 106 (including Paragraphs 55-56 referenced therein) and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants incorporate their responses to Paragraphs 55 and 56 as if fully set forth herein, deny that the quoted language in this paragraph fully and accurately represents the contents of the Registration Statement, and respectfully refer the Court to the Registration Statement for a

complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

107. The Underwriter Defendants state that the allegations in Paragraph 107 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 107 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

108. The Underwriter Defendants state that the allegations in Paragraph 108 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 108 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

109. The Underwriter Defendants state that the allegations in Paragraph 109 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 109 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph

fully and accurately represents the contents of the January 21, 2020 *New York Times* article and respectfully refer the Court to the January 21, 2020 *New York Times* article for a complete and accurate description of its contents.

110. The Underwriter Defendants state that the allegations in Paragraph 110 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 110 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of the January 21, 2020 *New York Times* article and respectfully refer the Court to the January 21, 2020 *New York Times* article for a complete and accurate description of its contents. To the extent the Complaint characterizes California Assembly Bill No. 1519, the Underwriter Defendants respectfully refer the Court to California Assembly Bill No. 1519 for a true, correct, and complete statement of its contents.

111. The Underwriter Defendants state that the allegations in Paragraph 111 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that the Court has dismissed the allegations contained in Paragraph 111 and therefore no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

112. The Underwriter Defendants state that the allegations in Paragraph 112 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

-24-

Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

113. The Underwriter Defendants state that the allegations in Paragraph 113 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

114. The Underwriter Defendants state that the allegations in Paragraph 114 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 114 contains allegations that the Court has dismissed and to which no response is required. (Dkt. Nos. 106, 107.) To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

115. The Underwriter Defendants state that the allegations in Paragraph 115 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

116. The Underwriter Defendants state that the allegations in Paragraph 116 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent

that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

117. The Underwriter Defendants state that the allegations in Paragraph 117 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

118. The Underwriter Defendants state that the allegations in Paragraph 118 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

119. The Underwriter Defendants state that the allegations in Paragraph 119 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

120. The Underwriter Defendants state that the allegations in Paragraph 120 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

121.    The Underwriter Defendants state that the allegations in Paragraph 121 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

122.    The Underwriter Defendants state that the allegations in Paragraph 122 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

123.    The Underwriter Defendants state that the allegations in Paragraph 123 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 123 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except they admit that (i) Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019 and (ii) Plaintiff Bucks County Employees Retirement System filed a certification (Dkt. No. 85) stating that Bucks County Employees Retirement System purchased 14,970 shares of SDC's Class A common stock at various times between October 24, 2019 and January 17, 2020.

124.    The Underwriter Defendants state that the allegations in Paragraph 124 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that a complaint, captioned *Ciccio, et al.* v. *SmileDirectClub, LLC, et al.*, was filed in the United States District Court for the Middle District of Tennessee on September 24, 2019, and respectfully refer the Court to that complaint for a true, correct, and complete statement of its contents.

125. The Underwriter Defendants state that the allegations in Paragraph 125 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that SDC's stock price closed at $12.94 per share on September 26, 2019, but otherwise state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

126. The Underwriter Defendants state that the allegations in Paragraph 126 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the October 4, 2019 Hindenburg Research report and respectfully refer the Court to the October 4, 2019 Hindenburg Research report for a complete and accurate description of its contents.

127. The Underwriter Defendants state that the allegations in Paragraph 127 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge

or information sufficient to form a belief as to the allegations in this paragraph and respectfully refer the Court to the October 4, 2019 Hindenburg Research report for a complete and accurate description of its contents.

128. The Underwriter Defendants state that the allegations in Paragraph 128 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of SDC's October 4, 2019 public statement and respectfully refer the Court to SDC's October 4, 2019 public statement for a complete and accurate description of its contents.

129. The Underwriter Defendants state that the allegations in Paragraph 129 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph. The Underwriter Defendants further state that the allegations in Paragraph 129 purport to characterize statements made by third parties, and respectfully refer the Court to the statements themselves for a true, correct, and complete statement of their contents.

130. The Underwriter Defendants state that the allegations in Paragraph 130 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that SDC's stock price closed at

$10.24 per share on October 10, 2019, but otherwise state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

131. The Underwriter Defendants state that the allegations in Paragraph 131 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that California Assembly Bill No. 1519 was signed into law on October 13, 2019, but otherwise state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and respectfully refer the Court to California Assembly Bill No. 1519 for a true, correct, and complete statement of its contents.

132. The Underwriter Defendants state that the allegations in Paragraph 132 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of SDC's October 14, 2019 press release and respectfully refer the Court to SDC's October 14, 2019 press release for a complete and accurate description of its contents.

133. The Underwriter Defendants state that the allegations in Paragraph 133 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the October 14, 2019 CNBC article and respectfully refer the Court to the October 14, 2019 CNBC article for a complete and accurate

description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

134. The Underwriter Defendants state that the allegations in Paragraph 134 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the October 14, 2019 Guggenheim Securities LLC equity research report and respectfully refer the Court to the October 14, 2019 Guggenheim Securities LLC equity research report for a complete and accurate description of its contents.

135. The Underwriter Defendants state that the allegations in Paragraph 135 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

136. The Underwriter Defendants state that the allegations in Paragraph 136 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that on October 16, 2019, SDC and its Chief Clinical Officer Jeffrey Sulitzer filed the October Lawsuit against the Dental Board of California.

137. The Underwriter Defendants state that the allegations in Paragraph 137 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph and respectfully refer the Court to the October Lawsuit and related filings for a true, correct, and complete statement of their contents.

138. The Underwriter Defendants state that the allegations in Paragraph 138 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph and respectfully refer the Court to the Registration Statement for a true, correct, and complete statement of its contents.

139. The Underwriter Defendants state that the allegations in Paragraph 139 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that SDC's stock price closed at $9.41 per share on October 17, 2019, but otherwise state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

140. The Underwriter Defendants state that the allegations in Paragraph 140 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent

that any response is required, the Underwriter Defendants admit that on October 21, 2019, SDC's stock price closed at $9.13 per share, but deny that the quoted language in this paragraph fully and accurately represents the contents of the October 19, 2019 *Market Watch* article and respectfully refer the Court to the October 19, 2019 *Market Watch* article for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

141. The Underwriter Defendants state that the allegations in Paragraph 141 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of the November 12, 2019 3Q 2019 earnings release and statements made during the 3Q 2019 earnings call, and respectfully refer the Court to the November 12, 2019 3Q 2019 earnings release and transcript of the 3Q 2019 earnings call for complete and accurate descriptions of their contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

142. The Underwriter Defendants state that the allegations in Paragraph 142 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

143. The Underwriter Defendants state that the allegations in Paragraph 143 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the November 13, 2019 *Dow Jones Institutional News* story and the November 13, 2019 *Market Watch* article, and respectfully refer the Court to the November 13, 2019 *Dow Jones Institutional News* story and the November 13, 2019 *Market Watch* article for complete and accurate descriptions of their contents.

144. The Underwriter Defendants state that the allegations in Paragraph 144 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of the February 13, 2020 *NBC Nightly News* segment and the January 28, 2020 American Association of Orthodontists' ("AAO") press release, and respectfully refer the Court to the February 13, 2020 *NBC Nightly News* segment and the January 28, 2020 AAO press release for complete and accurate descriptions of their contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

145. The Underwriter Defendants state that the allegations in Paragraph 145 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 145 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny

that the quoted language in this paragraph fully and accurately represents the contents of the February 14, 2020 SDC press release and respectfully refer the Court to the February 14, 2020 SDC press release for a complete and accurate description of its contents. The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

146. The Underwriter Defendants state that the allegations in Paragraph 146 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of the February 19, 2020 *Reuters* article and respectfully refer the Court to the February 19, 2020 *Reuters* article for a complete and accurate description of its contents.

147. The Underwriter Defendants state that the allegations in Paragraph 147 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of SDC's February 19, 2020 statement and respectfully refer the Court to SDC's February 19, 2020 statement for a complete and accurate description of its contents.

148. The Underwriter Defendants state that the allegations in Paragraph 148 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 148 contains legal conclusions to which no

response is required.  To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

149.    The Underwriter Defendants state that the allegations in Paragraph 149 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents statements made during the February 25, 2020 4Q 2019 earnings call and respectfully refer the Court to the transcript of the February 25, 2020 4Q 2019 earnings call for a complete and accurate description of its contents.  The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

150.    The Underwriter Defendants state that the allegations in Paragraph 150 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

151.    The Underwriter Defendants state that the allegations in Paragraph 151 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants deny that the quoted language in this paragraph fully and accurately represents the contents of SDC's March 12, 2020 announcement and respectfully refer the Court to SDC's March 12, 2020 announcement for a complete and

-36-

accurate description of its contents.  The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

152.    The Underwriter Defendants state that the allegations in Paragraph 152 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of SDC's March 12, 2020 announcement and respectfully refer the Court to SDC's March 12, 2020 announcement for a complete and accurate description of its contents.  The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

153.    The Underwriter Defendants state that the allegations in Paragraph 153 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  To the extent that any response is required, the Underwriter Defendants deny that the allegations in this paragraph fully and accurately represent the contents of SDC's March 12, 2020 announcement and respectfully refer the Court to SDC's March 12, 2020 announcement for a complete and accurate description of its contents.  The Underwriter Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

154.    The Underwriter Defendants state that the allegations in Paragraph 154 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 154 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, deny that anything was false or misleading in the Registration Statement, deny that the Registration Statement omitted any material information required to be disclosed, and deny that any decline in the price of SDC's Class A common stock is attributable to any such allegedly misleading statements or omissions in the Registration Statement.

155. The Underwriter Defendants state that the allegations in Paragraph 155 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that SDC's Class A common stock was offered at a price of $23.00 per share during the IPO and closed at $5.30 per share on March 12, 2020, but otherwise state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

156. The Underwriter Defendants state that the allegations in Paragraph 156 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 156 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

157. The Underwriter Defendants state that the allegations in Paragraph 157 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter

Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 157 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants admit that the IPO occurred on September 12, 2019, but deny the remaining allegations in this paragraph, deny that anything was false or misleading in the Registration Statement, and deny that the Registration Statement omitted any material information required to be disclosed.

158. The Underwriter Defendants state that the allegations in Paragraph 158 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 158 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except they admit that SDC's Class A common stock is listed and trades on NASDAQ.

159. The Underwriter Defendants state that the allegations in Paragraph 159 are directed at Plaintiffs' Exchange Act claims that have not been asserted against the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 159 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

160. The Underwriter Defendants state that the allegations in Paragraph 160 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required,

-39-

the Underwriter Defendants admit that the Complaint purports to assert claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against SDC, David Katzman, and Kyle Wailes.

161. The Underwriter Defendants state that the allegations in Paragraph 161 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants incorporate their responses to Paragraphs 1 through 46 and 49 through 159 as if fully set forth herein.

162. The Underwriter Defendants state that the allegations in Paragraph 162 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 162 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph and incorporate their responses to Paragraphs 44 through 46, 49 through 56, 58, and 60 through 61 as if fully set forth herein.

163. The Underwriter Defendants state that the allegations in Paragraph 163 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 163 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

164. The Underwriter Defendants state that the allegations in Paragraph 164 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state

-40-

that Paragraph 164 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

165.   The Underwriter Defendants state that the allegations in Paragraph 165 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  The Underwriter Defendants further state that Paragraph 165 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

166.   The Underwriter Defendants state that the allegations in Paragraph 166 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  The Underwriter Defendants further state that Paragraph 166 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except they admit that (i) Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019 and (ii) Plaintiff Bucks County Employees Retirement System filed a certification (Dkt. No. 85) stating that Bucks County Employees Retirement System purchased 14,970 shares of SDC's Class A common stock at various times between October 24, 2019 and January 17, 2020.

167.   The Underwriter Defendants state that the allegations in Paragraph 167 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  The Underwriter Defendants further state that Paragraph 167 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except

-41-

they admit that (i) Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019 and (ii) Plaintiff Bucks County Employees Retirement System filed a certification (Dkt. No. 85) stating that Bucks County Employees Retirement System purchased 14,970 shares of SDC's Class A common stock at various times between October 24, 2019 and January 17, 2020.

168. The Underwriter Defendants state that the allegations in Paragraph 168 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 168 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

169. The Underwriter Defendants state that the allegations in Paragraph 169 and Plaintiffs' Fourth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 169 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

170. The Underwriter Defendants state that the allegations in Paragraph 170 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants incorporate their responses to Paragraphs 1 through 46 and 49 through 159 as if fully set forth herein.

171. The Underwriter Defendants state that the allegations in Paragraph 171 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no

response is required from the Underwriter Defendants. To the extent that any response is required, the Underwriter Defendants admit that the Complaint purports to assert claims under Section 20(a) of the Exchange Act against David Katzman and Kyle Wailes.

172. The Underwriter Defendants state that the allegations in Paragraph 172 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 172 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

173. The Underwriter Defendants state that the allegations in Paragraph 173 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 173 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

174. The Underwriter Defendants state that the allegations in Paragraph 174 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 174 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

175. The Underwriter Defendants state that the allegations in Paragraph 175 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants. The Underwriter Defendants further state that Paragraph 175 contains legal conclusions to which no response is required. To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph, except

they admit that (i) Plaintiff 1199 SEIU Health Care Employees Pension Fund filed a certification (Dkt. No. 33-3) stating that 1199 SEIU Health Care Employees Pension Fund purchased 88,114 shares of SDC's Class A common stock on September 12, 2019 and (ii) Plaintiff Bucks County Employees Retirement System filed a certification (Dkt. No. 85) stating that Bucks County Employees Retirement System purchased 14,970 shares of SDC's Class A common stock at various times between October 24, 2019 and January 17, 2020.

176.    The Underwriter Defendants state that the allegations in Paragraph 176 and Plaintiffs' Fifth Cause of Action are not directed at the Underwriter Defendants and therefore no response is required from the Underwriter Defendants.  The Underwriter Defendants further state that Paragraph 176 contains legal conclusions to which no response is required.  To the extent that any response is required, the Underwriter Defendants deny the allegations in this paragraph.

The Underwriter Defendants deny the allegations of the Prayer for Relief and deny all liability to Plaintiffs, except they admit and aver that Plaintiffs purport to seek relief as described therein.

To the extent that the allegations of the Jury Demand consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, the Underwriter Defendants deny the allegations of Plaintiffs' Jury Demand, except they admit and aver that Plaintiffs purport to demand a trial by jury.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint, and without assuming the burden of proof on matters as to which they have no such burden, the Underwriter Defendants state as follows:

-44-

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint fails to state a cause of action under the Securities Act of 1933 against the Underwriter Defendants.

## SECOND DEFENSE

### (Lack of Standing)

2. Plaintiffs cannot pursue the claims set forth in the Complaint against the Underwriter Defendants to the extent that they lack statutory and constitutional standing.

## THIRD DEFENSE

### (Reasonable Diligence)

3. Plaintiffs' claims are barred in whole or in part pursuant to Section 11(b)(3) of the Securities Act, 15 U.S.C. § 77k(b)(3), because the Underwriter Defendants had, after reasonable investigation, reasonable grounds to believe, and did believe at the time the Registration Statement became effective, that the statements therein were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FOURTH DEFENSE

### (Secondary Market Purchases)

4. Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs or any members of the purported class purchased stock of SDC in the secondary market that is not traceable to the Registration Statement.

-45-

## FIFTH DEFENSE

### (No False Statements in the Registration Statement)

5. Plaintiffs' claims are barred in whole or in part because (i) the Registration Statement did not contain any false or misleading statement or omission of material fact, (ii) the Registration Statement warned investors about the risks of investing in the offering, and (iii) the Underwriter Defendants are not responsible in law or fact for any allegedly false or misleading statement or omission of material fact by other parties or for any statements not contained in the Registration Statement.

## SIXTH DEFENSE

### (Bespeaks Caution Doctrine)

6. This action is barred, in whole or in part, because certain statements complained of in the Complaint were forward-looking statements accompanied by meaningful cautionary language.

## SEVENTH DEFENSE

### (Failure to Mitigate Damages)

7. Plaintiffs, at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. On information and belief, Plaintiffs failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## EIGHTH DEFENSE

### (Good-Faith Reliance on Others)

8. Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

-46-

**NINTH DEFENSE**

**(Actual Facts Known to Market)**

9. Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the matters now alleged to be the subject of misrepresentations and omissions were in fact disclosed in SDC's public filings or press releases, were publicly disclosed, or were in the public domain, and, as such, were available to Plaintiffs, other members of the purported class, or the securities markets, and were at all times reflected in the price of SDC stock.

**TENTH DEFENSE**

**(Actual Disclosure)**

10. Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part to the extent that the information that was allegedly misrepresented or omitted was in fact disclosed in the Registration Statement and/or constituted speculative information that as a matter of law was not required to be included in the Registration Statement.

**ELEVENTH DEFENSE**

**(Assumption of Risk)**

11. Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because Plaintiffs had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of SDC stock would decline if such risks materialized.

**TWELFTH DEFENSE**

**(Plaintiffs' Knowledge)**

12. If and to the extent that the Registration Statement and materials incorporated therein are determined to have contained false or misleading statements or to have omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading (which the Underwriter Defendants deny), Plaintiffs either knew or should

-47-

have known about the matters alleged in the Complaint, and their own negligence or other fault proximately caused or contributed to the injuries allegedly suffered by Plaintiffs from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## THIRTEENTH DEFENSE

### (Loss Not Caused by Omissions or Misstatements)

13. On information and belief, Plaintiffs are not entitled to recovery because Plaintiffs would have acquired SDC stock even if, at the time the stock was acquired, Plaintiffs had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which the Underwriter Defendants' liability is asserted.

## FOURTEENTH DEFENSE

### (No Causation)

14. Plaintiffs are not entitled to any recovery because no act or omission attributed to the Underwriter Defendants in the Complaint was the actual or proximate cause of any injury suffered by Plaintiffs or any member of the purported class.

## FIFTEENTH DEFENSE

### (Improper or Speculative Damages)

15. Some or all of Plaintiffs' and the putative class's alleged damages, if any, did not result from the portions of the statements alleged to be untrue or misleading and are otherwise speculative and not recoverable.

## SIXTEENTH DEFENSE

### (Lack of Materiality)

16. Plaintiffs' claims are barred in whole or in part because, if any false or misleading statement was made, or if any fact necessary to make any statement made not

-48-

misleading was omitted, which the Underwriter Defendants deny, then some or all of such statements were not material or otherwise legally actionable on any theory.

## SEVENTEENTH DEFENSE

### (Lack of Class Standing)

17. The Underwriter Defendants contend that this lawsuit should not proceed as a class on the grounds that, *inter alia*, Plaintiffs lack standing to represent the purported class, and are not typical of, and do not and cannot fairly and adequately represent the purported class, and because a class action will not be superior to other methods available for the adjudication of this controversy.

## EIGHTEENTH DEFENSE

### (Overbroad)

18. The putative class definition for Plaintiffs' claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## NINETEENTH DEFENSE

### (Right of Contribution)

19. On information and belief, the Underwriter Defendants may be entitled to recover contribution from other persons or entities for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged against the Underwriter Defendants.

## TWENTIETH DEFENSE

### (Statutory Damages Cap)

20. Pursuant to Section 11(g) of the Securities Act, 18 U.S.C. § 77k(g), Plaintiffs' right to recovery, if any, may not exceed the price at which Plaintiffs' securities were offered to the public.

-49-

## TWENTY-FIRST DEFENSE

### (Lack of Duty)

21. Plaintiffs' claims are barred in whole or in part because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the Registration Statement, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Registration Statement.

## TWENTY-SECOND DEFENSE

### (No Liability for Acts of Purported Agents)

22. This action is barred, in whole or in part, to the extent that the conduct alleged against the Underwriter Defendants is attributed to purported agents whose actions cannot be imputed to the Underwriter Defendants.

## TWENTY-THIRD DEFENSE

### (Incorporation by Reference)

23. The Underwriter Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

## TWENTY-FOURTH DEFENSE

### (Additional Defenses)

24. The Underwriter Defendants reserve the right to raise any additional defenses, crossclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## PRAYER FOR RELIEF

Based on the foregoing, the Underwriter Defendants request that (1) judgment be entered in favor of the Underwriter Defendants; (2) the Complaint be dismissed against the

Underwriter Defendants with prejudice; (3) this Court award the Underwriter Defendants' costs of suit, including attorneys' fees incurred in defense of this action; and (4) this Court grant such other and further relief as it deems just and appropriate.

Dated:  November 14, 2022

Respectfully submitted,

*/s/ Christopher E. Thorsen*
John S. Hicks (TN# 10478)
Christopher E. Thorsen (TN# 21049)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, Tennessee  37203
Telephone:  (615) 726-5600
Facsimile:  (615) 726-0464
jhicks@bakerdonelson.com
cthorsen@bakerdonelson.com

Sharon L. Nelles (*pro hac vice*)
Andrew J. Finn (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for Defendants J.P. Morgan Securities
LLC, Citigroup Global Markets Inc., BofA
Securities, Inc., Jefferies LLC, UBS Securities
LLC, Credit Suisse Securities (USA) LLC,
Guggenheim Securities, LLC, Stifel, Nicolaus
& Company, Incorporated, William Blair &
Company, LLC, and Loop Capital Markets
LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed via the Court's ECF filing system and served electronically via the Court's ECF system to those attorneys registered as Electronic Filing Users in this matter on this the 14th day of November, 2022.

*/s/Christopher E. Thorsen*
Christopher E. Thorsen

-52-