| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>      Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>STIPULATED PROTECTIVE ORDER |

The Parties acknowledge the need to enter a protective order, pursuant to Federal Rule of Civil Procedure Rule 26(c), that establishes procedures for designating and protecting confidential and proprietary information produced during this litigation and the procedures for challenging any such designation.[1] In light of the Parties' agreement, as evidenced by the signatures of counsel below, and for good cause:

**IT IS HEREBY STIPULATED AND AGREED**:

## I.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action may involve production of confidential information, proprietary information, individual personal information that is protected from

---

[1] Lead Plaintiff SEIU1199 Health Care Employees Pension Fund and Plaintiff Bucks County Employees Retirement System are together "Plaintiffs." David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, Susan Greenspon Rammelt, J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, LLC, Loop Capital Markets LLC, Camelot Venture Group, and SmileDirectClub, Inc. are the "Defendants." Defendants, together with Plaintiffs, are the "Parties" (each individually, a "Party").

disclosure under state or federal law (including identifying personal financial information), or private information, all of which may warrant special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (the "Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Protective Order.

## II.   DEFINITIONS

1.   "Action" means this litigation, captioned *Franchi v. SmileDirectClub, Inc., et al.*, No. 3:19-cv-00962 (M.D. Tenn.).

2.   "Personally Identifiable Information" or "PII," and "Protected Health Information" or "PHI," for purposes of this Protective Order, is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, the same scope and definition as set forth in 45 C.F.R. §160.103. Without limiting the generality of the foregoing, Personally Identifiable Information is comprised of the following identifiers of a patient/customer or of a relative, employer, or household member of a patient/customer:

(a)   Name;

(b)   Street address;

(c)   Birth date;

(d)   Telephone number;

(e)   Electronic mail address;

(f)   Social Security number;

(g)   Credit Card or Financial Account number; and

- 2 -

(h)     Full face photographic images.

3.      "CONFIDENTIAL" information means information that the Producing Party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the Producing Party or nonparties.  For purposes of this Order, the Parties will limit their designation of Confidential information to the following categories of information or documents:

(a)     Documents and information containing confidential client information or that is otherwise subject to attorney-client privilege; work product; or other privilege;

(b)     Confidential or proprietary business information or records;

(c)     Personnel files;

(d)     Tax returns, financial statements, and records;

(e)     Trade secrets; and/or

(f)     Records whose disclosure is restricted or prohibited by agreement or statute.

4.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" means categories of information or documents that the Producing Party designates in good faith include: (1) a Producing Party's trade secrets and its information closely related to trade secrets that is of such a highly sensitive or competitive nature that it is in good faith deemed to require a heightened designation; and/or (2) unredacted PII or PHI.

5.      "Privileged Material" means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, but not limited to, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

- 3 -

6. "Protected Material" means any document or information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" pursuant to this Protective Order. Documents that quote, summarize, or contain Protected Material (*e.g.*, discovery responses, transcripts, and court filings) may be accorded status as Protected Material but, to the extent reasonably feasible, shall be prepared in such a manner that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" is provided separately from that not entitled to protection.

7. "Producing Party" means the Party or third party that produced the Protected Material.

8. "Receiving Party" means any Party or third party that received the Protected Material.

9. "Outside Counsel" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

## III. DESIGNATING PROTECTED MATERIAL

1. The Parties shall make designations under this Protective Order in good faith. Protected Material should be designated by the Producing Party in one of the following ways:

(a) Information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" in the answer or response;

(b) Information contained in any document or part thereof may be so designated by marking the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" on the document or any copy of it delivered to the Receiving Party or by giving written notice to the Receiving Party describing the document or part thereof to be designated

- 4 -

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION;" or

(c)     With regard to information disclosed, or testimony given, at a deposition, the Producing Party may designate such information or testimony as "CONFIDENTIAL" by so indicating on the record at the deposition the testimony to which the designation applies, or by notifying the court reporter and all Parties to this Action, within 30 calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "CONFIDENTIAL." At the Producing Party's option, portions of a deposition transcript that have been designated as "CONFIDENTIAL" may be bound separately from the rest of the transcript and marked as such. A Producing Party has the right, at the deposition, to have the deposition testimony containing Confidential Information heard only by those permitted under this Protective Order to have access to such information. Using the same procedures, the Producing Party may designate portions of transcripts as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION."

2.     If it comes to a Producing Party's attention that Protected Material does not qualify for protection or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Any designation of Protected Material may be withdrawn by the Producing Party.

3.     The Producing Party may redact PII and Privileged Material from the documents it produces. Redactions must be as narrowly tailored as possible, and must be limited to only Privileged Material and PII. Redactions for privilege must be marked as such in the document and included in a privilege log. Redactions for PII must be marked as such in the document, but need not be logged. No other redactions are permitted without express written consent from the Receiving

- 5 -

Party or order of the Court. All documents must adhere to this provision, regardless of productions in other matters.

4. Third parties producing documents in this Action may also designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" subject to the same protections, obligations, and constraints as the Parties.

## IV. SCOPE

1. The protections conferred by this Protective Order cover not only Protected Material but also: (i) any information copied or extracted from Protected Material; (ii) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material.

2. The protections conferred by this Protective Order do not cover the following information:

(a) Material that on its face shows or that, through other evidence, the Receiving Party can show has been published to the general public;

(b) Information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this Action and that the Receiving Party is not otherwise obligated to treat as confidential;

(c) Information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(d) Information that, after its disclosure to a Receiving Party, is published to the general public by a Party having the right to publish such information; or

- 6 -

(e)     Information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material.

3.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.     NON-DISCLOSURE OF PROTECTED MATERIAL

1.     Except with the prior written consent of the Producing Party, as provided in this Protective Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a Receiving Party to any person except as described below.

2.     Protected Material designated as "CONFIDENTIAL" may be disclosed by a Receiving Party only to:

(a)     The Parties, their officers, directors, employees, and in-house counsel only to the extent reasonably necessary to provide assistance with the litigation, and Outside Counsel for the Parties, and the partners, associates, contract attorneys, secretaries, paralegals, assistants, and employees who are working at the direction of such counsel, but only to the extent reasonably necessary to render professional services in the Action and for use exclusively in this Action (and for no other purpose);

(b)     Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in this Action;

(c)     Persons shown on the face of the document, or through other definitive proof through documentary or testimonial evidence, to have authored or received it, but only for purposes of this Action and for no other purpose;

(d)     Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this Action and for no other purpose;

- 7 -

(e) Any witness or potential witness in interviews or preparation for any deposition, hearing, or trial in this Action and at any deposition or hearing in this Action;

(f) Consultants or experts retained for the purpose of assisting Outside Counsel in this litigation who are not current employees of a competitor of a Party and have not, at the time of retention, agreed to become an employee of a competitor of a Party, subject to the other requirements in this paragraph. Prior to being given access to Protected Material of the Producing Party, the consultant or expert must execute the Acknowledgment of Confidentiality Designations and Agreement to Be Bound by Terms of Court Order attached as Exhibit A to this Protective Order (the "Acknowledgment," attached hereto as Exhibit A);

(g) Any settlement conference officer or mediator who attempts to mediate this Action (if any), together with their staff, provided any mediator is furnished with a copy of this Protective Order and executes the Acknowledgement prior to being given access to any Protected Material; and

(h) Third-party providers of document reproduction, electronic discovery, or other litigation support services retained for this Action who have executed the Acknowledgment.

3. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" shall not be available to those persons listed in §V.B.1, except for: (1) the members of the Bucks County Retirement Board ("Bucks County Board"); (2) the members of the 1199SEIU Health Care Employees Pension Fund Board of Trustees ("1199SEIU Board")[2]; and (3) Outside Counsel for the Parties, and the partners, associates, contract attorneys, secretaries, paralegals, assistants, and employees who are working at the direction of such counsel, but only to the extent reasonably

---

[2] Prior to being given access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," members of the Bucks County Board and the 1199SEIU Board must execute the Acknowledgment and provide a copy of the executed Acknowledgement to counsel for Parties.

- 8 -

necessary to render professional services in the Action and for use exclusively in this Action (and for no other purpose). Additionally, to the extent "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" is relevant at trial or at any hearing before the Court, the Parties shall discuss in good faith any questions related thereto at that time.

4. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Protective Order. Receiving Parties shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity but in no event less than a reasonable degree of care. With the exception of Protected Information designated by and stored among the Defendants, Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction, including, but not limited to:

(a) Protected Material in electronic form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including, but not limited to, application of access control rights to those persons entitled to access Protected Material under this Protective Order, including two-factor authentication;

(b) A list of current and former authorized users of the Receiving Party's litigation support site, as well as an audit trail, shall be maintained while this litigation, including any appeal, is pending (audit trails should reflect all access and activities by either users or administrators);

(c) Protected Material downloaded from a litigation support site in electronic format shall be stored or shipped only on devices or media (*e.g.*, tablet, smartphone, USB drive)

- 9 -

encrypted with access limited to persons entitled to access Protected Material under this Protective Order, except that Protected Material stored on laptops or desktops can be password protected;

(d) Protected Material in paper format shall be maintained in the Receiving Party's counsel's law offices or a comparably secure location, with access limited to persons entitled to access Protected Material under this Protective Order;

(e) Electronic delivery of Protected Material shall be by encrypted Secure File Transfer Protocol or encrypted email addressed only to persons entitled to access Protected Material under this Protective Order;

(f) Electronic data hosted on the litigation support site shall be encrypted at rest and during transit at all times, subject to decryption only by authorized users;

(g) Physical shipments of Protected Material shall be by courier and securely sealed and addressed only to persons entitled to access Protected Material under this Protective Order;

(h) If a data breach, which includes improper access and not just exfiltration, that includes Protected Material occurs, or a Receiving Party reasonably believes such a breach may have occurred, the Receiving Party shall promptly report such incident to the Producing Party, describe the Protected Material accessed, and use best efforts to return to the Producing Party the Protected Material accessed. The Receiving Party shall also promptly take such actions the Producing Party requests in good faith to remediate the breach, preclude further breaches, and take such actions required by applicable laws, including privacy laws. In no event is a Producing Party ceding notification or remedial rights in the event of a breach; and

(i) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order,

- 10 -

the Receiving Party must, as soon as is practicable: (a) notify in writing the Producing Party of the unauthorized disclosure; (b) use best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Protective Order and have the person or persons execute the Acknowledgment.

5. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Protective Order to the same extent as the Protected Material itself and, if in written form, must be labeled the same as the Protected Material. A recipient shall not duplicate any "CONFIDENTIAL" information except for use as working copies and for filing in court.

## VI. DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

1. Any Party may request a change in the designation of Protected Material. Any Protected Material shall be treated as designated until the change is completed.

2. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3. The Party challenging a confidentiality designation shall identify in writing each challenged document by Bates number and set forth the specific reasons it does not believe the confidentiality designation is appropriate.

4. Within 28 days of a challenge to a designation, the Party challenging confidentiality must move the Court for relief unless the Parties agree otherwise or the matter has been resolved by the Parties. Counsel for each Party shall meet and confer within seven days of a challenge to limit the scope of any issues requiring resolution by the Court. To that end, if the matter is not resolved by the Parties, the Parties shall identify exemplar documents for the Court's review, a ruling on

- 11 -

which will allow the Parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.

## VII. SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

1. If a party receives a subpoena or other legal process that calls for disclosure of any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" by another party, the party from whom disclosure is sought shall, by the third business day after receipt thereof or the earliest practicable date thereafter: (a) give written notice by hand delivery or email of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (b) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (c) not make production or disclosure of such Protected Material until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose such information.

## VIII. FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

1. Nothing in this Protective Order shall prevent any Party from using "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" at hearings, trial, or in court filings. If a Party seeks to file any documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," however, the Party must first file a motion seeking to file the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" under seal pursuant to both the local and federal rules, including without limitation Local Rule 5.03 and §5.07 of Administrative Order No. 167-1. If a Party includes any information that has been designated as CONFIDENTIAL Information in any filing, the Party will

- 12 -

make redactions or take whatever reasonable steps are necessary to prevent publicly disclosing that information in accordance with the local and federal rules. If a Party's request to file CONFIDENTIAL Information under seal is denied by the Court, the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## IX.  PROPER USE OF PROTECTED MATERIAL

1.  Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this Action only, including appeals and retrials, and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## X.  NON-TERMINATION

1.  The provisions of this Protective Order shall not terminate at the conclusion of this Action. Upon written request, within 90 days after final disposition of this Action, a Receiving Party shall take commercially reasonable efforts to see that all Protected Material and all copies of the same (other than exhibits of record) shall either be returned to the Producing Party or destroyed. Final disposition, for purposes of this Protective Order, is the latter of: (a) dismissal of all claims and defenses in this Action, with prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, counsel for all Parties may keep one copy of any transcripts, pleadings, and exhibits and shall maintain them in confidence in accordance with the terms of this Protective Order. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 60 days after final termination of this Action.

- 13 -

## XI. CLAWBACK OF DISCLOSURE

1. A Producing Party that determines it made a disclosure of Protected Material without proper designation, or Privileged Material in this Action, shall promptly notify the Receiving Party following discovery of the production, and the Receiving Party shall:

(a) In the case of Privileged Material:

(i) immediately cease the review and use of the disclosed document or information, except to the extent necessary to determine and/or contest the privilege or protection;

(ii) if the Receiving Party does not intend to challenge the assertion, return, or destroy the disclosed document or information forthwith, as well as any and all copies thereof; and

(iii) if the Receiving Party does not intend to challenge the assertion, shall undertake all reasonable efforts to destroy any references to the erroneously or inadvertently disclosed document or its contents, to the extent such references exist in other materials prepared by the Receiving Party; or,

(b) In the case of Protected Material, mark it and all copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," as applicable, and treat the document as Protected Material under the terms of this Protective Order.

(c) A Party may sequester documents if challenging a clawback request.[3]

2. Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the disclosed discovery has been returned, sequestered, or destroyed subject to the terms of this Protective Order. The Receiving Party must

---

[3] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data are restored, the Receiving Party must take steps to return, destroy, or re-sequester the restored Protected Material or Privileged Material.

4862-0641-9536.v1

sequester any discovery item claimed to be Privileged Material if the Receiving Party intends to challenge the designation or move the Court for a ruling that the document was never privileged or protected unless and until the Court determines the document is privileged or protected.

3. If any produced Privileged Material or Protected Material has been provided to a non-party by a Receiving Party, the Receiving Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and proper designation of the Protected Material, including reminding the non-party of its obligation to adhere to the terms of this Protective Order to which the non-party agreed by executing the Acknowledgment.

4. Notice of disclosure shall apply to all copies of the document disclosed.

5. If a Receiving Party disputes the Producing Party's privilege claim over clawed-back material, the Receiving Party shall notify the Producing Party of the dispute and the basis therefor in writing within ten business days. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within seven business days. In the event the Producing Party and Receiving Party do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within ten days of the determination that no resolution will be achieved. If such a motion is made, the moving Party shall submit to the Court for *in camera* review a copy of the produced Privileged Material in connection with its motion papers.

6. A Party is not precluded by this Protective Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Protective Order.

## XII. MODIFICATION PERMITTED

1. Any Party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect, and each person subject

- 15 -

to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Protective Order by the occurrence of conclusion of this Action or by the filing of a notice of appeal or other pleading that would have the effect of divesting this Court of jurisdiction of this Action generally.

IT IS SO STIPULATED.

DATED:  February 10, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
HENRY S. BATOR, #40431


s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
hbator@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 16 -

DATED: February 10, 2023

RILEY & JACOBSON, PLC
STEVEN A. RILEY (#6258)
MILTON S. MCGEE, III (#24150)
ELIZABETH O. GONSER (#26329)

s/ STEVEN A. RILEY
STEVEN A. RILEY

1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Jay B. Kasner
Scott D. Musoff
Michael C. Griffin
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (917) 735-2000

Counsel for Defendants SmileDirectClub, Inc.,
David Katzman, Kyle Wailes, Steven Katzman,
Jordan Katzman, Alexander Fenkell, Richard
Schnall, Susan Greenspon Rammelt and Camelot
Venture Group

DATED: February 10, 2023

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
JOHN S. HICKS (TN# 10478)
CHRISTOPHER E. THORSEN (TN# 21049)

s/ CHRISTOPHER E. THORSEN
CHRISTOPHER E. THORSEN

1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jhicks@bakerdonelson.com
cthorsen@bakerdonelson.com

- 17 -

SULLIVAN & CROMWELL LLP
Sharon L. Nelles
Andrew J. Finn
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Counsel for Defendants J.P. Morgan Securities
LLC, Citigroup Global Markets Inc., BofA
Securities, Inc., Jefferies LLC, UBS Securities
LLC, Credit Suisse Securities (USA) LLC,
Guggenheim Securities, LLC, Stifel, Nicolaus &
Company, Incorporated, William Blair &
Company, LLC and Loop Capital Markets LLC

\*       \*       \*

## O R D E R

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   February 13, 2023

THE HONORABLE JEFFERY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

- 18 -

**ATTACHMENT A**
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SMILEDIRECTCLUB, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 3:19-cv-00962
**(Consolidated)**

CLASS ACTION

Judge Eli J. Richardson
Magistrate Judge Jeffery S. Frensley

ACKNOWLEDGMENT OF
CONFIDENTIALITY DESIGNATIONS
AND AGREEMENT TO BE BOUND BY
TERMS OF COURT ORDER

I, _____, declare that:

I reside at _____

in the City of _____, County of _____, State of _____.

My telephone number is _____. I am currently employed at

_____ located at

_____, and my current job title is

_____.

I have read and understand the terms of the Stipulated Protective Order filed in *Franchi v. SmileDirectClub, Inc., et al.*, No. 3:19-cv-00962 (M.D. Tenn.), currently pending in the United States District Court for the Middle District of Tennessee. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" obtained

<div align="center">- 19 -</div>

Case 3:19-cv-00962    Document 131    Filed 02/13/23    Page 19 of 23 PageID #: 3090

pursuant to such Stipulated Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such documents except for the purposes of this Action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received any documents in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION."

I submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

This _____ day of _____, ____.


_____
Signature


_____
Printed Name

4862-0641-9536.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="margin-left:40%;">

s/CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
  & DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

Email: cwood@rgrdlaw.com

</div>

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,nnguyen@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,lkroll@bakerdonelson.com,mbarrass@bakerdonelson.com,khuskey@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Stephen Johnson**
  sjohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

Case 3:19-cv-00962    Document 131    Filed 02/13/23    Page 22 of 23 PageID #: 3093

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com

- **Hannah Stowe**
  hstowe@beneschlaw.com,docket2@beneschlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,mbarrass@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,JStein@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,creis(

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:19-cv-00962    Document 131    Filed 02/13/23    Page 23 of 23 PageID #: 3094