# EXHIBIT 19

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Jeffrey J. Stein
jstein@rgrdlaw.com

March 14, 2023

<u>VIA EMAIL</u>

Shane M. Palmer
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

     Re:    *Franchi v. SmileDirectClub, Inc., et al.*, No. 3:19-CV-00962 (M.D. Tenn.)

Dear Mr. Palmer:

I write on behalf of Plaintiffs to memorialize and follow up on our call on March 8, 2023 concerning Plaintiffs' outstanding requests for production of documents ("RFPs") to the Underwriter Defendants. On the call, the Underwriter Defendants highlighted the impending deadline for substantial completion of document production of April 10, 2023. Plaintiffs also seek prompt resolution of these outstanding issues to meet this deadline and expect the Underwriter Defendants will work with Plaintiffs to resolve these outstanding discovery-related issues in short order.

## I. Insurance Agreements

During our March 8, 2023 call, you represented that eight of the underwriters, all but Loop Capital and Jefferies, have confirmed they do not possess any insurance agreements potentially covering liability in this action. You also represented Loop Capital and Jeffries would make representations about their insurance coverage this week. Please pass those representations on as soon as you receive them.

## II. IPO Custodians

You stated the Underwriter Defendants are working on a custodian counterproposal for all underwriters except J.P. Morgan Securities LLC ("JPM"). You stated, with respect to JPM, you do not intend to offer additional custodians beyond the four that have been collected and reviewed in the State Action, *In re SmileDirectClub, Inc. Sec. Litig.*, No. 19-1169-IV (Tenn. Ch. Ct.). You claimed to have no indication that any relevant communications and/or documents exist outside those four custodians but acknowledged you did not search any other custodians beyond the four custodians to determine whether additional relevant documents exist.

The parties did not resolve the appropriate amount of custodians for any Underwriter Defendant but agreed to discuss this issue further after you present the Underwriter Defendants' counterproposal. Please provide this proposal by Tuesday, March 21, 2023. After we receive the Underwriter Defendants' counterproposal, we would like to set up a meet and confer to understand why the Underwriter Defendants excluded any requested custodians.

**III.     Analyst Custodians**

The parties dispute whether the analyst research, notes, and other materials underlying analyst reports are discoverable. As explained during the call, the research underlying the reports is relevant to show what these investment professionals thought was (and was not) material and important for investors to understand. Courts have ordered production of such materials for similar reasons. *See, e.g.*, *In re Seagate Tech. II Sec. Litig.*, 1993 U.S. Dist. LEXIS 18065, at *3 (N.D. Cal. June 10, 1993). Please advise Plaintiffs by Tuesday, March 21, 2023 whether you will agree to add these proposed analyst custodians.

**IV.     Search Terms**

During our call, you confirmed that the Underwriter Defendants had generated a hit report covering Plaintiffs' proposed search terms and agreed to share that hit report with Plaintiffs. Along with this hit report, and in accordance with the SmileDirectClub Defendants' practice in this action, please also indicate: (1) which proposed search terms you agree with; (2) which proposed search terms you think require narrowing; (3) which proposed search terms you disagree with, regardless of scope; and (4) the reasons underlying your positions. Please provide this information by Tuesday, March 21, 2023.

**V.     Other ESI Sources**

The parties also discussed the Underwriter Defendants' use of alternative forms of electronic communication, such as text messages, personal emails, chats, and internal messaging systems. You described a "double-confirmation" search process for such sources, under which you: (1) ask each custodian whether they used these forms of communication to conduct business; and (2) regardless of the answer, collect and search sources under their employer's control. Our understanding is you have not yet determined whether JPM used text messages, personal emails, or external chats; and you have not determined whether the other nine Underwriter Defendants used any form of other ESI.

As I explained during the call, given the known use of these forms of communication by several of the Underwriter Defendants, we ask for transparency regarding your investigation of these issues. As you proceed through your double-confirmation process for each Underwriter Defendant, we request you promptly disclose: (1) whether any Underwriter Defendant indicates it used another

form of communication (text, personal email, external chat, internal messaging) and what type(s) it used; (2) whether you otherwise determine that such forms of communications were used by any Underwriter Defendant and what type(s) they used; (3) whether such forms of communication were preserved; and (4) whether you intend to search these sources for relevant documents as part of this litigation. By March 21, 2023, please let us know whether you agree to provide this transparency.

Best regards,

JEFFREY J. STEIN

JJS:drd