IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, et al., | ) |
| | ) |
| Plaintiffs, | ) NO. 3:19-cv-00962 |
| | ) JUDGE RICHARDSON |
| v. | ) |
| | ) |
| SMILEDIRECTCLUB, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The Court has received notice that Defendant SmileDirectClub, Inc. has filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. (Doc. No. 157). Absent an order by the Bankruptcy Court, 11 U.S.C. § 352(a) grants an automatic stay of judicial proceedings involving the debtor defendants while the bankruptcy proceedings are ongoing. Such a stay is typically applicable only to debtor defendants—which in this case includes only SmileDirectClub, Inc. (Doc. No. 157-1 at 33)—and not to their co-defendants; however, the Sixth Circuit has recognized a limited "unusual circumstances" exception that would make the stay applicable to all defendants. *See Wilon v. Springfield Health Facilities, LP*, No. 3:16-cv-694, 2018 WL 11397520, at *1 (W.D. Ky. March 2, 2018) (citing *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

Accordingly, pursuant to 11 U.S.C. § 362(a), this case is automatically **STAYED** as to Defendant SmileDirectClub, Inc., pending further order of the Court. However, the docket reflects that the suggestion of bankruptcy was filed by not only Defendant SmileDirectClub, Inc., but also by Defendants Camelot Venture Group, Alexander Fenkell, David Katzman, Jordan Katzman,

Steven Katzman, Susan Greenspon Rammelt, Richard Schnall, and Kyle Wailes. It is unclear whether this is because these other Defendants are claiming the protection of the automatic stay, or whether this was mere happenstance because all of these Defendants happen to be represented by the same counsel that represent Defendant SmileDirectClub, Inc. It is further unclear whether a stay for Defendant SmileDirectClub, Inc. would constitute unusual circumstances for any of these other Defendants and, further, whether a stay (for Defendant SmileDirectClub, Inc. and potentially for any of the other aforementioned other Defendants) would constitute unusual circumstances with respect to the other remaining Defendants (namely, J.P. Morgan Securities, LLC; Bofa Securities, Inc.; Citigroup Global Markets, Inc.; Credit Suisse Securities (USA), LLC; Guggenheim Securities, LLC; Jefferies, LLC; Loop Capital Markets, LLC; Nicolaus & Company, Incorporated; Stifel; UBS Securities, LLC; and William Blair & Company, LLC).

Accordingly, all Defendants shall have fourteen (14) days from the filing of this Order to file a notice (in whatever number of filings are necessary given which Defendants are filing and how many of them are represented by the same counsel) stating its position as to (i) which (if any) other Defendant(s) are covered by the automatic stay and (ii) why the "unusual circumstances" exception applies so as to justify staying the proceeding against any such Defendant(s). Plaintiffs will then have twenty-eight (28) days from the filing of this Order to respond to any such notice that is filed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE