UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>     Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>PLAINTIFFS' RESPONSE TO THE<br>COURT'S OCTOBER 13, 2023 ORDER |

- 1 -

**TABLE OF CONTENTS**

Page

I.     Introduction ................................................................................................................. 1

II.    Argument ..................................................................................................................... 2

    A.     No Other Defendants Are Covered by the Automatic Stay .................................... 2

    B.     No Unusual Circumstances Exist to Justify Staying Proceedings Against
        Any Non-Debtor Defendant .................................................................................... 4

        1.     The Individual Defendants Have Not Met Their Heavy Burden to
            Demonstrate Unusual Circumstances ........................................................... 5

            a.     The Individual Defendants' Speculative Indemnification
                Does Not Create Unusual Circumstances ......................................... 5

            b.     The Individual Defendants Are Independently Liable for
                Their Alleged Misconduct ................................................................. 8

            c.     The Individual Defendants' Attention Will Not Be
                "Diverted" from SDC's Reorganization ......................................... 11

        2.     The Underwriter Defendants Fail to Satisfy Their Heavy Burden to
            Demonstrate Unusual Circumstances ......................................................... 11

            a.     The Underwriter Defendants Are Independently Liable for
                Their Alleged Misconduct ............................................................... 12

            b.     The Underwriter Defendants' Purported Indemnification
                Does Not Create Unusual Circumstances ....................................... 13

            c.     The Underwriter Defendants' Claims of Prejudice Are
                Unsubstantiated ............................................................................... 15

    C.     The Court Should Not Exercise Its Discretion to Stay the Claims Against
        the Non-Debtor Defendants ................................................................................. 15

        1.     An Indefinite Stay Does Not Promote Judicial Economy ......................... 15

        2.     Plaintiffs Will Be Prejudiced by a Stay .................................................... 16

III.   Conclusion ................................................................................................................ 18

4853-9201-1407.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*A.H. Robins Co. v. Piccinin*,
788 F.2d 994 (4th Cir. 1986) ................................................................ *passim*

*Arnold v. Garlock, Inc.*,
278 F.3d 426 (5th Cir. 2001) .................................................................7

*Baechel v. Republic Storage Sys., LLC*,
2018 WL 1243424 (N.D. Ohio Mar. 9, 2018) ...........................................7

*Best v. Portfolio Recovery Assocs., LLC*,
2017 WL 11717682 (M.D. Tenn. Oct. 31, 2017) ....................................16

*Dental Ben. Mgmt., Inc. v. Capri*,
153 B.R. 26 (E.D. Pa. 1992) ...............................................................17

*Deutsch v. Liquid Holdings Grp. Inc.*, 2016 WL 3017757
(N.Y. Sup. Ct. May 25, 2016)..............................................................13

*Dunkirk Ltd. P'ship v. TJX Cos. Inc.*,
139 B.R. 643 (N.D. Ohio 1992)...........................................................14

*Duval v. Gleason*,
1990 WL 261364 (N.D. Cal. Oct. 19, 1990)...........................................10

*Edwards v. McElliotts Trucking, LLC*,
2017 WL 5559921 (S.D.W. Va. Nov. 17, 2017) .......................................7

*Eichenholtz v. Brennan*,
52 F.3d 478 (3d Cir. 1995).............................................................13, 14

*EPAC Techs., Inc. v. HarperCollins Christian Publ'g Inc.*,
2018 WL 1542040 (M.D. Tenn. Mar. 29, 2018),
*aff'd as modified sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc.*,
2018 WL 3322305 (M.D. Tenn. May 14, 2018)......................................16

*First Golden Bancorporation v. Weiszmann*,
942 F.2d 726 (10th Cir. 1991) ............................................................14

*George K. Baum Advisors, L.L.C. v. Sprint Spectrum, L.P.*,
2013 WL 5719506 (D. Kan. Oct. 21, 2013) ...........................................14

4853-9201-1407.v1

*Globus v. Law Rsch. Serv., Inc.*,
418 F.2d 1276 (2d Cir. 1969)..................................................................................13

*Gray v. Bush*,
628 F.3d 779 (6th Cir. 2010) ..................................................................................18

*Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*,
2009 WL 2413664 (S.D. Ala. Aug. 3, 2009)...........................................................7

*Harden v. Raffensperger, Hughes & Co.*,
933 F. Supp. 763 (S.D. Ind. 1996).........................................................................9

*Heizer Corp. v. Ross*,
601 F.2d 330 (7th Cir. 1979) .................................................................................14

*In re Cincom iOutsource, Inc.*,
398 B.R. 223 (Bankr. S.D. Ohio 2008)....................................................................7

*In re Colonial BancGroup, Inc. Sec. Litig.*,
2010 WL 119290 (M.D. Ala. Jan. 7, 2010) .......................................................8, 13

*In re Crystal Brands Sec. Litig.*,
862 F. Supp. 745 (D. Conn. 1994).........................................................................10

*In re Divine Ripe, L.L.C.*,
538 B.R. 300 (Bankr. S.D. Tex. 2015) ................................................................4, 7

*In re Dow Corning Corp.*,
86 F.3d 482 (6th Cir. 1996) .................................................................................4, 5

*In re First Cent. Fin. Corp.*,
238 B.R. 9 (Bankr. E.D.N.Y. 1999)....................................................................1, 10

*In re Johnson*,
548 B.R. 770 (Bankr. S.D. Ohio 2016).............................................................3, 4, 13

*In re MCSi, Inc.*,
371 B.R. 270 (S.D. Ohio 2004) ...................................................................... *passim*

*In re Medex Reg'l Lab'ys, LLC*,
314 B.R. 716 (Bankr. E.D. Tenn. 2004) ..................................................................7

*In re N. Star Contracting Corp.*,
125 B.R. 368 (S.D.N.Y. Mar. 17, 1991)................................................................14

4853-9201-1407.v1

*In re Related Asbestos Cases*,
23 B.R. 523 (N.D. Cal. 1982) ...................................................................................8

*In re Reliance Acceptance Grp., Inc.*,
235 B.R. 548 (D. Del. 1999)....................................................................................6

*In re SmileDirectClub, Inc. Sec. Litig.*,
No. 19-1169-IV (Tenn. Ch. Ct., Davidson Cnty. Oct. 30, 2023),
Order on Plaintiffs' Motion to Modify the Court's Order Stay Proceedings .....................2, 17

*In re Sunbeam Sec. Litig.*,
261 B.R. 534 (S.D. Fla. 2001) ...............................................................................17

*In re WorldCom, Inc. Sec. Litig.*,
2005 WL 335201 (S.D.N.Y. Feb. 14, 2005)...............................................................9

*Indiana Pub. Ret. Sys. v. AAC Holdings, Inc.*,
2021 WL 1316705 (M.D. Tenn. Apr. 8, 2021).........................................................10

*Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.*,
2009 WL 385583 (N.D. Ohio Feb. 13, 2009).............................................................8

*King v. Gibbs*,
876 F.2d 1275 (7th Cir. 1989) ...............................................................................14

*Kreisler v. Goldberg*,
478 F.3d 209 (4th Cir. 2007) ...................................................................................5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................................15, 18

*Laventhol, Krekstein, Horwath & Horwath v. Horwitch*,
637 F.2d 672 (9th Cir. 1980) .................................................................................14

*Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*,
2014 WL 4783008 (S.D.N.Y. Sept. 25, 2014)...........................................................8

*Lynch v. Johns-Manville Sales Corp.*,
710 F.2d 1194 (6th Cir. 1983) ..........................................................................2, 5, 15

*Nat'l Oilwell Varco, L.P. v. Mud King Prods., Inc.*,
2013 WL 1948766 (S.D. Tex. May 9, 2013).............................................................14

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*,
564 B.R. 192 (S.D.N.Y. 2016)...............................................................................12, 13

*NHI REIT of TX-IL, LLC v. The LaSalle Grp., Inc.*,
387 F. Supp. 3d 850 (M.D. Tenn. 2019)...............................................................3, 4

*Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*,
565 F.2d 393 (6th Cir. 1977) ..................................................................................17

*Patton v. Bearden*,
8 F.3d 343 (6th Cir. 1993) ...............................................................................3, 5, 7

*Robert Plan Corp. v. Liberty Mut. Ins. Co.*,
2010 WL 1193151 (E.D.N.Y. Mar. 23, 2010).........................................................14

*Tchrs. Ins. & Annuity Ass'n of Am. v Butler*,
803 F.2d 61 (2d Cir. 1986)........................................................................................2

*Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*,
2018 WL 2187379 (D.N.J. May 11, 2018)..............................................................15

*Tuller v. Tintri, Inc.*,
2018 WL 4385652 (N.D. Cal. Sept. 14, 2018) ........................................................13

*Wells Fargo Advantage Nat'l Tax Free Fund v. Helicon Assocs., Inc.*,
2010 WL 11541839 (E.D. Mich. Mar. 15, 2010) ......................................................3

*Williford v. Armstrong World Indus., Inc.*,
715 F.2d 124 (4th Cir. 1983) ....................................................................................2

*Wilson v. Springfield Health Facilities, LP*,
2018 WL 11397520 (W.D. Ky. Mar. 2, 2018) ...........................................................3

*Zwick Partners, LP v. Quorum Health Corp.*,
456 F. Supp. 3d 949 (M.D. Tenn. 2020)......................................................... *passim*

**STATUTES, RULES AND REGULATIONS**

11 U.S.C.
  §105.......................................................................................................................4
  §362(a) ...............................................................................................................2, 5
  §362(a)(1) .......................................................................................................1, 2, 7
  §510(b)..................................................................................................................7

15 U.S.C.

§77.................................................................................................................5, 9. 13
§77k.......................................................................................................................9
§77k(f)(1)..............................................................................................................9
§77k(f)(2)(A) ........................................................................................................9
§77l(a)(2) ..............................................................................................................9
§77o.......................................................................................................................9
§77o(a) ..................................................................................................................9
§77t(a)..................................................................................................................10
§77z-1 ..............................................................................................1, 13, 16, 17
§78.....................................................................................................................5, 9
§78j(b).............................................................................................................9, 10
§78t(a)..............................................................................................................9, 10

4853-9201-1407.v1

## I. Introduction

Plaintiffs respectfully submit this Response to the Court's October 13, 2023 Order (ECF 158) (the "Order") and to the Individual Defendants' and the Underwriter Defendants' (together, the "Non-Debtor Defendants") notices of position regarding the application of a stay of this action in light of SDC's bankruptcy.[1] ECF 159-160.

*First*, it is black-letter law that, aside from SDC, no other defendant is covered by the automatic stay under §362(a)(1) of the Bankruptcy Code.

*Second*, no "unusual circumstances" exist that would justify extending the stay to any other defendant. Such a determination is for the Bankruptcy Court *alone* to make; and even if SDC moved to extend the stay in Bankruptcy Court (which it has not), such a request would be denied. None of the Non-Debtor Defendants' speculative claims to indemnification are sufficient to create unusual circumstances; all Defendants are independently liable for the misconduct alleged in the Complaint (ECF 85); and there are no impediments to proceeding with this litigation while SDC completes the bankruptcy process. Neither should this Court use its discretion to stay the claims against the Non-Debtor Defendants as such a stay would usurp the Bankruptcy Court's authority and prejudice Plaintiffs, who have already endured a lengthy stay of their claims pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

---

[1] "Plaintiffs" are Lead Plaintiff 1199SEIU Health Care Employees Pension Fund and plaintiff Bucks County Employees Retirement System. "Defendants" are, collectively, David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, Susan Greenspon Rammelt (the "SDC Defendants"). J.P. Morgan Securities LLC, Citigroup Global Markets, Inc., BofA Securities Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, LLC, Loop Capital Markets LLC (the "Underwriter Defendants"), Camelot Venture Group ("Camelot"), and SmileDirectClub, Inc. ("SDC"). The SDC Defendants and Camelot are the "Individual Defendants." Plaintiffs and Defendants together are the "Parties."

- 1 -

Plaintiffs do not oppose a brief pause in this action until December 1, 2023, consistent with Chancellor Perkins' Order in the State Court Action. *See In re SmileDirectClub, Inc. Sec. Litig.*, No. 19-1169-IV (Tenn. Ch. Ct., Davidson Cnty. Oct. 30, 2023), Order on Plaintiffs' Motion to Modify the Court's Order Stay Proceedings ("State Court Stay Order").[2] However, this Court should decline to delay this action any further absent an order from the Bankruptcy Court.

## II. Argument

### A. No Other Defendants Are Covered by the Automatic Stay

The automatic stay under §362(a)(1) of the Bankruptcy Code ***does not*** automatically apply to any non-debtor defendant. The Sixth Circuit is unequivocal on this point:

> Confronting the initial inquiry of whether the automatic stay provision, 11 U.S.C. §362(a), may be invoked by the solvent co-defendants [] to stay proceedings against them, it is noted that said provision ***facially stays proceedings "against the debtor" and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor*** . . . .

*Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983).[3] Several other circuits are in accord. *See, e.g., Tchrs. Ins. & Annuity Ass'n of Am. v Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (observing: "[i]t is well-established that stays pursuant to §362 are limited to debtors and do not encompass non-bankrupt co-defendants"); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126-27 (4th Cir. 1983) (finding the automatic stay "belongs exclusively to the 'debtor' in bankruptcy").

Moreover, the decision whether to expand the automatic stay to include non-debtors – including pursuant to the "unusual circumstances" test – lies exclusively with the Bankruptcy Court. The Sixth Circuit is unequivocal on this point as well:

---

[2] Attached as Exhibit A to the Declaration of Christopher M. Wood in Support of Plaintiffs' Response to the Court's October 13, 2023 Order, filed concurrently herewith.

[3] All emphasis is added and citations and footnotes are omitted, unless otherwise noted.

4853-9201-1407.v1

> [E]ven if a debtor-partnership may under unusual circumstances seek an injunction prohibiting action against its partners, ***requests for such relief can only be presented to the bankruptcy court***.

*Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993); *see also Wells Fargo Advantage Nat'l Tax Free Fund v. Helicon Assocs., Inc.*, 2010 WL 11541839, at \*20 (E.D. Mich. Mar. 15, 2010) ("The Court agrees that it does not have the power to extend the automatic stay to the non-bankrupt codefendants, and that such power resides with the bankruptcy court."); *In re Johnson*, 548 B.R. 770, 788 (Bankr. S.D. Ohio 2016) ("[A]ccording to the Sixth Circuit, the presence of unusual circumstances allows an extension of the stay only through an injunction issued under §105(a) [of the Bankruptcy Code by the bankruptcy court].").

Accordingly, courts in this district have routinely declined to extend stays to non-debtor defendants, instead deferring to the judgment of the bankruptcy court. *Zwick Partners, LP v. Quorum Health Corp.*, 456 F. Supp. 3d 949, 953 (M.D. Tenn. 2020) ("until such a time as the bankruptcy court suggests otherwise, this case will proceed as to all Defendants, except [the debtor defendant]"); *NHI REIT of TX-IL, LLC v. The LaSalle Grp., Inc.*, 387 F. Supp. 3d 850, 853 (M.D. Tenn. 2019) ("[W]hether the stay should be extended is best left to the decision of the bankruptcy court, and this Court will defer to its judgment. In the interim, however, and until such a time as the bankruptcy court suggests otherwise, this case will proceed as to all Defendants, except [the debtor defendant].").

The Order cites *Wilson v. Springfield Health Facilities, LP*, 2018 WL 11397520, at \*1 (W.D. Ky. Mar. 2, 2018), for the proposition that the Sixth Circuit may allow district courts to extend the scope of bankruptcy stays upon a finding of "unusual circumstances." ECF 158 at 1. To the extent *Wilson* so holds, it is wrongly decided. Indeed, *Wilson* cites only *Patton* as its authority for this holding; as explained above, *Patton* held exactly the opposite. 8 F.3d at 349 ("requests for such relief ***can only be presented to the bankruptcy court***").

- 3 -

The reason for this deference to the Bankruptcy Court is obvious. Section 105 of the Bankruptcy Code, the only legal basis for extension of the automatic stay to non-debtors, *see Johnson*, 548 B.R. at 788, defines the broad equitable powers of the Bankruptcy Court in the context of a bankruptcy case. The "unusual circumstances" that may, in rare cases, justify an extension of the stay focus on the impact of the non-debtor litigation on the Chapter 11 cases, not on the non-debtor defendants, and it is exclusively for SDC to seek such extraordinary relief. Despite the clear Sixth Circuit authority directing all requests for relief to the Bankruptcy Court, to date SDC has not sought relief in that forum. Instead, the Non-Debtor Defendants, not SDC, have inexplicably and inappropriately directed their efforts here. This Court should decline the Non-Debtor Defendants' invitation to usurp the clear authority of the Bankruptcy Court and the rights of SDC and refuse to extend the stay.

B.     **No Unusual Circumstances Exist to Justify Staying Proceedings Against Any Non-Debtor Defendant**

Even if the Non-Debtor Defendants were entitled to request such relief, and did so in the appropriate forum, they nevertheless could not meet the burden to demonstrate "unusual circumstances" sufficient to justify extending the automatic stay.

Unusual circumstances arise only when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re MCSi, Inc.*, 371 B.R. 270, 271 (S.D. Ohio 2004); *see also In re Dow Corning Corp.*, 86 F.3d 482, 493 (6th Cir. 1996); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). "The party invoking the stay has the burden to show that it is applicable" and necessary to protect the bankruptcy process. *See In re Divine Ripe, L.L.C.*, 538 B.R. 300, 302 (Bankr. S.D. Tex. 2015); *see also NHI REIT*, 387 F. Supp. 3d at 852.

- 4 -

Importantly, in the securities fraud context, the "unusual circumstances" test is not met merely by showing the securities claims against the non-debtor are "intertwined" with the claims against the debtor. In *Zwick*, Judge Crenshaw rejected that same argument from non-debtor defendants, explaining that "just because the non-[debtor] Defendants share a similar legal or factual nexus to [the debtor corporation] does not mean they can invoke an automatic stay of proceedings under §362(a)." 456 F. Supp. 3d at 952. Indeed, in general, the bankruptcy stay "'does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation.'" *Patton*, 8 F.3d at 349; *Lynch*, 710 F.2d at 1199 ("It is universally acknowledged that an automatic stay of proceeding accorded by §362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.").

> **1.     The Individual Defendants Have Not Met Their Heavy Burden
> to Demonstrate Unusual Circumstances**

The Individual Defendants have not shown a judgment against them would "'in effect be a judgment or finding against'" SDC. *Dow Corning*, 86 F.3d at 493. In particular: (a) the Individual Defendants are not entitled to absolute indemnity by SDC; and (b) the Individual Defendants face joint and several liability for their alleged violations of the Securities Act and Exchange Act.

> **a.     The Individual Defendants' Speculative
> Indemnification Does Not Create Unusual
> Circumstances**

Indemnification may constitute "unusual circumstances" only where a non-debtor "party . . . is entitled to *absolute* indemnity by the debtor on account of any judgment that might result against them in the case." *A.H. Robins*, 788 F.2d at 999; *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (holding an identity of interest triggering the "unusual circumstances" exception exists where the non-debtor "is entitled to absolute indemnity by the debtor on account of any judgment that

- 5 -

might result against them in the case"); *see also MCSi*, 371 B.R. at 272 (noting indemnification holding from *A.H. Robins* in route to lifting stay). "In such a situation, a judgment against a party to whom the debtor is bound to indemnify would essentially be a judgment against the debtor and would therefore frustrate the legislative intent to protect the bankrupt estate from creditors." *MCSi*, 371 B.R. at 272.

Here, the Individual Defendants are ***not*** entitled to ***absolute indemnity*** by SDC for ***any*** judgment that might result against them in this case; indeed, the Individual Defendants do not even contend that a judgment against them would trigger absolute indemnity. *See generally* ECF 159. Rather, they describe only in broad terms SDC's potential indemnification "obligations" to the Individual Defendants while failing to acknowledge the clear limitations to those "obligations."[4] *Id.* at 6-7. This is critical. Where, as here, the indemnity is expressly limited by the terms of the agreement, courts have held that extending the stay to a codefendant is inapplicable. For example, in *MCSi*, the court applied the "unusual circumstances" doctrine in a securities case and lifted the stay as to the non-debtor individual defendants, reasoning: "[B]y their own admission, [they] are entitled to only ***limited*** indemnity . . . . [They] would not be entitled to indemnification, for example, for acts or omissions committed in bad faith, or as a result of active and deliberate dishonesty." 371 B.R. 270, 272. So too here. On their faces, the relevant indemnification agreements contain the same "good faith" exception. *See* ECF 159, App'x A at 1-2. Only following a jury verdict and appellate process will the application of this "good faith" exception be determined and finalized.[5] Since the

---

4    There has also been no showing that any indemnity obligations owed by SDC will survive the bankruptcy process.

5    *See In re Reliance Acceptance Grp., Inc.*, 235 B.R. 548, 557 (D. Del. 1999) ("If the Shareholders are successful and obtain a judgment or judgments, coverage may be relevant as a practical matter, as certain of the defendants may not have the ability to pay any judgment. The defendants may have claims against the Company and the insurers for indemnification. It is at that time and in that

- 6 -

Individual Defendants' claimed indemnity is purely speculative, the automatic stay afforded for absolute indemnity does not apply.[6] *In re Medex Reg'l Lab'ys, LLC*, 314 B.R. 716, 722 (Bankr. E.D. Tenn. 2004) ("the fact remains that the Debtor may not be required to pay indemnification to any of the Movants").[7]

The cases Defendants cite only further support Plaintiffs' position. ECF 159 at 6-7; *see, e.g.*, *Baechel v. Republic Storage Sys., LLC*, 2018 WL 1243424, at \*3 (N.D. Ohio Mar. 9, 2018) (acknowledging "stays have not been extended [to non-debtors] when the [indemnification] agreement provides for merely the possibility of indemnity"); *Edwards v. McElliotts Trucking, LLC*, 2017 WL 5559921, at \*3 (S.D.W. Va. Nov. 17, 2017) (acknowledged case law holding non-debtors were not entitled to the stay absent a showing they were "entitled to 'absolute indemnity' as required by [*A.H. Robins*]"). In the outlier case of *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, 2009 WL 2413664 (S.D. Ala. Aug. 3, 2009), the court found the "unusual circumstances" test satisfied because there were "no facts or circumstances tending to suggest" bad faith; thus indemnity had to be assumed. *Id.* at \*2-\*3.[8] No similar assumption of indemnification can be made here.

---

context, an action among the Debtors, the officers and directors and the insurers, that this issue of the nature and extent of coverage would be resolved.").

[6] "The Sixth Circuit has made it abundantly clear that the §362(a)(1) stay of acts 'against the debtor' is to be strictly construed." *In re Cincom iOutsource, Inc.*, 398 B.R. 223, 226 (Bankr. S.D. Ohio 2008) (citing *Patton*, 8 F.3d 343). "[Section] 362 'is rarely . . . a valid basis on which to stay actions against non-debtors.'" *Divine Ripe*, 538 B.R. at 308 (quoting *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)).

[7] It should be noted that in any event, Non-Debtor Defendants' claims for indemnification are pre-petition general unsecured claims that are statutorily subordinated under §510(b) of the Bankruptcy Code.

[8] *Gulfmark* was distinguished by a securities case in which a motion to extend the automatic stay by non-debtor defendants was denied. "[W]hile the defendant groups rely substantially on *Gulfmark* in support of their motion to extend the stay, the Southern District of Alabama case involved the breach of a shipbuilding contract rather than a securities action, a distinction that clearly necessitates different judicial and policy analyses. The enforceability of indemnity agreements in securities suits

The Individual Defendants have not established absolute indemnity, so they have not met (and, because no absolute indemnity exists, they ***cannot*** meet) their burden to demonstrate "unusual circumstances" on that basis.

### b. The Individual Defendants Are Independently Liable for Their Alleged Misconduct

An automatic stay cannot be extended for the benefit of solvent co-defendants that are independently liable as joint tortfeasors. *A.H. Robins*, 788 F.2d at 999 ("[W]here the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty . . . the automatic stay would clearly not extend to such non debtor."). "Various courts have found that the automatic stay should not be extended to solvent co-defendants where the co-defendants may be held liable independently of the debtor." *Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.*, 2009 WL 385583, at *2 (N.D. Ohio Feb. 13, 2009) (denying a motion for reconsideration of the court's order lifting the stay against the individual defendants as the plaintiff brought "claims against Defendants Kauffman and Fine for their individual fraudulent conduct, for which they are independently liable") (collecting cases).

In line with *A.H. Robins*' recognition that "the automatic stay would clearly not extend" to a non-debtor defendant that was "independently liable," courts have declined to extend the automatic stay where a non-debtor can be held jointly and severally liable. *See, e.g.*, *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *4 (S.D.N.Y. Sept. 25, 2014) (declining to extend the automatic stay in part because the "complaint specifically seeks to hold [the non-debtor] jointly and severally liable"); *In re Related Asbestos Cases*, 23 B.R. 523, 529 (N.D. Cal.

---

may not be a settled question, but the judicial zeitgeist seems to steer away from this kind of corporate restitution." *In re Colonial BancGroup, Inc. Sec. Litig.*, 2010 WL 119290, at *3 (M.D. Ala. Jan. 7, 2010).

- 8 -

1982) ("a stay as to one codefendant does not require a stay as to the other where each defendant may be jointly and severally liable").

Here, each of the Individual Defendants face joint and several liability for their alleged violations of the Securities Act, and D. Katzman and Wailes additionally face joint and several liability under the Exchange Act.[9] *See* 15 U.S.C. §77k(f)(1); 15 U.S.C. §78t(a); 15 U.S.C. §77o(a); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 335201, at *2 (S.D.N.Y. Feb. 14, 2005) ("[Section 11] imposes joint and several liability upon all violators, 15 U.S.C. §77k(f)(1), with the exception of outside directors."); *Harden v. Raffensperger, Hughes & Co.*, 933 F. Supp. 763, 770 (S.D. Ind. 1996) ("Considering the purpose of §11, joint and several liability makes the utmost sense. Section 11 is intended to enforce disclosure requirements by making all those who take part in preparing a registration statement subject to liability if it contains any false or misleading statements or material omissions.").[10] Plaintiffs seek to hold the Individual Defendants jointly and severally liable for their alleged violations of the Securities Act and the Exchange Act. ECF 85 at 61 (seeking a judgment which includes "compensatory damages in favor of Plaintiffs and the other Class members against all defendants jointly and generally for all damages sustained as a result of defendants' wrongdoing"). The automatic stay cannot be extended to the Individual Defendants.

---

[9] D. Katzman and Wailes face independent liability because they made statements alleged to be materially misleading and acted as control persons of SDC. Specifically, D. Katzman and Wailes individually face counts alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, each SDC Defendant faces independent liability for §§11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"), and each Individual Defendant faces independent liability for §15 of the Securities Act. ECF 85, ¶¶64-85, 160-176. In light of these individual claims, the Individual Defendants' assertion that "the claims against them are one and the same as the claims against SDC" is simply wrong. ECF 159 at n.5.

[10] Section 11 starts with the presumption that all defendants are jointly and severally liable for §11 damages. 15 U.S.C. §77k(f)(1). 15 U.S.C. §77k(f)(2)(A) limits outside directors' liability to their proportionate liability based on their degree of wrongdoing relative to that of other defendants.

- 9 -

Courts routinely decline to extend a bankruptcy stay to individual defendants with direct claims against them in securities class actions. *See MCSi*, 371 B.R. at 273 ("The possibility of independent liability of the individual Defendants seems particularly apparent, given that Claim Two in Plaintiffs' Complaint alleges a violation of Section 20(a) of the Securities Act against the individual Defendants only, and not MCSi."); *In re Crystal Brands Sec. Litig.*, 862 F. Supp. 745, 747 n.1 (D. Conn. 1994) (in a securities class action alleging violations of §§10(b) and 20(a) of the Exchange Act: "Because plaintiffs have also sued the individual defendants in their capacity as controlling persons of Crystal Brands and because there is no indication that those persons are debtors for purposes of the bankruptcy proceeding, the Court will address the pending motion to dismiss as against the individual defendants."); *Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) ("[T]he securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation. To hold otherwise would allow the Bankruptcy Act to create a sizeable loophole through which malfeasant corporate officers and directors and their insurers could escape."); *see also Indiana Pub. Ret. Sys. v. AAC Holdings, Inc.*, 2021 WL 1316705, at *1 (M.D. Tenn. Apr. 8, 2021) (Richardson, J.) (ruling on motion to dismiss as to only the individual defendants in a securities class action alleging violations of §§10(b) and 20(a) of the Exchange Act after defendant company filed for bankruptcy).[11]

---

[11] *See also In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999) ("[W]here a non-debtor codefendant may be held independently liable of the debtor, then there is no compelling basis by which a court must extend the automatic stay provisions of §362 to the non-debtor codefendants.").

- 10 -

### c. The Individual Defendants' Attention Will Not Be "Diverted" from SDC's Reorganization

The Individual Defendants assert they "should be focused entirely on SDC's reorganization, not diverting their attention to preparing for depositions and other litigation activities." ECF 159 at 11. It is noteworthy, however, that the Debtors are apparently unconcerned about the impact of the Securities Litigation in the Chapter 11 Cases since they have not asked the Bankruptcy Court to extend the stay. Additionally, the Individual Defendants' contentions are further undermined by their own testimony. On November 5, 2023, in a deposition taken by the Official Committee of Unsecured Creditors of David Katzman, Katzman testified his day-to-day role as SDC's CEO had not changed pre- and post-bankruptcy petition. Ex. B at 9:6-14. Also, in the Individual Defendants' depositions taken so far in this case, each Individual Defendant has sought to downplay involvement with SDC's day-to-day operations. Co-founder Jordan Katzman testified he has "[n]o day-to-day responsibilities" at SDC. Ex. C at 36:3-5. Co-founder Alex Fenkell testified he has not "been involved in the company the last, at least, year, outside of just being on the board." Ex. D at 77:6-8. Richard Schnall, no longer a director of the Company, testified that, when he was a director of SDC, his work related to SDC "was somewhere in the range of one to three hours a week depending on the week." Ex. E at 53:20-22. Because the Individual Defendants are not focused on SDC's reorganization in the first place, there can be no fear their attention will be diverted to defending themselves in this case.

### 2. The Underwriter Defendants Fail to Satisfy Their Heavy Burden to Demonstrate Unusual Circumstances

The Underwriter Defendants, again without the acknowledgment or support of the Debtor, contend "unusual circumstances" exist to justify application of the bankruptcy stay to claims against them because: (a) Plaintiffs do not have independent claims against the Underwriter Defendants; (b) they are entitled to absolute indemnification; and (c) SDC will be prejudiced by being forced to

- 11 -

participate in discovery if the stay is not extended to the Underwriter Defendants.  ECF 160.  None of their contentions are persuasive.

### a. The Underwriter Defendants Are Independently Liable for Their Alleged Misconduct

Like the Individual Defendants, the Underwriter Defendants are independently liable for the harm suffered by investors that purchased the stock issued in SDC's IPO.  Indeed, their liability derives from their actions during SDC's IPO, including drafting, editing, and approving the false and misleading statements included in the registration materials.  ECF 85, ¶¶34-35.  As the Underwriter Defendants' own cases recognize: "The Underwriter Defendants and the [corporate debtor] Defendants are separate entities, and Plaintiff's claims against the various Defendants are factually related but legally distinct."  *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 196 (S.D.N.Y. 2016).

The Underwriter Defendants strain to distinguish this case from the highly analogous opinions in *New Jersey Carpenters* and *Zwick*, but their attempts are unavailing.  In both instances, the search for distinction leads them outside the plain language of the opinions, forcing them to cite unpublished complaints.  ECF 160 at 11-12.  To distinguish *New Jersey Carpenters*, for example, the Underwriter Defendants suggest the court's decision hinged on plaintiffs' allegation that the "offering documents misrepresented the level of due diligence conducted."  For *Zwick*, Defendants posit that the Court reached its decision because plaintiffs' claims were "based in part on . . . statements made by the individual defendants in pre-spinoff conference calls with investors."  However, neither *New Jersey Carpenters* nor *Zwick* made any mention of these allegations before

- 12 -

reaching their decisions.  *Compare* ECF 160 at 7-8 *with New Jersey Carpenters*, 564 B.R. at 196, and *Zwick*, 456 F. Supp. 3d at 952.[12]

### b. The Underwriter Defendants' Purported Indemnification Does Not Create Unusual Circumstances

Like the Individual Defendants, the Underwriter Defendants argue "unusual circumstances" exist here because they are entitled to indemnification from SDC.  ECF 160 at 8-11.  However, as discussed, no "unusual circumstances" warranting a stay exist without "***absolute*** indemnity because "it would be unfair to [the debtor's] creditors to extend the protection of [the debtor's] stay in bankruptcy to them."  *MCSi*, 371 B.R. at 272-73; *see also* n.4, *supra*.

The Underwriter Defendants' claim of indemnity is even more speculative than that of the Individual Defendants as courts across the country have repeatedly found indemnification agreements for underwriters invalid, unenforceable, and void as violating public policy.  *See Colonial BancGroup*, 2010 WL 119290, at *4 (surveying the circuits and observing that "the direction of the law points against indemnity" for underwriters in securities suits) (citing *Globus v. Law Rsch. Serv., Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969) (finding such indemnification would negate the "*in terrorem*" effect of civil liability and thwart Congress' intent to prevent violations of the Securities Act)); *Eichenholtz v. Brennan*, 52 F.3d 478, 485 (3d Cir. 1995) ("The public depends

---

[12]    Finding no persuasive precedent to support their argument, the Underwriter Defendants rely on a series of inapposite cases.  ECF 160 at 4-7.  In *Johnson*, the non-debtors properly sought an extension of the stay in the bankruptcy court first.  548 B.R. at 789 n.15.  Similarly, in *USCO S.p.A. v. ValuePart, Inc.*, the bankruptcy court had already "terminated the preliminary injunction staying proceedings in the . . . case" and decided the scope of the applicable stay.  *Id.* at *1.  In *Deutsch v. Liquid Holdings Grp. Inc.*, 2016 WL 3017757, at *2 (N.Y. Sup. Ct. May 25, 2016), a New York state court case, the court acknowledged the "case law as to whether indemnity obligations constitute special circumstances . . . is mixed" and expressly applied a standard other than the one applicable here.  In *Tuller v. Tintri, Inc.*, 2018 WL 4385652, at *1 (N.D. Cal. Sept. 14, 2018), the court used its discretion to stay the case during the pleading stage, when the automatic PSLRA stay was still in effect.

- 13 -

upon an underwriter's investigation and opinion . . . . Denying claims for indemnification would encourage underwriters to exhibit the degree of reasonable care required"); *George K. Baum Advisors, L.L.C. v. Sprint Spectrum, L.P.*, 2013 WL 5719506, at \*19 (D. Kan. Oct. 21, 2013) ("federal law precludes indemnification for violations of Section 15(a), even if the underlying action does not assert intentional misconduct") (citing *Eichenholtz*, 52 F.3d at 484-85; *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir. 1979) ("A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party.")); *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 676 (9th Cir. 1980) ("[P]ermitting indemnity would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence."); *see also First Golden Bancorporation v. Weiszmann*, 942 F.2d 726, 728 (10th Cir. 1991) ("Courts have rejected indemnity for a variety of securities violations because indemnity contravened 'the public policy enunciated by the federal securities laws.'") (quoting 2 A. Bromberg & L. Lowenfels, Securities Fraud & Commodities Fraud (2d ed.) §5.7 (277), at 5:82:78); *King v. Gibbs*, 876 F.2d 1275, 1282 n.10 (7th Cir. 1989) ("It is difficult to see how a right to indemnification for even innocent persons would serve the deterrent function which underlies the statute.").

The Underwriter Defendants here do not point to a single case in which an underwriter's indemnification agreement was found valid or enforceable following entry of a judgment against it. Thus, the Underwriter Defendants' claim of indemnity represents a "totally speculative scenario" unlikely to come to fruition, therefore, they are not entitled to a stay. *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, 2010 WL 1193151, at \*3 (E.D.N.Y. Mar. 23, 2010).[13]

---

[13] By contrast, the cases cited by the Underwriter Defendants involved indemnification agreements or assignments of rights that were undisputedly valid. ECF 160 at 9 n.6. *Dunkirk Ltd. P'ship v. TJX Cos. Inc.*, 139 B.R. 643, 644 (N.D. Ohio 1992) (debtor defendant in real estate tax dispute had "assigned its rights" to the non-debtor defendant); *Nat'l Oilwell Varco, L.P. v. Mud King Prods., Inc.*, 2013 WL 1948766, at \*5 (S.D. Tex. May 9, 2013) (debtor corporation indemnified

- 14 -

### c. The Underwriter Defendants' Claims of Prejudice Are Unsubstantiated

Finally, the Underwriter Defendants argue SDC and the remaining Individual Defendants will be burdened by participating in discovery if the stay is not extended. ECF 160 at 11-13. However, tellingly, neither SDC nor the SDC Defendants have argued that they will be burdened if the case proceeds against the Underwriter Defendants after December 1, 2023. *See* ECF 159. Certainly, SDC is in a superior position to assess this potential burden. Indeed, "if [SDC] perceived its bankruptcy estate would be jeopardized by the progression of proceedings against [the Underwriter Defendants], it would have weighed in on the matter." *See MCSi*, 371 B.R. at 272. The Court should reject the Underwriter Defendants' surrogate complaints of prejudice.

### C. The Court Should Not Exercise Its Discretion to Stay the Claims Against the Non-Debtor Defendants

While "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the Court should decline Defendants' attempts to do an end run around the clear processes and precedent established for adjudicating the scope of a bankruptcy stay in bankruptcy court.

### 1. An Indefinite Stay Does Not Promote Judicial Economy

The Non-Debtor Defendants have failed to show why the Court should take the extraordinary step to exercise its discretion to extend the stay for the sake of judicial economy. Even if allowing the claims against Non-Debtor Defendants to proceed without SDC's "participation may be somewhat inefficient and potentially duplicative, the Sixth Circuit has explained 'that any duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned.'" *See*

employees in art theft); *In re N. Star Contracting Corp.*, 125 B.R. 368, 371 (S.D.N.Y. Mar. 17, 1991) (non-debtor defendants with no independent liability for their misconduct).

- 15 -

*Zwick*, 456 F. Supp. 3d at 952 (quoting *Lynch*, 710 F.2d at 1199); *see also Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*, 2018 WL 2187379, at *5 (D.N.J. May 11, 2018) ("[T]he Third Circuit has stated: "within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."). These findings undercut Non-Debtor Defendants' stated concerns of "hardship, burden, and expense" (ECF 159 at 12) and that there is "no practical way" to litigate this case "without the involvement of SDC." ECF 160 at 14. Thus, the Court should not exercise its discretionary authority to stay the case as to the Non-Debtor Defendants.

Further, the Bankruptcy Court is the proper court to consider an extension of the stay. SDC could ask the Bankruptcy Court for a stay if it believed the continuation of this litigation against the Non-Debtor Defendants would disrupt the Chapter 11 Cases. It has not done so.

### 2. Plaintiffs Will Be Prejudiced by a Stay

Any further stay of proceedings will prejudice Plaintiffs and the putative Class. *See EPAC Techs., Inc. v. HarperCollins Christian Publ'g Inc.*, 2018 WL 1542040, at *27 (M.D. Tenn. Mar. 29, 2018) (observing any "'delay in resolution'" is prejudicial), *aff'd as modified sub nom. EPAC Techs., Inc. v. Thomas Nelson, Inc.*, 2018 WL 3322305 (M.D. Tenn. May 14, 2018); *Best v. Portfolio Recovery Assocs., LLC*, 2017 WL 11717682, at *3 (M.D. Tenn. Oct. 31, 2017) (finding "prejudice in the form of unnecessary delay"). Here, the Non-Debtor Defendants make two unsupported assertions concerning the bankruptcy proceeding: (a) the SDC bankruptcy proceeding will be completed by December 29, 2023; and (b) SDC will "emerge from bankruptcy" and reenter this case as if it had never left. ECF 159 at 3; ECF 160 at 14. At this moment, both assertions appear doubtful. SDC recently filed its Plan of Reorganization on October 30, 2023, which has not yet been approved. In effect, the Non-Debtor Defendants seek a stay of undeterminable duration in a

- 16 -

case that was already stayed during the pleading stage pursuant to the PSLRA. A second, significant stay would be unnecessary and highly prejudicial.

Courts recognize unnecessary delays cause substantial harm to plaintiffs because "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977); *In re Sunbeam Sec. Litig.*, 261 B.R. 534, 537 (S.D. Fla. 2001) ("a stay for all defendants at this stage in the litigation would impose an unfair hardship upon Plaintiffs not mitigated sufficiently by the interests asserted by the individual defendants"); *Dental Ben. Mgmt., Inc. v. Capri*, 153 B.R. 26, 29 (E.D. Pa. 1992) ("[E]quity, convenience, and economy favor proceeding without [the debtor defendant] . . . . To put everything off will only delay any recovery that [the plaintiff] might receive. In addition, during the delay there is the chance that memories will fade and evidence will disappear.").

The Underwriter Defendants argue Plaintiffs "cannot demonstrate any" prejudice a stay would impose; and the Individual Defendants argue, incredibly, a stay would benefit Plaintiffs. ECF 159 at 13; ECF 160 at 14. Defendants are wrong. Plaintiffs and the putative Class would experience significant prejudice by the extension of the stay to the Non-Debtor Defendants just as this Action has gained momentum following the lengthy PSLRA automatic discovery stay. Plaintiffs and their counsel have successfully subpoenaed documents from ten relevant third parties, reviewed over a million pages of documents, taken or defended 11 depositions, and retained multiple experts. However, significant work remains, including the depositions of numerous key witnesses. Plaintiffs are eager to complete the discovery process without further delay.

The prejudice imposed by an extended stay will go beyond just that which will be suffered by Plaintiffs. To date, the depositions in this action and the State Action have been coordinated so as to minimize the burden on deponents and the parties. On December 1, 2023, the State Action will

- 17 -

resume, and depositions will continue. *See* State Court Stay Order. If a stay in this case extends beyond that time, those depositions may have to be retaken in this case, potentially wasting the time of everyone involved. Therefore, a stay beyond December 1, 2023 would do nothing to minimize prejudice or serve the interests of "economy of time and effort . . . for counsel, [or] for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (quoting *Landis*, 299 U.S. at 254).

## III. Conclusion

For the reasons set forth above, the Non-Debtor Defendants' requests to extend the stay should be denied.

DATED: November 13, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
HENRY S. BATOR, #040431

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
hbator@rgrdlaw.com

- 18 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
     & DOWD LLP
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)


Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **Emily N. Dillingham**
  edillingham@beneschlaw.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,aclark@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,lkroll@bakerdonelson.com,jcalouette@bakerdonelson.com,mbarrass@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Stephen Johnson**
  sjohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

Case 3:19-cv-00962    Document 161    Filed 11/13/23    Page 28 of 29 PageID #: 4167

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **John Tate Spragens**
  john@spragenslaw.com,stacia@spragenslaw.com,spragenslaw@ecf.courtdrive.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com

- **Hannah Stowe**
  hstowe@beneschlaw.com,docket2@beneschlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com,mbarrass@bakerdonelson.com,jcalender@bakerdonelson.com,csanko@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,agonzales@rgrdlaw.coom,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com,AKellyRGRl

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)