IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| ADAM FRANCHI, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:19-cv-00962 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| SMILEDIRECTCLUB, INC., et al., | ) | |
| Defendants. | ) | |

## **ORDER**

On October 13, 2023, this Court stayed the case as to Defendant SmileDirectClub, Inc. ("SDC") based on its filing of a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court"), and it gave all Defendants an opportunity to file a notice "stating its position as to (i) which (if any) other Defendant(s) are covered by the automatic stay [of Section 362 of the Bankruptcy Code] and (ii) why the 'unusual circumstances' exception applies so as to justify staying the proceeding against any such Defendant(s)." (Doc. No. 158, "Order"). The Order also granted Plaintiff the prerogative to respond if Defendants gave such notice. (*Id.* at 2). In response to the order, Defendants filed a total of two respective notices (one by the "Individual Defendants" at Doc. No. 159 and one by the "Underwriter Defendants" at Doc. No. 160), each of which argued that the stay should apply to all Defendants and that, alternatively, the Court should exercise its inherent discretion (existing independently of the Bankruptcy Code) to stay the case as against all Defendants.

Plaintiffs thereafter timely filed a response (Doc. No. 161) asserting to the contrary that only the bankruptcy court could order the automatic stay to apply to non-debtors and that in any event the automatic stay should not apply to any other Defendant other than SDC. It now falls upon this Court to determine whether it should deem the protection of the automatic stay effectively applicable to any other Defendant.

The Court notes three things about the sentence immediately above. First, the Court purports to determine only what *it* (as opposed to the Bankruptcy Court) should or should not do. Second, as discussed further below, the Court declines at this time to consider ordering a stay based on its inherent authority unrelated to Bankruptcy Code. And third, as discussed immediately below, despite any contrary suggestion made in the Order, the Court's decision is in the nature of whether it should *via a preliminary injunction* effectively make *the kind of protection provided by* the automatic stay applicable to any other Defendant, and not actually whether the automatic stay per se applies to any other Defendant.

As the Sixth Circuit has explained:

> . . . [A] bankruptcy court must find unusual circumstances, justifying a preliminary injunction under 11 U.S.C. § 105(a), in order to extend the scope of a § 362(a)(1) automatic stay to encompass claims against not only a debtor defendant, but also nondebtor codefendants. See *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir.1993); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314–315 (6th Cir.2000). These cases note that, by extending the stay beyond its statutory terms, the bankruptcy court is not acting under § 362(a), but is instead issuing an order in equity "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a);

*In re Nat. Century Fin. Enterps., Inc.*, 423 F.3d 567, 577 (6th Cir. 2005). So the question is really whether to effectively extend the stay beyond the scope of its statutory terms via a preliminary injunction under Section 105(a) (rather than under Section 362 itself). But this is a question for the applicable bankruptcy court, and not the district court. *See Patton*, 8 F.3d at 349 ("Thus, even if a

debtor-partnership may under unusual circumstances seek an injunction prohibiting action against its partners, requests for such relief can only be presented to the bankruptcy court."). As another district court in this circuit cogently put it:

> Extending a bankruptcy stay to a non-bankrupt co-defendant is justified only in "unusual circumstances." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 308 (6th Cir.2000). Such circumstances usually include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization. That question, however, is to be decided by the bankruptcy court; the request for a stay pursuant to the automatic stay provision "can only be presented to the bankruptcy court." *Patton*, 8 F.3d at 349.

*Verdi v. Domino Logistics Co.*, No. 1:10-CV-1888, 2011 WL 607133, at *1 (N.D. Ohio Feb. 11, 2011). So in this case, this Court leaves that question to the Bankruptcy Court, which in fact has already provided an answer. Presented with a motion from certain creditors seeking an order that, among other things, "confirm[ed] no automatic stay applies to non-debtor parties[,]", the Bankruptcy Court recently granted the motion in its entirety, on February 8. *See* Mot. of Rene Colorado, *In Re SmileDirectClub Inc.*, No. 23-90786 (Bankr. S.D. Tex. Dec. 15, 2023), Doc. No. 458; *In Re SmileDirectClub Inc.*, No. 23-90786 (Bankr. S.D. Tex. Feb. 8, 2024), Doc. No. 632. So it has been decided by the appropriate court that the protection of the automatic stay will not be extended to non-debtor parties, and this Court will not presume to decide otherwise.

The Court declines at this time to decide an issue not contemplated by its Order, i.e., whether to stay the claims against other Defendants under its inherent authority, unrelated to the Bankruptcy Code. Should any Defendant desire such a stay, it may file a motion for such relief that accounts for the current status of proceedings before the Bankruptcy Court.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE