UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>             Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>REQUEST FOR A DISCOVERY<br>CONFERENCE |

Pursuant to §H of the Initial Case Management Order (ECF 121) and Local Rule 37.01, Plaintiffs[1] and the Individual Defendants[2] submit this Request for a Discovery Conference outlining a dispute concerning certain documents recently made available to Plaintiffs by SmileDirectClub's Chapter 7 Trustee.

## I.      PLAINTIFFS' POSITION

As this Court is aware, on September 29, 2023, SmileDirectClub, Inc. ("SDC" or the "Company") and certain of its subsidiaries and affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). ECF 157; *see also* ECF 170 at 3 (declining to "stay the claims against other Defendants under its

---

[1]    "Plaintiffs" are 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System.

[2]    As used herein, "Defendants" refers to David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, and Susan Greenspon Rammelt (collectively, the "Individual Defendants") and Camelot Venture Group (together with Plaintiffs, the "Parties").

- 1 -

inherent authority"). As this Court is also aware, SDC's effort to reorganize its affairs failed. ECF 164. Thereafter, on January 26, 2024, the Bankruptcy Court converted SDC's bankruptcy case to a proceeding under Chapter 7 of the Bankruptcy Code, and a Chapter 7 trustee was appointed to control SDC's liquidation (the "Trustee"), displacing the board of directors and management. ECF 166. While the bankruptcy process created certain logistical and other impediments to the Parties' ability to complete fact discovery, fact discovery thereafter resumed, and is now close to completion. *See* ECF 175-177.

In August 2024, in order to resolve a number of outstanding discovery issues, SDC's Trustee began providing plaintiffs with access to certain SDC documents being hosted by Consilio, an e-discovery vendor which had previously been engaged by SDC to host e-discovery on behalf of the Company. In total, the volume of documents currently at issue amounts to approximately 7.4 terabytes.[3]

On August 14, 2024, counsel for the Trustee wrote to counsel for the Individual Defendants – but not to counsel for Defendants Alex Fenkell and Jordan Katzman, who did not receive this correspondence – informing them that the Trustee had provided Plaintiffs with access to SDC's document repositories. Counsel for the Trustee reminded counsel for the Individual Defendants (except counsel for Defendants Alex Fenkell and Jordan Katzman) that the Trustee had previously waived SDC's attorney-client privilege with respect to all pre-petition communications, and directed counsel for the Individual Defendants to discuss any "concerns about privilege, other than the SDC privilege that the trustee waived," with counsel for Plaintiffs.

On August 23, 2024, counsel for Plaintiffs wrote to counsel for Defendants, as well as the Underwriter Defendants, noting that the Trustee recently provided Plaintiffs access to a database of

---

[3] Plaintiffs understand that counsel for the Individual Defendants have had access to these documents since the early days of this litigation.

4881-8409-6482.v1

SDC documents that had historically been hosted by Consilio, and stating that they wanted to discuss the extent to which Defendants had access to these documents historically, as well as the best way to make these documents available to all parties. Plaintiffs did not receive a response to this correspondence.

On August 28, 2024, counsel for Plaintiffs meet and conferred in person with counsel for the Individual Defendants and the underwriter defendants during a break in the deposition of Defendant Kyle Wailes. Counsel for Defendants Alex Fenkell and Jordan Katzman did not attend this deposition in person (they attended via Zoom), and Plaintiffs did not include them in this meet and confer. Counsel for the Individual Defendants (with the exception of Defendants Alex Fenkell and Jordan Katzman) stated the documents made available to plaintiffs by SDC's Trustee may contain information subject to privileges other than SDC's attorney-client privilege, which SDC's Trustee had waived. Counsel for Plaintiffs stated that in order to resolve any such concerns, Plaintiffs would be willing to identify the documents it intended to use from the SDC Trustee's production, and that if the Individual Defendants had any privilege concerns as to specific documents, they could attempt to claw them back pursuant to the terms of the Stipulated Protective Order. ECF 131, §XI. Counsel for Plaintiffs reiterated this proposal again in writing on September 6, 2024. As of this filing, the Individual Defendants have not agreed to this proposal.

## II. INDIVIDUAL DEFENDANTS' POSITION

Long after document discovery has been completed, Plaintiffs seek the Court's permission to see and use all of the Individual Defendants' privileged and other confidential documents.[4] There is no reason to allow Plaintiffs unfettered access to documents having nothing whatsoever to do with

---

[4] Plaintiffs' August 23, 2024, correspondence – the only relevant correspondence involving counsel for Defendants Alex Fenkell and Jordan Katzman – did not mention anything about Plaintiffs accessing potentially privileged material.

the bankruptcy (because they were from years before the bankruptcy filing) or the maximization of recovery for SDC's creditors. The Individual Defendants request that the Court issue a briefing schedule so that these novel issues can be resolved on a more complete record and with the opinion of the Bankruptcy Court. In the meantime, Plaintiffs should be prohibited from accessing or using this information.

The Individual Defendants submit that the Trustee did not have the authority to grant Plaintiffs access to a database of documents containing not only non-responsive, trade secret,[5] and personal information, but also documents for which the Individual Defendants asserted claims of privilege.

Equally important, the Trustee abandoned the database at issue and the SDC estate is not paying (and cannot pay) for its maintenance. As a result, there is a compelling argument that these documents are not within the assets of the Bankruptcy Estate, and the Trustee has no right to give Plaintiffs access to these documents. In other words, whether the Trustee may waive privilege over documents in the database is academic if the documents in the database fall outside of the Trustee's control or the scope of the estate. This issue should be briefed before a decision is rendered.

Finally, Plaintiffs' suggestion that claims of privilege or other concerns could be resolved *after* the content of those documents were already known to them would defeat the purpose of the privilege. As the Court is aware, where a privilege dispute is raised, *in camera* or other limited review of information outside the view of the opposing party is the usual way in which those claims are evaluated. Here, Plaintiffs propose the opposite. Plaintiffs will decide what information they

---

[5]    A significant asset of the estate was SDC's intellectual property, which has already been sold. The value of that information is impaired if the methods and trade secrets are disseminated, even in a limited way.

want to use and then allow the Individual Defendants to object. The Court should permit briefing on this upside down and prejudicial procedure before Plaintiffs are given further access to the database.

*       *       *

Plaintiffs and the Individual Defendants respectfully request that the Court schedule a discovery conference at its earliest convenience to discuss resolution of this dispute.

DATED: September 9, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
HENRY S. BATOR, #040431

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
hbator@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 5 -

DATED: September 9, 2024

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
ANDREW G. FIORELLA (*pro hac vice*)
MICHAEL D. MEUTI (*pro hac vice*)
ALLYSON R. CADY (*pro hac vice*)


s/ Andrew G. Fiorella (w/permission)
ANDREW G. FIORELLA

200 Public Square, Suite 2300
Cleveland, OH  44114-2378
Telephone:  216/363-4500
216/363-4588 (fax)
afiorella@beneschlaw.com
acady@beneschlaw.com
mmeuti@beneschlaw.com

*Attorneys for Defendants David Katzman, Kyle Wailes, Steven Katzman, Susan Greenspon Rammelt, Richard Schnall, and Camelot Venture Group*

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (*pro hac vice*)
MICHAEL J. KAHN (*pro hac vice*)


s/ Michael J. Kahn (w/permission)
MICHAEL J. KAHN

One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:  415/393-8200
415/393-8306 (fax)
blutz@gibsondunn.com
mjkahn@gibsondunn.com

*Attorneys for Defendants Alexander Fenkell and Jordan Katzman*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 9, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)


Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Henry Scattergood Bator**
  hbator@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,aclark@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M. Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.Com

- **E. Powell Miller**
  epm@millerlawpc.com

Case 3:19-cv-00962    Document 184    Filed 09/09/24    Page 8 of 9 PageID #: 4667

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com,mbarrass@bakerdonelson.com,jcalender@bakerdonelson.com,csanko@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,agonzales@rgrdlaw.coom,agonzales@ecf.courtdrive.com,CWood@ecf.courtdrive.com,CReis@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,AKel

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)