# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>SMILEDIRECTCLUB, INC., *et al.*,<br><br>Debtors. | Chapter 7<br>(Previously Chapter 11)<br><br>Case No. 23-90786 (CML)<br><br>(Jointly Administered) |

**DECLARATION OF JEFFREY W. MCKENNA**
**IN SUPPORT OF CHAPTER 7 TRUSTEE'S OMNIBUS REPLY**
**IN SUPPORT OF RENEWED ORRICK RETENTION APPLICATION**

I, Jeffrey W. McKenna, hereby declare as follows:

1.      I am a senior eDiscovery and privacy attorney in the firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), 405 Howard Street, San Francisco, California, 94105-2669, and have been duly admitted to practice in the State of California, and the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California.

2.      I submit this declaration (this "Declaration") in support of the *Chapter 7 Trustee's Omnibus Reply in Support of Renewed Orrick Retention Application* (the "Reply").[1] Except as otherwise noted, all statements and opinions in this Declaration are based on my personal experience and knowledge, and my review of the relevant documents. If called to testify, I could and would testify competently to each of the facts set forth in this Declaration.

3.      Orrick, the Trustee, and Consilio entered into an agreement for the continued maintenance of the Consilio Database on July 24, 2024.

4.      Orrick initially expected to gain access to the Consilio Database immediately thereafter, but on July 25, 2024, I learned from Consilio that the Insider Defendants, through

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Reply.

Benesch, had ongoing, post-petition access to the Consilio Database. Benesch was not simply viewing the Database Documents, it had commandeered the Consilio Database and saved extensive work product directly to it. As a result, Orrick could not access the Database Documents without risking inadvertently viewing Benesch's work product.

5. To secure the Trustee's ability to access the estates' books and records, Orrick requested that Consilio hide Benesch's work product from Orrick's view in the Consilio Database. Orrick also asked Consilio to create a copy of the Consilio Database and restore the Database Documents to their original state by removing all of the additional material Benesch had layered on top of the Database Documents (the "Clean Database"). Consilio agreed to create the Clean Database, but the process would take nearly two months.

6. On July 31, 2024, at Orrick's direction, Consilio granted Orrick and the Securities Plaintiffs access to the Clean Database, which was incomplete at that time and contained only a subset of the Database Documents.

7. On August 6, 2024, Consilio granted Orrick limited access to the original Consilio Database with many basic functions disabled so that Orrick would not have access to Benesch's work product. On August 7, 2024, at Orrick's direction, Consilio granted the Securities Plaintiffs the same limited access to the original Consilio Database.

8. On September 19, 2024, Consilio completed work on the Clean Database. On October 25, 2024, the Securities Plaintiffs were provided with a stand-alone copy of the completed Clean Database.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Jeffrey W. McKenna*
Jeffrey W. McKenna

Executed on January 17, 2025, in San Francisco, California

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice.

*/s/ Ryan C. Wooten*
Ryan C. Wooten
