# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| Adam Franchi, Individually and on Behalf of All Other Similarly Situated, , | ) ) ) | CASE NO. 3:19-CV-00962 (CONSOLIDATED) |
| Plaintiff, | ) ) | JUDGE RICHARDSON/FRENSLEY |
| vs. | ) ) | |
| SMILEDIRECTCLUB, INC., et al., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY ENFORCEMENT OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

Individual Defendants seek a stay of the Magistrate Judge's April 7, 2025 Order, [ECF #196 ("Order")] while the Court considers its Motion to Review the Order. The Order requires that by May 6, 2025, the Individual Defendants either (a) produce documents in their litigation database ("Database") that hit on targeted search terms while withholding and producing a privilege log for any documents that they contend are privileged, or (b) allow Plaintiffs to access the Database in its entirety. The former would require the Individual Defendants' counsel to review and assess nearly a million documents for privilege in the next two weeks (which is not possible). And the latter would require the Individual Defendants to accept that Plaintiffs will review privileged material (which is incompatible with privilege).

Complying with the Order would moot the Individual Defendants' Motion to Review and greatly burden them. The Individual Defendants have asked the Court to review the Order because Plaintiffs should not be permitted to access documents they obtained by violating the Stipulated Protective Order and the Local Rules. But, without a stay, Plaintiffs will be permitted to access

those documents.  In other words, Plaintiffs will get exactly what the Individual Defendants are trying to stop.  This is a prime example of mootness.

Further, complying with the Order will greatly burden the Individual Defendants, while Plaintiffs would suffer little to no burden from a stay.  The Order places the Individual Defendants in an impossible position while their Motion to Review is pending.  They must either try to perform a costly and impossible task to protect their privilege, or allow Plaintiffs to review privileged material.  And if the Motion to Review is granted and the Order vacated, both tasks will have been unnecessary.  The Individual Defendants, then, would be greatly damaged—either through sheer cost or the invasion of their privileges—in either scenario.  The Plaintiffs, on the other hand, face minimal burden, if any.  There are no pressing deadlines in this case, so they have no need to get into the Database immediately.  The most equitable solution is the status quo.

Accordingly, the Individual Defendants request that the Court stay enforcement of the Order pending the Court's resolution of the Motion to Review.

## I.     BACKGROUND

Plaintiffs secretly gained unfettered access to the Individual Defendants' Database.  The Database contains documents collected by the Individual Defendants' counsel in response to the Plaintiffs' discovery requests.  There are 2.2 million documents total in the Database. [4/21/2025 M. Silverstein Decl. ¶ 3.]  Out of those 2.2 million documents, approximately 421,000 are copies of documents produced by the Individual Defendants or other parties.  [ECF #195 ("3/14/2025 M. Silverstein Decl.") ¶ 2.]  Out of the remaining approximately 1.8 million documents, approximately 770,000 were not reviewed because either (a) they did not hit on targeted search terms designed to identify potentially relevant documents, or (b) an artificial intelligence tool that the parties agreed the Individual Defendants could use to facilitate review deemed them to have a low likelihood of responsiveness.  [4/21/2025 M. Silverstein Decl. ¶ 5.]  Out of the 1 million

reviewed documents, 737,000 were deemed non-responsive to Plaintiffs' discovery requests, and were not reviewed for privilege.  [3/14/2025 M. Silverstein Decl. ¶ 4.]

Plaintiffs and the Individual Defendants met and conferred on Plaintiffs' surreptitious access on August 28, 2024.  [ECF #184 at 3.]  Plaintiffs suggested that the Individual Defendants permit them to review whatever they want in the Database, identify the documents they would like to use in this case, and then allow the Individual Defendants to "clawback" anything they contend is privileged.  [*Id.*]  Notably, through this proposal, Plaintiffs could try to avoid disclosing every single document they reviewed and disclose only the ones they want to present as evidence in this case.  Therefore, they could easily review a document related to this case protected by the Individual Defendants' privilege, benefit from the information within it, but never disclose this fact to the Individual Defendants.  The Individual Defendants rejected this proposal because it necessarily required the Plaintiffs to review their privileged information.  It is incompatible with the protection that privileged information should have.

The Parties requested a discovery conference on September 9, 2024, [ECF #184], and the Court asked for a supplemental joint dispute statement on February 26, 2025, [ECF #190].  In their section of the dispute statement, the Individual Defendants argued it would not be feasible to review the Database for privilege due to excessive cost.  [ECF #193 at 18–19.]

On April 7, 2025, the Magistrate Judge ordered the Individual Defendants to either "run the Parties' agreed search terms against the documents on the database and produce those that hit to Plaintiffs, apart from any that they contend are privileged, which must be logged appropriately" or to "accept Plaintiffs' proposal and review only the documents that Plaintiffs wish to use" by May 6, 2025.  [ECF #196 at 15.]

The Individual Defendants have consulted with their e-discovery vender, Consilio, on the logistics of the Magistrate Judge's first option. Out of the 1.8 million unproduced documents, approximately 1.7 million hit on the Parties agreed upon search terms. [4/21/2025 M. Silverstein Decl. ¶ 6.] Of those 1.7 million, approximately 962,000 hit on search terms designed to isolate potentially privileged documents for review. [*Id.* ¶ 7.] So, in order to comply with the first option in the Order, the Individual Defendants' counsel would have to review 962,000 documents for privilege and produce a privilege log in two weeks. [*Id.* ¶ 8.]

The Individual Defendants respectfully disagree with the Order and have asked the Court to review and vacate it pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. In that motion, the Individual Defendants argue that the Plaintiffs should not be allowed to review any documents in the Database because Plaintiffs obtained the Database by violating the Stipulated Protective Order and Local Rules.

## II.      ARGUMENT

The Individual Defendants have asked the Court to review the Order so that Plaintiffs cannot benefit from their surreptitious misconduct. Plaintiffs want to access documents in the Database that the Individual Defendants' counsel have determined are either unresponsive and/or privileged. To prevent that, the Individual Defendants asked the Court to vacate the Order.

But a decision on the Individual Defendants' Motion will not come before the Order's compliance deadline—nor will briefing even be complete. So, without a stay, Plaintiffs will ultimately get what the Individual Defendants want to stop.

This conundrum warrants a stay of the Order. Courts have "broad discretion to manage the discovery process, including the authority to stay discovery." *Wedding v. Madisonville Health & Rehabilit Tion LLC*, No. 4:24-CV-00044-BJB-HBB, 2024 WL 4582889, at *2 (W.D. Ky. Oct. 25, 2024). When assessing whether to stay discovery or the enforcement of a discovery order,

"courts must consider the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *See id.*

Here, complying with the Order will effectively negate the Individual Defendants' right to challenge that Order under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a). The Individual Defendants have the right to ask the Court to review any pre-trial determination by the Magistrate Judge. Without a stay, the Individual Defendants' Motion to Review would be "rendered moot" because Plaintiffs would be able to access contested documents before the Court decides whether Plaintiffs can access them. *Dublin Eye Assocs., P.C. v. Massachusetts Mut. Life Ins. Co.*, No. 5:11-CV-128-KSF, 2012 WL 13128566, *2 (E.D. Ky. Nov. 27, 2012) (staying enforcement of magistrate judge order compelling discovery pending review); *see also Pogue v. N.W. Mutual Life Ins. Co.*, No. 3:14-CV-598-CRS, 2016 WL 3546395 (W.D. Ky. June 23, 2016) (staying magistrate judge order on discovery pending review). In other words, without a stay, Plaintiffs can do exactly what the Individual Defendants are trying to prevent them from doing. That is the embodiment of mootness.

Further, the Individual Defendants' burden for complying with the Order greatly outweighs any minimal burden the Plaintiffs may articulate they suffer from a stay. The Order places the Individual Defendants in an impossible position. To comply with the Order, they would have to either review 962,000 documents for privilege in two weeks and produce a fulsome privilege log (which is excessively costly and practically impossible) or allow Plaintiffs to have unfettered access to the Database (which is incompatible with the maintenance of privilege). So the Individual Defendants have to either try to accomplish an impossible task while likely spending close to a million dollars, or let Plaintiffs review privileged information. In either scenario,

compliance will greatly damage the Individual Defendants, all while the Individual Defendants ask the Court to relieve them of the obligation to do either.

On the other hand, Plaintiffs will suffer little harm, if any, comparatively. They have no pressing need to review the documents. There are no pressing deadlines in this matter, and their inability to review documents is simply the status quo. Compared with the Individual Defendants' choice of trying to accomplish an impossible task or allowing Plaintiffs to review privileged material, the status quo must be preferred.

## III.    CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court grant this Motion and stay the enforcement of the Order pending this Court's resolution of the Individual Defendants' Motion to Review.

Respectfully submitted,

*/s/ Michael B. Silverstein*

Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

David A. Rammelt (*pro hac vice*)
Laura Seferian (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
drammelt@beneschlaw.com
lseferian@beneschlaw.com

Michael D. Meuti (*pro hac vice*)
Andrew G. Fiorella (*pro hac vice*)
Allyson R. Cady (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
mmeuti@beneschlaw.com
afiorella@beneschlaw.com
acady@beneschlaw.com

Michael B. Silverstein (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
41 South High Street, Suite 2600
Columbus, Ohio  43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
msilverstein@beneschlaw.com

*Attorneys for Defendants David Katzman, Steven Katzman, Susan Greenspon Rammelt, Kyle Wailes, Richard Schnall, and Camelot Venture Group*

*/s/ Michael J. Kahn (with permission)*
Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

Brian M. Lutz (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
blutz@gibsondunn.com
mjkahn@gibsondunn.com
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendants Alexander Fenkell and Jordan Katzman*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on April 21, 2025 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Michael B. Silverstein*
Michael B. Silverstein (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614/223.9300
614/223-9300 (fax)
msilverstein@beneschlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,dgibby@rjfirm.com,bmoore@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Albert Rammelt**
  drammelt@beneschlaw.com,docket@beneschlaw.com,emanzo@beneschlaw.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com,Docket2@beneschlaw.com

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,CSavedra@rgrdlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)