# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| SMILEDIRECTCLUB, INC., *et al.* | Case No. 23-90786 (CML) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF MICHAEL B. SILVERSTEIN

I, Michael B. Silverstein, declare as follows:

1.      I am an attorney at the law firm Benesch, Friedlander, Coplan & Aronoff, litigation counsel for Interested Parties Defendants David Katzman, Steven Katzman, Kyle Wailes, Richard Schnall, Susan Greenspon Rammelt, and Camelot Venture Group ("Individual Securities Defendants") in the above-captioned case.  My firm is also counsel for the Individual Securities Defendants in *Franchi v. SmileDirectClub, Inc., et al.*, Case No. 3:19-cv-00962 (M.D. Tenn.) (Consol.), and *In re: SmileDirectClub, Inc. Secs. Litig.*, Case No. 19-1169-IV (Tenn. Ch. Ct.) (Consol.) (collectively, "Securities Cases").  Before the above-captioned proceedings began, my firm represented the-now Debtors in the Securities Cases as well. In those capacities, I have knowledge of the facts set forth herein.

2.      I make this declaration in support of Individual Securities Defendants' Objection to Securities Plaintiffs Emergency Motion for Order Confirming Chapter 7 Trustee Is Authorized And Empowered To Waive The Debtors' Attorney/Client Privileges.

3.      On February 26, 2019, SmileDirectClub, LLC entered into an agreement with Legility LLC to provide document support services related to litigation.  On September 3, 2020, SmileDirectClub, LLC entered into a separate agreement subject to the February 26, 2019

agreement for Legility to provide document review and data management services related to the Securities Cases.  Consilio LLC purchased Legility in 2021, including the agreements with SmileDirectClub, LLC.  For ease of reference, I will refer to them collectively as Consilio.

4.      Pursuant to the September 3, 2020 agreement, Consilio agreed to provide document review and management services for any documents to be reviewed and/or produced in the Securities cases, and host and store documents Benesch asked it to collect.  Consilio provided these services by working with my firm as counsel in the Securities Cases.  The agreement's term lasts until the end of the Securities Cases

5.      As part of its defense of the Securities Cases, Benesch worked with Consilio to identify and copy potentially relevant documents from Debtor's servers, including without limitation by providing contract attorney reviewers and professional project management. Benesch worked to identify individuals who worked at the Debtor's whose files should be copied, and create search terms to identify which documents from those individuals should be copied and reviewed.  Benesch never asked Consilio to create a copy of every single one of Debtor's books and records.  To my knowledge, Consilio does not have a copy of Debtor's servers or possession of the actual servers.

6.      Consilio also copied gigabytes of documents from Camelot Venture Group at Benesch's direction.

7.      The documents that Benesch asked Consilio to collect are stored on a database named SMDC0001 – Consumer and Securities Class Action ("Securities Database").  This database houses approximately 2.2 million documents that Benesch requested Consilio collect. 350 gigabytes of those documents were collected from Camelot Venture Group.

8. Consilio provided services to Benesch managing this database until December 12, 2023. On December 12, 2023, Consilio informed Benesch that it could not continue to provide services because it had not received any payment for work it completed after the commencement of these bankruptcy proceedings. Consilio then locked all attorneys out of the Securities Database.

9. My firm informed counsel in the Securities Cases that it no longer had access to the Securities Database, and all parties agreed to pause discovery until access was restored.

10. Consilio informed Benesch that it could continue providing services and access to the Securities Database if it received payment of post-petition money owed.

11. The Individual Securities Defendants—through their insurance policies—began paying Consilio in March 2024. Consilio restored Benesch's access to the database on March 18, 2024.

12. Andrew Fiorella, an attorney at Benesch, then informed plaintiffs' counsel in the Securities Cases that Benesch's access to the Securities Database had been restored and asked to confer regarding discovery.

13. The Individual Securities Defendants have been paying Consilio for its services and access to the database since March 2024.

14. On June 25, 2024, attorneys from my firm had a Zoom conference with Trustee's counsel. On this conference, attorneys from my firm told the Trustee's counsel that the Securities Database contained documents covered by privileges held by the Individual Securities Defendants by themselves and jointly with Debtors. Trustee's counsel was told that the Individual Securities Defendants would not waive those privileges. The Trustee's counsel stated they did not intend to waive privileges the Trustee did not hold

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of December, 2024.

_____

Michael B. Silverstein

- 4 -