# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ADAM FRANCHI, Individually and on
Behalf of All Others Similarly Situated,    :    Consolidated Case No. 3:19-cv-962
                                             :
                              Plaintiff,     :    Judge Eli J. Richardson
                                             :
                 vs.                         :    Magistrate Judge Jeffery S. Frensley
                                             :
SMILEDIRECTCLUB, INC., et al.,               :
                                             :
                              Defendants.    :
                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**THE SDC DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants SmileDirectClub, Inc. ("SDC"), David Katzman, Kyle Wailes, Steven

Katzman, Alexander Fenkell, Jordan Katzman, Susan Greenspon Rammelt, and Richard Schnall

(collectively, the "SDC Defendants"), by and through counsel, submit their responses and

objections (the "Responses and Objections") to Plaintiffs' First Requests for Production of

Documents (the "Requests" and each a "Request") as follows:

**RESPONSES AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      **The Parties' Search Term Negotiations**.  As of the date of these Responses and

Objections, Plaintiffs and the SDC Defendants are engaged in a series of negotiations about

developing an agreed set of search terms and a date range.  To the extent that the Plaintiffs and the

SDC Defendants are able to agree on search terms and a custodian universe (or if such matters are

resolved by the Court), many of the burden and vagueness objections interposed by the SDC

Defendants will be resolved.  Regardless of any such agreement, however, the SDC Defendants

retain their objections to the relevance of any particular document or set of documents to the claims

and defenses in the case. The SDC Defendants will continue to participate in those negotiations in good faith.

2. **Discovery Production Protocol**. The SDC Defendants object to the instructions included under the headings "Production of Hard Copy Documents – Format" and "Production of ESI." At the time of service of this document, the Parties are negotiating Stipulations Regarding Discovery Production Protocol. Those Stipulations or any applicable orders of the Court, and not Plaintiffs' Definitions and Instructions, will control the SDC Defendants' productions.

3. **Relevant Time Period**. The SDC Defendants object to Plaintiffs' Relevant time Period (January 2018 to the present) on the grounds that much of the information requested is not relevant to the claims in and defenses to the Amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF 85, the "Consolidated Complaint"), and are, therefore, beyond the scope of discovery in Federal Rule of Civil Procedure 26(b)(1). The SDC IPO, which forms the basis for the Consolidated Complaint, occurred on September 12, 2019. Even Plaintiffs' Exchange Act claims are tied nearly exclusively to the IPO. As of the date of these Responses and Objections, Plaintiffs and the SDC Defendants are negotiating the appropriate date range for the keyword searches to be run against the document universe. If successful, those negotiations will resolve these objections. In the event that they are not, the SDC Defendants will search for and review documents from April 1, 2019 through December 31, 2019.

4. **Requests For "All" Documents or Communications.** The SDC Defendants object to the Requests to the extent that any Request seeks "all" documents or communications regarding a particular subject matter, and as such are vague, overbroad, unduly burdensome, disproportionate to the needs of this case, and the burden and expense of the proposed discovery outweighs its likely benefit. *See* FED. R. Civ. P. 26(b)(1); *see also Pollard v. E.I. DuPont de*

*Nemours & Co.*, No. 95-3010 M1V, 2004 WL 784489, at *5 (W.D. Tenn. Feb. 24, 2004) (holding that an "any and all" request was ambiguous and overbroad); *Kaczmarek v. Res-Care, Inc.*, 1:13 CV 1959, 2014 WL 3408576, at *2 (N.D. Ohio July 10, 2014) (finding a request for "any and all violations of defendant's policies, no matter how trivial or different from plaintiff's conduct . . . exceeds the scope of discovery" and "is too broad"); *Thornton v. State Farm Mut. Auto Ins. Co., Inc.*, 1:06-CV-00018, 2006 WL 3499986, at *3 (N.D. Ohio Dec. 5, 2006) (finding request for "[a]ny and all" documents is overbroad); *Pipkins v. Stewart*, No. 15-CV-2722, 2021 WL 1433444, at *4 (W.D. La. Apr. 15, 2021) ("Courts routinely find that requests seeking 'any and all documents' are overbroad."); *Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper."). To the extent that the SDC Defendants agree to perform a reasonable search for and to produce documents responsive to any Request, it will search for "documents sufficient to show" the requested information. To the extent that the Plaintiffs and the SDC Defendants are able to agree on search terms and a custodian universe (or if such matters are resolved by the Court), this objection will be resolved.

5. **<u>Privileged Material</u>**. The SDC Defendants object to the Requests to the extent that they seek information protected from discovery on the grounds of attorney-client privilege, the work-product doctrine, the accountant-client privilege, or any other recognized privilege or applicable rule or law. The SDC Defendants will interpret all Requests to exclude such material.

6. **<u>Requests Based On Legal Conclusions or Argument</u>**. The SDC Defendants object to the Requests to the extent they seek legal argument or conclusions or characterize certain disputed information as undisputed fact.

- 3 -

7. **Plaintiffs' Definitions Are Not Controlling**. The SDC Defendants object to the Instructions and Definitions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, the Rules or Orders of the Court, or the applicable case law. In answering or responding to the Requests, the SDC Defendants do not admit the truth, validity, completeness, or merit of any of Plaintiffs' definitions and/or instructions incorporated herein, and/or the factual statements recited in any of the Requests. In addition, the SDC Defendants object to the following Definitions:

a. The SDC Defendants object to "Customer Complaint" as overly broad, unduly burdensome, vague, and ambiguous, in that it could be reasonably construed to encompass matters not related to the subject matter of this case. For example, the term "expression of concern" within the definition could be reasonably construed to encompass a concern as trivial as a customer disliking the color of SDC's logo, concerned that it should be green instead of purple. Moreover, the term "prospective customer" within the definition could be reasonably construed to encompass an individual who merely heard the name "SmileDirectClub" in passing and took no action thereafter. To the extent SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Customer Complaint," it is used as the SDC Defendants understand that term.

b. The SDC Defendants object to "Electronically Stored Information" or "ESI" to the extent it departs from the meaning provided in the Federal Rules of Civil Procedure. To the extent SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Electronically Stored," or "ESI," it is used as the SDC Defendants understand that term and as provided for in the Federal Rules of Civil Procedure. (*See also* Section 2, *supra*.)

- 4 -

c.      The SDC Defendants object to "Employee" as overly broad, unduly burdensome, vague, and ambiguous, in that the SDC Defendants' "directors" are not employees; dentists, orthodontists, and doctors who manage care for SmileDirectClub customers are independent providers, not employees; the SDC Defendants do not have "partners"; and typically analysts, investment bankers, consultants, advisors, agents, trustees, and independent contractors are third parties who are not under the control of the SDC Defendants. Perhaps most glaringly, the definition of "Employee" includes "independent contractors," which is a contradiction. To the extent SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Employee," it is used as the SDC Defendants understand that term.

d.      The SDC Defendants object to "Medical Care" as argumentative, overly broad, unduly burdensome, vague, and ambiguous, in that the SDC Defendants are not engaged in the practice of dentistry or medicine. SDC has disclosed those facts regularly, including in the following excerpts from the Company's 2021 10-K, at pages 9 and 18:[1]

> We have a proprietary network of approximately 250 appropriately licensed orthodontists and general dentists across the U.S., Puerto Rico, Canada, Australia, France, the U.K., and Ireland. We recruit doctors with the appropriate licenses across jurisdictions to meet regulatory requirements and continue to expand our network to support our growth. In addition to being in good standing in the jurisdictions where each doctor is licensed to practice dentistry, doctors in our network must have at least 4 years' experience in treating patients with clear aligner therapy in a traditional bricks and mortar setting. Doctors in our network review member records, evaluate candidacy for treatment, review, refine and approve treatment plans, prescribe clear aligners, communicate with members, review case progress, order any necessary treatment plan modifications, and are available to answer any questions should members need additional assistance. As we expand, we will expand our doctor network with appropriately licensed professionals.
>
> * * * *
>
> We contract with orthodontists, dentists, or professional corporations to deliver our products and services to their patients. These contractual relationships are subject to various state laws that prohibit the practice of dentistry by lay entities or persons

---

[1] *See also, e.g.*, Sept. 13, 2019 SmileDirectClub, Inc. Prospectus at 9, 37-18.

and are intended to prevent unlicensed persons from interfering with or influencing the orthodontist's or dentist's professional judgment. In addition, laws in various states also generally prohibit the sharing of professional services income with nonprofessional or business interests. Activities other than those directly related to the delivery of healthcare may be considered an element of the practice of dentistry in many states. Under the corporate practice of dentistry restrictions of certain states, non-clinical decisions and activities may implicate the restrictions on the corporate practice of dentistry. Further, certain states have requirements for Dental Support Organizations, or DSOs, such as us. We have registered as a DSO in all states in which we are required to do so. We continually monitor state requirements as to what constitutes the practice of dentistry and take steps to ensure that the orthodontists and dentists who utilize our services and teledentistry platform handle all clinical aspects of their patients' care to ensure we do not violate those laws and regulations.

As a result, to the extent Plaintiffs' Requests use or refer to the term "Medical Care," the SDC Defendants will not be able to produce documents.

e. The SDC Defendants object to "Medical Incidents" as overly broad, unduly burdensome, vague, and ambiguous, in that it could be reasonably construed to encompass matters not related to the subject matter of this case. For example, the term "potentially suffered" within the definition could be reasonably construed to encompass any instance of medical care whatsoever. Even medical care that is perfectly provided, with no harm to the patient at all, had the *potential* to cause suffering. Without exception, potential suffering is inherent to the provision of medical care. To the extent the SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Medical Incidents," it is used as the SDC Defendants understand that term.

f. The SDC Defendants object to "Medical Professional" as argumentative, overly broad, unduly burdensome, vague, and ambiguous, in that the SDC Defendants are not engaged in the practice of dentistry or medicine. The Defendants incorporate by reference their objections and statements in Section 7(d), *supra*.

- 6 -

g.      The SDC Defendants object to "Regulatory Agency" as overly broad, unduly burdensome, vague, and ambiguous, in that it could be reasonably construed to encompass matters not related to the subject matter of this case. For example, the phrase "investigative or enforcement arm of any medical or dental organization or association" includes in its scope organizations and associations that have no regulatory power or function. The "ADA" and "AAO," which are included in this definition, are two such organizations. This definition is also duplicative, because AAO and ADA are separately defined in these Requests. To the extent SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Regulatory Agency," it is used as the SDC Defendants understand that term.

h.      The SDC Defendants object to "Smile Direct Facility" as overly broad, unduly burdensome, vague, and ambiguous, in that it could be reasonably construed to encompass matters not related to the subject matter of this case. For example, as written, the office of an independent doctor would be included as a "Smile Direct Facility." This definition uses the term "Medical Professionals," which is defined separately and as-defined is not limited to individuals who are employed by, or under the control of, the SDC Defendants. To the extent SDC Defendants' responses and objections to Plaintiffs' Requests use or refer to the term "Smile Direct Facility," it is used as the SDC Defendants understand that term.

8.      **Inconsistent Requests**. The SDC Defendants object to the Instructions as overly broad and unduly burdensome to the extent they are inconsistent with, or seek to impose obligations greater than those mandated by, the Federal Rules of Civil Procedure and other applicable law. The SDC Defendants will produce documents in the form in which they are kept in the ordinary course of business. The SDC Defendants will not produce documents that are

equally available or already in Plaintiffs' possession. The SDC Defendants will specify the documents they will produce in connection with their responses to each Request.

9. **<u>No Implied Admissions</u>**. No incidental or implied admissions are intended by these General Statements and Objections or the Specific Responses and Objections. The fact that the SDC Defendants have answered or objected to any Request should not be taken as an admission that any of the SDC Defendants accepts or admits the existence of any "fact" set forth or assumed by such Request. The fact that the SDC Defendants have answered part or all of any Request is not intended to be, and shall not be reasonably construed to be, a waiver by any of them of any part of any objection to the Request. A statement that a document will be produced does not mean that any such document actually exists or is in the SDC Defendants' possession, custody, or control, but only that to the extent documents exist, that can be located after a reasonable search using search terms and other parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance or other objections, that document will be produced.

10. **<u>Federal Rule of Civil Procedure 26(e)</u>**. The SDC Defendants' responses to the Requests are made subject to the SDC Defendants' continuing and ongoing discovery and the SDC Defendants reserve their right to modify or supplement their responses to the Requests with respect to any response contained herein. The SDC Defendants specifically reserve the right to rely on additional facts as may develop or be revealed as the case progresses.

11. **<u>Incorporation by Reference</u>**. These Responses and Objections to Definitions and Instructions are continuing, and they are incorporated by reference in each of the Responses and Objections below.

**RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications produced by any Defendant or third party in the state court action, *In re SmileDirectClub, Inc. Sec. Litig.*, No. 19-1169-IV (Tenn. Ch. Ct.).

**RESPONSE:** Subject to and without waiving their General Objections, the SDC Defendants have produced documents responsive to this Request. Those documents bear the bates numbers SDC_CSL_0000001 through SDC_CSL_0411053. The SDC Defendants further respond that as the Parties negotiate search terms, some or all of those results overlap with and include the documents identified in this Response, and with other of Plaintiffs' Requests. By re-producing the state-court documents in this case, the SDC Defendants do not waive their objections to any of the Requests.

**REQUEST FOR PRODUCTION NO. 2:** Your document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents and ESI, including all documents or communications concerning changes to, compliance with, violations of, or deviations from such policies.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants state that for the relevant time period, the SDC Defendants have no documents in their possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications concerning any litigation hold instituted for this Action, and any other litigation holds in place during the Relevant Period.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Any litigation holds have no relationship to what information was retained and is unrelated to the claims or defenses in this case. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. There is no suggestion that any discoverable information has been "previously destroyed," much less that any destruction after this litigation was filed or other duty to retain documents arose. Moreover, the phrase "any other litigation holds in place during the Relevant Period" necessarily encompasses documents irrelevant to Plaintiffs' claims. The only litigation hold that could be relevant to this Action is the litigation hold instituted for this Action. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** Directories, organizational charts, corporate headquarter charts, or other documents sufficient to identify or describe the management structure or hierarchy of SDC and any Smile Direct Facility, and all other documents that were created or used in the ordinary course of the Company's business sufficient to identify, by job title or name, the managers, department heads, executives, officers, or employees of SDC and any Smile Direct Facility, or any of their respective departments or other business units, including all direct reports to the Individual Defendants.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Employee" and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or

likely to lead to the discovery of admissible evidence. For example, the phrase "all other documents . . . sufficient to identify, by job title or name, the managers, department heads, executives, officers, or employees of SDC" is not limited based on an employee's level in the company, role, or responsibilities. At the time of the IPO, SDC employed approximately 5,000 people. (9/9/19 Registration Statement on Form S-1 (second amendment), at 27.) This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants respond that documents responsive to this Request are encompassed in the documents identified in Request No. 1. The SDC Defendants will not search for or produce further documents responsive to this Request with respect to each "Employee" or "Smile Direct Facility" or beyond what has already been produced.

**REQUEST FOR PRODUCTION NO. 5:** All employee manuals, handbooks, and training materials.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Employee." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the nature or subject matter of the "employee manuals, handbooks, and training materials" sought. It is not plausible that *all* "employee manuals, handbooks, and training materials" are relevant to this Action. This Request

is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants respond that documents responsive to this Request are encompassed in the documents identified in Request No. 1. The SDC Defendants will not search for or produce additional documents responsive to this Request, including with respect to each "Employee."

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications concerning any policies for staffing at any Smile Direct Facility, including staffing of Medical Professionals, including all documents or communications concerning changes to, compliance with, violations of, or deviations from such policies.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Professional" and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request encompasses all documents and communications regarding staffing whatsoever. For example, given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with policies. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The

- 12 -

SDC Defendants further object to this Request as vague and ambiguous as to the phrase "violations of, or deviations from such policies" because it is not clear how a "violation" differs from a "deviation." The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996.

Subject to and without waiving their objections, the SDC Defendants respond that documents responsive to this Request are encompassed in the documents identified in Request No. 1. The SDC Defendants will not search for or produce additional documents responsive to this Request, including with respect to a "Smile Direct Facility" or "Medical Professionals."

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications concerning the oversight by Medical Professionals of the Medical Care provided by SDC, or lack thereof, including the policies concerning such oversight, including all documents or communications concerning changes to, compliance with, violations of, or deviations from such policies.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Medical Professional." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, especially since "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," this Request can be reasonably construed to encompass nearly all documents or communications regarding all of the SDC Defendants' policies, regardless of scope or subject matter. Moreover, given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with

- 13 -

policies. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the phrase "violations of, or deviations from such policies" because it is not clear how a "violation" differs from a "deviation." The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:** Documents sufficient to determine the proportion of customers and prospective customers for whom a dentist or orthodontist approved a treatment plan or any Medical Care provided.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Medical Care." The SDC Defendants further object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. The terms "dentist," "orthodontist," and "treatment plan" are undefined in these Requests and are not limited to the provision of dental care to patients using the products or services of any of the SDC Defendants. Thus, as written, this Request necessarily encompasses irrelevant documents. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the terms "prospective customers" and "treatment plan." "Prospective customers"

is an undefined term that could include members of the public who did nothing more than hear the name "SmileDirectClub" in passing. "Treatment plan" is an undefined term that could encompass treatment unrelated to SDC's products or services. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance. The SDC Defendants will not search for or produce documents responsive to this Request with respect to "Medical Care."

**REQUEST FOR PRODUCTION NO. 9:** All policies concerning sales tactics and targets, including policies covering conversion rate goals or requirements imposed on SDC employees and sales staff, and compensation derived from or connected to achieving certain sales conversion rates.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Employee." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to

the phrase "compensation derived from or connected to achieving certain sales conversion rates." On the one hand, this phrase could be referring to something narrow like formulaic commissions based on sales. On the other hand, this phrase could be referring to something as broad as *any* compensation. When a company derives its revenue from sales, all employee compensation is in some sense "connected to achieving certain sales conversion rates," whether that achievement is at the individual, group, or company-wide level. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications concerning any SDC employees' performance concerning sales conversion rate goals and requirements.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Employee." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to

the phrase "performance concerning sales conversion rate goals and requirements." On the one hand, this phrase could be referring to something narrow like an SDC employee falling short of, meeting, or exceeding sales conversion rate goals and requirements that apply to the employee. On the other hand, this phrase could be referring to something as broad as *any* performance of *any* SDC employee whatsoever. "Concerning" is defined above as, among other things, "relating to." When a company derives its revenue from sales, all employee performance is in some sense related to sales conversion rate goals and requirements, whether at the individual, group, or company-wide level. An office clerk's outstanding performance in making copies trickles up to help the company meet its sales conversion rate goals. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications concerning Medical Incidents.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Medical Incidents." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request encompasses a wide range of irrelevant documents, such as SmileDirectClub customers' entire clinical files. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this

- 17 -

case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications concerning Customer Complaints.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Customer Complaint." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Requests encompasses a wide range of irrelevant documents, including for example those related to customer complaints having nothing to do with clinical treatment or any of the other issues connected to the allegedly misleading statements forming the basis of Plaintiffs' claims. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996.

Subject to and without waiving their objections, the SDC Defendants will produce documents related to the assertions at issue in this case, to the extent documents exist, that can be

located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 13:** All policies relating to the recording, review or investigation of Customer Complaints, including all documents or communications concerning changes to, compliance with, violations of, or deviations from such policies.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Customer Complaint." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Requests encompasses a wide range of irrelevant documents, such as those related to customer complaints having nothing to do with clinical treatment or any of the other issues connected to the allegedly misleading statements forming the basis of Plaintiffs' claims. Also, given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with policies. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the term "review" and the phrase "violations of, or deviations from such policies." "Review" is an undefined term with a range of reasonable possible meanings. On the one hand, for example, "review" could mean reading or listening to a documented complaint (depending on the medium) without analysis. On the other hand, for example, "review" could

- 19 -

mean evaluating whether the complaint is genuine. The phrase "violations of, or deviations from such policies" is vague and ambiguous because it is not clear how a "violation" differs from a "deviation." The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications concerning how SDC senior management, including the Individual Defendants, monitored the quality of Medical Care provided by SDC, including ensuring appropriate review from a qualified Medical Professional.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Medical Professional." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" "how SDC senior management, including the Individual Defendants, monitored the quality of Medical Care provided by SDC[.]" This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have

- 20 -

nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications concerning any media, news, or television investigations into SDC or any Smile Direct Facility, including any media, news, or television reports or any publications concerning the Medical Care provided by SDC, including publications from Lifehacker, The New York Times, NBC Nightly News, Hindenburg Research, Reuters, and Dow Jones Market Watch.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, "*any* media, news, or television investigations into SDC or any Smile Direct Facility" is not limited by subject matter. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance. The SDC Defendants will not, however, search for or produce documents responsive to this Request with respect to "Medical Care" or "Smile Direct Facilities."

- 21 -

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications concerning SDC's Smile Guarantee, including documents and communications concerning customers' attempts to receive refunds pursuant to that guarantee.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," any document or communication that merely *mentions the* term "Smile Guarantee" would be considered responsive to this Request. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 17:** All non-privileged documents and communications concerning NDAs, contemplated NDAs, or policies concerning NDAs or offering NDAs to persons who made, reviewed, or received Customer Complaints, including all documents or communications concerning changes to, compliance with, violations of, or deviations from such policies.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Customer Complaint." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Given that "concerning" is defined above to mean "referring

to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with policies. Moreover, because, as explained below, the vague and ambiguous terms of this Request that can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the terms "contemplated NDAs" and "reviewed," as well as the phrase "violations of, or deviations from such policies." "Contemplated" is an undefined term with a range of reasonable possible meanings. For example, "contemplated" could mean having thought about something privately, regardless of whether those thoughts were ever shared. "Review" is an undefined term with a range of reasonable possible meanings. On the one hand, for example, "review" could mean reading or listening to a documented complaint (depending on the medium) without analysis. On the other hand, for example, "review" could mean evaluating whether the complaint is genuine. The phrase "violations of, or deviations from such policies" is vague and ambiguous because it is not clear how a "violation" differs from a "deviation." The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants further object to the extent this Document request seeks information subject to the confidentiality provisions of an agreement with a third party. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** All non-privileged documents and communications concerning any lawsuits filed against or by SDC related to the quality of Medical Care provided by SDC.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Medical Care." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request seeks all non-privileged pleadings, motions, productions, underlying client documents, notes, memoranda, transcripts, and any other document or communication whatsoever, related in any way to any lawsuit SDC has been party to that in any way relates to the quality of Medical Care, which SDC does not provide. This is far too broad and encompasses irrelevant documents. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants further object to the extent this Request seeks information subject to the confidentiality provisions of an agreement with a third party. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications concerning any investigation or inquiry by any Regulatory Agency into the Medical Care provided by SDC.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Regulatory Agency." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or

- 24 -

likely to lead to the discovery of admissible evidence. The premise of this Request is that any investigation or inquiry by any Regulator Agency into "the Medical Care provided by SDC" (although SDC does not provide Medical Care), no matter the particulars of those investigations or the aspects of Medical Care that were purportedly investigated, is relevant to Plaintiffs' claims. This premise is incorrect. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications concerning any lobbying efforts or contemplated lobbying efforts by SDC to limit or resolve actual or potential investigations or inquiries from any Regulatory Agency.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Regulatory Agency." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "investigations or inquiries from any Regulatory Agency," such as a narrowing based on scope or subject matter. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks

documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the term "contemplated lobbying efforts." "Contemplated" is an undefined term with a range of reasonable possible meanings. For example, "contemplated" could mean having thought about something privately, regardless of whether those thoughts were ever shared. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications concerning any inspection, investigation, examination, audit, review or inquiry, whether formal, informal, internal or external, into any Smile Direct Facility, Customer Complaint, SDC financial performance or Medical Care provided at or by any Smile Direct Facility.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Customer Complaint," "Medical Care," and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "any inspection, investigation, examination, audit, review or inquiry," such as a narrowing based on scope or subject matter. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine, as well as raising concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants further object to the

- 26 -

extent this Request seeks information subject to the confidentiality provisions of an agreement with a third party.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance. The SDC Defendants will not, however, search for or produce documents responsive to this Request with respect to "Smile Direct Facilities" or "Medical Care."

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications concerning communications with, requests by, or actions of any Regulatory Agency concerning SDC's public statements, any Defendants' transactions in SDC securities, or operations of SDC or Smile Direct Facilities.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Regulatory Agency" and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "SDC's public statements" or "operations of SDC or Smile Direct Facilities," such as a narrowing based on scope or subject matter. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a

- 27 -

claim of privilege or relevance. The SDC Defendants will not, however, search for or produce documents responsive to this Request with respect to "Smile Direct Facilities."

**REQUEST FOR PRODUCTION NO. 23:** All documents and communications concerning SDC's financial performance relative to any internal or external forecasts, guidance, or other projections.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no meaningful limitation on this Request. It seeks all of the SDC Defendants' documents and communications, most of which, of course, are irrelevant to Plaintiffs' claims. Given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," virtually all of the SDC Defendants' documents and communications "concern" SDC's financial performance in some way. Moreover, all of SDC's financial performance is "relative to any internal or external forecasts, guidance, or other projections," so that phrase does not narrow the request. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

- 28 -

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications concerning the actual or projected financial performance of SDC, including studies, reports, analyses, and other documents describing or discussing any trends, statistics, or other metrics related to profits, losses, revenues, growth rates, or adjusted EBITDA.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no meaningful limitation on this Request. It seeks all of the SDC Defendants' documents and communications, most of which, of course, are irrelevant to Plaintiffs' claims. Given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," virtually all of the SDC Defendants' documents and communications "concern" SDC's actual or projected financial performance in some way. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications concerning meetings of or with any audit committee.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "meetings of or with any

audit committee," such as a narrowing based on scope or subject matter. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants are willing to meet and confer with Plaintiffs regarding any proposals they have for clarifying this Request, narrowing its scope, and/or alleviating the burdens of responding.

**REQUEST FOR PRODUCTION NO. 26:** All documents and communications concerning meetings of any disclosure group or committee, including agendas, minutes, notes, reports, and presentations.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "meetings of any disclosure group or committee," such as a narrowing based on scope, subject matter, or type of committee. Moreover, because, as explained below, the vague and ambiguous terms of this Request that can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the phrase "disclosure group or committee." *First*, this phrase is ambiguous because it is not clear whether "disclosure" modifies "committee." *Second*, the terms "disclosure group," "committee" and

"disclosure committee" (if intended) are undefined terms, and the SDC Defendants do not know what they mean in the context of this Request. "Contemplated" is an undefined term with a range of reasonable possible meanings. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants are willing to meet and confer with Plaintiffs regarding any proposals they have for clarifying this Request, narrowing its scope, and/or alleviating the burdens of responding.

**REQUEST FOR PRODUCTION NO. 27:** All documents concerning drafts of and filings of SDC's SEC Forms 10-K, 10-Q, 8-K, and S-1, quarterly and annual earnings press releases, registration statements and prospectuses, including any due diligence materials, meeting minutes, reports, memoranda, analyses, or notes concerning such filings.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence on the grounds that it seeks "all" documents. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

- 31 -

**REQUEST FOR PRODUCTION NO. 28:** All documents and communications concerning any of the statements alleged to be false or misleading in the Complaint, including documents and communications contradicting or inconsistent with such statements.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request. *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at *6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at *3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc.*, No. 17CV686-CAB(BLM), 2018 WL 1744599, at *7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected"). The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications concerning the IPO.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request. *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate

- 32 -

requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at *6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at *3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc*., No. 17CV686-CAB(BLM), 2018 WL 1744599, at *7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected").  The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:** All documents and communications concerning due diligence concerning the IPO.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request.  *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at *6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise*

*Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at \*3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc.*, No. 17CV686-CAB(BLM), 2018 WL 1744599, at \*7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected"). The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:** All documents and communications concerning any communications, conference calls, presentations, or meetings with any SDC shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers, including all documents and communications concerning the quality of Medical Care provided at Smile Direct Facilities, potential legal or regulatory challenges to SDC's business, or its financial performance.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Smile Direct Facility." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no limitation on the phrase "any communications, conference calls, presentations, or meetings with any SDC shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers," such as a narrowing based on scope or subject matter. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC

Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance. The SDC Defendants will not, however, search for or produce documents responsive to this Request with respect to "Smile Direct Facilities" or "Medical Care."

**REQUEST FOR PRODUCTION NO. 32:** All conference call or presentation scripts, including draft scripts and documents concerning any conference call or presentation scripts.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. This Request encompasses *all* conference calls or presentations, regardless of subject matter, participants, purpose, or any other potentially limiting variable. The notion that *all* conference calls and presentations are relevant to Plaintiffs' claims is not plausible. The SDC Defendants will construe this Request to seek Documents related to analyst or investor calls only. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search

terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 33:** All documents and communications concerning any meeting or action of the SDC board of directors, including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda, resolutions (whether adopted or discussed), notes, reports, and presentations.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. This Request encompasses *any* meeting or action of the SDC board of directors, regardless of subject matter, participants, purpose, or any other potentially limiting variable. The notion that *all* board meetings and actions are relevant to Plaintiffs' claims is not plausible. The SDC Defendants will construe this Request to seek information related to the IPO only. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. The SDC Defendants further object to this Request as vague and ambiguous as to the term "board packages." "Board packages" is an undefined term, and the SDC Defendants do not know what it means in the context of this Request. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search

terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 34:** All documents and communications concerning the retention, engagement, and/or consultation with any public/investor relations, disclosure, and/or legal advisors in connection with SDC's public statements.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. This Request encompasses *any* of SDC's public statements, regardless of subject matter, content, purpose, or any other potentially limiting variable. The notion that *all* of SDC's public statements are relevant to Plaintiffs' claims is not plausible. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. The SDC Defendants further object to this Request as vague and ambiguous as to the phrase "the retention, engagement, and/or consultation with," as well as the term "disclosure advisors" (assuming "disclosure" modifies "advisors"). It is not clear whether this Request uses "retention with" to mean "retention of," "retention by," or something else. Also, "engagement with" has a range of reasonable possible meanings. On the one hand, for example, "engagement with" could mean "engagement of" or "engagement by," with "engagement" used as a synonym for "retention" in this context. On the other hand, for example, "engagement" could be reasonably construed broadly to include *any interaction* (e.g., engaging with someone by having a conversation, regardless of context, duration, purpose, or substance; or engaging with someone by shaking hands). The SDC Defendants also

object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:** All documents concerning any policies governing media relations or corporate disclosures, including any documents and communications concerning compliance with or violations of such policies.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with policies. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the term "corporate disclosures." "Corporate disclosures" is an undefined term with a range of reasonable possible meanings, particularly given the multitude of local, state, and federal government bodies that require disclosures from SDC at different points in time and in different situations. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:** A copy of any media, social media, insider trading, code of business conduct and ethics, or corporate disclosure policies in place at SDC, and all documents and communications concerning compliance with or violations of any of those policies.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Given that "concerning" is defined above to mean "referring to, relating to, describing, evidencing, or constituting," many irrelevant documents, such as non-substantive, internal, administrative forms, could be considered responsive to this Request because they "concern" compliance with policies. Moreover, because, as explained below, the vague and ambiguous terms of this Request can be reasonably construed too broadly, as written it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the term "corporate disclosures," and the phrase "code of business conduct and ethics." "Corporate disclosures" is an undefined term with a range of reasonable possible meanings, particularly given the multitude of local, state, and federal government bodies that require disclosures from SDC at different points in time and in different situations. "Code of business conduct and ethics" is also subject to a range of reasonable possible meanings. For example, it could refer to standards enshrined in some unspecified source such as statutes, regulations, or guidance from professional organizations. Alternatively, "code of business conduct and ethics" could be distinct from any published standards. Either way, it is not clear what the phrase means in the context of this Request. The SDC Defendants also object because this Request

- 39 -

Case 3:19-cv-00962    Document 201-2    Filed 04/21/25    Page 40 of 52 PageID #: 5243

seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 37:** All documents and communications concerning the securities holdings and transactions of the Individual Defendants and each current or former SDC employee identified in the parties' Federal Rule of Civil Procedure 26(a)(1) disclosures, including all documents and communications related to: (a) all transactions in SDC securities, including purchases, sales, donations, or use of SDC securities as collateral; (b) all decisions to enter (or not enter) into any contemplated transaction in SDC securities, including any documents or communications reviewed or relied upon; (c) any loans of SDC securities, including, but not limited to, any prepaid variable forward contract or sale lending agreement; (d) any trading plans; and (e) any documents reflecting prohibitions or concerns regarding transactions of SDC securities.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the term "Employee." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request seeks extensive records reflecting financial transactions that have no bearing on Plaintiffs' claims. Moreover, because, as explained below, the vague and ambiguous terms of this request can be reasonably construed too broadly, as writen it necessarily encompasses documents irrelevant to the Action. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants further object to this Request as vague and ambiguous as to the terms "prohibitions" and "concerns." Both terms are too broad

- 40 -

for the SDC Defendants to know what they mean in the context of this Request. Prohibitions can be imposed by a variety of people, groups, rules, statutes, regulations, etc. Also, it is not clear what this Request means by "prohibitions . . . *regarding* transactions." This could mean the transactions are prohibited, but "regarding" could instead render the meaning much broader. The term "concern" is vague and ambiguous because almost anything can be a "concern." It is not clear what "concern" means in the context of this Request. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 38:** All documents and communications concerning each Individual Defendant's compensation and performance, including all documents and communications concerning: (a) all components of such compensation, including non-monetary compensation and stock grants; (b) any changes in compensation; (c) any attempts to reduce or claw back such compensation; (d) all bonuses and/or other compensation policies, terms and agreements; (e) all performance reviews; (f) all payments, loans, or taxable benefits received from SDC; (g) any severance package, termination agreement, or parachute payments; and (h) payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request encompasses a wide range of documents that, while "concerning" "compensation and performance," have nothing to do with Plaintiffs' claims. The phrase "[a]ll documents and communications concerning each Individual Defendant's compensation and performance" is not limited or qualified at all. This Request is not tailored to

seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance.

**REQUEST FOR PRODUCTION NO. 39:** All documents and communications concerning, or contributing to, any Individual Defendant's awareness of SDC's financial performance, the quality of Medical Care provided by SDC, and any potential or actual legal or regulatory investigations or inquiries faced by the Company, including from any Regulatory Agency.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Medical Care" and "Regulatory Agency." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. Nearly any document concerning SDC that any Individual Defendant has ever seen has "contributed to" the Individual Defendant's "awareness of" SDC's financial performance or the other subjects listed in this Request. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege, as well as raising

- 42 -

concerns regarding the requirements of complying with the Health Insurance Portability and Accountability Act of 1996. The SDC Defendants further object to the extent this Request seeks information subject to the confidentiality provisions of an agreement with a third party.

Subject to and without waiving their objections, the SDC Defendants will produce documents, to the extent documents exist, that can be located after a reasonable search using search terms and parameters agreed upon by Plaintiffs and the SDC Defendants, and are not subject to a claim of privilege or relevance. The SDC Defendants will not, however, search for or produce documents responsive to this Request with respect to "Medical Care."

**REQUEST FOR PRODUCTION NO. 40:** All documents and communications concerning any change in the price of SDC securities and the cause(s) or potential cause(s) thereof.

**RESPONSE:** The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, there is no meaningful limitation on this Request. Virtually all of the SDC Defendants' documents and communications somehow concern, at a minimum, the "potential causes" of a change in the price of SDC securities. Moreover, any number of internal and external factors affect a company's stock price. It is difficult to conceive of how responsive documents could even be identified in response to this Request. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and the accountant-client privilege. The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:** All documents and communications supporting or concerning any Affirmative Defenses asserted by you in any Answer to the Complaint and any other defenses or factual arguments you have asserted in this case or intend to assert.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request. *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at \*6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at \*6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at \*3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc.*, No. 17CV686-CAB(BLM), 2018 WL 1744599, at \*7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected"). The SDC Defendants further object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants further object because this Request is duplicative. Specifically, many of Plaintiffs' other Requests request the same documents as this sweeping catch-all request.

- 44 -

The SDC Defendants incorporate the responses in their December 15, 2022 Rule 26(a)(1)(A)(ii) disclosures, including without limitation that it is too early in the litigation to determine which documents the SDC Defendants may offer in their case-in-chief. At the point when those Disclosures are amended to identify specific documents, and assuming that some or all of those documents were not produced in this litigation, the SDC Defendants will produce those documents.

**REQUEST FOR PRODUCTION NO. 42:** All documents concerning any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors and omissions policies, general liability policies or by-laws under which any Defendant may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this Action.

**RESPONSE:** The SDC Defendants object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

Subject to and without waiving their objections, the SDC Defendants state that there are no documents in their possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:** All documents you identify in your Federal Rule of Civil Procedure 26(a)(1) disclosures.

**RESPONSE:** The SDC Defendants incorporate the responses in their December 15, 2022 Rule 26(a)(1)(A)(ii) disclosures, including without limitation that it is too early in the litigation to determine which documents the SDC Defendants may offer in their case-in-chief. At the point when those Disclosures are amended to identify specific documents, and assuming that some or all of those documents were not produced in this litigation, the SDC Defendants will produce those documents.

**REQUEST FOR PRODUCTION NO. 44:** All transcripts of depositions and interviews concerning SDC's financial performance, the quality of Medical Care provided by SDC, Medical Incidents, Customer Complaints, or any potential or actual legal or regulatory investigations or inquiries faced by the Company, including from any Regulatory Agency.

**RESPONSE:** The SDC Defendants incorporate and reiterate their objection to the definition of the terms "Customer Complaint," "Medical Care," "Medical Incidents," and "Regulatory Agency." The SDC Defendants object to this Request because it is overly broad, unduly burdensome, and seeks information not relevant or likely to lead to the discovery of admissible evidence. As written, this Request encompasses nearly *all* transcripts of depositions and interviews, including those which are not relevant to Plaintiffs' claims. Together, the list of subjects after "concerning" is extremely broad and encompasses nearly all of SDC's business. This Request is not tailored to seek information that is relevant and proportional to the Plaintiffs' specific allegations in this case, as required by Fed. R. Civ. P. 26(b), and instead seeks documents that have nothing to do with the allegedly misleading statements made by SDC. The SDC Defendants also object because this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:** All documents and communications produced to you in response to any subpoena issued in this Action.

**RESPONSE:** The SDC Defendants will produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:** All documents and communications concerning Plaintiffs or this Action.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request. *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020

- 46 -

WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at *6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at *3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc*., No. 17CV686-CAB(BLM), 2018 WL 1744599, at *7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected"). The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:** To the extent not captured by the above requests, all documents, and communications relevant to this Action, without regard to the Relevant Period.

**RESPONSE:** The SDC Defendants object to this Request because it is an impermissible catch-all request. *See Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) (granting protective order where "boilerplate requests" for "'all' information supporting an allegation" does not meet "Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected"); *Edwards v. Danka Indus., Inc.*, No. CV 3:03-0575, 2006 WL 8458072, at *6 (M.D. Tenn. May 8, 2006) (affirming Magistrate Judge's ruling that rejected a request as a "a catchall" seeking "all documents that refer or relate to" a topic); *see also Tropical Paradise*

- 47 -

*Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2018 WL 8359642, at *3 (S.D. Fla. Sept. 5, 2018) (granting protective order and finding requests "inappropriate" that seek "'any and all documents . . . which in any way pertains to the topics of inquiry'" and a "catch-all request"); *Calleros v. Rural Metro of San Diego, Inc.*, No. 17CV686-CAB(BLM), 2018 WL 1744599, at *7 (S.D. Cal. Apr. 11, 2018) (denying motion to compel and finding "[t]he request is an overbroad catchall request seeking all documents related to the litigation to which Plaintiffs properly objected"). The SDC Defendants will not separately search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48:** If any documents or categories of documents responsive to these requests have been previously destroyed such that you are unable to produce them in response to this request, please produce all documents concerning the destruction of such documents, including documents reflecting the date on which responsive materials were destroyed, describing the nature of the documents that were destroyed, or identifying the actual or potential location or custodian of any copies of destroyed documents.

**RESPONSE:** The SDC Defendants object to this Request on the grounds that it is premature, argumentative, and overly broad. *First*, there is no suggestion that any discoverable information has been "previously destroyed," much less that any destruction after this litigation was filed or other duty to retain documents arose. *Second*, this Request is argumentative because it assumes that data was or will be destroyed and shifts the burden onto the SDC Defendants to demonstrate that no such data has been deleted. *Third*, this Request is overly broad because it seeks to impose a duty on the SDC Defendants to search for and create, in effect, a log of unidentified, but supposedly "destroyed," material. The SDC Defendants also object to the extent that this Request seeks information protected by the attorney-client privilege and the attorney work-product doctrine. The SDC Defendants note that they have shared and will share extensive

information about the collection universe, the custodians, and search-term results.  The SDC

Defendants will not separately search for or produce documents responsive to this Request.

Dated:  January 17, 2023

*/s/ Andrew G. Fiorella*

Steven A. Riley (TN #6258)
Elizabeth O. Gonser (TN #26329)
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rwjplc.com
egonser@rwjplc.com

Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
Michael C. Griffin (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:  (917) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
michael.griffin@skadden.com

Andrew G. Fiorella (*pro hac vice*)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone:  (216) 363-4453
Facsimile:  (216) 363-4588
afiorella@beneschlaw.com

Hannah M. Stowe (*pro hac vice*)
BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-463771
Telephone:  (312) 212-4949
Facsimile:   (312) 767-9192
hstowe@beneschlaw.com

*Counsel for SmileDirectClub, Inc., David Katzman,*
*Kyle Wailes, Steven Katzman, Jordan Katzman,*
*Alexander Fenkell, Susan Greenspon Rammelt,*
*Richard Schnall, and Camelot Venture Group*

- 50 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served electronically upon the following on this the 17th day of January, 2023:

| <u>Attorney</u> | <u>Service Email</u> |
|---|---|
| Michael Albert | malbert@rgrdlaw.com |
| Paul Kent Bramlett | Pknashlaw@aol.com |
| Henry Scattergood Bator | hbator@rgrdlaw.com |
| Wade B. Cowan | wcowan@dhhrplc.com |
| James M. Ficaro | jmf@weiserlawfirm.com |
| Andrew J. Finn | finna@sullcrom.com |
| Elizabeth O. Gonser | egonser@rjfirm.com |
| Michael C. Griffin | michael.griffin@skadden.com |
| John S. Hicks | jhicks@bakerdonelson.com |
| James A. Holifield, Jr. | aholifield@holifieldlaw.com |
| J. Alexander Hood, II | ahood@pomlaw.com |
| Lewis S. Kahn | Lewis.kahn@ksfcounsel.com |
| Jay B. Kasner | jay.kasner@skadden.com |
| Ashley M. Kelly | akelly@rgrdlaw.com |
| Phillip Kim | pkim@rosenlegal.com |
| Jeremy A. Lieberman | jalieberman@pomlaw.com |
| Ting H. Liu | tliu@rgrdlaw.com |
| Richard A. Maniskas | rmaniskas@sbtklaw.com |
| Jeffrey J. Stein | jstein@rgrdlaw.com |
| E. Powell Miller | epm@millerlawpc.com |
| Scott D. Musoff | scott.musoff@skadden.com |
| Danielle S. Myers | danim@rgrdlaw.com |
| Sharon L. Nelles | nelless@sullcrom.com |
| Christopher Nelson | cln@weiserlawfirm.com |
| Melinda A. Nicholson | Melinda.nicholson@ksfcounsel.com |
| Michael J. Palestina | Michael.Palestina@ksfcounsel.com |
| Ira M. Press | ipress@kmllp.com |
| Steven Allen Riley | sriley@rjfirm.com |
| Darren J. Robbins | darrenr@rgrdlaw.com |
| Laurence M. Rosen | lrosen@rosenlegal.com |
| Scott H. Saham | scotts@rgrdlaw.com |
| John Tate Spragens | john@spragenslaw.com |
| Hannah Stowe | hstowe@beneschlaw.com |
| Tara L. Swafford | tara@swaffordlawfirm.com |
| Christopher E. Thorsen | cthorsen@bakerdonelson.com |
| Christopher M. Wood | cwood@rgrdlaw.com |

*/s/ Andrew G. Fiorella*