# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 7 |
| SMILEDIRECTCLUB, INC., *et al*.[1] | Case No. 23-90786 (CML) |
| Debtors. | (Jointly Administered) |

**EMERGENCY MOTION FOR ORDER
CONFIRMING CHAPTER 7 TRUSTEE IS AUTHORIZED AND
EMPOWERED TO WAIVE THE DEBTORS' ATTORNEY/CLIENT PRIVILEGES**

**Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on November 18, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November 18, 2024, at 3:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002.**

**Participants may appear in person or through audio or video conference. Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage through the Southern District of Texas website. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SmileDirectClub. The location of Debtor SmileDirectClub, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 414 Union Street, 8th Floor, Nashville, Tennessee, 37219.

Class Representatives Brittany Vang and Matthew G. Mancour ("Class Representatives") in the certified securities class action litigation *In re SmileDirectClub, Inc. Securities Litigation*, Case No. 19-1169-IV, pending in the Chancery Court for Davidson County, Tennessee, Part IV (the "State Securities Litigation"), and proposed class representative and court-appointed lead plaintiff 1199 SEIU Health Care Employees Pension Fund and proposed class representative Bucks County Employees Retirement System ("Federal Plaintiffs" and together with Class Representatives, the "Securities Plaintiffs") in the consolidated securities class action *Adam Franchi v. SmileDirectClub, Inc.*, Case No. 3:19-cv-00962, pending in the United States District Court for the Middle District of Tennessee (the "Federal Securities Litigation" and together with the State Securities Litigation, the "Securities Litigations"), on behalf of themselves, members of the certified class in the State Securities Litigation (the "Certified State Class"), and the substantially similar proposed class in the Federal Securities Litigation (the "Proposed Federal Class" and together with the Certified State Class, the "Classes"), hereby file this motion (the "Motion") seeking an Order from this Court confirming that Alyson D. Byman, in her capacity as the Chapter 7 Trustee (the "Trustee") in these Chapter 7 cases, (i) had and has control over, and the authority to share access with the Securities Plaintiffs to, documents relevant to the Securities Litigations; and (ii) the Trustee was authorized and empowered to waive the Debtors' attorney/client privilege with respect to those prepetition communications.

In support of this Motion, the Securities Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

1.     In an abundance of caution, the Securities Plaintiffs move this Court for an Order confirming that the Trustee is authorized and empowered to provide certain of the Debtors' documents to the Securities Plaintiffs and to waive any potentially applicable attorney/client privilege with respect to prepetition communications on behalf of the Debtors' estates, including

-2-

as to the documents provided to the Securities Plaintiffs.  The Securities Plaintiffs assert that such actions are routine and well within the Trustee's powers under the Bankruptcy Code and decades of precedent, including from the U.S. Supreme Court.  However, the Non-Debtor Defendants in the Securities Litigations have questioned the Trustee's authority in other forums and have suggested in submissions to the Federal Court that this Court should decide the Trustee's privilege waiver and related issues.

2.	Resolution of this privilege issue, such as it is, will provide all parties with the necessary guidance regarding the appropriate use of the documents at issue, as the Securities Litigations continue to progress to trial in the Federal Court and the State Court.  Moreover, this Court has the appropriate jurisdiction (as opposed to the State Court and the Federal Court) to determine the scope of the Trustee's authority under applicable bankruptcy law and practice.

3.	Upon appointment, the Trustee took control of all of the assets, rights, and powers, of the Debtors' estates, including certain documents maintained by the Debtors relevant to the Securities Litigations (the "Documents").  As the Court is aware, various orders entered during the Chapter 7 cases restrict the Trustee's ability to use any estate assets that are collateral of the DIP lenders to review, investigate, or prosecute claims against the Non-Debtor Defendants.  The Trustee, who is not a party to the Securities Litigations, lacks any resources to intervene in the Securities Litigation or otherwise contest the Non-Debtor Defendants' murky position with respect to privilege.

4.	Under the circumstances, the Trustee determined that it was appropriate and beneficial to the Debtors' estates to provide the Securities Plaintiffs with access to the Documents and waive all potentially applicable attorney/client privileges that the Trustee could assert with respect to those prepetition communications.  Specifically, the Trustee was able to avoid any costly

litigation with respect to the Documents and obtain the benefit of the Securities Plaintiffs' commit to host the large data set of the documents at no cost to the Debtors' estates.

5. The Non-Debtor Defendants' questioning of the Trustee's authority to provide the Documents and waive any potentially applicable attorney/client privilege is no more than their latest tactic to obstruct the rights of the Securities Plaintiffs and the Trustee to pursue valuable claims. Accordingly, the Securities Plaintiffs respectfully request that this Court enter an Order granting the Motion and finding that the Trustee's actions are and were authorized pursuant to applicable law.[2]

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein is 11 U.S.C. §§ 105(a) and 704.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

**I.     The Chapter 7 Case**

8. On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Cases.

9. On November 27, 2023, the Securities Plaintiffs timely filed proofs of claim on behalf of themselves and the Classes against SmileDirect.

---

[2] The Securities Plaintiffs have shared a draft of this Motion with the Trustee and the Trustee does not oppose the relief sought by this Motion.

10.     On January 26, 2024, this Court converted the Chapter 11 Cases to cases under Chapter 7, thereby displacing the Debtors' board of directors and management with the Trustee to control and administer the Debtors' estates.

## II.     The State Securities Litigation and Federal Securities Litigation

11.     Brittany Vang and Matthew G. Mancour are Class Representatives in the State Securities Litigation filed on September 27, 2019, in the Chancery Court for Davidson County, Tennessee, Part IV (the "State Court") against certain of the Debtors' former directors and officers, underwriters, shareholders, and other related parties (the "State Non-Debtor Defendants") and SmileDirect.

12.     The complaint in the State Securities Litigation (the "State Complaint") asserts causes of action based upon violations of sections 11, 12(a)(2),[3] and 15 of the Securities Act of 1933 (the "Securities Act"), which have been upheld by multiple courts.  Specifically, the claims allege that the State Non-Debtor Defendants, and SmileDirect, made multiple materially untrue and misleading statements regarding SmileDirect's business.  Notably, certain of the State Non-Debtor Defendants collectively received hundreds of millions of dollars from issuing the SmileDirect securities which are the subject of the State Securities Litigation, the same securities in connection with which the Certified State Class suffered substantial losses.

13.     On June 24, 2022, the State Court entered an order certifying the Certified State Class, comprised of "all persons who purchased or acquired common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with SmileDirect's September 12, 2019 initial public offering."  On March 18, 2022, the Court of Appeals of Tennessee at Nashville affirmed the State Court's certification of the Certified State Class.

---

[3]     The Court of Appeals of Tennessee at Nashville later dismissed the claims in the State Complaint under section 12 of the Securities Act.

14. On October 19, 2019, Adam Franchi filed a complaint commencing the Federal Securities Litigation on behalf of himself and a proposed class against SmileDirect and others, in the United States District Court for the Middle District of Tennessee (the "District Court").

15. On January 27, 2020, the District Court entered an Order appointing 1199 SEIU Health Care Employees Pension Fund as lead plaintiff in the Federal Securities Litigation.

16. On March 30, 2021, Federal Plaintiffs filed the *Amended Consolidated Complaint for Violations of the Federal Securities Laws* (the "Federal Complaint") on behalf of themselves and the Proposed Federal Class against certain of the Debtors' current and former directors, officers, underwriters, and shareholders (the "Federal Non-Debtor Defendants" and together with the State Non-Debtor Defendants the "Non-Debtor Defendants"), none of whom are Debtors, and also against SmileDirect (collectively with the Non-Debtor Defendants, "Defendants").

17. The Federal Complaint asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of the Proposed Federal Class, comprised of purchasers of SmileDirect's Class A common stock between September 12, 2019 and March 12, 2020, inclusive.

18. On September 30, 2022, the District Court substantially denied the Federal Non-Debtor Defendants' and SmileDirect's motion to dismiss the Federal Securities Litigation.

19. On June 5, 2023, Federal Plaintiffs filed a motion for certification of the Proposed Federal Class, which remains pending.

20. The factual allegations in the Federal Complaint significantly overlap with the claims and allegations in the State Complaint, and the composition of the Proposed Federal Class encompasses substantially the same class members as the Certified State Class.

### III. The Trustee's Determination to Provide Access to Documents and Waive the Attorney/Client Privilege

21. Shortly following the appointment of the Trustee, the Securities Plaintiffs engaged with the Trustee to, *inter alia*, resolve certain discovery issues that were pending with respect to certain Debtor documents prior to the Petition Date and to attempt to coordinate their efforts with respect to claims against certain Non-Debtor Defendants.

22. These disputed issues included: (i) thousands of documents that the Debtors had improperly redacted or withheld based on inadequate claims of privilege, or completely baseless "protected content," or other claims; and (ii) numerous custodians who, based on the Securities Plaintiffs' review of documents produced in the Securities Litigations, the Securities Plaintiffs believed should have been included in the Debtors document search and production in the Securities Litigations.

23. By early June 2024, an understanding was reached between the Trustee and the Securities Plaintiffs that, to resolve outstanding discovery issues raised by the Non-Debtor Defendants in the Securities Litigations with respect to the Documents, the Trustee would provide the Securities Plaintiffs with access to the Documents and waive any applicable attorney/client privilege for prepetition communications. Shortly thereafter, steps were implemented to begin providing the Securities Plaintiffs with access to the Documents.[4]

24. By no later than June 15, 2024, counsel for the Trustee confirmed to counsel for certain of the Non-Debtor Defendants that the Trustee, on behalf of the Debtors' estates, had waived all attorney/client privilege for the Debtors' prepetition communications.

---

[4] Due to the significant volume of the Documents, the logistics for electronically copying the Documents and making them available to the Securities Plaintiffs took several weeks to implement. The cost relating to this was borne solely by the Securities Plaintiffs.

## IV.    Non-Debtor Defendants Objections to Trustee's Actions

25.     Notwithstanding that it is black letter law that a Chapter 7 trustee is authorized to waive the attorney/client privilege on behalf of corporate debtors, the Non-Debtor Defendants have suggested that the Trustee's actions were not authorized under applicable law.  Notably, the Non-Debtor Defendants only raised such objections in generalized terms.

26.     For instance, in a *Request for a Discovery Conference* filed on September 9, 2024, in the Federal Court Litigation, the Non-Debtor Defendants stated:

> There is no reason to allow [Securities] Plaintiffs unfettered access to documents having nothing whatsoever to do with the bankruptcy (because they were from years before the bankruptcy filing) or the maximization of recovery for SDC's creditors.  The Individual Defendants request that the Court issue a briefing schedule so that these novel issues can be resolved on a more completed record and with the opinion of the Bankruptcy Court.  In the meantime, [Securities] Plaintiffs should be prohibited from accessing or using this information.
>
> The Individual Defendants submit that the Trustee did not have the authority to grant [Securities] Plaintiffs access to a database of documents containing not only non-responsive, trade secret, and personal information, but also documents for which the Individual Defendants asserted claims of privilege.
>
> Equally important, the Trustee abandoned the database at issue and the SDC estate is not paying (and cannot pay) for its maintenance. As a result, there is a compelling argument that these documents are not within the assets of the Bankruptcy Estate, and the Trustee has no right to give [Securities] Plaintiffs access to these documents.[5]

27.     Notably, the Non-Debtor Defendants concede that it is the Bankruptcy Court that should opine on the issues raised by the Non-Debtor Defendants that are the subject of this Motion.

---

[5] Federal Securities Litigation [Dkt. No. 184 at 3-4] (emphasis added).

**RELIEF REQUESTED**

28.     Through this Motion, the Securities Plaintiffs seek an Order from this Court confirming that: (i) the Trustee was authorized and empowered to provide access to the Documents to the Securities Plaintiffs; and (ii) the Trustee was authorized and empowered to waive the Debtors' attorney/client privilege for prepetition communications.

**A.     *The Trustee Has the Authority to Provide the Documents to the Securities Plaintiffs***

29.     Bankruptcy Code § 704 sets forth the duties of a Chapter 7 trustee, which provides in relevant part that the trustee shall: (i) "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest"; (ii) "be accountable for all property received"; and (iii) "investigate the financial affairs of the debtor".  *See* 11 U.S.C. § 704(a)(1), (2), and (4); *see also In re Kazis*, 257 B.R. 112, 114 (Bankr. D. Mass. 2001) ("It is clear that upon conversion to Chapter 7, the Debtor's business was no longer authorized to be conducted by the Trustee, however, the Trustee was responsible, in accordance with § 704, to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interests of parties in interest.").

30.     As this Court has previously been advised in connection with the Trustee's motion to retain special litigation counsel, the prosecution of claims against the Non-Debtor Defendants is the only viable source of recovery to satisfy the millions of dollars of claims that have been filed in these cases.  As part of the Non-Defendant Debtors' strategy of using the bankruptcy process to shield themselves from liability for their prepetition conduct, the DIP lender, who is effectively controlled by some or all of the Non-Debtor Defendants, negotiated financing orders in these Chapter 11 Cases, which preclude the Trustee from using estate assets and cash collateral to investigate, review or prosecute claims against the Non-Debtor Defendants.

-9-

31.     Given these significant constraints, the Trustee reasonably determined that it was in the best interests of the Debtors' estates to provide the Documents to the Securities Plaintiffs rather than engage in the time consuming and expensive discovery motion practice involving the Securities Litigations.  Moreover, avoiding the cost of unnecessary litigation and providing the Documents to the Securities Plaintiffs will inure to the benefit of the Debtors' estates through the Securities Plaintiffs' commitment to host the Documents at their expense, and the benefit that it will likely provide.

32.     Accordingly, upon information and belief, the Trustee appropriately considered the unique circumstances of these Chapter 7 cases and determined that providing the Securities Plaintiffs with access to the Documents was in the best interests of the Debtors' estates.  *See In re CHN Construction, LLC*, 531 B.R. 126, 130 (Bankr. E.D. Va. 2015) ("The trustee, as the estate representative, is charged with responsibility for the recovery, preservation, liquidation, and distribution of the chapter 7 bankruptcy estate.  The trustee, as the estate representative, has to consider the divergent interests of all the constitute parties in the bankruptcy case.").  In sum, the Trustee has the power and authority to allow access to estate property – the Documents – to the Securities Plaintiffs as part of her rights and responsibilities as the representative of the Debtors' estates.

**B.  *The Trustee Has the Authority to Waive the Debtors' Attorney/Client Privilege***

33.     When a corporate entity commences a Chapter 7 case, or a Chapter 11 case is converted to a Chapter 7 case, it is "the trustee of a corporation in bankruptcy [that] has the power to waive the corporation attorney-client privilege…" *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985).  The *Weintraub* court reasoned that control of a corporation's attorney/client privilege in bankruptcy belongs to the party having the most

analogous duties to the solvent corporation's officers and directors.  *See id*. 351; *see also e.g.*, *Hechinger Invest. Co. of Delaware v. Fleet Retail Finance Grp.*, 285 B.R. 601, 611 (D. Del. 2002) ("*Weintraub* stands for the proposition that the power to exercise the attorney-client privilege in bankruptcy proceedings passes to the bankruptcy trustee."); *U.S. v. Campbell*, 73 F.3d 44, 47 (5th Cir. 1996) ("we conclude that the district court did not err in holding that Cage, as the bankruptcy trustee of the debtor-Partnership, had the authority to waive the attorney-client privilege on behalf of the Partnership").

34.     The Trustee's waiver of the attorney/client privilege, in connection with providing the Securities Plaintiffs with access to the Documents, will both avoid unnecessary litigation regarding the Documents and facilitate the Trustee's and the Securities Plaintiffs' prosecution of valuable claims against the Non-Debtor Defendants.  *See In re Bame*, 251 B.R. 367, 377 (Bankr. D. Minn. 2000) ("In this case the Debtor has already been denied his discharge, and the Trustee is only seeking to uncover assets and avoidable transfers that may benefit the estate.  Thus, while if successful the trustee may recover assets from third party transferees, as to these activities there is no apparent and demonstrable harm to the Debtor.  In fact, by waiving the privilege, the Trustee may benefit the estate by the recovery of assets, thus indirectly benefitting the Debtor by providing assets with which to pay this nondischargeable debts to his creditors.").

35.     The Trustee has acted and continues to act in accordance with her rights and responsibilities under the Bankruptcy Code and appliable law.  Any objections interposed by the Non-Debtor Defendants should be viewed in the context of their repeated attempts to use the bankruptcy process to thwart the adjudication of claims against them based upon their prepetition conduct.

36.     Accordingly, the Securities Plaintiffs respectfully request that this Court determine that the Trustee was within her legal authority to provide the Documents to the Securities Plaintiffs and to waive the attorney/client privilege on behalf of the Debtors' estates.

### **RESERVATION OF RIGHTS**

37.     This Motion and any subsequent pleading, appearance, argument, claim, or suit made or filed by Securities Plaintiffs, either individually or for the Classes or any member thereof, do not, shall not, and shall not be deemed to:

    a.     constitute a submission by Securities Plaintiffs, either individually or for the Classes or any member thereof, to the jurisdiction of the Bankruptcy Court;

    b.     constitute consent by Securities Plaintiffs, either individually or for the Classes or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

    c.     waive any substantive or procedural rights of Securities Plaintiffs or the Classes or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigations, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigations; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Securities Plaintiffs or the Classes or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

38.     For the avoidance of doubt, Securities Plaintiffs, on behalf of themselves and the Classes, do not, and will not impliedly, consent to this Court's adjudication of any claims now or

hereafter asserted against any non-Debtor party now or hereafter named in the Securities Litigations.

## CONCLUSION

For all of the foregoing reasons, the Securities Plaintiffs respectfully request that the Court grant the Motion and grant such other and further relief as the Court deems just and appropriate.

[ *Remainder of page left intentionally blank* ]

Dated: November 1, 2024

**LOWENSTEIN SANDLER LLP**

*/s/ Andrew Behlmann*
Michael S. Etkin, Esq.
Scott Cargill, Esq.
Andrew Behlmann, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: metkin@lowenstein.com
E-mail: scargill@lowenstein.com
E-mail: abehlmann@lowenstein.com

*Bankruptcy Counsel to Securities Plaintiffs
 and the Classes*

-15-

**CERTIFICATION OF SERVICE**

I hereby certify that on the 1st day of November 2024, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice and on the parties listed on the attached limited service list by United States first-class mail:

By:  /s/ *Andrew D. Behlmann*
Andrew D. Behlmann

Dated: November 1, 2024