UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>        Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>PLAINTIFFS' OPPOSITION TO INDIVIDUAL DEFENDANTS' EMERGENCY MOTION TO STAY ENFORCEMENT OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE |

4933-1816-6074.v1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. LEGAL STANDARD.............................................................................................2

III. ARGUMENT..........................................................................................................3

    A. The Individual Defendants Are Not Likely to Succeed on the Merits ....................3

        1. The Court Can Only Set Aside a Magistrate's Order that is Cleary Erroneous or Contrary to Law .........................................................................4

        2. The Magistrate Judge's Findings of Fact Were Not Clearly Erroneous .........................................................................................................4

        3. The Order Is Not Contrary to Law.............................................................6

    B. The Individual Defendants Will Not Be Irreparably Harmed Absent a Stay .........8

    C. The Individual Defendants Have Not Met Their Burden to Show that Plaintiffs Will Not Suffer Harm From a Stay .........................................................11

    D. The Public Interest Disfavors a Stay.......................................................................13

IV. CONCLUSION.....................................................................................................14

4933-1816-6074.v1

**CASES**

*Am. Rock Salt Co., LLC v. Norfolk S. Corp.*,
371 F. Supp. 2d 358 (W.D.N.Y. 2005)....................................................................................10

*Amos v. Lampo Grp., LLC*,
2023 WL 3590676 (M.D. Tenn. May 22, 2023)
(Richardson, J.) .....................................................................................................................6, 10

*Bright v. Brookdale Senior Living, Inc.*,
2022 WL 18639031 (M.D. Tenn. May 16, 2022)............................................................. *passim*

*Diseiye Iyebote, M.D. v. Meharry Med. Coll.*,
2023 WL 6368209 (M.D. Tenn. Sept. 27, 2023)
(Crenshaw, J.) .............................................................................................................................8

*Dodds v. United States Dep't of Educ.*,
845 F.3d 217 (6th Cir. 2016) ..................................................................................................2, 3

*Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co.*,
2012 WL 13128566 (E.D. Ky. Nov. 27, 2012)...........................................................................9

*EPAC Techs., Inc. v. Thomas Nelson, Inc.*,
2018 WL 11657175 (M.D. Tenn. Aug. 24, 2018)
(Crenshaw, J.) ......................................................................................................................... 2-3

*Equal Emp. Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*,
621 F. Supp. 2d 603 (W.D. Tenn. 2009)....................................................................................4

*Foster v. Sitel Operating Corp.*,
2023 WL 149993 (M.D. Tenn. Jan. 10, 2023)
(Richardson, J.) .....................................................................................................................4, 10

*Hill v. Cent. Arms, Inc.*,
__ F. Supp. 3d __, 2024 WL 5188041 (E.D. Tenn. Dec. 20, 2024) .........................................8

*Hosp. Auth. of Metro. Gov't of Nashville & Davidson
Cnty., Tennessee v. Momenta Pharms., Inc.*,
2019 WL 5305506 (M.D. Tenn. Oct. 21, 2019)
(Crenshaw, J.) .............................................................................................................10, 11, 12

*Howard v. Sec'y of Health and Hum. Servs.*,
932 F.2d 505 (6th Cir. 1991) .....................................................................................................4

*In re Polyurethane Foam Antitrust Litig.*,
2014 WL 12591692 (N.D. Ohio May 16, 2014)....................................................................13

*King v. Caruso*,
542 F. Supp. 2d 703 (E.D. Mich. 2008)................................................................................6

*Lange v. Crosbie*,
2023 WL 5532789 (E.D. Mich. Aug. 28, 2023) ...............................................................3, 10

*Lintech Glob., Inc. v. CAN Softtech, Inc.*,
2023 WL 7063896 (E.D. Mich. Oct. 26, 2023) ...................................................................4

*Litton Indust., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
124 F.R.D. 75 (S.D.N.Y. 1989) ...........................................................................................10

*Lyngaas v. Curaden AG*,
2019 WL 2635966 (E.D. Mich. June 27, 2019)....................................................................13

*McPherson v. Kelsey*,
125 F.3d 989 (6th Cir. 1997) ...............................................................................................8

*Metro. Life Ins. Co. v. Vanlue*,
2011 WL 2010180 (W.D. Ky. May 23, 2011).......................................................................9

*Morgan v. Trierweiler*,
67 F.4th 362 (6th Cir. 2023) ................................................................................................8

*Nken v. Holder*,
556 U.S. 418 (2009).............................................................................................................2, 3

*Norfolk Cnty. Ret. Sys. v. Comty. Health Sys., Inc.*,
2019 WL 3003647 (M.D. Tenn. Apr. 19, 2019)....................................................................4, 6

*Pogue v. N.W. Mut. Life Ins. Co.*,
2016 WL 3546395 (W.D. Ky. June 23, 2016).......................................................................9

*Shabazz v. Schofield*,
2014 WL 6605504 (M.D. Tenn. Nov. 19, 2014) ................................................................4, 10

*Singh v. Vanderbilt Univ. Med. Center*,
2020 WL 6290321 (M.D. Tenn. Oct. 26, 2020)
(Richardson, J.) ....................................................................................................................6

*Tenn. ex rel. Slatery v. Tenn. Valley Auth.*,
2018 WL 3092942 (M.D. Tenn. June 22, 2018)
(Crenshaw, J.) .......................................................................................................................11

4933-1816-6074.v1

*Tipton v. CSX Transp., Inc.*,
  2017 WL 4583248 (E.D. Tenn. Oct. 13, 2017) ......................................................................13

*Vanderbilt Univ. v. Scholastic, Inc.*,
  321 F. Supp. 3d 830 (M.D. Tenn. 2018)..................................................................................4

*Vitamin Health, Inc. v. Hartford Cas. Ins. Co.*,
  2015 WL 9591476 (E.D. Mich. Dec. 8, 2015) ...................................................................9, 10

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 72(a)................................................................................................................................4

Local Rules
  Rule 37.01(a)...........................................................................................................................7
  Rule 72 ....................................................................................................................................9
  Rule 72.01(c)........................................................................................................................2, 9
  Rule 72.2.............................................................................................................................9, 10

4933-1816-6074.v1

## I.    INTRODUCTION

Over nine months ago, the Individual Defendants were made aware that the Chapter 7 Trustee appointed to administer SmileDirectClub, Inc.'s ("SDC") bankruptcy estate (the "Trustee") had waived SDC's privilege for all communications pre-dating the bankruptcy.  ECF 193 at 7.[1] Over eight months ago, the Individual Defendants were made aware that the Trustee had provided Plaintiffs with access to a database of SDC books and records (the "Documents") in order to resolve ongoing privilege and production issues, and in order to facilitate Plaintiffs' access to previously withheld documents which had been improperly redacted in the first place, or were no longer privileged following the Trustee's waiver.  *Id.* at 9.

Since that time, the Individual Defendants have done ***absolutely nothing*** to facilitate Plaintiffs' access to documents which are unquestionably relevant to the claims and defenses in this case, but have instead sought to thwart Plaintiffs' ability to complete fact discovery by raising unsubstantiated privilege assertions, and making baseless suggestions of misconduct against almost everyone associated with the Trustee's decision, including: (i) the Trustee herself; (ii) counsel retained by the Trustee to prosecute claims against the Individual Defendants for their potential wrongdoing preceding SDC's bankruptcy; and (iii) counsel for Plaintiffs in this action and in the related securities class action against the Individual Defendants pending in Davidson County Chancery Court, *In re SmileDirectClub, Inc. Sec. Litig.*, No. 19-1169-IV (the "State Court Action"). While all of these challenges have failed on their merits, they have been remarkably successful in achieving one thing – ***delay***.

---

[1]    The "Individual Defendants" are Kyle Wailes, Richard Schnall, Alexander Fenkell, Jordan Katzman, and Camelot Venture Group.  "Plaintiffs" are 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System.  Together, the Individual Defendants and Plaintiffs are the "Parties."

- 1 -

The Individual Defendants' Emergency Motion to Stay Enforcement of Nondispositive Order of Magistrate Judge (ECF 199) ("Motion to Stay") is yet another misguided attempt to impede their adversaries' ability to prosecute the claims pending against them. The Individual Defendants waited two full weeks after receiving Magistrate Judge Jeffrey S. Frensley's Order (ECF 196) (the "Order"), to seek the so-called "emergency" relief they demand, and even now fail to so much as cite the applicable legal standards, much less provide a cohesive explanation for why the Court should grant such an extraordinary remedy.

In any case, the Motion to Stay should be denied as it: (i) fails to make **any** showing of success on the merits, instead intentionally misrepresenting the Order in an ill-conceived attempt to show error where none exists; (ii) fails to address much less establish any irreparably injury which would result absent a stay; (iii) fails to consider the substantial injury Plaintiffs will suffer if discovery in this long-pending case is not swiftly completed; and (iv) fails to acknowledge the public interest in the prompt resolution of this action.

The Motion to Stay should be denied.

## II.  LEGAL STANDARD

"'A stay is an intrusion into the ordinary processes of administration and judicial review.'" *Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).[2] Filing an objection to a magistrate's order does not automatically stay enforcement of that order. LR 72.01(c) ("There shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge or the District Judge."). Thus, "'[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that

---

[2]    Unless otherwise noted, citations are omitted and emphasis is added throughout.

4933-1816-6074.v1

discretion.'" *EPAC Techs., Inc. v. Thomas Nelson, Inc.*, 2018 WL 11657175, at *1 (M.D. Tenn. Aug. 24, 2018) (Crenshaw, J.).

Courts in this district apply "the four standard factors for determining whether to grant a stay . . . when review is sought of a magistrate judge's order resolving a non-dispositive matter." *Bright v. Brookdale Senior Living, Inc.*, 2022 WL 18639031, at *1 (M.D. Tenn. May 16, 2022); *see also EPAC*, 2018 WL 11657175, at *1-*2. The factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*EPAC*, 2018 WL 11657175, at *1 (citing *Nken*, 556 U.S. at 433). "Although these factors are 'interrelated considerations that must be balanced, [t]he first two . . . are the most critical.'" *Id.* (some alteration in original).

## III.     ARGUMENT

### A.     The Individual Defendants Are Not Likely to Succeed on the Merits

To meet their burden on the first factor, the Individual Defendants "must show, 'at minimum, serious questions going to the merits.'" *Dodds*, 845 F.3d at 221. A movant fails to meet this standard when it fails to "address the likelihood of success on their objections." *Lange v. Crosbie*, 2023 WL 5532789, at *1 (E.D. Mich. Aug. 28, 2023) (denying a motion to stay where, "[b]ecause [the Individual Defendants] did not bring their [Motion to Stay] under the right standard, they did not address the likelihood of success on their objections."). Here, the Individual Defendants fail to engage with the applicable legal standard or to even acknowledge the extent of their burden, much less show any serious questions going to the merits.

- 3 -

**1. The Court Can Only Set Aside a Magistrate's Order that is Cleary Erroneous or Contrary to Law**

The Court is aware of the deferential standard applied to motions to review:

> Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cnty. Ret. Sys. v. Comty. Health Sys., Inc.*, 2019 WL 3003647, at *1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp. Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

*Foster v. Sitel Operating Corp.*, 2023 WL 149993, at *3 (M.D. Tenn. Jan. 10, 2023) (Richardson, J.). Because the Order was correctly decided, the Individual Defendants cannot show a clear error of fact, nor a decision contrary to law. Thus, an objection that "does nothing more than disagree with [the] magistrate judge's determination," is improper and fails to show the order was clearly erroneous or contrary to law. *Lintech Glob., Inc. v. CAN Softtech, Inc.*, 2023 WL 7063896, at *2 (E.D. Mich. Oct. 26, 2023) (citing *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

**2. The Magistrate Judge's Findings of Fact Were Not Clearly Erroneous**

Movants fail to show "a strong likelihood of prevailing on the merits" when they "incorrectly describe[] the discovery order" they seek to modify. *Bright*, 2022 WL 18639031, at *2. Here, the Individual Defendants' objections blatantly misrepresent Judge Frensley's findings.

- 4 -

For example, the Individual Defendants claim that "[t]he Magistrate Judge anchored his Order on the errant belief that the Parties agreed on the fundamental facts." ECF 198 at 15. The Individual Defendants identify only two "errant" findings: (1) "the Parties agreed that the Database 'formerly belonged to SDC'"; and (2) "the Parties [agreed] on whether the Database was provided by someone with authority to provide it." *Id.* at 15-16 (citing Order at 7). But even a cursory read of the Order reveals that Judge Frensley understood the Parties did not agree on these two facts.

As to the first claim of error, Judge Frensley actually found the Parties agreed only on the fact that "Plaintiffs were given access to" the database, which ***Judge Frensley found*** formerly belonged to SDC. Order at 7. Judge Frensley went to great lengths to describe the dispute between the Parties. *See id.* at 3-4 (acknowledging that the Individual Defendants believed "'these documents are not within the assets of the Bankruptcy Estate'"); *id.* at 6 (acknowledging that "Plaintiffs contend that 'the Documents are books and records of SDC'").

As to the second claim of error, Judge Frensley never found "the Parties [agreed] on whether the Database was provided by someone with authority to provide it," as the Individual Defendants contend. ECF 198 at 16. Rather, he found the Parties agreed the Trustee was "a person ***purporting to*** have the authority to produce the documents in this litigation on SDC's behalf." Order at 7. Again, the Order reflects that Judge Frensley was aware of the Parties disagreement as to the Trustee's authority, considered it, and disagreed with the Individual Defendants. *See id.* at 3-4 (acknowledging that the Individual Defendants contend "'the Trustee has no right to give Plaintiffs access to these documents'"); *id.* at 7 ("[t]hey argue that while the Trustee had the power to waive SDC's attorney-client privilege, 'she may not waive joint privileges, common-interest privileges, or privileges belonging to entities other than the debtors'").

4933-1816-6074.v1

The Individual Defendants' transparent attempts to manufacture a dispute by misrepresenting and misquoting the Order should be rejected, and do not come close to establishing "serious questions going to the merits."

### 3. The Order Is Not Contrary to Law

"When a matter is within the discretion of a judge, the judge's decision on the matter is not contrary to law unless it reflects an abuse of discretion." *Amos v. Lampo Grp., LLC*, 2023 WL 3590676, at *2 (M.D. Tenn. May 22, 2023) (Richardson, J.).

As a preliminary matter, the Individual Defendants fail to meet this burden because they fail to even acknowledge Judge Frensley's discretion. Like the failed motion in *Lampo*, "in their memorandum in support of the motion for review, the word 'discretion' does not even appear." *Id.* Moreover, the Individual Defendants "fail to discuss any legal authority requiring" the outcome they seek. *Norfolk*, 2019 WL 3003647, at *2. Instead, the Individual Defendants opt to "merely state[] [their] disagreement with the Magistrate Judge's findings." *Singh v. Vanderbilt Univ. Med. Center*, 2020 WL 6290321, at *3 (M.D. Tenn. Oct. 26, 2020) (Richardson, J.) (citing *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008)). But, "such disagreement is not a proper objection to a magistrate judge's order." *Id.* This failure alone is sufficient to justify denying the Individual Defendants' Motion for Review of the Order (ECF 197) ("Motion for Review").

In any event, the Individual Defendants claim Judge Frensley committed two legal errors: (1) "concluding 'it is irrelevant how Plaintiffs came to be in possession of the database'"; and (2) "[concluding] nothing 'can change the fact that Plaintiffs have the documents.'" ECF 198 at 17.

To support the first claim of legal error, the Individual Defendants argue that the way Plaintiffs came to be in possession of the database is relevant because it violates the Stipulated Protective Order (ECF 131) (the "Protective Order") in this case as well as the Local Rules. ECF 198 at 17-19. There are two problems with this argument: (1) it is wrong; and (2) it was waived.

- 6 -

First, the Individual Defendants' claims that Plaintiffs violated the Protective Order and Local Rules are only made possible by misrepresenting both the Protective Order and the Local Rules. The Individual Defendants claim Plaintiffs violated §VI of the Protective Order by failing to meet and confer with them before they "challenged the privilege designations of documents." ECF 198 at 18 (citing ECF 131, §VI). But §VI of the Protective Order, which does include a meet and confer requirement, governs challenges to confidentiality designations – not challenges to privilege. *See* ECF 131, §VI.

The Individual Defendants' claim that Plaintiffs "flouted the Local Rules" is similarly defunct. ECF 198 at 18. They claim Plaintiffs "flouted the Local Rules" by not meeting and conferring with them in advance of the Trustee's production because "Local Rule 37.01(a) requires that counsel for the ***parties*** must confer regarding discovery issues. And here, the Individual Defendants were one of those parties." *Id.* Again, a cursory read of the Local Rules reveals the Individual Defendants are wrong. *See* Local Rule 37.01(a) (requiring that "***before filing any motion*** to compel discovery, to quash a subpoena, or for a protective order, counsel for the parties must confer").

Second, these arguments were waived. In the Parties' Joint Discovery Dispute Statement, Request for a Discovery Conference, the Individual Defendants made no suggestion that Plaintiffs had violated either the Protective Order or the Local Rules. ECF 184. In the Parties' Supplement Joint Discovery Dispute Statement, the Individual Defendants made one passing reference to this idea, in one sentence, without citing the Protective Order, the Local Rules, or a single case in support of the idea that Plaintiffs' conduct violated either. *See* ECF 193 at 10 ("Plaintiffs did so without abiding by the Protective Order in this case, following the Local Rules for discovery disputes, seeking guidance from the Court, or even telling the Individual Defendants."). While the Individual

- 7 -

Defendants now feature the argument prominently in their Motion for Review (ECF 198 at 17-19) "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones.'" *Hill v. Cent. Arms, Inc.*, __ F. Supp. 3d __, 2024 WL 5188041, at *6 (E.D. Tenn. Dec. 20, 2024) (alteration in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). "Because this new argument was not before the Magistrate Judge, it is waived." *Diseiye Iyebote, M.D. v. Meharry Med. Coll.*, 2023 WL 6368209, at *2 n.1 (M.D. Tenn. Sept. 27, 2023) (Crenshaw, J.) (citing *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023)).

As to the second claim of error, the Individual Defendants, again, misrepresent the Order. They claim Judge Frensley wrongly suggested "he was powerless to 'change the fact that Plaintiffs have the documents.'" ECF 198 a 19. But the Court actually said, "***[n]o amount of information about the Trustee's authority*** can change the fact that Plaintiffs have the documents." Order at 8. Judge Frensley never suggested he was powerless to rule on the Parties' dispute. This Court should disregard the Individual Defendants' manufactured legal error arguments, which contest supposed legal conclusions Judge Frensley never actually made.

The Individual Defendants have failed to show any likelihood of success on the merits.

**B.  The Individual Defendants Will Not Be Irreparably Harmed Absent a Stay**

A showing of irreparable harm requires more than a showing that some burden may be imposed:

> "The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

- 8 -

*Bright*, 2022 WL 18639031, at *2 (quoting *Metro. Life Ins. Co. v. Vanlue*, 2011 WL 2010180, at *3 (W.D. Ky. May 23, 2011)).

The Individual Defendants do not even acknowledge the "irreparable" standard, and the "burden" they assert is insufficient to justify the stay they seek. The Individual Defendants argue that, absent a stay, they will be burdened in two ways: (1) the Motion for Review would be "'rendered moot'"; and (2) the Individual Defendants would have to comply, by either: (a) reviewing the documents at issue, which they contend "is excessively costly and practically impossible"; or (b) allowing Plaintiffs to access the documents, which they contend is "incompatible with the maintenance of privilege." ECF 200 at 5.

***First***, the Individual Defendants' concerns about mootness apply to motions for review in general and are insufficient to justify a stay. An "assumption that the filing of objections warrants a stay of the . . . Order is misplaced." *Vitamin Health, Inc. v. Hartford Cas. Ins. Co.*, 2015 WL 9591476, at *2 (E.D. Mich. Dec. 8, 2015). "To the contrary, local rule 72.[01(c)] instructs that the filing of objections to a magistrate judge's ruling on a non-dispositive motion does not stay the parties' obligations under the order." *Id.* (citing E.D. Mich. LR 72.2).[3] "A finding to the contrary 'would essentially reduce the magistrate's order to the status of a recommendation' and 'may encourage parties to use the objection process simply as a device to further delay discovery.'" *Hartford*, 2015 WL 9591476, at *2. Indeed, "[t]his Court, not to mention myriad others, has been

---

[3]   The Individual Defendants cite only two cases that suggest mootness can be grounds for a stay. ECF 200 at 5 (citing *Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co.*, 2012 WL 13128566, at *2 (E.D. Ky. Nov. 27, 2012), and *Pogue v. N.W. Mut. Life Ins. Co.*, 2016 WL 3546395 (W.D. Ky. June 23, 2016)). Notably, both decisions come from courts in districts that, unlike the Eastern District of Michigan, have not enacted equivalents of this District's Local Rule 72.01(c).

- 9 -

known to deny as moot, where appropriate, objections to an order of a magistrate judges on a non-dispositive matter." *Foster*, 2023 WL 149993, at *2 (citing *Shabazz*, 2014 WL 6605504, at *2).[4]

***Second***, "[the Individual] Defendants argue that, without a stay . . . they will have to 'spend significant time and resources'" reviewing the Documents. *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 2019 WL 5305506, at *2 (M.D. Tenn. Oct. 21, 2019) (Crenshaw, J.). This argument ignores the fact that it is not the Order which requires the Individual Defendants to expend such resources, but rather their own privilege assertions which they have improperly failed to substantiate for months following the Trustee's waiver. As the Order correctly recognizes, "the Individual Defendants cannot both insist that some of the documents are privileged and refuse to [identify] them and produce a privilege log." Order at 9. Moreover, the Individual Defendants ignore the "numerous opinions from this Circuit holding that '[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'" *Id.* (citing cases). Indeed, "irreparable injury cannot be based on costs alone." *Id.*

***Finally***, the Individual Defendants claim they would also be harmed if Plaintiffs reviewed the documents in question. The Individual Defendants' suggestion that Plaintiffs "could easily" hide

---

[4]  *See also, e.g.*, *Lampo*, 2023 WL 3590676, at *2 ("The Court recognizes that defendants may be frustrated by having to conduct discovery while the possibility still exists that discovery will prove immaterial based on the granting of a still-pending motion."); *Hartford*, 2015 WL 9591476, at *2 (the Individual Defendants' position "'would essentially reduce the magistrate's order to the status of a recommendation' and 'may encourage parties to use the objection process simply as a device to further delay discovery'") (citing E.D. Mich. LR 72.2); *Lange*, 2023 WL 5532789, at *1 (denying motion to stay magistrate's order of independent medical examination where denial of stay would force compliance in advance of hearing on objections); *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 359 (W.D.N.Y. 2005) (denying motion to stay 30-day deadline for compliance with discovery order filed 13 days after the order); *Litton Indust., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989) ("allowing the automatic stay of magistrate's orders [when objections are filed] would not only encourage the filing of frivolous appeals, but, would grind the magistrate system to [a] halt").

- 10 -

certain facts about their review from the Individual Defendants makes no sense.  ECF 200 at 3.  Moreover, the Order expressly provides the Individual Defendants with the opportunity to attempt to claw-back privileged documents if any are ever actually identified.  Order at 10.  In any case, Individual Defendants' speculation here, attempting to show "some 'possibility of irreparable injury[,]' fails to satisfy the second factor."  *Tenn. ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *4 (M.D. Tenn. June 22, 2018) (Crenshaw, J.).  Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical."  *Id.*

### C.  The Individual Defendants Have Not Met Their Burden to Show that Plaintiffs Will Not Suffer Harm From a Stay

Individual Defendants have failed to carry their burden "of proving the absence of harm" to Plaintiffs.  *Momenta Pharms.*, 2019 WL 5305506, at *3.  Instead, the Individual Defendants inexplicably contend that "[t]here are no pressing deadlines in this matter" and that Plaintiffs "have no pressing need to review the documents."  ECF 200 at 6.  The Individual Defendants are wrong.

As Plaintiffs set forth in the Parties Supplement Joint Discovery Dispute Statement, the Individual Defendants have been aware for nine months of the Trustee's privilege waiver, yet taken no steps whatsoever to provide Plaintiffs with the documents to which they are entitled, nor identified or clawed back a single document subject to any privilege.  ECF 193 at 7.  And as Plaintiffs stated in their Motion to Ascertain Status of Pending Request for a Discovery Conference, the resolution of this dispute "constitutes a material impediment to the completion of fact discovery and the resolution of this action."  ECF 186 at 1.

Similarly, this Court's decisions on the Motion to Stay and the Motion for Review will materially impact the State Court Action as well.  *See* Plaintiffs' Notice of Withdrawal of their Motion to Set Discovery Dispute Hearing, filed in the State Court Action on September 30, 2024 at 1 (emphasizing to the State Court that this Court's resolution of the dispute would "provide guidance

- 11 -

to the parties"); *see also* Motion to Set Discovery Dispute Hearing, filed in the State Court Action on September 11, 2024 at 2 (notifying the State Court that they had "not begun reviewing the[] documents . . . but *they need to do so* and also to provide the Underwriter Defendants with access to any documents relevant to the litigation").

In fact, as the Individual Defendants are aware, and indeed *at their insistence*, since June of 2024, the Parties have agreed to coordinate deadlines in this action with the State Court Action. *See* ECF 175 at 2 (the Parties' meet and confer efforts include "discussions . . . to *coordinate deadlines in this action with deadlines in the related action* pending in [the State Court Action]"); *see also* 176 at 2 (same); ECF 177 at 2 ("the Parties to this action have *agreed upon certain coordinated deadlines*," including fact discovery and expert deadlines). Currently, there are impending and fast-approaching deadlines set in the State Court Action. *See* Unopposed Motion to Amend Scheduling Order, filed in the State Court Action on March 31, 2025:

| Event | Proposed Deadline |
|---|---|
| Completion of Expert Discovery | May 12, 2025 |
| Opening MSJ Briefs | June 6, 2025 |
| MSJ Oppositions | July 18, 2025 |
| MSJ Replies | August 22, 2025 |

Accordingly, any further delay in the production of the Documents via the processes delineated in the Order would prejudice Plaintiffs across these coordinated cases – more than they have already been harmed having to litigate this case (completing fact discovery, taking 35 depositions, and serving expert reports) all without the benefit of the Documents, many of which Plaintiffs are indisputably entitled to following the Trustee's privilege waiver. *Momenta Pharms.*,

- 12 -

2019 WL 5305506, at *3 (holding there is "no threshold requirement of irreparability – mere 'substantial harm' will suffice").

Because a stay would at a minimum substantially harm Plaintiffs, this factor weighs against a stay.

### D.      The Public Interest Disfavors a Stay

A stay of this action is against public policy.  Indeed, "[t]he public has an interest in prompt resolution of the cases that will be tried in this [d]istrict." *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *4 (N.D. Ohio May 16, 2014).  "Especially in a case that has been pending for more than two years, the public interest strongly demands as prompt and efficient a resolution of the controversy as possible." *Tipton v. CSX Transp., Inc.*, 2017 WL 4583248, at *7 (E.D. Tenn. Oct. 13, 2017); *see also Lyngaas v. Curaden AG*, 2019 WL 2635966, at *2-*3 (E.D. Mich. June 27, 2019) (the public interest did not weigh in favor of a stay, in part, because the case had been pending for more than two years).  This action and State Court Action have been pending for almost six years.  Thus, the public interest would be served by allowing this case to proceed on its course, rather than granting the stay of the Order, which would result in still further delay. *Bright*, 2022 WL 18639031, at *3 ("'[T]he just, speedy and inexpensive determination' of federal lawsuits generally . . . has already been impacted by the length of time this particular action has been pending. Granting the requested stay will simply prolong this detrimental impact.").

4933-1816-6074.v1

## IV. CONCLUSION

For the foregoing reasons, the Motion to Stay should be denied.

DATED: April 25, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
HENRY S. BATOR, #040431


s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
hbator@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Counsel for Plaintiffs

- 14 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 25, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List.

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/432-2398 (fax)

Email: cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,dgibby@rjfirm.com,bmoore@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

Case 3:19-cv-00962    Document 203    Filed 04/25/25    Page 21 of 23 PageID #: 5334

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Albert Rammelt**
  drammelt@beneschlaw.com,docket@beneschlaw.com,emanzo@beneschlaw.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com,Docket2@beneschlaw.com

Case 3:19-cv-00962    Document 203    Filed 04/25/25    Page 22 of 23 PageID #: 5335

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,CSavedra@rgrdlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)