# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Other Similarly Situated, | ) ) ) | CASE NO. 3:19-CV-00962 (CONSOLIDATED) |
| Plaintiffs, | ) ) | JUDGE HON. ELI RICHARDSON |
| vs. | ) ) | MAGISTRATE JUDGE CHIP FRENSLEY |
| SMILEDIRECTCLUB, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY ENFORCEMENT OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

The Order should be stayed. Nothing in the Opposition changes the fact that the Order's compliance deadline requires the Individual Defendants to either do the impossible (review nearly one million documents by next week) or allow Plaintiffs to see privileged documents. That effectively means Plaintiffs will be permitted to invade the Individual Defendants' privilege unless this Court enters a stay. Once an opposing party sees privileged documents, the later right to prevent their disclosure is of no value. Thus, practically speaking, denying a stay is the same as denying the Individual Defendants' motion challenging the Order—before it even has been briefed and heard. For this reason alone, the Court should stay the Order's compliance deadline.

The Court should also stay the Order because the prejudice to the Individual Defendants absent a stay is far greater than any prejudice to Plaintiffs with a stay. The prejudice to the Individual Defendants is obvious if Plaintiffs are permitted to review privileged documents. By contrast, Plaintiffs face little, if any, prejudice from a stay that merely prevents them from accessing documents outside of the discovery process that they never should have obtained in the first place.

Accordingly, the Court should grant the Motion and stay enforcement of the Order.

## I.       <u>**The Individual Defendants have a strong likelihood of success.**</u>

Plaintiffs obtained access to the Individual Defendants' Database by violating the Stipulated Protective Order and the Local Rules.  The Order disregarded those violations and did not permit the Individual Defendants to fully brief them.  Accordingly, the Court should vacate the Order.

Plaintiffs argue that the Individual Defendants needed to prove these arguments before getting a stay of the Order.  [*See* Opp'n at 3.]  They assert that the Individual Defendants needed to show "serious questions going to the merits," but only disagree with the Order.  [*Id.* at 3–8.]

Plaintiffs are wrong.  Instead, "the law requires [the Individual Defendants] to demonstrate probability of success on the merits in an amount 'inversely proportional to the amount of irreparable injury [movants] will suffer absent the stay.'"  *Lubrizol Corp. v. Int'l Bus., Machines Corp.*, No. 1:21-CV-00870, 2024 WL 2372390, at *2 (N.D. Ohio Apr. 19, 2024) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Grieptrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  Here, the amount of irreparable injury the Individual Defendants will suffer is nearly infinite, so the need to show likelihood of success is "very low."  *Id.*  The burden is so low that the Individual Defendants can meet that standard simply by pointing out that this issue is "hotly contested."  *Id.*

The Individual Defendants have more than met that low burden.  This matter is hotly contested, having spanned multiple forums and many briefs.  *See id.* (parties' request for leave to exceed page limits on respective arguments was evidence of contested merits).  Further, as asserted in their Motion to Review, the Individual Defendants do far more than just disagree with the Magistrate Judge's ruling.  Instead, they point out specific factual mistakes the Magistrate Judge made and legal authority the Magistrate Judge ignored.  This is more than enough.

## II.     The Individual Defendants will be irreparably harmed.

The Order offers the Individual Defendants a choice in name only. Although the Order gives the Individual Defendants the option of reviewing documents in the Database and creating a privilege log, the timeline the Order compels and the sheer volume of documents that they would need to review make that option impossible. The Individual Defendants cannot review nearly a million documents for privilege by next week. So, without a stay, the Individual Defendants would have to let the Plaintiffs into the Database, thereby allowing Plaintiffs to do the exact thing the Individual Defendants are asking this Court to prevent in their motion to set aside the Order: reviewing privileged documents.

Plaintiffs ignore both the herculean task asked of the Individual Defendants and what it would mean for Plaintiffs to review documents in the Database. [Opp'n at 8–11.] They infer that the Individual Defendants seek an automatic stay of the Order and that the harm the Individual Defendants allege can be remedied—either monetarily or through a claw back. [*Id.*] They further assert that the Individual Defendants' mootness concerns do not warrant a stay. [*Id.* at 8.]

These points are wrong. The Individual Defendants recognize that challenging a Magistrate Judge's non-dispositive order does not automatically stay its enforcement. If they believed otherwise, they would have just challenged the Order and noted that their challenge stays the Order. Obviously, they did not do that.

Further, the Individual Defendants' mootness concerns do not "apply to motions for review in general." [Opp'n at 9.] Plaintiffs rely on cases that have nothing to do with the forced disclosure of privileged material, such as cases about discovery stays pending a motion to dismiss or an appeal of a class certification order. [*See id.* at 10 (citing, *e.g.*, *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cy., Tennessee v. Momenta Pharms., Inc.,* No. 3:15-cv-01100, 2019 WL 5305506 (M.D. Tenn. Oct. 21, 2019) and *Amos v. Lampo Grp., LLC,* No. 3:21-cv-00923, 2023 WL 3590676

(M.D. Tenn. May 22, 2023)).] Courts treat orders compelling disclosure of privileged information differently. In these circumstances, courts understand that a stay is necessary to protect against "the inherent harmfulness resulting from the discovery of privileged communications." *See In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005). Absent a stay, the party asserting privilege would lose "the right of nondisclosure" of privileged material. *See Damon J. Baldone, LLC v. Starr Surplus Lines Ins. Co.*, No. 22-1903, 2024 WL 4188482, at *2 (E.D. La. Sept. 13, 2024) (staying order compelling disclosure of potentially privileged material); *see also Lubrizol Corp.*, 2024 WL 2372390, at *2 (same); *Christie v. Lee Cty Sheriff's Office*, No. 2:10-CV-00420-FtM-36DNF, 2012 WL 13098031, at *1 (M.D. Fla. Jan. 3, 2012) (same).

Reviewing nearly a million documents for privilege in the time allotted in the Order is impossible. So the Individual Defendants would have to let the Plaintiffs review documents in the Database that are potentially privileged. Accordingly, the Individual Defendants would lose their right to prevent the disclosure of privileged material. That harm is irreparable.

**III.**     <u>**Plaintiffs will suffer no prejudice, and the public interest will be served, from a stay.**</u>

In contrast to the obvious irreparable injury to the Individual Defendants absent a stay, Plaintiffs will suffer little, if any, harm from a stay. Plaintiffs' arguments that they would be prejudiced from a stay and that the public interest is better served through enforcing the Order boil down to the same point: they believe delay harms them and the public. [*Id.* at 11–13.]

But Plaintiffs ignore the status of this case and the public's interest in protecting privileged material. Defendants produced hundreds of thousands of documents, and Plaintiffs deposed dozens of witnesses. Considering that robust factual record, Plaintiffs cannot articulate any prejudice from being denied access to the Database. Plaintiffs simply want to go on a fishing expedition outside of the discovery process. They are not prejudiced by a stay preventing them from doing that. In any event, Plaintiffs do not argue that *they* have an urgent need to review the

documents. Instead, they argue that their state counterparts have impending deadlines that necessitate review of the documents. [*Id.* at 11–13.] But their state counterparts, notably, have not sought to intervene in this matter, and they have not asked the state court to push impending deadlines while this fight plays out. Plaintiffs cannot rely on the deadlines of their silent state counterparts to claim prejudice. They would suffer little to no prejudice from the stay. *See Clay v. Consol Pa. Coal Co., LLC*, No. 5:12CV92, 2013 WL 12373596, at *2 (N.D. W. Va. Aug. 28, 2013) (staying order compelling production of allegedly privileged material when interest in preventing disclosure of privileged materials outweighed preventing delay).

Finally, Plaintiffs ignore the public's inherent interest in protecting privileged information. "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The public has a strong interest in encouraging "full and frank communication between attorneys and their clients." *See id.* The public interest, then, is best served by protecting that privilege through a stay of the Order. *See Damon J. Baldone, LLC*, 2024 WL 4188482, at *2 (staying magistrate judge order regarding privilege because, in part, "As a long-protected form of communication, the Court finds this protection is paramount to the public interest.").

## IV. <u>Conclusion</u>

The Stay should be GRANTED. In the alternative, the Individual Defendants request that the Court extend the deadline to comply by 60 days.

Dated:  April 28, 2025                Respectfully submitted,

/s/ Michael B. Silverstein
Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

David A. Rammelt (*pro hac vice*)
Laura Seferian (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
drammelt@beneschlaw.com

Michael D. Meuti (*pro hac vice*)
Andrew G. Fiorella (*pro hac vice*)
Allyson R. Cady (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
mmeuti@beneschlaw.com
afiorella@beneschlaw.com
acady@beneschlaw.com

Michael B. Silverstein (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
41 South High Street, Suite 2600
Columbus, Ohio  43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
msilverstein@beneschlaw.com

*Attorneys for Defendants David Katzman,*
*Steven Katzman, Susan Greenspon Rammelt,*
*Kyle Wailes, Richard Schnall, and*
*Camelot Venture Group*

/s/ *Michael J. Kahn (with permission)*
Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

Brian M. Lutz (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, California  94111-3715
blutz@gibsondunn.com
mjkahn@gibsondunn.com
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306

*Attorneys for Defendants Alexander Fenkell and Jordan Katzman*

**CERTIFICATE OF SERVICE**

I certify that, on April 28, 2025 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Michael B. Silverstein*

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,dgibby@rjfirm.com,bmoore@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.cotm,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Albert Rammelt**
  drammelt@beneschlaw.com,docket@beneschlaw.com,emanzo@beneschlaw.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com,Docket2@beneschlaw.com

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,CSavedra@rgrdlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)