# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SMILEDIRECTCLUB, INC., et al., <br><br> Defendants. | Civil Action No. 3:19-cv-00962 <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> Judge Eli J. Richardson <br> Magistrate Judge Jeffery S. Frensley <br><br> PLAINTIFFS' OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE |

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | 2 |
| | A. At the Time of SDC's Chapter 11 Bankruptcy Filing, Numerous Disputes Were Unresolved Regarding Defendants' Improper and Incomplete Pre-Petition Document Productions | 2 |
| | B. Plaintiffs Attempt to Resolve the Deficiencies in SDC's Document Production with the Chapter 7 Trustee | 3 |
| | C. The Chapter 7 Trustee Properly Waived SDC's Attorney-Client Privileges and Provided Plaintiffs Access to the Documents, While the Individual Defendants Repeatedly Ignored Plaintiffs' Attempts to Meet-and-Confer and Resolve the Dispute | 5 |
| | D. Plaintiffs Seek the Opinion of the United States Bankruptcy Court | 7 |
| | E. Magistrate Judge Frensley Orders Supplemental Briefing | 8 |
| III. | LEGAL STANDARD | 8 |
| IV. | ARGUMENT | 9 |
| | A. Magistrate Judge Frensley Correctly Held that Plaintiffs Must Be Allowed to Review the Documents | 9 |
| | B. Magistrate Judge Frensley's Findings of Fact Were Not Clearly Erroneous | 12 |
| | C. The Order Is Not Contrary to Law | 13 |
| V. | CONCLUSION | 16 |

4916-7689-4014.v1

**CASES**

*Amos v. Lampo Grp., LLC*,
2023 WL 3590676 (M.D. Tenn. May 22, 2023)
(Richardson, J.) ...................................................................................................13

*Bright v. Brookdale Senior Living, Inc.*,
2022 WL 18639031 (M.D. Tenn. May 16, 2022),
*aff'd*, 2022 WL 18639048 (M.D. Tenn. Aug. 25, 2022)..........................................12

*Ciccio v. SmileDirectClub, LLC*,
No. 3:19-CV-00845 (M.D. Tenn.) ........................................................................3

*Diseiye Iyebote, M.D. v. Meharry Med. Coll.*,
2023 WL 6368209 (M.D. Tenn. Sept. 27, 2023)
(Crenshaw, J.) .....................................................................................................15

*Equal Emp. Opportunity Comm'n
v. Burlington N. & Santa Fe Ry. Co.*,
621 F. Supp. 2d 603 (W.D. Tenn. 2009).................................................................9

*Foster v. Sitel Operating Corp.*,
2023 WL 149993 (M.D. Tenn. Jan. 10, 2023)
(Richardson, J.) ......................................................................................................9

*Hill v. Century Arms, Inc.*,
__ F. Supp. 3d __, 2024 WL 5188041
(E.D. Tenn. Dec. 20, 2024)...................................................................................15

*Howard v. Sec'y of Health and Hum. Servs.*,
932 F.2d 505 (6th Cir. 1991) ..................................................................................9

*In re SmileDirectClub, Inc., et al.*,
No. 4:23-90786 (CML) (Bankr. S.D. Tex.) .............................................................7

*In re Subpoena to Robbins Geller Rudman & Dowd LLP*,
No. 3:24-mc-00017 (M.D. Tenn.)...................................................................... *passim*

*King v. Caruso*,
542 F. Supp. 2d 703 (E.D. Mich. 2008)................................................................13

*Lintech Glob., Inc. v. CAN Softtech, Inc.*,
2023 WL 7063896 (E.D. Mich. Oct. 26, 2023) .......................................................9

4916-7689-4014.v1

*McPherson v. Kelsey*,
    125 F.3d 989 (6th Cir. 1997) ........................................................................................15

*Morgan v. Trierweiler*,
    67 F.4th 362 (6th Cir. 2023) .........................................................................................15

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
    2019 WL 3003661 (M.D. Tenn. Apr. 19, 2019)...........................................................13

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
    No. 3:11-cv-00433, 2019 WL 3003647,
    2019 U.S. Dist. LEXIS 112291 (M.D. Tenn. Apr. 19, 2019)........................................8

*Shabazz v. Schofield*,
    No. 3:13-CV-0091, 2014, WL 6605504,
    2014 U.S. Dist. LEXIS 163642 (M.D. Tenn. Nov. 19, 2014) .......................................9

*Singh v. Vanderbilt Univ. Med. Ctr.*,
    2020 WL 6290321 (M.D. Tenn. Oct. 26, 2020)
    (Richardson, J.) .............................................................................................................13

*Vanderbilt Univ. v. Scholastic, Inc.*,
    321 F. Supp. 3d 830 (M.D. Tenn. 2018)........................................................................9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 72 ...........................................................................................................................1
    Rule 72(a).......................................................................................................................8

Local Rules
    Rule 7.01(c).....................................................................................................................8
    Rule 37.01(a)..................................................................................................................14

4916-7689-4014.v1

## I. INTRODUCTION

On April 7, 2025, Magistrate Judge Jeffrey S. Frensley issued a well-reasoned opinion denying the Individual Defendants' baseless attempt to thwart the production of documents from a database of SmileDirectClub, Inc. (the "Company" or "SDC") books and records (the "Documents") that are unquestionably relevant to the claims and defenses in this case. *See generally* ECF 196 (the "Order").[1] Magistrate Judge Frensley reached this conclusion after considering the Parties' Request for a Discovery Conference filed on September 9, 2024 (ECF 184) (the "Joint Discovery Dispute Statement"), requesting supplemental briefing on three discrete topics (ECF 190), and considering the Parties' Supplemental Joint Discovery Dispute Statement, two declarations, and attached exhibits (ECF 193-195).

Shouldering a heavy burden under Federal Rule of Civil Procedure 72, the Individual Defendants object to the Order by raising two challenges. Neither have merit. First, the Individual Defendants contend that the Magistrate Judge erred in concluding that the Parties had agreed on "the fundamental facts," but this assertion is based on a distorted reading of the Order. Second, the Individual Defendants contend that Plaintiffs' possession of the database violates the Stipulated Protective Order as well as the Local Rules. But again, this argument is grounded in a misrepresentation of the Order, the Stipulated Protective Order (ECF 131) (the "Stipulated Protective Order"), and the Local Rules, and notably is waived as this new argument was not properly before the Magistrate Judge. The Individual Defendants are clearly not pleased with the outcome, but the Order is correct, and nothing in Magistrate Judge Frensley's analysis was contrary to law or clearly erroneous.

---

[1] The "Individual Defendants" are David Katzman, Kyle Wailes, Steven Katzman, Susan Greenspon Rammelt, Richard Schnall, Alexander Fenkell, Jordan Katzman, and Camelot Venture Group. "Plaintiffs" are 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System. Together, the Individual Defendants and Plaintiffs are the "Parties."

4916-7689-4014.v1

For these reasons, as discussed in greater detail below, Plaintiffs respectfully request that the Court deny the Individual Defendants' Motion for Review of Nondispositive Order of Magistrate Judge (the "Motion") (ECF 197).[2]

## II. RELEVANT FACTUAL BACKGROUND[3]

### A. At the Time of SDC's Chapter 11 Bankruptcy Filing, Numerous Disputes Were Unresolved Regarding Defendants' Improper and Incomplete Pre-Petition Document Productions

When SDC filed for bankruptcy protection in September 2023, the Parties had not yet completed the discovery process, which at that time they agreed would be completed by November 15, 2023. ECF 152, ¶¶6, 10. With the above-referenced action ("Action") stayed as against SDC, discovery ground to a halt and was only resumed after certain aspects of the bankruptcy process had been resolved. ECF 175.

One ongoing discovery dispute at the time of SDC's bankruptcy filing was the adequacy of SDC's privilege logs, which spanned over 77,000 entries. The logs were patently deficient, and demonstrated that SDC had abused the privilege designation and redaction process, and violated the Stipulated Protective Order in order to avoid disclosing information that could support the allegations against them.

For example, during the negotiation of the Stipulated Protective Order, Defendants[4] sought an agreement that they could redact the names of SDC's Endorsed Local Providers ("ELPs") – the

---

[2] Individual Defendants' Memorandum in Support of Motion for Review of Nondispositive Order of Magistrate Judge (ECF 198) ("Mem.").

[3] The Individual Defendants claim that they have never been able to "fully apprise *this* Court of the facts" of this dispute. Mem. at 3 (emphasis in original). This is absurd. If they believed they needed more pages, they could have simply asked. They did not.

[4] "Defendants" SDC, David Katzman, Kyle Wailes, Steven Katzman, Jordan Katzman, Alexander Fenkell, Richard Schnall, Susan Greenspon Rammelt, and Camelot Venture Group.

- 2 -

dentists or dental practices that were paid by SDC to prescribe its aligners.  *See In re Subpoena to Robbins Geller Rudman & Dowd LLP*, No. 3:24-mc-00017 (M.D. Tenn.) ("*In re Subpoena*"), ECF 17-2 (Ex. 2) at 10 n.2.  Because the inadequate treatment by ELPs is central to this Action, and because there was no basis in the Federal Rules of Civil Procedure to redact such information, Plaintiffs refused such an agreement, and the final version of the Stipulated Protective Order did not include a provision allowing for such redactions.  *Compare id.*, ECF 17-2 (Ex. 2) at 10 n.2, *with* ECF 131 at 3.  Nevertheless, Defendants elected to exercise self-help and redacted ELP names and identifiers in at least ***2,189 documents***, in violation of the Stipulated Protective Order.  *In re Subpoena*, ECF 17-3 (Ex. 3) at 1; *id.*, ECF 17-1 (Ex. 1).  Defendants also redacted or withheld ***1,081 documents*** on the basis that they contained "Protected Content," which is not a legitimate basis for withholding information.  *Id.*, ECF 17-3 (Ex. 3).

Other instances of improper redactions included: (i) 231 documents where Defendants failed to provide any basis for the redactions whatsoever; (ii) 3,041 documents where no attorneys appeared to be present; and (iii) 9,751 documents that included third parties thereby waiving any privilege.  *See id.* at 2-4.[5]

**B.**   **Plaintiffs Attempt to Resolve the Deficiencies in SDC's Document Production with the Chapter 7 Trustee**

In order to address these privilege issues, once the Chapter 11 case converted to Chapter 7 and the Chapter 7 Trustee (the "Trustee") was appointed, Plaintiffs wrote to the Trustee identifying their concerns and seeking to resolve them.  ECF 184 at 2.

---

[5]   Defendants persisted with these improper redactions despite an order from a Special Master in a factually-related action, *Ciccio v. SmileDirectClub, LLC*, No. 3:19-CV-00845 (M.D. Tenn.), which rejected similar or ***identical*** contentions almost ***two years prior to SDC's bankruptcy***.  *See Ciccio*, ECF 303.  There, amongst other things, the Special Master: (i) rejected SDC's attempts to redact so-called "'Protected Content'"; (ii) rejected SDC's invocation of the common interest privilege; (iii) rejected SDC's attempts to withhold third-party communications; and (iv) rejected SDC's attempts to withhold documents concerning regulatory advice or activities.  *Id.*

- 3 -

Shortly thereafter, on June 15, 2024, Plaintiffs were scheduled to depose Dr. Marc Ackerman, who had served as a SDC ELP, as well as the head of the American Teledentistry Association.  In advance of Dr. Ackerman's deposition, counsel for most of the Defendants and Dr. Akerman, Benesch Friedlander Coplan & Aronoff, LLP ("Benesch"), provided Plaintiffs with a privilege log listing nearly 100 documents that Benesch and/or Ackerman had withheld, purportedly because they contained attorney-client communications or were subject to work-product protections. *In re subpoena*, ECF 17-5 (Ex. 5).  As Plaintiffs pointed out, however, neither Benesch nor Ackerman had standing to assert SDC's privilege, which by now belonged to and was controlled by the Trustee.  *Id.*, ECF 17-6 (Ex. 6) at 6.  Despite meeting and conferring, and attempting to compromise, Benesch and/or Ackerman refused to produce any of the documents they had wrongfully withheld.  *Id.*

In order to determine what the Trustee's position was with respect to Benesch and/or Ackerman's improper privilege assertions, Plaintiffs asked counsel for the Trustee whether the Trustee intended to assert SDC's privilege with respect to any questions that might be asked at Dr. Ackerman's deposition.  *Id.*, ECF 17-7 (Ex. 7) at 3-4.  Counsel to the Trustee responded, via email, that "SmileDirectClub, acting through the Trustee, does not and will not instruct Dr. Ackerman to refrain from answering any question on the ground that it may call for the disclosure of communications protected by SmileDirectClub's attorney-client privilege, so long as such communications occurred before the filing of SmileDirectClub's bankruptcy petition." *Id.* Counsel for the Trustee confirmed the next day that it was more broadly "waiv[ing] [SDC's] privilege for ***any*** pre-petition communications." *Id.* at 1.

- 4 -

**C.** **The Chapter 7 Trustee Properly Waived SDC's Attorney-Client Privileges and Provided Plaintiffs Access to the Documents, While the Individual Defendants Repeatedly Ignored Plaintiffs' Attempts to Meet-and-Confer and Resolve the Dispute**

On August 14, 2024, in order to resolve the ongoing privilege and production issues caused by Defendants, counsel for the Trustee informed Defendants that "in order to resolve a number of outstanding discovery issues raised by the plaintiffs in the securities class action, the Trustee has recently provided them with access to certain SDC documents hosted in [Consilio LLC]." ECF 184 at 2; *In re Subpoena*, ECF 17-8 (Ex. 8) at 3.

The Trustee knew that these Documents belonged to the SDC bankruptcy estate because that is what Susan Rammelt, SDC's former General Counsel, told her. *In re Subpoena*, ECF 16 at 6 (citing *id.*, ECF 17-9 (Ex. 9)) ("A.: My position would be that all of the documents within Consilio are the debtors' records. . . . Q.: How do you know that it's the debtors' account? A.: That's what was represented to me by Susan Remmelt when I took over the case.").

Hours later, after an inquiry from Benesch, Plaintiffs offered to discuss the matter with Benesch the very next day. *Id.*, ECF 17-8 (Ex. 8) at 2. On Tuesday, August 20, 2024, Plaintiffs again wrote to Benesch, stating: "David – I have not heard back from you. I intend to reach out to the underwriters to facilitate their access to the document[s] this week. I assume the individual defendants already have access." *Id.* Benesch responded asking, "[w]hat is your availability this week to discuss," to which Plaintiffs promptly responded: "Anytime Wednesday." *Id.* at 1. But Benesch failed to respond.

On Thursday, August 22, 2024, Benesch asked Plaintiffs, "are you free later today – after 4 pm CST," to which Plaintiffs promptly responded: "Sure. Anytime 4-6 central." *Id.* But Benesch failed to respond. On Friday, August 23, 2024, Plaintiffs wrote to Benesch, counsel for certain other

- 5 -

individual defendants in this action (Gibson Dunn & Crutcher LLP ("Gibson Dunn")), and counsel

for the Underwriter Defendants (Sullivan & Cromwell LLP),[6] stating:

> The Trustee recently provided plaintiffs access to a database of SDC documents which has historically been hosted by Conselio [sic].
>
> We'd like to discuss the extent to which defendants have had access to these documents historically, as well as the best way to make these documents available to all parties. Please let me know a good time for a call.

Ex. A to the Declaration of Christopher Wood in Support of Plaintiffs' Opposition to Individual

Defendants' Motion. But Benesch, Gibson Dunn, and Sullivan & Cromwell all failed to respond.

On August 27, 2024, Plaintiffs again wrote to Benesch, stating: "It's been almost two weeks

since Aaron [Power]'s email, and I've offered multiple times to confer. I'm going to assume at this

point you don't see any need to discuss this." *In re Subpoena*, ECF 17-8 (Ex. 8) at 1. Finally,

Benesch suggested meeting and conferring at a deposition that was scheduled to take place in this

Action the following day in Nashville. At a break in the deposition, Plaintiffs discussed the scope of

the Documents made available by the Trustee to Plaintiffs. Plaintiffs also proposed to resolve any

potential disputes with respect to access to the Documents by way of a claw-back, consistent with

and as provided for by the Stipulated Protective Order (ECF 131, §XI), and told Benesch that if the

Parties could not reach an agreement with respect to the Documents, Plaintiffs would insist on filing

a joint discovery dispute statement with the Court no later than September 9, 2024, to resolve the

matter. *See In re Subpoena*, ECF 17-11 (Ex. 11) at 4.

On September 4, 2024, Plaintiffs again identified for Benesch the scope of the Documents

made available by the Trustee via email. *Id.* Plaintiffs also noted that "[a]s I mentioned last week,

---

[6] The "Underwriter Defendants" are J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BofA Securities, Inc., UBS Securities LLC, Jefferies LLC, Credit Suisse Securities (USA) LLC, Guggenheim Securities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C., and Loop Capital Markets LLC.

we need at the very least to file a joint discovery dispute statement with the [District] Court by Monday if we haven't reached an agreement on how to treat these documents." *Id.*

On September 6, 2024, Benesch suggested that they needed "additional information," before filing a discovery dispute statement. *Id.* But Plaintiffs insisted on filing the Joint Discovery Dispute Statement as the Parties had previously agreed to, and Plaintiffs' portion of the Joint Discovery Dispute Statement was sent to Benesch that same day. *Id.* at 2. On September 9, 2024, Benesch again tried to delay filing the Joint Discovery Dispute Statement: "Can we hold off for a few days?" *Id.* at 2. But Plaintiffs insisted on apprising the Court of the dispute, and the Parties' Joint Discovery Dispute Statement was filed that evening. ECF 184.

At no point during the Individual Defendants' and Plaintiffs' email communications and meet-and-confer efforts did the Individual Defendants argue that Plaintiffs' access to the Documents was in violation of this Court's Local Rules and the Stipulated Protective Order entered in this Action.

**D.      Plaintiffs Seek the Opinion of the United States Bankruptcy Court**

In the Joint Discovery Dispute Statement, the Individual Defendants requested that "the Court issue a briefing schedule so that these novel issues can be resolved on a more complete record and with the opinion of the Bankruptcy Court." *Id.* at 4. In light of this position, Plaintiffs sought the opinion of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in the Chapter 7 bankruptcy proceedings captioned *In re SmileDirectClub, Inc., et al.*, No. 4:23-90786 (CML) (Bankr. S.D. Tex.) (the "Bankruptcy Case") by filing an Emergency Motion for Order Confirming Chapter 7 Trustee is Authorized and Empowered to Waive the Debtors' Attorney/Client Privileges (the "Emergency Motion"). *See* ECF 201-4 (Ex. D). Following substantial briefing, the Bankruptcy Court held a hearing and declined to rule on Plaintiffs' Emergency Motion. ECF 194-1 (Ex. A).

### E.     Magistrate Judge Frensley Orders Supplemental Briefing

On January 14, 2025, Plaintiffs filed a motion, pursuant to Local Rule 7.01(c), to ascertain the status of the Parties' Joint Discovery Dispute Statement.  ECF 186.  On February 26, 2025, the Court granted the motion to ascertain status.  ECF 190.  To assist the Court in the best resolution of the pending discovery dispute, the Court ordered further briefing on three topics: (1) the extent to which Plaintiffs have or had access to the disputed documents up to this point; (2) the current status of the database hosted by Consilio, with specific attention to the mechanics by which the Parties could access the data and whether the data is in any danger of becoming unavailable; and (3) any information or arguments the Parties have as to the existence and viability of privileges or other protections over disputed documents.  *Id.* at 1-2.  On March 14, 2025, per the Court's February 26, 2025 order, the Parties submitted their Supplemental Joint Discovery Dispute Statement.  ECF 193.

On April 7, 2025, Magistrate Judge Frensley issued a well-reasoned, ten-page opinion that "balance[d] the needs of the Parties, considering all of the proportionality factors set forth in Rule 26(b)(1)," and ordered the Individual Defendants by no later than May 6, 2025, to run the agreed search terms against the Documents and produce those that hit on the terms, apart from any they contend are privileged, or in the alternative, accept Plaintiffs' proposal and review only the documents that Plaintiffs identified, after a review, as documents they intend to use.  Order at 10. After sitting on their hands for two full weeks, the Individual Defendants filed their objections to the Order, including seeking an emergency stay of the Order.  ECF 197-201.

## III.     LEGAL STANDARD

The Court is aware of the deferential standard applied to motions to review:

> Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law.  The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard.  *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433, 2019 WL 3003647, at

- 8 -

*1, 2019 U.S. Dist. LEXIS 112291 (M.D. Tenn. Apr. 19, 2019); *Equal Emp. Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-0091, 2014, WL 6605504, at *1, 2014 U.S. Dist. LEXIS 163642 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

*Foster v. Sitel Operating Corp.*, 2023 WL 149993, at *3 (M.D. Tenn. Jan. 10, 2023) (Richardson, J.).[7] Because the Order was correctly decided, the Individual Defendants cannot show a clear error of fact, nor a decision contrary to law. Further, an objection that "does nothing more than disagree with [the] magistrate judge's determination," is improper and fails to show the order was clearly erroneous or contrary to law. *Lintech Glob., Inc. v. CAN Softtech, Inc.*, 2023 WL 7063896, at *2 (E.D. Mich. Oct. 26, 2023) (citing *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## IV. ARGUMENT

### A. Magistrate Judge Frensley Correctly Held that Plaintiffs Must Be Allowed to Review the Documents

Magistrate Judge Frensley conducted a review of the Joint Discovery Dispute Statement, requested targeted further briefing, and issued a well-reasoned order resolving the dispute. ECF 186, 190, 196. Specifically, the Magistrate Judge ordered:

> Therefore, no later than May 6, 2025, the Individual Defendants must run the Parties' agreed search terms against the documents on the database and produce those that hit to Plaintiffs, apart from any that they contend are privileged, which must be logged appropriately. Alternatively, the Individual Defendants may choose to accept Plaintiffs' proposal [wherein Plaintiffs review and identify the documents

---

[7] Unless otherwise noted, citations are omitted and emphasis is added throughout.

4916-7689-4014.v1

they would like to use and give the Individual Defendants the opportunity to claw them back].

Order at 9-10.

In devising the above solution, the Magistrate Judge identified the Parties' positions on who they believed the Documents belong to (*i.e.*, SDC or the Individual Defendants), and noted that the documents are "safe" and can be accessed by either party at any time. *Id.* at 6. Magistrate Judge Frensley then held that "[w]hile the Individual Defendants clearly believe that th[e] access [of the Documents] was obtained through improper means, *the fact remains* that the database was delivered to Plaintiffs." *Id.* at 7. As discussed *supra* §II.C., this fact is undisputed, and nothing in the Motion disputes or alters this conclusion.

Next, after stating the general rule that the party asserting the attorney-client privilege has the burden of demonstrating that the privilege applies, Magistrate Judge Frensley correctly held that "[n]o amount of information about the Trustee's authority can change the fact that Plaintiffs have the documents and the Individual Defendants assert that some of them are privileged" and "[t]here is no way to resolve the situation without the Individual Defendants identifying the documents that they contend are protected." *Id.* at 8.

In coming to this conclusion, Magistrate Judge Frensley noted that he "understands that the Individual Defendants do not want Plaintiffs or their attorneys to view potentially privileged documents, but the Individual Defendants cannot both insist that some of the documents are privileged *and* refuse to identify them and produce a privilege log." *Id.* at 9.

As discussed in the Joint Discovery Dispute Statement and *supra* §§II.A.-B., this dispute began *over nine months ago*. To this day, the Individual Defendants have never *once* substantiated a privilege claim *to a single document* in the database, nor has *a single document been clawed back*.

- 10 -

Based on the relief requested by the Parties and on the additional supporting evidence Magistrate Judge Frensley ordered the Parties to submit, the Order devised the following solution:

> The Court suggests another alternative. Because the Individual Defendants are paying Consilio and therefore have control of the database, they could run the Parties' search terms against the database. Since the search terms were, by definition, designed to elicit relevant and responsive documents, running them should allow the Individual Defendants to screen out irrelevant and nonresponsive documents, thereby decreasing the number that must be reviewed for privilege . . . . To expedite the privilege review and decrease expense, the Individual Defendants could then run the names of their attorneys against the set of documents that hit on the search terms. While imperfect, this process will provide an additional culling that should reduce the burden to a manageable and proportionate effort.

Order at 9-10.

No matter how hard the Individual Defendants attempt to paint Plaintiffs' access to the database as "surreptitious conduct," "backdoor access," and access "without the Individual Defendants' knowledge or permission," the facts (delineated in the Joint Discovery Dispute Statement and *supra* §II) demonstrate that the Trustee properly gave Plaintiffs access to the Documents to resolve a discovery dispute. Accordingly, within the "broad discretion of the trial court" to determine the "scope of discovery," Magistrate Judge Frensley fashioned a fair solution that finally allowed Plaintiffs access to the Documents they have been entitled to for months. Order at 4, 9-10.

As discussed below, the Individual Defendants' two arguments to the contrary – that Magistrate Judge Frensley incorrectly held that the parties "agree on the fundamental facts" and improperly "ignored the underlying fact[]" that Plaintiffs obtained access to the Documents in violation of the Court's rules and the Stipulated Protective Order (Mem. at 2, 17-19) – are unavailing and meritless.

- 11 -

## B. Magistrate Judge Frensley's Findings of Fact Were Not Clearly Erroneous

Movants fail to meet their burden on objections to a magistrate judge's order when they "incorrectly describe[] the discovery order" they seek to modify. *Bright v. Brookdale Senior Living, Inc.,* 2022 WL 18639031, at *2 (M.D. Tenn. May 16, 2022), *aff'd*, 2022 WL 18639048 (M.D. Tenn. Aug. 25, 2022). Here, the Individual Defendants' objections blatantly misrepresent Magistrate Judge Frensley's findings.

For example, the Individual Defendants claim that "[t]he Magistrate Judge anchored his Order on the errant belief that the Parties agreed on the fundamental facts." Mem. at 15. The Individual Defendants identify only two "errant" findings: (1) "the Parties agreed that the Database 'formerly belonged to SDC'"; and (2) "the Parties [agreed] on whether the Database was provided by someone with authority to provide it." *Id.* at 15-16 (citing Order at 7). But even a cursory read of the Order reveals that Magistrate Judge Frensley understood the Parties ***did not agree*** on these two facts.

As to the first claim of error, Magistrate Judge Frensley actually found the Parties agreed only on the fact that "Plaintiffs were given access to" the database, which ***Magistrate Judge Frensley found*** formerly belonged to SDC. Order at 7. In fact, Magistrate Judge Frensley went to great lengths to describe the dispute between the Parties. *See id.* at 3-4 (acknowledging that the Individual Defendants believed "'these documents are not within the assets of the Bankruptcy Estate'"); *id.* at 6 (acknowledging that "Plaintiffs contend that 'the Documents are books and records of SDC'").

As to the second claim of error, Magistrate Judge Frensley never found "the Parties [agreed] on whether the Database was provided by someone with authority to provide it," as the Individual Defendants contend. Mem. at 16. Rather, he found the Parties agreed the Trustee was "a person

- 12 -

***purporting to*** have the authority to produce the documents in this litigation on SDC's behalf." Order at 7. Again, the Order reflects that Magistrate Judge Frensley was aware of the Parties' disagreement as to the Trustee's authority, considered it, and disagreed with the Individual Defendants. *See id.* at 3-4 (acknowledging that the Individual Defendants contend "'the Trustee has no right to give Plaintiffs access to these documents'"); *id.* at 7 ("[t]hey argue that while the Trustee had the power to waive SDC's attorney-client privilege, 'she may not waive joint privileges, common-interest privileges, or privileges belonging to entities other than the debtors'").

The Individual Defendants' transparent attempts to manufacture a dispute by misrepresenting and misquoting the Order should be rejected.

### C. The Order Is Not Contrary to Law

"When a matter is within the discretion of a judge, the judge's decision on the matter is not contrary to law unless it reflects an abuse of discretion." *Amos v. Lampo Grp., LLC*, 2023 WL 3590676, at *2 (M.D. Tenn. May 22, 2023) (Richardson, J.).

As a preliminary matter, the Individual Defendants fail to meet this burden because they do not even acknowledge Magistrate Judge Frensley's discretion. Like the failed motion in *Lampo*, "in their memorandum in support of the motion for review, the word 'discretion' does not even appear." *Id.* Moreover, the Individual Defendants "fail to discuss any legal authority requiring" the outcome they seek. *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 2019 WL 3003661, at *1 (M.D. Tenn. Apr. 19, 2019) (emphasis in original). Instead, the Individual Defendants opt to "merely state[] [their] disagreement with the Magistrate Judge's findings." *Singh v. Vanderbilt Univ. Med. Ctr.*, 2020 WL 6290321, at *3 (M.D. Tenn. Oct. 26, 2020) (Richardson, J.) (citing *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008)). But, "[s]uch disagreement is not a proper objection to a magistrate judge's order." *Id.* This failure alone is sufficient to justify denying the Motion.

- 13 -

In any event, the Individual Defendants claim that Magistrate Judge Frensley committed two legal errors: (1) "concluding 'it is irrelevant how Plaintiffs came to be in possession of the database'"; and (2) "[concluding] nothing 'can change the fact that Plaintiffs have the documents.'" Mem. at 17.

To support the first claim of legal error, the Individual Defendants argue that the way Plaintiffs came to be in possession of the database is relevant because it violates the Stipulated Protective Order in this case as well as the Local Rules. *Id.* at 17-19. There are two problems with this argument: (1) it is wrong; and (2) it is waived.

First, the Individual Defendants' claims that Plaintiffs violated the Stipulated Protective Order and Local Rules are only made possible by misrepresenting both the Stipulated Protective Order and the Local Rules. The Individual Defendants claim Plaintiffs violated §VI of the Stipulated Protective Order by failing to meet and confer with them before they "challenged the privilege designations of documents." Mem. at 18 (citing ECF 131, §VI). But §VI of the Stipulated Protective Order, which does include a meet and confer requirement, governs challenges to confidentiality designations – not challenges to privilege. *See* ECF 131, §VI.

The Individual Defendants' claim that Plaintiffs "flouted the Local Rules" is similarly defunct. Mem. at 18. They claim Plaintiffs "flouted the Local Rules" by not meeting and conferring with them in advance of the Trustee's production because "Local Rule 37.01(a) requires that counsel for the ***parties*** must confer regarding discovery issues. And here, the Individual Defendants were one of those parties." *Id.* Again, a cursory read of the Local Rules reveals the Individual Defendants are wrong. *See* Local Rule 37.01(a) (requiring that "***before filing any motion*** to compel discovery, to quash a subpoena, or for a protective order, counsel for the parties must confer").

Second, these arguments are waived. In the Parties' Joint Discovery Dispute Statement, the Individual Defendants made no suggestion that Plaintiffs had violated either the Stipulated Protective Order or the Local Rules. *See generally* ECF 184. In the Parties' Supplemental Joint Discovery Dispute Statement, the Individual Defendants made one passing reference to this idea, in one sentence, without citing the Stipulated Protective Order, the Local Rules, or a single case in support of the idea that Plaintiffs' conduct violated either. *See* ECF 193 at 10 ("Plaintiffs did so without abiding by the Stipulated Protective Order in this case, following the Local Rules for discovery disputes, seeking guidance from the Court, or even telling the Individual Defendants."). While the Individual Defendants now feature this argument prominently in their Motion (Mem. at 17-19), "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones.'" *Hill v. Century Arms, Inc.*, __ F. Supp. 3d __, 2024 WL 5188041, at *6 (E.D. Tenn. Dec. 20, 2024) (alteration in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). "Because this new argument was not before the Magistrate Judge, it is waived." *Diseiye Iyebote, M.D. v. Meharry Med. Coll.*, 2023 WL 6368209, at *2 n.1 (M.D. Tenn. Sept. 27, 2023) (Crenshaw, J.) (citing *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023)).

As to the second claim of error, the Individual Defendants, again, misrepresent the Order. They claim that Magistrate Judge Frensley wrongly suggested "he was powerless to 'change the fact that Plaintiffs have the documents.'" Mem. at 19. But the Court actually said, "***[n]o amount of information about the Trustee's authority*** can change the fact that Plaintiffs have the documents." Order at 8. Magistrate Judge Frensley never suggested he was powerless to rule on the Parties' dispute. This Court should disregard the Individual Defendants' manufactured legal error

4916-7689-4014.v1

arguments, which contest supposed legal conclusions that Magistrate Judge Frensley never actually made.

The Individual Defendants have failed to meet their burden to show the Order contradicts or ignores applicable precepts of law.

## V.     CONCLUSION

For the foregoing reasons, the Individual Defendants' Motion for Review of Nondispositive Order of Magistrate Judge should be denied.

DATED:  May 5, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977


s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

- 16 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Counsel for Plaintiffs

4916-7689-4014.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 5, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/432-2398 (fax)

Email:  cwood@rgrdlaw.com

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,dgibby@rjfirm.com,bmoore@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Albert Rammelt**
  drammelt@beneschlaw.com,docket@beneschlaw.com,emanzo@beneschlaw.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com,Docket2@beneschlaw.com

Case 3:19-cv-00962    Document 206    Filed 05/05/25    Page 24 of 25 PageID #: 5385

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,CSavedra@rgrdlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)