IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., ET AL.,<br><br>    Defendants. | No. 3:19-cv-00962<br><br>JUDGE RICHARDSON |

# ORDER

Pending before the Court is the "Emergency Motion To Stay Enforcement of Nondispositive Order of Magistrate Judge" (Doc. No. 199, "Motion"), filed by Defendants David Katzman, Steven Katzman, Susan Greenspon Rammelt, Kyle Wailes, Richard Schnall, Alex Fenkell, Jordan Katzman, and Camelot Venture Group ("Individual Defendants"). Individual Defendants filed a memorandum in support of the Motion (Doc. No. 200, "Memorandum"), to which Plaintiffs responded in opposition (Doc. No. 203, "Opposition"). Individual Defendants thereafter filed a reply (Doc. No. 204, "Reply"). For the following reasons the Motion is GRANTED.

## BACKGROUND

Magistrate Judge Frensley issued an order (Doc. No. 196, "Order") addressing an active discovery dispute between Individual Defendants and Plaintiffs. At a general level, the dispute is as follows: Individual Defendants contend that Plaintiffs improperly obtained a physical copy of a database of documents from Individual Defendants and SmileDirectClub, Inc. ("SDC"), pertaining to this action. Plaintiffs wish to access this database, while Individual Defendants

claim that there are privileged documents within the database that would need to be reviewed and logged first (if Plaintiffs get access at all). Individual Defendants claim that this review would be necessary to protect the privileged material in the database from being reviewed by Plaintiffs. Individual Defendants have claimed that this privilege review would take roughly 30,000 attorney hours (and "easily cost over $1.5 million"). (Doc. No. 193 at 18).

In his Order, Magistrate Judge Frensley proposed two options. First, Individual Defendants could produce the documents in the database that hit upon targeted search terms while maintaining a privilege log for documents that they contend are privileged. Alternatively, Individual Defendants could allow Plaintiffs to access the database in its entirety. Plaintiffs could then go through the database and identify which documents they intend to use and then disclose those to Individual Defendants. Individual Defendants could thereafter determine whether those documents are privileged and claw them back as needed. Magistrate Judge Frensley gave Individual Defendants until May 6, 2025[1] to comply with the Order (issued on April 7, 2025) by choosing one of these options. (*See* Doc. No. 196 at 8-11).

Individual Defendants filed a motion for this Court to review Magistrate Judge Frensley's Order on April 21, 2025, (Doc. No. 197, "Motion to Review") along with an accompanying memorandum. They also filed the instant Motion and accompanying Memorandum on April 21, 2025, and the parties followed an expedited briefing schedule to present their arguments. The Motion to Review has yet to be fully briefed.

LEGAL STANDARD

A "district court has 'broad discretion to stay proceedings as an incident to its power to

---

[1] The Court notes that its decision (herein) on the Motion has been delayed until the day before May 6, 2025; this regrettable reality stems from the fact that the undersigned has been presiding over a trial since April 22, 2025.

control its own docket.'" *Bright v. Brookdale Senior Living, Inc.*, 2022 WL 18639031 at *1 (M.D. Tenn. May 16, 2022) (involving a motion to stay a discovery order) (quoting *Dunaway v. Purdue Pharma L.P.*, 391 F.Supp.3d 802, 807 (M.D. Tenn. 2019). Further, "[t]he four standard factors for determining whether to grant a stay pending appeal also apply when review is sought of a magistrate judge's order resolving a non-dispositive matter). *Id.* at *1.

In evaluating a motion to stay an order that is pending appeal, district courts generally consider "the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). However, the Court notes that these factors are not the same as those governing preliminary injunctions per se. *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761, 173 L. Ed. 2d 550 (2009) ("There is substantial overlap between these and the factors governing preliminary injunctions . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow [an] anticipated action . . . .").

The four factors are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Doster v. Kendall*, 48 F.4th 608, 612 (6th Cir. 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761, 173 L. Ed. 2d 550 (2009). Further, the "first two factors of this standard are the most critical." *Doster v. Kendall*, 48 F.4th 608, 612 (quotation marks omitted).

ANALYSIS

As to the first two factors, the "strength of the likelihood of success on the merits that

needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue." *Lubrizol Corp. v. Int'l Bus., Machines Corp.*, 2024 WL 2372390, at *2 (N.D. Ohio Apr. 19, 2024) (quoting *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002)). The Court therefore will analyze the irreparable-harm factor first, and the outcome of that analysis will bear on its view of the likelihood-of-success factor.

The Court finds that Individual Defendants have demonstrated that they will be irreparably harmed absent a stay. Individual Defendants argue that the Order has given them a "choice in name only" in deciding which option to pursue. (Doc. No. 204 at 3). They assert that they cannot feasibly review the amount of documents (approximately 962,000) by May 6, 2025, and therefore will be forced to allow Plaintiffs to go through the database and review documents that are privileged.[2] (Doc. No. 200 at 2). The Court finds that reviewing almost a million documents by the ordered deadline is infeasible and that it would in effect force Individual Defendants to choose the option that allows Plaintiffs to review privileged information. As the Sixth Circuit has noted there is "inherent harmfulness resulting from the discovery of privileged communications." *In re Lott*, 139 F. App'x 658, 662 (6th Cir. 2005); *see also In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997) ("We find, as have several courts, that forced disclosure of privileged material may bring about irreparable harm.").

Although Magistrate Judge Frensley's proposed solution is appealing, the Court is persuaded that after the fact, in light of the Motion and Memorandum, the Order as a practical matter would force Individual Defendants to allow Plaintiffs to access privileged documents. The Court finds that this would cause them to suffer irreparable harm.

---

[2] The Court notes that litigation technology platforms and targeted searches have allowed for reviews that do not necessarily call for attorneys to lay eyes on every document contained within a broader set. However, the Court, for present purposes, accepts the representation made by Individual Defendants regarding both the cost and time required to perform a review of the documents at issue.

Given the irreparable harm Individual Defendants would suffer absent the stay, their "necessary demonstration of likelihood of success on the merits is very low." *Lubrizol*, 2024 WL 2372390, at *2. Ultimately, the Court finds that Individual Defendants have met this low bar. In their brief supporting their Motion to Review, Individual Defendants have raised colorable arguments pertaining to the findings in the Order. Specifically, they have raised questions concerning the joint-privilege nature of the database when it was initially compiled, and have raised valid arguments about Plaintiffs' potential failure to adhere to the Stipulated Protective Order or the Local Rules of this Court. (*See* Doc. No. 198 at 7-11). The Court finds that the presentation of these colorable arguments demonstrates a sufficient likelihood of success on the merits in this specific scenario. *See Lubrizol*, 2024 WL 2372390, at *2 (wherein the court found that this factor was sufficiently demonstrated because "the matter [was] hotly contested.").

As to the third factor, the Court does not find that Plaintiffs will be "substantially injured" by the issuance of a stay. Plaintiffs have argued that they have continued to coordinate their discovery efforts with the ongoing state court litigation that has been occurring simultaneously with the litigation in this Court (Doc. No. 203 at 11-12). Although the Court is aware of the difficulties in coordinating deadlines in multiple related actions, it does not find that this truly demonstrates "substantial injury" so as to overcome Individual Defendants' showing regarding the other factors. This action has been ongoing for almost six years (the original complaint was filed in October of 2019). (*See* Doc. No. 1). The Court appreciates that Plaintiffs are frustrated by the delays that have plagued this litigation (including SDC's bankruptcy), however, in the grand scheme of this litigation, a delay (in the length that the Court orders herein) in this production does not provide a strong showing of "substantial injury" to Plaintiffs.

Finally, the public interest lies in favor of granting the stay. As Individual Defendants

note, "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law" and there is a public benefit in encouraging "full and frank communication between attorneys and their clients. . . ." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Court is aware that courts view the attorney-client privilege with some misgivings because it can stand as an obstacle to a full vetting of the facts as issue in a case. And yet the attorney-client privilege is an important (though not constitutionally mandated) feature of our legal system. Granting the stay would help ensure that this privilege is honored and would tend to instill more public confidence in the efficacy of the attorney-client privilege.

Therefore, on balance, the Court finds that the factors militate towards granting the Motion.

The Court, however, is sympathetic to Plaintiffs' frustration and finds some merit in their claim that Individual Defendants have been delaying the discovery process. Plaintiffs point out that the Individual Defendants were made aware that Plaintiffs had been given access to the database "over eight months ago" and yet have not taken any steps to identify or mark any documents purportedly subject to privilege. (Doc. No. 203 at 1). Further, Individual Defendants filed the Motion on April 21, 2025, two weeks after Magistrate Judge Frensley issued his Order mandating compliance by May 6, 2025, perhaps demonstrating a lack of urgency regarding the discovery dispute at hand. Individual Defendants have also asked for this Court to extend the deadline to comply by 60 days as an alternative form of relief if the Court were to deny the Motion. (Doc. No. 204 at 5). The Court construes this as an implicit recognition that the document review can be accomplished on a relatively constricted timetable.

For the reasons set forth above, the Motion (Doc. No. 199) is GRANTED and the Order (Doc. No. 196) is STAYED, but only for 45 days rather than 60 days as requested by Individual

Defendants. That is, Individual Defendants shall have have 45 days (rather than 60) from the date of entry of this order to produce the relevant documents contained within the database and to compile an appropriate privilege log.[3] In the meantime, the Court expects briefing to continue as to the Motion to Review, and will issue a decision as promptly as feasible once the briefing pertaining to the Motion to Review is complete.

    IT IS SO ORDERED.

*Eli Richardson*
———————————————
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] These obligations are subject to potential modification or elimination, depending on the outcome of the Motion for Review.