# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Other Similarly Situated, | ) CASE NO. 3:19-CV-00962 <br> ) (CONSOLIDATED) <br> ) |
| Plaintiffs, | ) JUDGE HON. ELI RICHARDSON <br> ) |
| vs. | ) MAGISTRATE JUDGE CHIP FRENSLEY <br> ) |
| SMILEDIRECTCLUB, INC., *et al.*, | ) <br> ) |
| Defendants. | ) |

## REPLY IN SUPPORT OF MOTION TO REVIEW
## NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

The Court should vacate the Order because the Magistrate Judge ignored central disputed facts and his power to remedy sanctionable conduct. Plaintiffs obtained access to the Individual Defendants' Database without their permission. Plaintiffs' Opposition elides these facts and fails to meaningfully grapple with the Individual Defendants' arguments.

Moreover, they now make a crucial concession: Plaintiffs agree that the documents were produced and designated privileged by SDC *and* the Individual Defendants. [*See* Opp'n at 3 ("Defendants elected to exercise self-help and redacted ELP names"); *id.* at 5 ("in order to resolve the ongoing privilege and production issues caused by Defendants").] Plaintiffs must resolve their dispute with both the Individual Defendants and SDC because both the Individual Defendants and SDC produced and designated as privileged the at-issue documents. Whether looked at through the lens of the Stipulated Protective Order ("SPO") or the Local Rules, that must be the conclusion.

In short, if the Magistrate Judge's Order is not vacated, the Court will reward Plaintiffs' violations of the SPO, the Local Rules, and fair litigation practices with complete access to the Individual Defendants' Database. The Individual Defendants have found no case where a party was allowed to freely peruse an opponent's litigation database. This should not be the first.

Accordingly, the Individual Defendants ask this Court to vacate the Order, and either order Plaintiffs to surrender access to the Database or instruct the Magistrate Judge to receive full briefing on these issues.

## I.       The Order ignored the central factual disputes.

The Magistrate Judge incorrectly found that the Parties agreed on the "essential facts." [ECF #196 at 7–8.] But the Parties disagree on whether the Database belongs to SDC and whether the Database was provided to Plaintiffs by someone with authority—purported or otherwise—to provide it. [*See* Mem. at 15–16.] Indeed, Plaintiffs acknowledge this disagreement. [Opp'n at 12.]

Instead of conceding the Magistrate Judge's error, Plaintiffs try to rewrite the Order. Plaintiffs assert that the Magistrate Judge acknowledged only that the Parties agreed Plaintiffs had access to the Database, and then held that the Database formerly belonged to SDC. [*Id.*] But that is not what the Magistrate Judge found. Instead, the Magistrate Judge believed the Parties agreed on the fact that the Plaintiffs had access to the Database *and* that it formerly belonged to SDC. [ECF #196 at 7.] As the Individual Defendants noted in their Motion, they do not agree.

The Individual Defendants also do not agree that the Database was provided to Plaintiffs by someone purporting to have authority to provide it in this litigation. Plaintiffs ignore that the Individual Defendants point out that, at the time, this case was stayed as to SDC, so the Trustee, therefore, had no authority to take any actions in this case. [*See* Mem. at 16.]

Finally, Plaintiffs do not address the other fundamental factual disagreements that the Magistrate Judge did not consider. The Individual Defendants pointed out how the Magistrate Judge did not consider the Parties' disagreement over who produced the documents. Plaintiffs do not address this point. Instead, it appears they now agree with the Individual Defendants, as their Opposition tacitly concedes that the Individual Defendants and SDC jointly produced and

- 2-

designated the at-issue documents as privileged.  [*See* Opp'n at 3, 5.]  Plaintiffs also fail to address the disagreement of whether the Trustee was an appropriate party to resolve the dispute with. The tacit concession, though, makes addressing this disagreement difficult for them: since the documents were jointly produced and the proceedings against SDC were stayed, they should have brought their "discovery dispute" to the Producing Party that was still active in this case: the Individual Defendants.  Since Plaintiffs cannot explicitly admit this, given it undermines their conduct, they instead ignore it, perhaps hoping the Court does not notice.

## II.        The Order ignored the Court's power to sanction misconduct.

The Magistrate Judge also erroneously held that it did not matter how Plaintiffs obtained the Database and that he could not change the fact of their possession.  [ECF #196 at 8.]  But he can sanction Plaintiffs' violations of the SPO, the Local Rules, and litigation fair play.  [*See* Mem. at 19.]  The Order, then, is contrary to law.

Plaintiffs barely address the Individual Defendants' arguments, and instead hide behind lackluster procedural "gotchas" like waiver and burden.  Neither tact is convincing.

*First*, the Plaintiffs' descriptions of the SPO and Local Rules ignore the text and purpose of both.  Plaintiffs assert that the SPO's meet-and-confer requirement applies only to challenging confidentiality designations.  [Opp'n at 14.]  But, as the Individual Defendants explained, the SPO's definition of "Confidential Information" includes privilege designations.  [*See* Mem. at 3–4, 17–18.]  Consequently and inescapably, challenges to privilege are also challenges to confidentiality, triggering the meet-and-confer requirement.

Further, regarding the Local Rules, Plaintiffs' assertion that they need to meet and confer only before filing a motion is absurd.  The purpose of meeting and conferring is to try to *avoid* filings.  *See* Fed. R. Civ. P. 26(c)(1) (directing that the meet-and-confer requirement is part of "an effort to resolve the dispute without court action.").  Here, Plaintiffs challenged the Individual

Defendants and SDC's privilege designations, so they needed to meet and confer with the producing parties to try to resolve their dispute without court action. But, under Plaintiffs' reading, the meet-and-confer requirement arose only when their filing a motion was a certainty. That interpretation makes no sense.

**Second**, Plaintiffs' focus on the word "discretion" does not match the Magistrate Judge's error. Plaintiffs claim that the Individual Defendants needed to argue that the Magistrate Judge abused his discretion. [Opp'n at 13.] But the case they cite stands only for the proposition that when the standard that a magistrate judge correctly identifies and then applies gives the judge discretion, the decision is contrary to law if the magistrate judge abused his discretion. *See Amos v. Lampo Grp., LLC*, No. 3:21-cv-00923, 2023 WL 3590676, at *2 (M.D. Tenn. May 22, 2023) (Richardson, J.) (review of denial of motion to stay). The situation here is very different. The Magistrate Judge did not identify the appropriate standards—the ability to sanction conduct that violates court orders and the Local Rules—and apply them within his discretion; instead, he did not identify or apply the appropriate standards at all. *See Coventry Capital US LLC v. EEA Life Settlements Inc.*, 333 F.R.D. 60, 65 (S.D.N.Y. 2019) (holding failure to impose discovery sanctions was contrary to law without analyzing abuse-of-discretion standard).

**Third**, Plaintiffs' waiver invocation ignores the history of this dispute and what the Individual Defendants said. The Individual Defendants did not mention violations of the SPO in the September 2024 request for a discovery conference because they did not learn the necessary facts until December 2024. [*See* Opp'n at 15.] They did not learn that the Plaintiffs had been communicating with the Trustee about this purported "discovery dispute" until they subpoenaed the Trustee in December 2024. The documents produced by the Trustee and her deposition are what form the basis of the present argument. Plaintiffs also assert that the Individual Defendants

made only a passing reference to their arguments in one sentence of the Supplemental Discovery Dispute Statement.  [*See id.*]  But the Individual Defendants had a whole section on how discovery disputes must be resolved with all of the producing parties.  [*See* ECF #193 at 13–14.]  A whole section of a brief cannot be described as "perfunctory."  [*See* Opp'n at 15.]

Plaintiffs imply that the Individual Defendants should have made their arguments more robustly and asked for more pages.  [*See* Opp'n at 2 n.3, 15.]  This ignores what the Magistrate Judge asked for and what the Individual Defendants did.  The Magistrate Judge asked the Parties to submit a joint statement responding to three specific queries, none of which asked for information on discovery misconduct.  [*See* ECF #190.]  The Individual Defendants included the misconduct argument to ensure the Magistrate Judge at least knew it existed.  The Individual Defendants then specifically asked for fulsome briefing so that they could develop and adequately present their arguments.  [ECF #193 at 10, 19.]  In other words, the Individual Defendants did ask for more pages so they could fully make the argument they presented in their Motion.

*Fourth*, Plaintiffs misunderstand the Individual Defendants' arguments on the Magistrate Judge's power to correct misconduct.  [*See* Opp'n at 15–16.]  As Plaintiffs point out, the Magistrate Judge said that no information about the Trustee's authority could change Plaintiffs' possession of the Database.  [*See id.*]  But that is precisely what the Magistrate Judge's error was.  The Individual Defendants did not ask the Magistrate Judge to rule on this dispute based on the Trustee's authority; they wanted the Magistrate Judge to rule based on the Plaintiffs' misconduct.  That is well within the Magistrate Judge's power and has nothing to do with the Trustee's authority.

## III.  <u>Conclusion</u>

Individual Defendants respectfully request that the Court vacate the Order, and either order the Plaintiffs to surrender access to the Database or order the Magistrate Judge to consider fulsome briefing on this issue.

Dated:  May 12, 2025

Respectfully submitted,

*/s/ Michael B. Silverstein*
Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

David A. Rammelt (*pro hac vice*)
Laura Seferian (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
drammelt@beneschlaw.com

Michael D. Meuti (*pro hac vice*)
Andrew G. Fiorella (*pro hac vice*)
Allyson R. Cady (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
127 Public Square, Suite 4900
Cleveland, Ohio  44114
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588
mmeuti@beneschlaw.com
afiorella@beneschlaw.com
acady@beneschlaw.com

Michael B. Silverstein (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff, LLP
41 South High Street, Suite 2600
Columbus, Ohio  43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
msilverstein@beneschlaw.com

*Attorneys for Defendants David Katzman,*
*Steven Katzman, Susan Greenspon Rammelt,*
*Kyle Wailes, Richard Schnall, and*
*Camelot Venture Group*

/s/ *Michael J. Kahn (with permission)*
Steven A. Riley (BPR 6258)
Elizabeth O. Gonser (BPR 26329)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee  37203
Telephone:  (615) 320-3700
Facsimile:  (615) 320-3737
sriley@rjfirm.com
egonser@rjfirm.com

Brian M. Lutz (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, California  94111-3715
blutz@gibsondunn.com
mjkahn@gibsondunn.com
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306

*Attorneys for Defendants Alexander Fenkell and
Jordan Katzman*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on May 12, 2025 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Michael B. Silverstein*

# Mailing Information for a Case 3:19-cv-00962 Franchi v. SmileDirectClub, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Allyson R. Cady**
  acady@beneschlaw.com

- **Wade B. Cowan**
  wcowan@dhhrplc.com

- **James M. Ficaro**
  jmf@weiserlawfirm.com

- **Andrew J. Finn**
  finna@sullcrom.com

- **Andrew Fiorella**
  afiorella@beneschlaw.com

- **Elizabeth O. Gonser**
  egonser@rjfirm.com,dgibby@rjfirm.com,bmoore@rjfirm.com

- **Michael C. Griffin**
  michael.griffin@skadden.com

- **John S. Hicks**
  jhicks@bakerdonelson.com,trutledge@bakerdonelson.com,lkroll@bakerdonelson.com

- **James A. Holifield , Jr**
  aholifield@holifieldlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Stephen Johnson**
  SJohnson@rgrdlaw.com

- **Lewis S. Kahn**
  Lewis.Kahn@ksfcounsel.com

- **Michael J. Kahn**
  MJKahn@gibsondunn.com

- **Jay B. Kasner**
  jay.kasner@skadden.com

- **Ashley M Kelly**
  akelly@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Ting H. Liu**
  tliu@rgrdlaw.com

- **Brian M. Lutz**
  blutz@gibsondunn.com

- **MICHAEL J MORSE**
  PKNASHLAW@AOL.COM

- **Richard A. Maniskas**
  rmaniskas@sbtklaw.com

- **Michael D. Meuti**
  mmeuti@beneschlaw.com,Docket2@Beneschlaw.com,emanzo@beneschlaw.com,rkrueger@beneschlaw.com

- **E. Powell Miller**
  epm@millerlawpc.com

- **Scott D. Musoff**
  scott.musoff@skadden.com

- **Danielle S. Myers**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Sharon L. Nelles**
  nelless@sullcrom.com

- **Christopher Nelson**
  cln@weiserlawfirm.com

- **Melinda A. Nicholson**
  Melinda.Nicholson@ksfcounsel.com

- **Michael J. Palestina**
  Michael.Palestina@ksfcounsel.com

- **Ira M. Press**
  ipress@kmllp.com

- **David Albert Rammelt**
  drammelt@beneschlaw.com,docket@beneschlaw.com,emanzo@beneschlaw.com

- **Steven Allen Riley**
  sriley@rjfirm.com,dgibby@rjfirm.com

- **Darren J. Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com

- **Laura Seferian**
  lseferian@beneschlaw.com

- **Michael B. Silverstein**
  msilverstein@beneschlaw.com,Docket2@beneschlaw.com

- **John Tate Spragens**
  john@spragenslaw.com,spragenslaw@ecf.courtdrive.com,dave@spragenslaw.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,CSavedra@rgrdlaw.com

- **Tara L. Swafford**
  tara@swaffordlawfirm.com

- **Christopher E. Thorsen**
  cthorsen@bakerdonelson.com,pmontei@bakerdonelson.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,CWood@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)