UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMILEDIRECTCLUB, INC., et al.,<br><br>Defendants. | Civil Action No. 3:19-cv-00962<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE |

Plaintiffs 1199SEIU Health Care Employees Pension Fund and Bucks County Employees Retirement System ("Plaintiffs") respectfully submit this sur-reply in further opposition to the Individual Defendants' Motion for Review of Nondispositive Order of Magistrate Judge (the "Motion") (ECF 197).[1]

The Individual Defendants claimed, in their reply brief, that "Plaintiffs **agree** that the documents [at issue] were produced and designated privileged by SDC **and** the Individual Defendants." ECF 209 at 1 (emphasis in original). The Individual Defendants are wrong.

From the first papers filed surrounding this dispute, Plaintiffs have maintained that the documents at issue were SDC documents – not the Individual Defendants' documents – and, thus, the Individual Defendants had no basis to claim they were protected or privileged. *See* ECF 184 at 2-3 ("the Trustee recently provided Plaintiffs access to a database of SDC documents"). When

---

[1] All capitalized terms not otherwise defined herein have the same meaning as set forth in Plaintiffs' Opposition to the Individual Defendants' Motion for Review of Nondispositive Order of Magistrate Judge (the "Opposition") (ECF 206).

- 1 -

Magistrate Judge Frensley ordered further briefing on the Individual Defendants' claims of privilege over the documents, Plaintiffs reiterated that the documents were "books and records of SDC, **not** the Individual Defendants." ECF 193 at 4 (emphasis in original). Plaintiffs supported this argument by citing to: (i) SDC's contract with Consilio to host the documents, to which the Individual Defendants were not parties (*id.* at 4-5); (ii) defendant Rammelt's admission that the documents belonged to SDC (*id.* at 5); (iii) SDC's data policy, which stated that all documents SDC employees "'create on the corporate systems remains the property of SmileDirectClub'" (*id.*); and (iv) a series of cases standing for the proposition that employees (like the Individual Defendants) of companies with data privacy policies similar to SDC's have no expectation of privacy as to company documents (*id.* at 5-6).[2]

Plaintiffs' Opposition unequivocally expressed that there was no change in Plaintiffs' position. Indeed, in the first sentence of the Opposition, Plaintiffs defined the term "Documents" as documents stored in "a database of SDC books and records." ECF 203 at 1. Plaintiffs went on to cite Magistrate Judge Frensley's Order on the discovery dispute to show that Judge Frensley acknowledged that "Plaintiffs contend that 'the Documents are books and records of SDC.'" *Id.* at 5 (quoting ECF 196 at 6). At no point in Plaintiffs' Opposition did Plaintiffs suggest they had changed tack on this issue.

Nevertheless, the Individual Defendants argue that because Plaintiffs – in two instances cherry-picked from a 16-page brief – used the broader term "Defendants" to describe the ongoing dispute, Plaintiffs have implicitly conceded they were wrong all along. This argument is plainly false and ignores the multitude of instances in which Plaintiffs have stated and reiterated their position on this issue: consistent with SDC's recordkeeping and data policy, SDC's contract with

---

[2]       Unless otherwise noted, citations are omitted.

4898-0450-7206.v1

Consilio, Rammelt's sworn admissions, and the law, the Documents in dispute are SDC books and records – not the Individual Defendants'.

For the foregoing reasons, along with those stated in Plaintiffs' Opposition, the Individual Defendants' Motion should be denied.

DATED:  May 27, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
JEFFREY J. STEIN
ASHLEY M. KELLY
TING H. LIU
STEPHEN JOHNSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
scotts@rgrdlaw.com
jstein@rgrdlaw.com
akelly@rgrdlaw.com
tliu@rgrdlaw.com
sjohnson@rgrdlaw.com

Counsel for Plaintiffs