# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SMILEDIRECTCLUB, INC., *et al.*, | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| Debtors. | ) | |
| | ) | Case No. 23-90786 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**RENEWED APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF**
**ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL LITIGATION**
**COUNSEL TO THE CHAPTER 7 TRUSTEE**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

Allison D. Byman, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of SmileDirectClub, Inc., *et al.* (collectively, "SmileDirect" or the "Debtors"), hereby files this renewed application (this "Application") for entry of an order authorizing the Trustee to employ and retain Orrick, Herrington & Sutcliffe LLP ("Orrick" or the "Firm") as the Trustee's special litigation counsel ("Special Litigation Counsel") to perform the services described in this Application, as allowed by this Court's order denying the Original Application (as defined below) without prejudice [Dkt. No. 908]. In support of the Application, the Trustee

submits the Declaration of Raniero D'Aversa (the "D'Aversa Declaration"), an Orrick partner, attached hereto as **Exhibit A**, and respectfully states as follows:[1]

## PRELIMINARY STATEMENT

1.      At the October 1 hearing concerning the Original Application and the Litigation Finance Motion, the Court heard extensive testimony from the Trustee describing her process for selecting special litigation counsel to pursue claims against the Debtors' insiders. The Court acknowledged in its bench ruling on October 18 that the Trustee exercised her duty to creditors and had "done her job" in selecting Orrick. The Court denied the Original Application solely because it viewed the Final DIP Order as precluding the Trustee's request to grant Orrick a priming lien in respect of the contingency fee arrangement. Since the Court's ruling, the Trustee and Orrick engaged in further discussions which ultimately led to Orrick agreeing to represent the Trustee on a full contingency fee basis, with Orrick's right to payment being subordinate to the DIP Obligations, on economics that recognize Orrick's increased fee risk but remain well within market terms. Now that the Trustee and Orrick have addressed the Court's one issue with the Original Application, the Trustee respectfully requests that the Court grant this Application to retain Orrick as special litigation counsel to pursue claims against the Debtors' insiders so that the Debtors' estates can finally monetize those valuable assets.

## RELIEF REQUESTED

2.      The Trustee seeks entry of an order, substantially in the form attached hereto, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Contingency Fee Agreement.

Texas (the "Local Rules"), authorizing the retention and employment of Orrick as Special Litigation Counsel to perform the Limited Services (as defined below), in accordance with the terms and conditions set forth in the Contingency Fee Agreement (as defined below), attached as Exhibit 1 to the proposed order and incorporated herein by reference.[2]

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Southern District of Texas (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Trustee affirms her consent, pursuant to Bankruptcy Rule 7008, to entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution absent consent of the parties.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      On September 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases were jointly administered and procedurally consolidated pursuant to Bankruptcy Rule 1015(b). The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Denying Debtors' Motions and Converting Cases to Chapter 7* [Dkt. No. 617] on January 26, 2024

---

[2] For the convenience of the Court and all parties in interest, a redline comparing the revised Contingency Fee Agreement against the contingency fee agreement included in the Original Application is attached hereto as **Exhibit B**.

(the "Conversion Date"), whereby the Court converted the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

6.      On the Conversion Date, the United States Trustee (the "U.S. Trustee") appointed Allison D. Byman as the Chapter 7 Trustee in these chapter 7 cases.

7.      On August 16, 2024, the Trustee filed the *Chapter 7 Trustee's Motion for Entry of an Order (I) Authorizing and Approving Litigation Arrangement, (II) Granting Priming Liens and Providing Claims with Superpriority Status, (III) Approving the Payment of Certain Related Fees and Expenses, and (IV) Granting Related Relief* [Dkt. No. 845] (the "Litigation Finance Motion") and the *Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Special Litigation Counsel to the Chapter 7 Trustee* [Dkt. No. 847] (the "Original Application").

8.      Following extensive discovery, including a deposition of the Trustee and production of over 166,000 of pages of documents, and briefing, and after taking evidence and hearing argument, the Court entered orders denying the Litigation Finance Motion and denying the Original Application without prejudice to renewal [Dkt. Nos. 907, 908] (collectively, the "Prior Orders"). In the Court's bench ruling made on the record at the hearing held on October 18, 2024 [Dkt. No. 916] (the "Bench Ruling"), the Court found that the Final DIP Order and cash collateral stipulations precluded the Trustee's request to grant Orrick a priming lien in respect of the Contingency Fee Arrangement.

9.      The Court also noted, however, that in selecting Orrick the Trustee had exercised her duty to maximize value for the Debtors' estates, *see* Bench Ruling at 16:14-18; 18:22-19:5, and denied the Original Application without prejudice to submission of a renewed application to retain Orrick. The Court explained, "assuming the DIP liens get paid in full, then I think the

4

remainder could go to Orrick. And I don't know if Orrick would agree to that or not, but as presented, I'll deny the Orrick application without prejudice[.]" *Id.* at 19:16-20.[3]

10.     Following the Court's entry of the Bench Ruling and Prior Orders, the Trustee and Orrick negotiated amendments to the contingency fee arrangement described in the Original Application. As described more fully below and in the Contingency Fee Agreement, the Trustee engaged Orrick to represent her in connection with the investigation and prosecution (and, if and when appropriate, the negotiation of settlements) of claims against certain of the Debtors' insiders and other defendants, subject to the terms in the Amended and Restated Contingency Fee Agreement between the Trustee and Orrick dated December 10, 2024 (the "Contingency Fee Agreement," and the arrangement contemplated thereunder, the "Contingency Fee Arrangement").

11.     Under the revised Contingency Fee Agreement, Orrick agreed to strike the hybrid contingency fee option and will proceed on a full contingency basis, and Orrick will not require the Trustee to grant a security interest and lien to Orrick in respect of the Contingency Fee Arrangement. In exchange for Orrick's agreement to undertake the representation on an unsecured basis, the Trustee agreed that Orrick's contingency fee would increase over time based on the satisfaction of certain milestones (as described below).[4]

## I.      ORRICK'S QUALIFICATIONS AND SCOPE OF SERVICES

12.     The Trustee has engaged Orrick to represent her in connection with (A) the investigation and prosecution of certain claims and causes of action (the "Claims") against various current and former insiders of the Debtors and their affiliates, and any persons or entities against

---

[3] At the October 1 hearing, the DIP Agent's counsel similarly indicated that the DIP Agent would not object to the Trustee's retention of Orrick on a non-priming basis. *See* Oct. 1, 2024 Hr'g Tr. at 29:13-15 (Mr. Winger: "If the proceeds respect the waterfall -- if the distribution of proceeds respects the waterfall in the final DIP order, then no, there is no issue.").

[4] As shown in **Exhibit B**, the revised Contingency Fee Agreement also includes revisions intended to clarify certain terms of engagement, including how Orrick will be reimbursed for litigation related expenses and other clarifications.

whom Claims may lie as a result of the conduct of insiders (such defendants, collectively, "Defendants") (the "Litigation"), and (B) the negotiation of settlements of the Claims (the "Negotiations") (together with the Litigation, the "Limited Services").

13.     The Trustee believes that Orrick is well-qualified to serve as Special Litigation Counsel with respect to the Limited Services. Orrick has an established group of experienced litigators who specialize in financial services litigation and appellate litigation, including with respect to bankruptcy disputes.

14.     The Trustee believes that Orrick has assembled a highly qualified team of professionals with knowledge and experience necessary to provide the Limited Services to the Trustee. Orrick's extensive litigation and restructuring experiences, as well as the Firm's experience practicing before this Court, will aid the Trustee in its efforts to maximize value for the Debtors' estates.

15.     Accordingly, the Trustee believes that the retention of Orrick is in the best interests of the Debtors' estates and therefore should be granted.

## II.     NO DUPLICATION OF SERVICES

16.     The Trustee has previously filed applications to employ other professionals in these chapter 7 cases, including the applications which this Court has already approved for Porter Hedges LLP ("Porter Hedges"), as special counsel, and Byman & Associates, PLLC, as general counsel. The Trustee has retained Porter Hedges to, among other things, prosecute preference claims solely against non-insiders. [*See* Dkt. No. 821]. Orrick will work closely with Porter Hedges and any additional professionals retained by the Trustee to delineate their respective duties to prevent duplication of services to the greatest extent possible. The Trustee believes that the Limited Services Orrick will provide will be complementary to, and not duplicative of, the services to be performed by these other professionals.

### III.   PROFESSIONAL COMPENSATION

17.     As set forth in its Contingency Fee Agreement, Orrick seeks to be compensated on a full contingency basis, as described below.

### A.   Revised Full Contingency Fee Structure

18.     Pursuant to the revised full contingency fee framework, Orrick would proceed on a full contingency basis where Orrick bears all professional fees and, except to the extent provided in the Contingency Fee Agreement[5], all expenses[6], in return for a contingent fee recovery on the following terms:

(a) Orrick shall retain as its fee for representing the Trustee in the Negotiations and Litigation, a percentage of the Recovery (as defined in the Contingency Fee Agreement) based on the following milestones with respect to any action against any Defendant (each, an "Action"), which contingency fee shall be paid to Orrick no later than 5 business days after the date that a fee application requesting payment of such contingency fee is approved by the Court:

(i) Prior to the resolution of any motion to dismiss in the Action, thirty-five percent (35.00%) of any Recovery in the Action;

(ii) From and after resolution of any motion to dismiss through a resolution of any motion for summary judgment in the Action, forty percent (40.00%) of any Recovery in the Action; and

---

[5] Orrick shall not bear the costs associated with the fees of any expert or related consulting firm. To the extent the Trustee requires the services of an expert or related consulting firm, the Trustee will be responsible for entering into a separate engagement letter to retain such expert or related consulting firm. Orrick and the Trustee agreed to work in good faith to consider solutions if Orrick determines that the Trustee requires the services of an expert or related consulting firm but there are no unencumbered funds in the estates that will enable her to do so.

[6] The Trustee agrees that any Expenses (as defined in the Contingency Fee Agreement) incurred by Orrick during the period it is representing the Trustee on and after December 10, 2024 shall be reimbursed to Orrick from any Recovery (as defined in the Contingency Fee Agreement) prior and in addition to the payment of any contingency fee.

(iii) From and after resolution of any motion for summary judgment in the Action, forty-five percent (45.00%) of any Recovery in the Action.

(b) Any settlement agreement and any settlement order entered by the Court resolving Claims will specify that Orrick will be paid from the Recovery amounts the applicable contingency fee no later than 5 business days after the date that a fee application requesting payment of such contingency fee is approved by the Court.

(c) Payment to Orrick of the contingency fee shall be the full payment for all legal services rendered by Orrick under its engagement.

(d) Payment to Orrick of the contingency fee and the expenses shall be taken out of any Recovery after payment of all DIP Obligations (unless otherwise agreed in writing by the DIP Agent) but prior to disbursements to any other creditors or parties in interest of the Debtors' estates.

19.     Notwithstanding that Orrick is seeking compensation on a full contingency fee basis, Orrick will provide the Trustee with monthly statements reflecting fees of timekeepers and expenses. In addition, it is Orrick's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, document reproduction, word processing, computerized research, out-of-town travel, and messenger services. However, the Trustee will not be expected to pay expenses billed by Orrick prior to the collection of any Recoveries by the Trustee.

20.     Pursuant to Bankruptcy Rule 2016(b), except as set forth herein and in the D'Aversa Declaration, Orrick has not agreed to share (a) any compensation it has received or may receive with another party or person, other than with partners, counsel, associates, contract

attorneys, and other personnel associated with Orrick, nor (b) any compensation another person or party has received.

21.     Orrick understands that the professional fees and expenses incurred by Orrick during the chapter 7 cases are subject to the requirements of the Bankruptcy Code and the review and approval by this Court.

## IV.     ORRICK'S DISINTERESTEDNESS

22.     To the best of the Trustee's knowledge, information, and belief, and except as disclosed herein and in the accompanying D'Aversa Declaration, Orrick does not hold any interest adverse to the Debtors or their estates with respect to the matters on which Orrick is to be employed.

23.     As set forth in the D'Aversa Declaration, Orrick in the past has represented, currently represents, and in the future likely will represent certain entities that are parties in interest in these chapter 7 cases in matters unrelated to the Debtors, the estates, or such parties in interests' claims against or interests in the Debtors or their estates.

24.     The Trustee understands that, except as otherwise set forth in the D'Aversa Declaration, neither Orrick nor any attorney at the Firm: (a) holds or represents an interest adverse to the Debtors' estates; (b) is or was a creditor, an equity security holder, or an insider of the Debtors; (c) is or was, within two years before the Petition Date, a director, officer or employee of the Debtors; or (d) has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

25.     Orrick will periodically review its files during the pendency of these chapter 7 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Orrick will use reasonable efforts to identify such

further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## V.     SUPPORTING AUTHORITY

26.     The Trustee seeks to retain Orrick as Special Litigation Counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a trustee, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

27.     Under section 328(a) of the Bankruptcy Code, with the Court's approval, a trustee may employ professional persons under section 327 of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

28.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

29.     For all of the reasons set forth above and in the D'Aversa Declaration, the employment and retention of Orrick by the Trustee is warranted, is in the best interests of the

10

Debtors and their estates, and complies with the requirements of section 327(e) and section 328(a) of the Bankruptcy Code.

## **CONCLUSION**

30.     The Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Application and such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

11

Dated: December 10, 2024        Respectfully submitted,

By: */s/ Allison D. Byman*
    Allison D. Byman, Trustee
    7924 Broadway, Suite 104
    Pearland, Texas 77581
    (281) 884-9768 Telephone
    adb@bymanlaw.com

    *Chapter 7 Trustee*

By: */s/ Ryan C. Wooten*
    **ORRICK, HERRINGTON & SUTCLIFFE LLP**
    Ryan C. Wooten, Texas Bar No. 24075308
    609 Main Street, 40th Floor
    Houston, TX 77002-3106
    Telephone:  (713) 658-6400
    Facsimile:  (713) 658-6401
    Email:  rwooten@orrick.com

    Raniero D'Aversa, Jr. (admitted *pro hac vice*)
    Darrell Cafasso (*pro hac vice* forthcoming)
    David Litterine-Kaufman (admitted *pro hac vice*)
    Nicholas Poli (admitted *pro hac vice*)
    Mark Franke (admitted *pro hac vice*)
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile:  (212) 506-5151
    Email:  rdaversa@orrick.com
          dcafasso@orrick.com
          dlitterinekaufman@orrick.com
          npoli@orrick.com
          mfranke@orrick.com

    *Proposed Special Litigation Counsel for*
      *The Chapter 7 Trustee*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 10th day of December 2024, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties receiving ECF notice.

<u>/s/ *Ryan C. Wooten*</u>
Ryan C. Wooten