# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>SMILEDIRECTCLUB, INC., *et al.*,<br><br>         Debtors. | Chapter 7<br><br>Case No. 23-90786 (CML)<br><br>(Jointly Administered) |
| CLUSTER HOLDCO, LLC, *et al.*,<br><br>        Appellants,<br><br>v.<br><br>ALLISON D. BYMAN, AS<br>CHAPTER 7 TRUSTEE OF<br>SMILEDIRECTCLUB, INC., *et al.*,<br><br>        Appellee. | Civil Action No. 4:25-cv-01771 (LHR) |

## <u>RESPONSE BRIEF OF APPELLEE CHAPTER 7 TRUSTEE</u>

Raniero D'Aversa (*pro hac vice* pending)
Darrell S. Cafasso (*pro hac vice* pending)
David Litterine-Kaufman (*pro hac vice* pending)
Nicholas Poli (*pro hac vice* pending)
Mark Franke (*pro hac vice* pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000
rdaversa@orrick.com
dcafasso@orrick.com
dlitterinekaufman@orrick.com
npoli@orrick.com
mfranke@orrick.com

*Special Litigation Counsel for the Chapter 7 Trustee*

*(Additional Counsel Listed in Signature Block)*

## CORPORATE DISCLOSURE STATEMENT

Appellee hereby states, by and through her undersigned counsel, pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, as follows:

Allison D. Byman is the chapter 7 trustee for the bankruptcy estates of the following debtors in the above-captioned chapter 7 cases:

(i) SmileDirectClub, Inc., which was publicly traded on the NASDAQ Stock Market (symbol "SDC"). As of the petition date, no publicly held corporation owned 10% or more of SmileDirectClub, Inc.'s outstanding shares. The remaining debtors were not publicly traded.

(ii) SmileDirectClub, LLC, which is 100% owned by SDC Financial LLC.

(iii) Ortho Lab Services, LLC, which is 100% owned by CAMF II, LLC.

(iv) Access Dental Lab, LLC, which is 100% owned by SDC Financial LLC.

(v) CAMF II, LLC, which is 100% owned by SmileDirectClub, LLC.

(vi) SDC Financial LLC, of which 33.28% is owned by SmileDirectClub, Inc., which is a publicly held corporation, and the following corporations directly or indirectly own 10% or more of any case of SDC Financial LLC's equity interest: David Katzman 2018 Irrevocable Trust/DBK Investments (21.57%); Jordan M. Katzman 2018 Irrevocable Trust/JK Investments (16.39%); and Alexander J. Fenkell 2018 Irrevocable Trust (14.54%).

(vii) SDC Holding, LLC, which is 100% owned by SmileDirectClub, LLC.

(viii) SDC Plane, LLC, which is 100% owned by SmileDirectClub, LLC.

(ix) SmileFarm, LLC, which is which is 100% owned by SDC Financial LLC.

# TABLE OF CONTENTS

**Page(s)**

CORPORATE DISCLOSURE STATEMENT ....................................................... i

TABLE OF CONTENTS.................................................................................... iii

TABLE OF AUTHORITIES ................................................................................v

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................2

JURISDICTION.................................................................................................7

STATEMENT OF ISSUES ................................................................................8

STANDARD OF REVIEW ...............................................................................10

STATEMENT OF THE CASE...........................................................................11

    A.   The Insiders Put the Debtors Into Bankruptcy and Attempt to Secure Control Over the Process by Funding a DIP Loan...................................11

    D.   The Parties Engage in Extensive Discovery and an Evidentiary Trial on the Prior Application to Retain Orrick .......................................................14

    E.   The Chapter 7 Trustee Decided to Waive Privilege Over Documents in Pending Securities Cases Rather Than Engage in Costly Motion Practice That Would Not Benefit the Estates.........................................................16

    F.   The Chapter 7 Trustee Files a Renewed Application to Retain Orrick, and the Court Holds a Second Evidentiary Hearing on Orrick's Retention ...22

ARGUMENT ...................................................................................................28

I.    The Bankruptcy Court Exercised Sound Discretion in Entering the Retention Order Because (A) the Disclosure Standards Under Bankruptcy Rule 2014 Were Satisfied, (B) Neither the Bankruptcy Code Nor the Bankruptcy Rules Require Denial of a Retention Application for Lack of Timeliness, and (C) the Work Performed by Orrick Falls Squarely Within its Mandate to Pursue the Insider Claims ...........................................................................................28

Case 3:19-cv-00962    Document 220-4    Filed 08/08/25    Page 5 of 19 PageID #: 5592

II.  The Bankruptcy Court Exercised Sound Discretion in Refusing to Modify the Retention Order Based on the DIP Agent's Claim That the Retention Order Violated the DIP Order ..................................................................................42

III.  The Bankruptcy Court Exercised Sound Discretion in Denying the Insider Defendants' Motion to Reconsider Where the Insider Defendants Waived the Argument that the Bankruptcy Court Failed to Consider Whether Orrick Previously Represented the Debtors and, Even if Not Waived, Such Argument Does Not Support Reconsideration..................................................................44

IV.  The Bankruptcy Court Exercised Sound Discretion in Finding that Orrick's Resolution of a Discovery Dispute with a Third Party *on Behalf and at the Direction of the Chapter 7 Trustee* Did Not Result in Orrick Holding a Disqualifying Adverse Interest ........................................................................48

V.  The Bankruptcy Court Exercised Sound Discretion in Refusing to Delay Ruling on the Application to Facilitate the Insider Defendants' Endless Procession of Discovery Demands, Conducted a Full Evidentiary Hearing, and Granted the Application on the Merits........................................................51

CONCLUSION.................................................................................................53

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS...55

STATEMENT REGARDING ORAL ARGUMENT ............................................56

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Acosta*,
406 F.3d 367 (5th Cir. 2005) ...................................................................10

*In re Am. Avia Assocs.-SEA*,
150 B.R. 24 (Bankr. S.D. Tex. 1992) ........................................................41

*In re Arkansas Co.*,
798 F.2d 645 (3d Cir. 1986) ....................................................................35

*In re AroChem Corp.*,
181 B.R. 693 (Bankr. D. Conn. 1995).......................................................41

*In re B.E.S. Concrete Prods., Inc.*,
93 B.R. 228 (Bankr. E.D. Cal. 1988)........................................................34

*Bedford v. Am. Honda Motor Co.*,
831 F. App'x 721 (5th Cir. 2020) .............................................................45

*In re Benitez*,
No. 19-70230, 2020 WL 1272258 (Bankr. E.D.N.Y. Mar. 13,
2020) .....................................................................................................34

*In re Bolton-Emerson, Inc.*,
200 B.R. 725 (D. Mass. 1996) .................................................................45

*In re Coleman*,
655 B.R. 441 (Bankr. N.D. Miss. 2023).....................................................33

*In re Congoleum Corp.*,
426 F.3d 675 (3d Cir. 2005) ....................................................................38

*In re Contractor Technology, Ltd.*,
No. H-05-3212, 2006 WL 1492250 (S.D. Tex. May 20, 2006) ........................47

*In re Covenant Fin. Grp. of Am., Inc.*,
243 B.R. 450 (Bankr. N.D. Ala. 1999).......................................................47

Case 3:19-cv-00962   Document 220-4   Filed 08/08/25   Page 7 of 19 PageID #: 5594

*In re Delta Servs. Indus.*,
   782 F.2d 1267 (5th Cir. 1986) ...............................................................................8

*In re Dennis*,
   330 F.3d 696 (5th Cir. 2003) ...............................................................................10

*In re Doug Gross Constr., Inc.*,
   No. 24-20166-PRW, 2024 WL 2990298............................................................30

*In re Downtown Inv. Club III*,
   89 B.R. 59 (B.A.P. 9th Cir. 1988) .......................................................................35

*Dudenhefer v. Davol, Inc.*,
   52 F.3d 1068 (5th Cir. 1995) ...............................................................................53

*In re Edwards*,
   510 B.R. 554, 559 (Bankr. S.D. Tex. 2014) .......................................................40

*In re Fondiller*,
   15 B.R. 890 (B.A.P. 9th Cir. 1981) .....................................................................47

*Franchi v. SmileDirect, Inc., et al.*,
   Case No. 3:19-cv-00962 (M.D. Tenn.)................................................................16

*In re GNI Grp., Inc.*,
   402 B.R. 195 (S.D. Tex. 2008) ............................................................................10

*In re Hempstead Realty Assocs.*,
   34 B.R. 624 (Bankr. S.D.N.Y. 1983)...................................................................38

*Howard v. Maxum Indem. Co.*,
   715 F. App'x 372 (5th Cir. 2017) ........................................................................45

*In re Impact Publ'ns, Inc.*,
   24 B.R. 980 (Bankr. N.D. Tex. 1982)..................................................................38

*In re Interstate Distrib Ctr. Assocs.*,
   137 B.R. 826 (Bankr. D. Colo. 1992)..................................................................37

*In re J.S. II, L.L.C.*,
   371 B.R. 311 (Bankr. N.D. Ill. 2007) ..................................................................41

*Janmeja v. Bd. of Supervisors of La. State Univ.*,
  96 F. App'x 212 (5th Cir. 2004) ........................................................................53

*In re Jenkins*,
  188 B.R. 416 (B.A.P. 9th Cir. 1995) .................................................................41

*In re Keren Ltd. P'ship*,
  225 B.R. 303 (S.D.N.Y 1998) ..........................................................................34

*Kohler v. Englade*,
  470 F.3d 1104 (5th Cir. 2006) ..........................................................................45

*In re Kridlow*,
  No. 97-35168DAS, 1999 WL 97939 (Bankr. E.D. Pa. Feb. 19,
  1999) ..................................................................................................................47

*In re Krueger*,
  812 F.3d 365 (5th Cir. 2016) ............................................................................10

*LeClerc v. Webb*,
  419 F.3d 405 (5th Cir. 2005) ............................................................................45

*Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings,
  Inc.)*,
  926 F.3d 103 (5th Cir. 2019) ......................................................................11, 46

*In re Lyons*,
  439 B.R. 401 (Bankr. S.D. Tex. 2010) ........................................................34, 35

*In re McDowell*,
  483 B.R. 471 (Banker. S.D. Tex. 2012) ...........................................................50

*McGary v. Scott*,
  27 F.3d 181 (5th Cir. 1994) ..............................................................................11

*Merritt Hawkins & Assocs. v. Gresham*,
  861 F.3d 143 (5th Cir. 2017) ......................................................................11, 46

*In re Milford Grp., Inc.*,
  164 B.R. 899 (M.D. Pa. 1993) ..........................................................................41

*Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*,
  625 F. App'x 617 (5th Cir. 2015) .....................................................................45

iii

*In re Neuman*,
    138 B.R. 683 (S.D.N.Y. 1992) ...................................................................36, 38, 41

*Overstreet v. Joint Facilities Mgmt., L.L.C. (In re Crescent Res.,*
    *L.L.C.)*,
    496 F. App'x 421 (5th Cir. 2012) ...................................................................11, 46

*In re Persaud*,
    467 B.R. 26 (Bankr. E.D.N.Y. 2012) .............................................................29, 30

*In re Persaud*,
    496 B.R. 667 (E.D.N.Y. 2013) .............................................................................30

*In re Polaroid Corp.*,
    424 B.R. 446 (Bankr. D. Minn. 2010)..................................................................41

*In re Ramba, Inc.*,
    416 F.3d 394 (5th Cir. 2005) ...............................................................................10

*In re Roper & Twardowsky, LLC*,
    566 B.R. 734 (Bankr. D.N.J. 2017) ................................................................36, 38

*Rose v. Grappler Pressure Pumping, L.L.C.*,
    No. 24-50251, 2025 WL 416996 (5th Cir. Feb. 6, 2025)...............................11, 46

*In re Running Horse, L.L.C.*,
    371 B.R. 446 (Bankr. E.D. Cal. 2007)..................................................................36

*In re Shady Green Inc.*,
    No. 04-97890, 2007 WL 7143417 (Bankr. N.D. Ga. Sept. 24,
    2007) .....................................................................................................................33

*In re: SmileDirectClub, Inc. Secs. Litig.*.
    Case No. 19-1169-IV (Tenn. Ch. Ct.) ..................................................................16

*In re Stoecker*,
    114 B.R. 965 (Bankr. N.D. Ill. 1990) ..................................................................38

*In re Tidewater Mem'l Hosp., Inc.*,
    110 B.R. 221 (Bankr. E.D. Va. 1989)...................................................................36

*U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*,
    761 F.3d 409 (5th Cir. 2014) ...............................................................................45

*United States v. El Paso Co.*,
    682 F.2d 530 (5th Cir. 1982) ...................................................................50

*In re W. Delta Oil Co.*,
    432 F.3d 347 (5th Cir. 2005) ............................................................10, 35

*Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*,
    676 F.3d 455 (5th Cir. 2012) ...................................................................11

*Wease v. Ocwen Loan Servicing, L.L.C.*,
    852 F. App'x 807 (5th Cir. 2021) ............................................................48

*White v. Univision of Va. Inc. (In re Urban Broad. Corp.)*,
    401 F.3d 236 (4th Cir. 2005) .....................................................................8

*In re Woodworkers Warehouse, Inc.*,
    323 B.R. 403 (D. Del. 2005) ....................................................................37

*In re WWMV, LLC*,
    661 B.R. 782 (Bankr. S.D. W. Va. 2024) ................................................41

**Statutes**

11 U.S.C. § 327 .............................................................................8, 33, 40, 41

11 U.S.C. § 327(a) .......................................................................................47

11 U.S.C. § 327(e) ...............................................................................*passim*

11 U.S.C. § 704(a) .......................................................................................13

28 U.S.C. § 158(a)(1) .................................................................................7, 8

28 U.S.C. § 1292(b) ......................................................................................8

Bankruptcy Code Chapter 7 ...................................................................*passim*

Bankruptcy Code Chapter 11 ...............................................................13, 38

Bankruptcy Code § 550 .........................................................................14, 43

**Other Authorities**

3 COLLIER ON BANKRUPTCY ¶ 327.04[9][b] (16th ed. 2016)................................47

Federal Rule of Bankruptcy Procedure 2014......................................................*passim*

Federal Rule of Bankruptcy Procedure 2014(a) ........................................................33

Federal Rule of Bankruptcy Procedure 8015(a)(5)(A)..............................................55

Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(i) ..........................................55

Federal Rule of Bankruptcy Procedure 8015(g)........................................................55

Federal Rule of Bankruptcy Procedure 8019.............................................................56

Local Rule 2014-1(b)(2) ...........................................................................................34

Appellee Allison D. Byman, in her capacity as the chapter 7 trustee (the "Chapter 7 Trustee" or "Appellee") for the bankruptcy estates of SmileDirectClub, Inc., et al. (the "Debtors") in the above-captioned chapter 7 cases submits this response brief in opposition to the joint appeal filed by Cluster Holdco, LLC, in its capacity as agent for the Debtors' DIP facility (the "DIP Agent"), and David Katzman, Steven Katzman, Susan Greenspon Rammelt, Kyle Wailes, Richard Schnall, and Camelot Venture Group (collectively, the "Insider Defendants", and together with the DIP Agent and the other DIP Parties, the "Insiders" or "Appellants"), from two interlocutory orders: (i) the *Order Granting Renewed Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Special Litigation Counsel to the Chapter 7 Trustee* entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") on February 14, 2025[1] (the "Retention Order"), which authorized the Chapter 7 Trustee's retention of Orrick, Herrington & Sutcliffe LLP ("Orrick") as special litigation counsel under section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and (ii) the *Order Denying Motions for*

---

[1] 46-AA001754-69. Citations to Appellants' Appendix [Doc. No. 16] are transcribed as [Item No.]-AA[Page No.], followed by paragraph number or line-item citations, as applicable.

*Reconsideration* of the same entered by the Bankruptcy Court on April 7, 2025[2] (the "Reconsideration Order", and together with the Retention Order, the "Interlocutory Orders").[3]

### INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should not be fooled. The purpose of this appeal is to delay and impede the Chapter 7 Trustee's effort to monetize the most valuable asset in the Debtors' estates—litigation claims against the Appellant Insiders whom Orrick has been retained to sue. In denying the Insiders' motions for reconsideration, Bankruptcy Judge Lopez rightly observed that the Insider Defendants, along with the DIP Agent that represents their interests, "***appear[] to want a second bite at the apple to avoid potential litigation***."[4] Judge Lopez approved the Chapter 7 Trustee's retention of Orrick to pursue claims against the Appellant Insiders based on a fulsome evidentiary record after multiple rounds of briefing. Appellants cannot

---

[2] 54-AA002310-11.

[3] Capitalized terms used but not defined herein have the meanings given to them in the DIP Agent's opening brief [Doc. No. 15] (the "DIP Agent Opening Brief") or the Insider Defendants' opening brief [Doc. No. 19] (the "Insider Defendants Opening Brief"), as applicable.

[4] 54-AA002311 (emphasis added).

identify any legal error or abuse of discretion. Appellee respectfully requests that the Court dismiss the appeal[5] or affirm the Interlocutory Orders entered below.

This appeal is the latest chapter in Appellants' strategy to escape liability for their actions that sank what was once a multi-billion dollar family of companies. Appellants' suggestion that they were prejudiced by "limited time for a hearing", that the Bankruptcy Court "rushed its analysis", and that the Retention Order was granted "on an underdeveloped, incomplete record" do not withstand scrutiny.[6] The Retention Order represents the outcome of two separate applications, more than a dozen objections, replies, and sur-replies, hundreds of pages of supporting affidavits, voluminous discovery and discovery disputes (including three depositions of Ms. Byman[7] and the production of over 166,000 pages of documents),[8] multiple evidentiary hearings on the retention applications running a combined 13 hours, and nearly 200 documentary exhibits submitted by the Chapter 7 Trustee, the DIP Agent, and the Insider Defendants, and contested reconsideration motions in which the Bankruptcy Court reaffirmed the Retention Order. This may well be one of the most

---

[5] Contemporaneously herewith, Appellees filed a motion to dismiss this appeal for lack of appellate jurisdiction.

[6] Insider Defs. Opening Br. at 1, 4.

[7] *See* 47-AA-001868:2-4.

[8] 29-AA001175, ¶ 8.

expensive, time-consuming, and thoroughly litigated professional retention motions in the history of this District.

As the Bankruptcy Court noted on the record and was evident at the hearing on February 14, 2025, it reviewed and considered all the parties' submissions prior to its ruling. In approving the Chapter 7 Trustee's *Renewed Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Special Litigation Counsel to the Chapter 7 Trustee*[9] (the "Application") over the Insiders' objections, the Bankruptcy Court considered each of the factors relevant to retention under section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Based on that fact-intensive analysis, the Bankruptcy Court found that Orrick's retention was in the best interest of the estates and that Orrick did not have any adverse interest to the estates.[10]

The Insiders then filed their motions for reconsideration (the "Motions to Reconsider"),[11] which did not present any newly discovered evidence or intervening change in controlling law. Rather, they simply recycled arguments from their prior objections which they claimed were "overlooked," and improperly ran new

---

[9] 29-AA001172-AA001298.

[10] *See* 47-AA001971:9-82:18.

[11] 49-AA001989-AA002268, 50-AA002269-79.

arguments for the first time—much as they do in this appeal.

This appeal fails for two reasons. *First*, the Court lacks jurisdiction because the Interlocutory Orders are not final orders, and Appellants did not file a timely motion for leave to appeal, and Appellants cannot identify any basis for leave to appeal. Appellee has filed herewith a motion to dismiss the appeal (the "Motion to Dismiss") which address these arguments.

*Second*, if the Court considers the merits, it should affirm.

The DIP Agent asserts that the Bankruptcy Court abused its discretion by authorizing Orrick's retention in the face of (i) "material nondisclosures" that it claims violate Bankruptcy Rule 2014, (ii) "untimely applications" it believes are not allowed under section 327(e), and (iii) a record it claims shows "that counsel's services are not confined to the 'specified special purpose' [section 327(e)] permits".[12] Each argument fails. The DIP Agent's "material non-disclosures" argument is based on the false premise that the Bankruptcy Court cannot allow and consider supplemental disclosures filed after the application. In regard to timeliness, the DIP Agent's argument fails due to the complete absence of any requirement governing the timing of an application in the Bankruptcy Code or the Bankruptcy Rules. As to the scope of Orrick's role, the DIP Agent ignores how each workstream

---

[12] DIP Agent Opening Br. at 2.

that Orrick undertook is connected to the specified purpose for which Orrick was retained—prosecuting the Insider Claims (defined herein).

The DIP Agent also argues that a provision in the DIP Order bars the Chapter 7 Trustee from pursuing claims against non-insiders.[13] The DIP Agent advances this argument despite Appellee's repeated clarification that the contested retention language covers only claw-back actions that the Chapter 7 Trustee may need to pursue against *subsequent transferees* of Insiders, which the DIP Agent agreed to exclude from the collateral that the DIP Agent foreclosed on.

The Insider Defendants argue that the Bankruptcy Court ignored "plain-text requirements" under section 327(e).[14] It did not. Appellants never made this argument at any point during the multiple hearings on Orrick's two retention applications or in their briefing papers and, therefore, they waived the argument. But even if they had not waived it (they did), the Bankruptcy Court did not commit a manifest error of law because there is no controlling precedent and ample persuasive authority to support the Bankruptcy Court's interpretation.

The Insider Defendants' argument that Orrick holds a "disqualifying adverse interest"[15] also fails because a law firm's actions taken *at the direction* of a chapter

---

[13] DIP Agent Opening Br. at 54-55

[14] Insider Defs. Opening Br. at 1.

[15] Insider Defs. Opening Br. at 25.

6

trustee to resolve a discovery dispute *on the trustee's behalf* do not result in the law firm having an interest adverse to the estate.

Lastly, the Insider Defendants' assertion that the Bankruptcy Court ruled on an "incomplete record"[16] is baseless. The Bankruptcy Court refused to entertain Appellants' endless demands for more discovery that were a transparent attempt to delay Orrick's employment. The Insider Defendants continue to push their "incomplete record" argument even though the discovery they seek is aimed at a topic that the Bankruptcy Court explicitly found did not result in Orrick holding an adverse interest (*i.e.*, Orrick resolving a discovery dispute on the Chapter 7 Trustee's behalf).

None of these arguments provides a basis to reverse the Interlocutory Orders.

Accordingly, to the extent the Court does not dismiss the appeal for lack of jurisdiction, it should affirm the Bankruptcy Court's Interlocutory Orders.

## **JURISDICTION**

By statute, federal district courts have jurisdiction to hear appeals from (1) "final judgments, orders, and decrees" of a bankruptcy court, 28 U.S.C. § 158(a)(1), and (2) "with leave of the court, from other interlocutory orders and decrees" of the bankruptcy court, *id.* § 158(a)(3). As explained in the Motion to Dismiss filed

---

[16] Insider Defs. Opening Br. at 1.