# EXHIBIT D

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|                                       |     |                           |
|---------------------------------------|-----|---------------------------|
| IN RE:                                | §   |                           |
|                                       | §   | CASE NO: 23-90786         |
| SMILEDIRECTCLUB, INC., *et al.*,      | §   |                           |
|          Debtors.                     | §   | Jointly Administered      |
|                                       | §   | CHAPTER 7                 |

**ORDER DENYING MOTIONS FOR RECONSIDERATION**
(RE: ECF NOS. 1031, 1032)

Movants filed separate motions seeking reconsideration of the *Order Granting Renewed Application for Entry of an Order Authorizing the Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Special Litigation Counsel to the Chapter 7 Trustee*. Movants seek reconsideration under Federal Rules of Civil Procedure 59(e) and 60.

Federal Rule of Civil Procedure 59 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9023.. Rule 59(e) provides that a party may file a motion "to alter or amend a judgment" no later than 28 days after the entry of the judgment. "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp. (In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). To prevail on a motion to alter or amend, the movant has the burden of establishing one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted).

Federal Rule of Civil Procedure 60 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

Case 3:19-cv-00962   Document 220-5   Filed 08/08/25   Page 2 of 3 PageID #: 5608

Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason that justifies relief.

Rule 60(b)(6) is a general catch-all phrase and is reserved for "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted); *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (same). The United States Supreme Court has held that "it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' . . . while also cautioning that it should only be applied in 'extraordinary circumstances' . . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citations omitted). The Fifth Circuit has also held that:

> "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case." However, "we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief 'will only be granted only if extraordinary circumstances are present.'" . . . Accordingly, Rule 60(b)(6) requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made."

*Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citations omitted). Movants bear the burden here of proving the extraordinary circumstance and manifest injustice.

Movants provide nothing satisfying Rule 59(e) or any prong of Rule 60(b). There are no facts or case law overlooked by this Court in ruling on Orrick's retention application. There is no evidence of any manifest injustice. No party was deprived of the opportunity to present evidence or make arguments to the Court. This Court held a full evidentiary hearing and ruled on the merits. There is no newly discovered evidence. There is no error of in law or fact that this Court made in rendering its decision. There is no extraordinary circumstance present or manifest injustice. Movants appears to want a second bite at the apple to avoid potential litigation. The motions to reconsider are denied.

Signed on April 7, 2025

_____
Christopher Lopez
United States Bankruptcy Judge