# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:19-cv-00962 (Consolidated) Judge Richardson/Frensley |
| SMILEDIRECTCLUB, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER

## I. INTRODUCTION

In these consolidated securities class actions, Plaintiffs allege that they purchased common stock of Defendant SmileDirectClub, Inc. ("SDC") during the relevant period around the time of SDC's Initial Public Offering ("IPO"). Docket No. 85 (Amended Complaint). They allege that Defendants violated the Securities Act of 1933 and the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). *Id.* Defendants include SDC, individual SDC executives ("the Individual Defendants"), and several financial institutions, termed "the Underwriter Defendants," who are alleged to have "acted as underwriters of the IPO and participated in the drafting and dissemination of the Registration Statement as well as the sale of more than $1.345 billion of SDC common stock to the Class." *Id.* at 14. Defendants have denied the substantive allegations and asserted affirmative defenses. Docket Nos. 117, 118 (Answers). Upon receiving notice that SDC had filed for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the bankruptcy code),

the District Judge stayed the case as to SDC, pursuant to 11 U.S.C. § 352(a). Docket Nos. 157, 158.

This matter is now before the Court upon "Underwriter Defendants' Motion for Leave to File Under Seal," which seeks to seal unredacted versions of the Parties' "Joint Discovery Dispute Statement and Request for Telephonic Conference Concerning Discovery from Lead Plaintiff's Investment Advisor," the "Declaration of Christopher E. Thorsen in Support Thereof," and Exhibits 1-35 attached thereto." Docket No. 181; *see* Docket Nos. 182, 183, 183-1 through 183-35. No one has responded to the Motion. For the reasons set forth below, the Underwriter Defendants' Motion (Docket No. 181) is DENIED.

## II. <u>LAW AND ANALYSIS</u>

### A. <u>Motions to Seal</u>

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof

2

should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

**B.**  **<u>The Underwriter Defendants' Motion</u>**

The Underwriter Defendants filed this Motion pursuant to the Parties' Stipulated Protective Order because the documents at issue contain information that other Parties have designated as Confidential. Docket No. 181, p. 2; *see* Docket No. 131. The Underwriter Defendants state that they "understand that other Parties intend to request sealing for certain portions of the Joint Discovery Dispute Statement and its accompanying exhibits," and have therefore filed the documents under seal provisionally "in order to provide the Lead Plaintiff, the Individual Defendants, and Camelot Venture Group an opportunity to submit responses justifying the need for these materials to be filed under seal pursuant to L.R. 5.03(a)-(b)." Docket No. 181, p. 2. The Underwriter Defendants do not provide any further justification for sealing. *See id.*

As noted above, no one has responded to the Motion; therefore, there is currently no information before the Court that would allow it to maintain the documents under seal. Consequently, the documents in question will be unsealed unless, no later than April 21, 2026, any of the Parties file a brief with the Court explaining how the documents meet the Sixth Circuit's standard for sealing.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (Docket No. 181) is DENIED.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

4