# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff,* <br><br> v. <br><br> SMILEDIRECTCLUB, INC., et al., <br><br> *Defendants.* | No. 3:19-cv-00962 <br> (Consolidated) <br><br> <u>CLASS ACTION</u> <br><br> Hon. Eli J. Richardson <br> Magistrate Judge Jeffery S. Frensley |
| J.P. MORGAN SECURITIES LLC et al., <br><br> *Petitioners,* <br><br> v. <br><br> BARON CAPITAL MANAGEMENT, INC., <br><br> *Respondent.* | No. 3:25-mc-00001 <br><br> Hon. Eli J. Richardson <br> Magistrate Judge Jeffery S. Frensley |

## UNDERWRITER DEFENDANT-PETITIONERS' MOTION TO ASCERTAIN STATUS OF PENDING DISCOVERY DISPUTES

Pursuant to Local Rule 7.01(c), Defendant-Petitioners J.P. Morgan Securities LLC; Citigroup Global Markets, Inc.; BofA Securities, Inc.; UBS Securities LLC; Jefferies LLC; Credit Suisse Securities (USA) LLC; Guggenheim Securities, LLC; Stifel, Nicolaus & Company, Inc.; William Blair & Company, LLC; and Loop Capital Markets LLC (collectively, the "Underwriters") respectfully make this request to ascertain the status of two related disputes pending in the above-captioned civil ("*Franchi*") and miscellaneous ("*Baron*") actions concerning the Underwriters' long-standing requests for discovery from *Franchi* Lead Plaintiff 1199SEIU

Health Care Employees Pension Fund's investment advisor, Baron Capital Management, Inc. (*See Franchi* Dkt. No. 182; *Baron* Dkt. No. 13.)[1]

As the Court knows, *Franchi* Lead Plaintiff SEIU asserts claims under Sections 11 and 12(a)(2) of the Securities Act against the Underwriters and SmileDirectClub, Inc.'s former officers and directors based on alleged misrepresentations in the registration statement and prospectus for SmileDirectClub's September 2019 initial public offering. Baron acted as investment advisor to SEIU in connection with that offering and made the decisions to purchase and sell SmileDirectClub stock on SEIU's behalf. A joint discovery dispute statement regarding SEIU's contractual ability to obtain and produce documents relating to Baron's due diligence and analysis of SmileDirectClub in connection with those transactions has been pending before this Court since September 9, 2024. (*See Franchi* Dkt. No. 182.) In addition, a letter motion to compel Baron to comply with subpoenas issued directly to it was fully briefed and transferred to this Court for resolution on February 3, 2025. (*See Baron* Dkt. Nos. 13, 19, 21, 25.)

Discovery from Baron is necessary for the parties to complete fact discovery in *Franchi* and for the Underwriters to respond to SEIU's pending motion for class certification (*see Franchi* Dkt. No. 135) because Baron's knowledge of any alleged misrepresentations in SmileDirectClub's registration statement or prospectus would be imputed to SEIU, bar its claims, and preclude class certification. *See, e.g.*, *Villella* v. *Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *4-5, 8 (S.D.N.Y. June 13, 2018) (granting discovery from investment advisor because advisor's knowledge may be imputed to plaintiff); *Tsereteli* v. *Residential Asset Securitization Trust* 2006-A8, 283 F.R.D. 199, 211 (S.D.N.Y. 2012) ("A Section 11 or 12(a)(2) claim will not succeed

---

[1] To promote the efficient resolution of these disputes, the Underwriters also petitioned the Court to consolidate the *Franchi* and *Baron* actions. (*See Baron* Dkt. No. 37; *Franchi* Dkt. No. 205.) That motion remains pending as well.

where . . . 'the plaintiff knew of the untruth or omission at the time [of] his or her acquisition of the security'"); *Beach* v. *Healthways, Inc.*, 2009 WL 3245393, at *5 (M.D. Tenn. Oct. 5, 2009) ("the presence of even an arguable defense peculiar to a Lead Plaintiff may destroy the required typicality as well as bring into question the adequacy of that Lead Plaintiff's representation").[2]

For these reasons, the Underwriters respectfully make this request to ascertain the status of the pending joint discovery dispute statement and motion to compel.

---

[2] Plaintiffs filed their motion for class certification in *Franchi* on June 5, 2023. (*See Franchi* Dkt. No. 135.) On September 7, 2023, the parties jointly requested that the Court extend the deadline for Defendants' response to the motion to October 27, 2023 because of "ongoing substantial discovery efforts," including "more than 20 fact depositions" that remained to be taken "in the coming months." (*Franchi* Dkt. No. 153 ¶¶ 7-8.) Before that discovery could be completed and any response to the class certification motion could be filed, however, SmileDirectClub initiated Chapter 11 bankruptcy proceedings on September 29, 2023. Discovery was then paused in *Franchi* while the parties briefed the issue of whether the automatic bankruptcy stay would extend to Plaintiffs' claims against all Defendants. (*See*, *e.g.*, *Franchi* Dkt. Nos. 159-61.) On February 22, 2024, the Court declined to extend the stay to all Defendants (*see Franchi* Dkt. No. 170), but later adjourned all deadlines on May 31, 2024 (*see Franchi* Dkt. No. 172 ("the trial scheduled for July 23, 2024, the pretrial conference scheduled for July 15, 2024, and all related deadlines are canceled, to be rescheduled if and when appropriate.")). No new schedule has been entered to date and fact discovery, including the disputes relating to Baron identified above, remains pending.

Dated:  April 24, 2026

Respectfully submitted,

*/s/ Christopher E. Thorsen*
Christopher E. Thorsen (BPR # 21049)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
T: (615) 726-5600
cthorsen@bakerdonelson.com

Andrew J. Finn (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
T:  (212) 558-4000
finna@sullcrom.com

*Counsel for J.P. Morgan Securities LLC; Citigroup Global Markets Inc.; BofA Securities, Inc.; Jefferies LLC; UBS Securities LLC; Credit Suisse Securities (USA) LLC; Guggenheim Securities, LLC; Stifel, Nicolaus & Company, Inc.; William Blair & Company, LLC; and Loop Capital Markets LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on April 24, 2026, a true and correct copy of the foregoing document was filed and served via the Court's electronic filing system to all registered users in this matter.

*/s/ Christopher E. Thorsen*
Christopher E. Thorsen